```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NICK SIMCO, Individually and On
Behalf of All Others Similarly
Situated,                                        MEMORANDUM AND ORDER

                 Plaintiff,

         - against -                             18 Civ. 4993 (NRB)

AEGEAN MARINE PETROLEUM NETWORK
INC., E. NIKOLAS TAVLARIOS and
SPYROS GIANNIOTIS,

                 Defendants.
------------------------------------
ROBERT STROUGO, Individually and On
Behalf of All Others Similarly
Situated,

                 Plaintiff,
                                                 18 Civ. 5165 (NRB)
         - against -

AEGEAN MARINE PETROLEUM NETWORK
INC., E. NIKOLAS TAVLARIOS and
SPYROS GIANNIOTIS,

                 Defendants.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

The above-captioned class actions (the "Actions") are brought against Aegean Marine Petroleum Network ("Aegean Marine"), its Chief Executive Officer E. Nikolas Tavlarios, and its Chief Financial Officer Spyros Gianniotis on behalf of a purported class of persons and entities who acquired Aegean Marine securities between April 28, 2016 and June 4, 2018,

1

inclusive.  The Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act").  Ten applicants filed motions seeking to consolidate these cases, be appointed as lead plaintiff, and appoint their attorneys as lead counsel.  For the reasons set forth below, we consolidate the Actions, appoint Utah Retirement Systems as lead plaintiff, and appoint Berman Tabacco as lead counsel.

## DISCUSSION

### I. Consolidation of the Actions

As the related securities class actions filed against Aegean Marine contain the same factual and legal issues, we consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure.  See Atwood v. Intercept Pharm., Inc., 299 F.R.D. 414, 415 (S.D.N.Y. 2014).  The caption of the consolidated actions shall hereinafter be "In re Aegean Marine Petroleum Network Inc. Securities Litigation."  All relevant filings and submissions shall be maintained as one file under No. 18 Civ. 4993 (NRB).  Any other securities actions now pending or later filed in this district that arise out of or are related to the same facts as alleged in the above cases shall be consolidated with these actions for all purposes.

### II. Appointment of Lead Plaintiff

The Court received timely motions to be appointed lead plaintiff from:  (1) Stephen R. Waite, represented by Kahn Swick

2

& Foti, LLC (ECF Nos. 4-7)[1]; (2) Friedrich Koesters, represented by Bernstein Liebhard LLP (ECF Nos. 8-10); (3) Nicholas Emmanuel, represented by Kessler Topez Meltzer & Check, LLP (ECF Nos. 11-14); (4) Gregory James, represented by Glancy Prongay & Murray LLP (ECF Nos. 16-18); (5) Andreas Litsas, represented by Bronstein, Gewirtz & Grossman, LLC and the Kehoe Law Firm, P.C. (ECF Nos. 19, 24, 26); (6) Silverback Opportunistic Credit Master Fund Limited ("Silverback"), represented by Kirby McInerney LLP (ECF Nos. 20-23); (7) Utah Retirement Systems ("URS"), represented by Berman Tabacco (ECF Nos. 27-31); (8) Plumbers Pension Fund, Local 130, U.A., represented by Robbins Geller Rudman & Dowd LLP (ECF Nos. 34-36); (9) Steamfitters Local Union No. 420 Pension Plan, Iron Workers District Counsel of Philadelphia & Vicinity Pension Plan, and Terrance Micek (collectively, the "Aegean Investor Group"), represented by Cohen Milstein Sellers & Toll PLLC and Levi & Korinsky, LLP (ECF Nos. 37-40, 44); and (10) Nova Scotia Health Employees' Pension Plan, represented by Pomerantz LLP (ECF Nos. 41-43, 47).

In the two weeks that followed the filing of these motions, seven of the movants either withdrew their motions or stated that they did not oppose the competing motions. See ECF Nos. 48, 50-52, 54-56. Andreas Litsas did not file any response to the competing motions, presumably because Litsas's alleged loss

---

[1] All docket citations are to Simco v. Aegean Marine Petroleum Network Inc. et al., No. 18 Civ. 4993 (NRB) (S.D.N.Y. 2018).

3

is significantly lower than URS's and Silverback's. Two remaining movants, URS and Silverback, responded to the competing motions, see ECF Nos. 58, 60, and subsequently replied to each other's motion, see ECF Nos. 65, 66.

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in appointing a lead plaintiff, we are to presume that the "most adequate plaintiff" is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). An investor seeking to be appointed lead plaintiff needs to make only a preliminary showing that it satisfies the requirements of Rule 23. Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001). The presumption of adequacy may be rebutted only upon proof by a member of the purported class that the presumptive lead plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). We will now consider these factors in appointing lead plaintiff in the instant case.

4

### A. Timely Complaints and Motions

Both URS and Silverback timely filed their motions to be appointed lead plaintiff.

### B. Financial Interest

The presumptive lead plaintiff is the person with the largest financial interest in this action. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). While the PSLRA does not explicitly identify the methodology to determine the plaintiff with the largest financial interest, courts in this Circuit have regularly considered the factors set forth in Lax v. First Merchs. Acceptance Corp., No. 97-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997), namely: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered. Consistent with other courts in this Circuit, we place the greatest emphasis on the approximate loss suffered by the movant. See Teran v. Subaye, Inc., No. 11 Civ. 2614, 2011 WL 4357362, at *2 (S.D.N.Y. Sept. 16, 2011) (collecting cases).

