UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) | Case No. 18 Civ. 4993 (NRB) |

**LEAD PLAINTIFF'S SECOND STATUS REPORT REGARDING SERVICE OF THE CONSOLIDATED CLASS ACTION COMPLAINT**

In accordance with Lead Plaintiff's March 1, 2018 Status Report Regarding Service of the Consolidated Complaint ("First Status Report") (ECF No. 91), Utah Retirement Systems ("Lead Plaintiff" or "URS") provides this supplemental report to outline the current status of service of process of the Consolidated Class Action Complaint on defendants, including foreign defendants located in Greece and the United Kingdom.

## I.      NATURE OF ACTION

The Consolidated Complaint alleges claims for violations of Sections 10(b), 20(a), 20(b) and 20A of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), 78t(b) and 78t-1, and the rules and regulations promulgated thereunder, including Rule 10b-5, 17 C.F.R. §§ 240.10b-5(b) (misrepresentations and omissions) and 240.10b-5(a) and (c) (scheme liability), in connection with a fraudulent scheme at Aegean Marine Petroleum Network Inc. ("Aegean Marine" or the "Company").   The claims are brought against former and current officers and directors of the Company as well as its former auditors.   Defendants' scheme took place over at least an eight-year period during which defendants (a) significantly overstated the Company's income and revenue; (b) overstated the Company's assets and the strength of its balance sheet; and (c) misled investors concerning the adequacy of the Company's internal controls over financial reporting.

Because of actions undertaken by certain shareholders, the Company's entire Audit Committee was forced to step down in May 2018, and a reconstituted Audit Committee (the "Reconstituted Audit Committee") was formed with new, independent directors.  Only weeks later, on June 4, 2018, the Company shocked the market by revealing that it had discovered that $200 million in accounts receivable had to be written off because the receivables were based on bogus

transactions.  The Reconstituted Audit Committee announced that it had retained counsel and forensic accountants to conduct an internal investigation.

Then, on November 2, 2018, under new leadership, the Company admitted that the Company's "senior managers" and the Company's founder had engaged in an elaborate fraudulent scheme where (a) the Company's financial results were manipulated by improperly booking approximately $200 million in accounts receivables from bogus transactions with shell companies controlled by former employees or affiliates of the Company, which artificially inflated the Company's earnings and revenue; and (b) approximately $300 million in cash and assets had been misappropriated by the founder and/or his affiliates.  The impact of this fraudulent scheme was so significant that it led to the filing of proceedings under Chapter 11 of the U.S. Bankruptcy Code on November 6, 2018 (only four days after revealing the preliminary results of the Company's internal investigation).  The Company was delisted from the NYSE on December 3, 2018 and the stock now trades at $0.043 per share on the over-the-counter ("OTC") market.

## II.    STATUS OF SERVICE

As previously described in the First Status Report, defendants are domiciled and/or headquartered in the United States, Greece and the United Kingdom.

All defendants domiciled in the United States have been served and proofs of service have been filed with the Court.[1]  On March 4, 2019, counsel for Defendant PricewaterhouseCoopers LLP, filed notices of appearance (ECF Nos. 92-93).  Additionally, firms have reached out to advise that they have been retained by Peter C. Georgiopoulos and by E. Nikolas Tavlarios.  However, no responses are due from defendants until further order of this Court, regardless of the effective

---

[1] These defendants include E. Nikolas Tavlarios, Peter C. Georgiopoulos, John P. Tavlarios, George Konomos, Deloitte & Touche LLP and PricewaterhouseCoopers, LLP.  *See* ECF Nos. 84-90.

date of service of process, in accordance with the Court's December 20, 2018 Revised Scheduling Order (ECF No. 78).

As for defendants domiciled/headquartered in Greece and the United Kingdom, international service of process is ongoing.  As previously reported, on February 13, 2019, Lead Plaintiff engaged the Civil Action Group, Ltd. (dba APS International, Ltd.) ("APS") to handle the international service of process under the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters.

For the defendants located in Greece, documents were sent to APS on February 13, 2019.[2] APS is in the process of translating the documents into Greek.

For the defendants located in the United Kingdom, documents were sent to APS on February 19, 2019.[3]  APS sent those documents to the United Kingdom for service on February 25, 2019, and delivery was confirmed at the Central Authority Office in the United Kingdom on February 27, 2019.

According to APS, foreign government officials usually effect service pursuant to international treaty law in six to eight weeks, and that another six to eight weeks are often required for the Proof of Service to be completed, sealed and returned to the United States.  In total, the process generally takes twelve to sixteen weeks from the time the documents are sent abroad, and occasionally it takes longer.  In addition, APS said that the foreign authorities would not provide interim status reports.

/ / /

---

[2] These defendants include Dimitris Melisanidis, Spyros Gianniotis, Jonathan McIlroy, Spyridon Fokas, Yiannis N. Papanicolaou, Konstantinos D. Koutsomitopoulos, Deloitte Certified Public Accountants S.A. and PricewaterhouseCoopers S.A.

[3] These defendants include Deloitte Touche Tohmatsu Limited and PricewaterhouseCoopers International Limited.

**III.    THE AEGEAN MARINE BANKRUPTCY**

Prior to the Company filing a Chapter 11 bankruptcy petition on November 6, 2018, Aegean Marine had been named as a defendant in the underlying complaints initiating this litigation.  The bankruptcy proceedings are pending before the Honorable Michael E. Wiles in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and are captioned *In re Aegean Marine Petroleum Network, Inc., et al.*, Lead Case No. 1:18-BK-13374 (Bankr. S.D.N.Y.) (the "Bankruptcy Case").

As stated in the First Status Report, pursuant to 11 U.S.C. § 362(a), the filing of the Chapter 11 petition continues to operate as an automatic stay against the continuation of litigation against Aegean Marine until such time as the stay is lifted, either by operation of law or by order of the Bankruptcy Court.[4]  As discussed below, claims against the defendants have been preserved and excluded from the releases contained in the Plan.  Claims against the Company, which were asserted in the Bankruptcy Case through proofs of claim timely filed against the Company by Bankruptcy Counsel on February 20, 2019, have also been preserved, subject to the treatment provided by the Plan.

As explained in the First Status Report, Lead Counsel and Lead Plaintiff have taken significant steps in the Bankruptcy Case to protect the interests of the proposed class (the "Class"), through retained bankruptcy counsel ("Bankruptcy Counsel").  As previously outlined in more detail in the First Status Report, at the direction of Lead Counsel, Bankruptcy Counsel succeeded in obtaining a carve-out of all Class Members' claims in this action from the "sweeping and virtually incomprehensible Third-Party Release that attempts to engineer 'deemed consent'

---

[4] While Aegean Marine is not included as a named defendant in the Consolidated Complaint, claims against it have not been dismissed with prejudice, and proofs of claim based upon the allegations in the Consolidated Complaint have been filed against it in the Bankruptcy Case.

through an opt-out mechanism, seeks to summarily eviscerate the direct claims of Lead Plaintiff and the members of the Proposed Class … against the Non-Debtor Defendants in the Securities Litigation" (the "Release") set forth in the proposed plan of reorganization of the Company and its Chapter 11 debtor affiliates (the "Plan").  Bankr. ECF No. 356 at 1.[5]  Specifically, on February 13, 2019, the Company filed an amended Plan (Bankr. ECF No. 360) expressly carving out the Class members' claims in this Action from the Release and including document preservation language, thereby addressing some of the most significant concerns outlined in Lead Plaintiff's Objection to Approval of Disclosure Statement and Solicitation Procedures for Joint Plan of Reorganization of Aegean Marine Petroleum Network Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Bankr. ECF No. 356) (the "Disclosure Statement Objection").[6]

Following that submission, Bankruptcy Counsel, again at the direction of Lead Counsel, entered into a series of additional negotiations with bankruptcy counsel for Aegean Marine to further revise the Plan to ensure that the Plan is neutral with respect to all parties' entitlement to the proceeds of the Company's D&O liability insurance, without giving the litigation trust created under the Plan to pursue the Company's derivative claims any advantage with respect to accessing such proceeds.  Bankruptcy Counsel and the Company's bankruptcy counsel reached agreement with respect to appropriate revisions to the Plan prior to the March 19, 2019 deadline for filing

---

[5] At the disclosure statement hearing, the Bankruptcy Court determined that shareholders and creditors could only be deemed to consent to the Release if they voted to accept the Plan or otherwise affirmatively opted *in* to the Release.  The Plan now, therefore, provides that creditors and shareholders will only be bound by the Release if they voted in favor of the Plan or otherwise opted in to the Release.

[6] The Plan currently provides for a limitation of recovery for the claims under Sections 20(a), 20(b) and 20A against four individual defendants, who are current directors of the Company, to insurance proceeds.  *See* Bankr. ECF No. 360, Article IX.I.  However, that limitation now only applies to any class members who voted in favor of the Plan or otherwise affirmatively opted in to the Release.

objections to confirmation of the Plan, avoiding the need to file and prosecute a fulsome confirmation objection.

On March 27, 2019, the Bankruptcy Court confirmed the Plan of Reorganization with the agreed-upon modifications (and subject to certain other revisions not relevant here). Pursuant to the confirmed Plan, Aegean Marine will emerge from Chapter 11 in the near term as a wholly-owned subsidiary of Mercuria Energy Group Limited.

## IV. CONCLUSION

Lead Plaintiff will provide the Court with another update on the status of foreign service by May 1, 2019.

Dated: April 1, 2019

Respectfully submitted,

**BERMAN TABACCO**

By: */s/ Nicole Lavallee*
    Nicole Lavallee (admitted *pro hac vice*)

Joseph J. Tabacco, Jr. (JT1994)
Christopher T. Heffelfinger
A. Chowning Poppler (admitted *pro hac vice*)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: jtabacco@bermantabacco.com
     nlavallee@bermantabacco.com
     cheffelfinger@bermantabacco.com
     cpoppler@bermantabacco.com

Jay W. Eng
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: jeng@bermantabacco.com

*Counsel for Lead Plaintiff Utah Retirement Systems*

## <u>CERTIFICATE OF SERVICE</u>

I am employed by Berman Tabacco, 44 Montgomery Street, Suite 650, San Francisco, California, 94104.  I am over the age of 18 years and am not a party to this action.  On April 1, 2019, using the U.S. District Court for the Southern District of New York's CM/ECF Electronic Filing system ("ECF system"), with the ECF ID registered to Nicole Lavallee and at her direction, I filed and electronically served true and correct copies of the foregoing document(s) on the recipients designated on the Electronic Mail Notice List for this case.  The ECF system is designed to automatically generate an e-mail Notice of Electronic Filing ("NEF") message to all parties in the case, which constitutes service.   The attached Manual Notice List generated by CM/ECF indicates that no participants require service by mail.

I further declare that on April 1, 2019, I electronically served true and correct copies of the document(s) described above by (i) email by transmitting true and correct Portable Document Format (PDF) copies via electronic mail from email address lcuesta@bermantabacco.com on this date to the person(s) at the address(es) set forth below, and (ii) by mail by placing true copies thereof, enclosed in a sealed envelope, addressed as shown below, affixing proper first class postage, and depositing the envelope in the United States Mail at San Francisco, California, in accordance with Berman Tabacco's ordinary business practices:

> Wine, Jamie
> Jason C. Hegt
> **LATHAM & WATKINS LLP**
> 885 Third Avenue
> New York, NY 10022-4834
> Email:  Jamie.Wine@lw.com
>    Jason.Hegt@lw.com
>
> *Counsel for PricewaterhouseCoopers LLP*

Joshua A. Goldberg
**PATTERSON BELKNAP
WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, NY 10036
Email: jgoldberg@pbwt.com

*Counsel for E. Nikolas Tavlarios*

Michael Tremonte
Amanda Ravich
**SHER TREMONTE**
90 Broad Street, 23rd Floor
New York, NY 10004
Email: mtremonte@shertremonte.com
        aravich@shertremonte.com

*Counsel for Peter C. Georgiopoulos*

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed at San Francisco, California, on April 1, 2019.

Leslie Cuesta

8