March 5, 2021

**<u>Via ECF</u>**

Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re: <u>*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*,</u>
> <u>No. 18 Civ. 4993 (NRB)</u>

Dear Judge Buchwald:

Defendants E. Nikolas Tavlarios, John P. Tavlarios, Peter C. Georgiopoulos, and George Konomos (collectively, the "U.S. Defendants"), respectfully submit this letter in response to the Court's March 2, 2021 order directing the parties to address the relationship between the pleading standards for a *Caremark* claim and a Rule 10b-5 claim; whether a 10b-5 claim has been pled if a *Caremark* claim has been pled; and whether a 10b-5 claim can be successfully pled against an individual defendant if a *Caremark* claim against the same defendant is deficient.

As discussed below, the Court's finding that the Trustee in *Kravitz as Tr. of Aegean Litig. Tr. v. Tavlarios*, No. 19 Civ. 8438 (NRB), 2020 WL 3871340 (S.D.N.Y. July 8, 2020) ("*Kravitz*"), failed to plead a *Caremark* claim against the U.S. Defendants necessarily means that Lead Plaintiff in this case has failed to plead a Rule 10b-5 claim against those same defendants. In *Kravitz*, the Trustee conceded that the U.S. Defendants did not know of the alleged fraud, but argued that they could nevertheless be held liable for a breach of fiduciary duty for failing to monitor the company. This Court found that this claim was deficient because, among other things, the Trustee had failed to allege that the U.S. Defendants *consciously* failed to monitor Aegean's operations. *Kravitz*, 2020 WL 3871340, at *9. If the Trustee's allegations—which conceded lack of knowledge and failed to allege conscious disregard—were deficient for a *Caremark* claim, the same allegations, drawn from the same factual predicate, must be deficient for a Rule 10b-5 claim, which requires scienter. Indeed, because the Trustee and Lead Plaintiff in this case rely on the same factual allegations, and because those allegations did not satisfy the most basic pleading standard under Rule 12(b)(6), Lead Plaintiff's Complaint necessarily must be dismissed under the heightened pleading standards of Rule 9(b) and PSLRA applicable to this case.

Hon. Naomi Reice Buchwald
March 5, 2021
Page 2


I.     *This Court's Analysis of Scienter in the Trustee's* Caremark *Claim is Pertinent to Lead Plaintiff's Rule 10b-5 Claim*

        Although *Caremark* and the PSLRA provide distinct legal inquiries in assessing whether a complaint is properly pled, this Court's finding that the Trustee in *Kravitz* did not make out a *Caremark* claim is pertinent to analyzing the instant 10b-5 claim because both claims rely on the same factual allegations.  *See In re Countrywide Fin. Corp. Derivative Litig.*, 554 F. Supp. 2d 1044, 1077 (C.D. Cal. 2008) (finding of facts giving rise to a strong inference of scienter under PSLRA "applies equally" to *Caremark* analysis, as "the standard for holding a director liable for a failure of monitoring is a 'scienter'-based one.").

        Under *Caremark* and its progeny, "'a showing of bad faith is a *necessary precondition* to director oversight liability.'"  *Kravitz*, 2020 WL 3871340, at *5 (quoting *City of Birmingham Ret. & Relief Sys. v. Good*, 177 A.3d 47, 55 (Del. 2017)).  Directors and officers are required to "make a good faith effort to implement an oversight system and then monitor it."  *Id.* at *7 (quoting *Marchand v. Barnhill*, 212 A.3d 805, 821 (Del. 2019)).  For a *Caremark* claim to be successful, it must show "that the directors allowed a situation to develop and continue which exposed the corporation to enormous legal liability and that in so doing they violated [their] duty to be active monitors of corporate performance."  *Id.* (quoting *In re Caremark Int'l Inc. Derivative Litig.*, 698 A.2d 959, 967 (Del. Ch. 1996)).  Imposition of *Caremark* liability "requires a showing that the directors *knew* that they were not discharging their fiduciary obligations."  *Id.* at *8 (quoting *Stone v. Ritter*, 911 A.2d 362, 370 (Del. 2006)) (emphasis added).  Thus, the standard for holding a director liable under a *Caremark* failure-to-monitor theory is rooted in scienter.  *See, e.g., Corp. Risk Holdings LLC v. Rowlands,* 2018 WL 9517195, at *3 (S.D.N.Y. Sept. 28, 2018) ("*Caremark* liability is rooted in bad-faith conduct, not merely negligence.").

        In *Kravitz*, this Court properly found that the Trustee did not adequately allege bad faith by the U.S. Defendants or that they knew they were not discharging their fiduciary obligations.  The Trustee's Complaint conceded "the Company's board of directors maintained an Audit Committee of independent directors, and that the Audit Committee, for the life of the Company, retained Deloitte and PwC to audit the Company's consolidated financial statements and the effectiveness of its internal control over financial reporting."  *Kravitz*, 2020 WL 3871340, at *9.  Indeed, the controls were appropriate because they resulted in the retention of reputable auditors, the implementation of corrective actions when needed, compliant public filings, and the identification of a potential accounting irregularity that ultimately led to the retention of outside counsel and the discovery and disclosure of the fraud.  Moreover, this Court found that so-called "red flags" identified by the Trustee were insufficient to meet the

Hon. Naomi Reice Buchwald
March 5, 2021
Page 3

*Caremark* standard because they were either unrelated to the alleged fraud or not alleged to have been known by the U.S. Defendants, and therefore not "red flags" at all.  In short, this Court held that the Trustee had failed to allege the scienter required for a *Caremark* claim.

In the instant case, the PSLRA requires that the complaint adequately allege scienter – meaning that the U.S. Defendants made misleading statements or omissions of material fact that they *knew were false at the time*.  *See Harris v. AmTrust Fin. Servs., Inc*., 135 F. Supp. 3d 155, 169 (S.D.N.Y. 2015).  "In order to plead scienter adequately under the PSLRA, a plaintiff must plead 'with particularity facts giving rise to a *strong* inference that the defendant acted with the required state of mind.'"  *ECA & Local 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) (citing 15 U.S.C. § 78u-4(b)(2)) (emphasis in original).  "For Section 10(b) and Rule 10b-5 claims, the required state of mind is a mental state embracing intent to deceive, manipulate, or defraud."  *Glaser v. The9, Ltd*., 772 F. Supp. 2d 573, 586 (S.D.N.Y. 2011) (citations and internal quotation marks omitted).

Lead Plaintiff, relying on the same allegations put forth by Trustee in *Kravitz*, has not plausibly alleged that the U.S. Defendants made any statements that they knew to be false at the time they were made, and therefore has not pled scienter.  The Complaint here merely alleges that the U.S. Defendants signed documents and made public statements that gave investors the impression that Aegean had a strong business model, a track record of profitability and growth, a solid balance sheet, and ample liquidity.  And, in conclusory fashion, Lead Plaintiff claims the U.S. Defendants made these statements while knowing (or being reckless in not knowing) that a scheme was being carried out to defraud Aegean's investors.

Yet the Complaint does not allege with any requisite detail that the U.S. Defendants acted with intent to deceive, manipulate, or defraud.  Moreover, the Complaint's allegations that the U.S. Defendants held officer or director positions, worked out of the same office in New York, and made certain statements that were later shown to be false or misleading do not allege strong circumstantial evidence of conscious misbehavior or recklessness.  There is no allegation that the U.S. Defendants were responsible for reviewing the underlying contracts or documentation that ultimately revealed the alleged fraud or that, if they had, they would have been able to deduce that the fraud occurred from the face of those documents.  The fact that Aegean's auditors failed to detect the fraud further shows, based on Lead Plaintiff's own allegations, that the U.S. Defendants would not have uncovered the alleged scheme even if they had had access to and were responsible for reviewing the relevant materials.

II.     <u>Absent a Finding of Scienter in Trustee's</u> Caremark <u>Claim, Lead Plaintiff Could Never Meet its Burden to Plead Scienter Under Rule 9(b) and the PSLRA</u>

This Court correctly analyzed the Trustee's complaint in *Kravitz* under the notice pleading standard of Rule 8 and properly dismissed it in a thorough opinion.  Lead Plaintiff relies on even thinner and more speculative factual allegations in the instant case than the Trustee put forth in its *Caremark* claim.  Because Trustee's allegations failed to show scienter under the

Hon. Naomi Reice Buchwald
March 5, 2021
Page 4

most lenient pleading standard of Rules 8(a) and 12(b)(6), they necessarily cannot surmount the heightened pleading requirements of Rule 9(b) and the PSLRA.  "These heightened pleading standards, when viewed together with the more general standards applicable to Rule 12(b)(6) motions to dismiss under *Twombly* and *Iqbal*, make clear that plaintiffs must provide sufficient particularity in their allegations to support a plausible inference that it is more likely than not that a securities law violation has been committed."  *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 424 (S.D.N.Y. 2014) (citations and internal quotation marks omitted).  Thus, the Complaint here must be dismissed because Lead Plaintiff's factual averments permit not even a reasonable inference stronger than the mere possibility of misconduct.  *See, e.g., Glaser*, 772 F. Supp. 2d at 585; *see also* 15 U.S.C. § 78u-4(b)(3)(A).

Accordingly, because the Trustee's factual allegations are insufficient to allege a *Caremark* claim, those same allegations on which Lead Plaintiff relies necessarily will not suffice to sustain a Rule 10b-5 claim.  Notably, in Lead Plaintiff's opposition to Dimitris Melisanidis's motion to dismiss in this case, he stated that in *Kravitz*, "[t]he Trustee has made certain allegations in pleadings expanding on its conclusions, which, if true, constitutes the type of information that would be available in discovery."  ECF No. 239 at 17.  The Trustee, however, even after having access to more information than Lead Plaintiff, explicitly did not allege that any U.S. Defendant knew that Aegean was being defrauded.  Instead, the Trustee's theory was that *if* the U.S. Defendants had done a better job monitoring the company, they might have learned about the fraud.  That was inadequate to plead a *Caremark* claim, which requires a *conscious* disregard of duties, so it clearly cannot be enough for pleading scienter on a securities fraud claim.

For these reasons, affirmance of the *Kravitz* ruling by the Second Circuit would confirm that the Trustee's factual allegations could not satisfy the burden of a lower pleading standard.  And a reversal of *Kravitz* (which U.S. Defendants certainly do not expect) would have no impact on this matter because the standard for Lead Plaintiff's Complaint to assert a plausible securities fraud claim is higher.

Hon. Naomi Reice Buchwald
March 5, 2021
Page 5

       Accordingly, and as further detailed in the U.S. Defendants' prior papers submitted in support of their motion to dismiss, the Court should dismiss the Complaint for failure to state a claim.

Respectfully submitted,[1]

**COHEN & GRESSER LLP**

By:     /s/ Jonathan S. Abernethy        

        Jonathan S. Abernethy
        Joanna K. Chan
        800 Third Avenue
        New York, New York 10022
        Tel:  (212) 957-7600
        Fax:  (212) 957-4514
        jabernethy@cohengresser.com
        jchan@cohengresser.com

        *Attorneys for Defendant*
        *John P. Tavlarios*

**PATTERSON BELKNAP WEBB & TYLER LLP**

By:     /s/ Joshua A. Goldberg        

        Joshua A. Goldberg
        Jeffrey F. Kinkle
        1133 Avenue of the Americas
        New York, New York 10036
        Tel:  (212) 336-2000
        Fax:  (212) 336-2222
        jgoldberg@pbwt.com
        jkinkle@pbwt.com

        *Attorneys for Defendant E. Nikolas*
        *Tavlarios*

---

[1] In accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions, this letter incorporates electronic signatures with the consent of counsel.

Hon. Naomi Reice Buchwald
March 5, 2021
Page 6

**SHER TREMONTE LLP**

By:     /s/ Michael Tremonte

       Michael Tremonte
       Amanda Ravich
       90 Broad Street, 23rd Floor
       New York, New York 10004
       Tel:  (212) 202-2600
       Fax:  (212) 202-4156
       mtremonte@shertremonte.com
       aravich@shertremonte.com

       *Attorneys for Defendant*
       *Peter C. Georgiopoulos*

**SHAPIRO ARATO BACH LLP**

By:     /s/ Jonathan Bach

       Jonathan Bach
       Eric Olney
       500 Fifth Avenue, 40th Floor
       New York, New York 10110
       Tel:  (212) 257-4880
       Fax:  (212) 202-6417
       jbach@shapiroarato.com
       eolney@shapiroarato.com

       *Attorneys for Defendant*
       *George Konomos*

Cc:     Counsel of Record (via ECF)