In calculating losses, courts in this district have a "very strong preference" for the "last-in, first-out" ("LIFO") method. Rosian v. Magnum Hunter Res. Corp., No. 13 Civ. 2668 (KBF), 2013 U.S. Dist. LEXIS 146236, at *9 (S.D.N.Y. Oct. 7, 2013) (quoting Richman v. Goldman Sachs Grp., Inc., 274 F.R.D. 473, 476

5

(S.D.N.Y. 2011)).  Losses resulting from shares sold prior to corrective disclosures are not considered in evaluating a movant's financial interests.  See Sallustro v. Cannavest Corp., 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015) (collecting cases).

Despite this clear precedent, Silverback proposes a new methodology for calculating a movant's alleged loss.  Citing the Supreme Court's ruling in Dura Pharm., Inc. v. Broudo, 544 U.S. 336 (2005), Silverback argues that the Court should preclude "losses suffered from pre-disclosure stock declines for shares held through the corrective disclosures."  ECF. No. 58. Silverback's proposed methodology calculates losses as the difference between (a) the lesser of the purchase price and the last closing price immediately preceding the corrective disclosure, and (b) the greater of the first closing price immediately following the disclosure and the average closing price from the 90-day period beginning on the date of the corrective disclosure.[2]  See id.  Although the methodology on its face takes into account purchase price of the security, it effectively precludes any consideration of purchase price because the last closing price immediately preceding Aegean Marine's corrective disclosure is lower than almost all of the prices at which plaintiffs purchased Aegean Marine's securities.

---

[2] Silverback adds that the sale price should also be taken into account for securities that were sold after the Class Period.  See ECF No. 58.

This seemingly novel methodology was previously considered and rejected by this Court. In Sallustro, Judge Gardephe considered a loss calculation methodology that takes into account "only the stock price declines caused by the alleged corrective disclosures." 93 F. Supp. 3d at 275.  The Court held that this methodology, which renders purchase price irrelevant, is inconsistent with the statutory scheme and the Supreme Court's reasoning in Dura.[3]  See id. at 276.

Accordingly, Silverback's methodology will not be utilized by the Court, and financial interest is determined by the traditional LIFO method that URS and all the other movants relied on in their motions.  Under the "LIFO" method, URS allegedly suffered losses of $3,474,721, see ECF No. 67-1, whereas Silverback allegedly suffered $1,099,348 in losses, see ECF No. 22-4.  Therefore, we find that URS has the largest financial interest in the relief sought by the class.

**C. Rule 23 Requirements**

In order to be the presumptive lead plaintiff, a movant must meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, of which "typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA." Shi v. Sina

---

[3] Silverback's briefs do not even mention Sallustro at all, presumably because its proposed methodology is effectively identical to the one rejected by the Court.  The Court finds this omission troubling, given that Silverback's counsel, Kirby McInerney LLP, represented one of the movants who filed motions to be appointed lead plaintiff in Sallustro.

7

Corp., No. 05 Civ. 2154, 2005 WL 1561438, at *2 (S.D.N.Y. July 1, 2005) (quoting In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998)).  At this stage of the litigation, only a preliminary showing of typicality and adequacy is required.  In re eSpeed, Inc. Sec. Litig., 232 F.R.D. 95, 102 (S.D.N.Y. 2005).

URS has put forth a prima facie showing of typicality and adequacy.  The typicality threshold is satisfied where the presumptive lead plaintiff's claims arise from the same conduct from which the other class members' claims and injuries arise. Teran, 2011 WL 4357362, at *5.  URS alleges that it purchased Aegean Marine securities during the Class Period in reliance upon allegedly false and misleading statements and/or omissions by the defendants, and that it suffered damages as a result.

URS also meets the adequacy requirement, which is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. Id.  First, URS retained Berman & Tabacco, which has experience representing plaintiffs in securities class actions.  See ECF No. 30-4.  Second, URS's financial interest should ensure vigorous advocacy on behalf of the class.  Finally, there is no

8

reason to believe that URS has interests that are adverse to those of the class members, and no competing movant suggests otherwise.  Because URS has the largest financial interest and meets the Rule 23 requirements, it is presumptively the lead class plaintiff.

> **D. Rebuttal Evidence**

The most adequate plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No rebuttal evidence was submitted against URS by any movant in this case.

**III. Appointment of Lead Counsel**

The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." In re Adelphia Commc'ns Corp. Sec. & Deriv. Litig., No. 03-1529, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008) (internal quotation marks omitted).  URS has retained Berman & Tabacco as its counsel, and the firm has experience prosecuting securities class actions.  We have no reason to believe that it will not adequately represent the interests of the class.  Accordingly, we appoint Berman & Tabacco as lead counsel.

**CONCLUSION**

For the foregoing reasons, the cases are ordered consolidated as <u>In re Aegean Marine Petroleum Network Inc. Securities Litigation</u>, No. 18 Civ. 4993 (NRB). Utah Retirement System is appointed lead plaintiff, and Tobacco Berman is appointed lead counsel. All motions by competing movants are denied. Consistent with a schedule previously agreed to by some of the parties, lead plaintiff shall file an amended complaint within 60 days of this Order. Defendants shall respond to the complaint within 60 days of the filing of the complaint, either by responsive pleading or a motion to dismiss. If defendants move to dismiss the complaint, lead plaintiff shall have 60 days to file its opposition brief, and defendants shall reply within 30 days of the filing of the opposition brief.

The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 4, 8, 11, 16, 19, 20, 28, 34, 37, and 41.

**SO ORDERED.**

Dated:  New York, New York
        October *30*, 2018

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE