**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE AEGEAN MARINE PETROLEUM
NETWORK, INC. SECURITIES LITIGATION

Case No. 18 Civ. 4993 (NRB)

Hon. Naomi Reice Buchwald

<br>

## DEFENDANT SPYROS GIANNIOTIS'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT

Brian A. Jacobs
Nicole L. Buseman
Christopher B. Pavlacka
MORVILLO, ABRAMOWITZ, GRAND
    IASON & ANELLO, P.C.
565 Fifth Avenue
New York, NY 10017
(212) 856-9600 (telephone)
(212) 856-9494 (facsimile)

*Attorneys for Defendant Spyros Gianniotis*

Defendant Spyros Gianniotis ("Gianniotis") by his undersigned attorneys, hereby answers the allegations in the Consolidated Class Action Complaint (the "Complaint") as follows.

1.     The allegations set forth in Paragraph 1 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 1.

2.     Gianniotis admits that Aegean is in bankruptcy, denies that shares of Aegean were traded at artificially inflated prices, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.     Gianniotis denies that evidentiary support exists for Lead Plaintiff's allegations of securities fraud, denies that many of the facts relevant to the case are known only to him or in his exclusive control, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

## I.     <u>SUMMARY OF THE ACTION</u>

4.     Gianniotis admits the allegations in Paragraph 4.

5.     Gianniotis admits that Aegean stock reached a price of $15.53 in April 2015, that the Deloitte and PWC Defendants issued unqualified audit opinions from Aegean's IPO through the fiscal year that ended December 31, 2016, and otherwise denies the allegations in Paragraph 5.

6.     Gianniotis admits that Aegean attached a Q4 2013 press release to its February 26, 2014 Form 6-K and refers to that document for its content. Gianniotis otherwise denies the allegations in Paragraph 6.

7.     Gianniotis admits that in May of 2018, new audit committee members replaced the previous audit committee members. Gianniotis further admits that Aegean attached a June 4, 2018 press release to a June 4, 2018 Form 6-K filed with the SEC. Gianniotis further admits that

Aegean attached a November 2, 2018 press release to a November 2, 2018 Form 6-K filed with the SEC. Gianniotis otherwise denies the allegations in Paragraph 7.

8.      Gianniotis admits that Aegean attached a November 2, 2018 press release to a November 2, 2018 Form 6-K filed with the SEC, but denies the allegations contained therein.

9.      Gianniotis admits that Aegean attached a November 2, 2018 press release to a November 2, 2018 Form 6-K filed with the SEC, but denies the allegations contained therein. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 9.

10.     Gianniotis admits that Aegean attached a November 2, 2018 press release to a November 2, 2018 Form 6-K filed with the SEC, but denies the allegations contained therein. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 10.

11.     Gianniotis admits that Aegean filed for bankruptcy on November 6, 2018, but denies that a fraudulent scheme led to Aegean's bankruptcy. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 11.

12.     Gianniotis denies the allegations in Paragraph 12.

13.     Gianniotis admits that Aegean filed a 2014 Form 20-F, and refers to that document for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 13.

14.     Gianniotis admits Aegean's auditors issued clean audit reports in 2015 and 2016, and otherwise denies the allegations in Paragraph 14.

15.     Gianniotis denies knowledge and information sufficient to form a belief as to SEC reporting guidelines for foreign companies, and otherwise denies the allegations in Paragraph 15.

16.     Gianniotis admits that Aegean issued a press release on August 17, 2016, and refers to that document for its contents. Gianniotis denies the remaining allegations in Paragraph 16.

17.     Gianniotis admits that Aegean issued a press release on May 23, 2017, and refers to that document for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 17.

18.     Gianniotis admits that Aegean issued press releases on June 1, 2017, and June 16, 2017, and filed a 2006 Form 20-F with the SEC on May 25, 2007, and refers to those documents for their contents.  Gianniotis denies the remaining allegations in Paragraph 18.

19.     Gianniotis admits the allegations in Paragraph 19.

20.     Gianniotis admits that, on December 20, 2017, a group of Aegean shareholders issued a letter, but denies the allegations in that letter.

21.     Gianniotis admits that Aegean issued a press release on February 20, 2018, and refers to that documents for its contents. Gianniotis otherwise denies the allegations in Paragraph 21.

22.     Gianniotis admits that RBM Holdings filed a lawsuit against Aegean and its four directors, and refers to that complaint for its contents. Gianniotis further admits that the trial court in the RBM Holdings lawsuit issued a TRO after a hearing, and refers to the TRO and the transcript of the TRO hearing for their contents.  Gianniotis denies the remaining allegations in Paragraph 22.

23.     Gianniotis admits that Aegean issued press releases on March 27, 2018, April 17, 2018, and May 2, 2018, and refers to those press releases for their contents.

24.     Gianniotis admits that Aegean issued a press release on June 4, 2018 and refers to that press release for its contents.

25.     Gianniotis admits that Aegean issued a press release on June 4, 2018 but denies that the transactions at issue were without economic substance. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 25.

26.     Gianniotis admits that Aegean issued a press release on November 2, 2018, but denies the allegations contained therein. Gianniotis denies knowledge and information sufficient to form a belief as to the time that press release was issued.

27.     Gianniotis admits that Aegean released a press release on November 2, 2018, but denies the allegations contained therein.

28.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 28.

29.     Gianniotis admits that Aegean filed for bankruptcy on November 6, 2018, and refers to the bankruptcy petition for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 29.

30.     Paragraph 30 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 30.

31.     Paragraph 31 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 31.

32.     Paragraph 32 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 32.

33.     Paragraph 33 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 33.

34.     Paragraph 34 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 34.

35.     Paragraph 35 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 35.

36.     Paragraph 36 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 36.

## II.     JURISDICTION AND VENUE

37.     Paragraph 37 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis admits that Lead Plaintiff asserts the claims listed.

38.     Paragraph 38 purports to state a legal conclusion to which no response is required.

39.     Paragraph 39 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 39, but admits that Aegean was offered, sold, and traded on the NYSE and that Aegean had an office in New York, New York.

40.     Paragraph 40 purports to state a legal conclusion to which no response is required.

41.     Paragraph 41 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 41.

## III.     PARTIES AND RELEVANT NON-PARTIES

### A.     Lead Plaintiff — Utah Retirement Systems

42.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 42.

### B.     The Company (Non-Party Debtor Entity) — Aegean Marine Petroleum Network Inc.

43.     Gianniotis admits the allegations in Paragraph 43.

44.     Gianniotis admits the allegations in Paragraph 44.

45.    Gianniotis admits that Aegean filed a 2016 Form 20-F with the SEC on May 16, 2017, and refers to that document for its contents.  Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 45.

46.    Gianniotis admits that Aegean filed a 2016 Form 20-F with the SEC on May 16, 2017, and refers to that document for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 46.

47.    Paragraph 47 purports to state a legal conclusion to which no response is required.  To the extent a response is required, Gianniotis denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 47.

### C.    Company Defendants

48.    Gianniotis denies the allegations in Paragraph 48.

### 1.    The Company's Founder, Principal Shareholder and Aegean's Head of Corporate Development

#### a)    <u>Dimitris Melisanidis</u>

49.    Gianniotis admits that Aegean filed 2006 and 2015 Forms 20-F with the SEC and refers to those documents for their contents.  Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 49.

50.    Gianniotis admits that Aegean filed a 2015 Form 20-F and a September 19, 2016 Form 6-K with the SEC and refers to those document for their contents.  Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 50.

51.    Gianniotis admits the allegations in Paragraph 51.

### 2.    Executive Officers

#### a)    <u>E. Nikolas Tavlarios</u>

52.    Gianniotis admits the allegations in Paragraph 52.

53.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 53.

54.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 54.

### b)     Spyros Gianniotis

55.     Gianniotis admits that he was Aegean's CEO during the dates stated in the first sentence of Paragraph 55. In response to sentences 2 through 4 of Paragraph 55, Gianniotis admits that he was one of many Aegean officers and directors who made statements in press releases, participated on quarterly conference calls, and signed SEC filings on behalf of Aegean. The remaining sentences of Paragraph 55 cite to court documents related to NewLead, and which documents speak for themselves.  To the extent a further response is required, Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 55.

### c)     Jonathan McIlroy

56.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 56.

### d)     Spyridon Fokas

57.     Gianniotis admits the allegations in Paragraph 57.

58.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 58.

59.     Gianniotis admits that the Lead Plaintiff has defined the "Officer Defendants" as Tavlarios, Gianniotis, McIlroy, and Fokas.

### 3.    Outside Directors

#### a)    <u>Peter C. Georgiopoulos</u>

60.    Gianniotis admits the allegations in Paragraph 60.

61.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 61.

62.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 62.

63.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 63.

64.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 64.

#### b)    <u>Yiannis N. Papanicolaou</u>

65.    Gianniotis denies knowledge and information sufficient to form a belief as to Papanicolaou's departure from the Audit Committee, and otherwise admits the allegations in Paragraph 65.

#### c)    <u>John P. Tavlarios</u>

66.    Gianniotis admits the allegations in Paragraph 66.

67.    Gianniotis admits that Aegean filed Forms 20-F with the SEC, and refers to those filings for their contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 67.

68.    Gianniotis admits that Aegean filed Forms 20-F with the SEC, and refers to those filings for their contents.

### d)     Konstantinos D. Koutsomitopoulos

69.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 69.

### e)     George Konomos

70.     Gianniotis admits that Konomos served on the Aegean board, was Chairman of the Audit Committee and a member of the Compensation Committee, and signed certain documents on behalf of Aegean. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 70.

71.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 71.

72.     Gianniotis admits that Lead Plaintiff provided definitions for "Outside Directors" and "Audit Committee Defendants."

### D.     The Auditor Defendants

### 1.     The Deloitte Defendants

73.     Gianniotis admits that Deloitte provided auditing services for Aegean from Fiscal Year 2006 through 2015, and denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 73.

74.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 74.

75.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 75.

76.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 76.

77.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 77.

78.    Gianniotis admits that Aegean filed Forms 20-F for the years 2013 through 2015 with the SEC, and refers to those filings for their contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 78.

79.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 79.

80.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 80.

81.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 81.

82.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 82.

83.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 83.

84.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 84.

85.    Gianniotis admits that Lead Plaintiff provided a definition for "Deloitte Defendants."

## 2.    The PricewaterhouseCooper Defendants

86.    Gianniotis admits that PwC provided auditing services for Aegean for Fiscal Year 2016, and denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 86.

87.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 87.

88.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 88.

89.     Gianniotis admits that PwC provided auditing services for Aegean beginning in 2016. Gianniotis admits that Aegean filed a Form 20-F for the year 2016 with the SEC, and refers to that that filings for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 89.

90.     Gianniotis admits that Aegean filed a Form 20-F for the year 2016 with the SEC and refers to that that filing for its contents, and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 90.

91.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 91.

92.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 92.

93.     Gianniotis admits that Lead Plaintiff provided a definition for "PwC Defendants."

> **3.      Deloitte Greece and PwC Greece Were Acting Within the Course and Scope of their Agencies and Under the Control of Their Respective Network of Affiliated Member Firms**

94.     Paragraph 94 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 94.

a)   **Deloitte**

95.    Paragraph 95 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 95.

96.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 96.

97.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 97.

98.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 98.

99.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 99.

100.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 100.

101.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 101.

102.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 102.

103.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 103.

104.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 104.

105.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 105.

106.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 106.

107.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 107.

108.    Paragraph 108 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 108.

109.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 109.

110.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 110.

111.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 111.

112.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 112.

113.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 113.

**b)      PwC**

114.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 114.

115.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 115.

116.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 116.

117.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 117.

118.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 118.

119.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 119.

**IV.    Background**

    **A.    Aegean's Business**

120.     Gianniotis admits that Aegean filed a 2006 Form 20-F, Q4 2013 press release, and 2015 Corporate Annual Report with the SEC, and refers to those filings for their contents.

121.     Gianniotis admits that Aegean filed a Q4 2013 press release, a Q2 2015 press release, and 2015 Corporate Annual Report with the SEC, and refers to those filings for their contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 121.

122.     Gianniotis admits that Aegean made a March 17, 2016 presentation for investors, and refers to that presentation for its contents.

123.     Gianniotis admits the allegations in Paragraph 123, and further avers that Aegean provided the services alleged.

124.     Gianniotis admits the allegations in Paragraph 124.

125.   Gianniotis admits that Aegean filed a 2015 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 125.

126.   Gianniotis admits that bunkering is a capital intensive business. Gianniotis further admits that Aegean filed 2015 and 2016 Forms 20-F and a March 7, 2018 press release with the SEC, and refers to those filings for their contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 126.

127.   Gianniotis admits that Aegean made a filing in bankruptcy court on December 15, 2018, and refers to that document for its contents. Gianniotis admits the remaining allegations in Paragraph 127.

128.   Gianniotis admits that Aegean filed a 2015 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies that he had an office next to Melisanidis, and further avers that Fokas chose the location of Gianniotis's and Melisanidis's offices. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 128.

### B.   Founder's Early Background

129.   Gianniotis admits that Aegean filed a November 24, 2006 IPO Prospectus and 2016 Form 20-F with the SEC, and refers to those filings for their contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 129.

130.   Gianniotis admits that Aegean filed a November 24, 2006 Prospectus with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 130.

131.     Gianniotis admits that Aegean filed a November 24, 2006 IPO Prospectus with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 131.

132.     Gianniotis admits that Aegean filed a November 24, 2006 IPO Prospectus with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 132.

133.     Gianniotis admits that Aegean filed a November 24, 2006 IPO Prospectus with the SEC, and refers to that filing for its contents.

134.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 134.

135.     Gianniotis admits that Aegean filed a November 3, 2006 Form F-1 and November 24, 2006 IPO Prospectus with the SEC, and refers to those filings for their contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 135.

136.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 136.

137.     Gianniotis admits the allegations in Paragraph 137.

### C.     Convertible Note Offerings

#### 1.     2015 Offering of 4.00% Convertible Unsecured Senior Notes due 2018

138.     Gianniotis admits the allegations in Paragraph 138.

139.     Gianniotis admits the allegations in Paragraph 139.

140.     Gianniotis admits the allegations in Paragraph 140.

141.     Gianniotis admits that Aegean filed Forms 20-F with the SEC, and refers to those filings for their contents.

      **2.**    **2016 Private Placement of 4.25% Convertible Unsecured Senior Notes due 2021**

142.    Gianniotis admits that Aegean issued a December 13, 2016 press release, and refers to that document for its contents.

143.    Gianniotis admits that Aegean filed Forms 20-F with the SEC, and refers to those filings for their contents.

144.    Gianniotis admits the allegations in Paragraph 144.

## V.    THE COMPANY DEFENDANTS ENGAGED IN THE MASSIVE FRAUDULENT SCHEME TO DEFRAUD INVESTORS

145.    Gianniotis denies the allegations in Paragraph 145.

146.    Gianniotis denies the allegations in Paragraph 146.

147.    Gianniotis denies the allegations in Paragraph 147 to the extent that these allegations are stated against Gianniotis, and otherwise denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 147.

      **A.**    **Manipulation of Revenue and Income that Misled Investors Regarding the Value of Aegean**

148.    Gianniotis admits that Aegean published a June 4, 2018 press release, and otherwise denies the allegations in Paragraph 148.

149.    Gianniotis admits that Aegean published a November 2, 2018 press release, and otherwise denies the allegations in Paragraph 149.

150.    Gianniotis admits that Aegean published a November 2, 2018 press release, and otherwise denies the allegations in Paragraph 150.

151.    Gianniotis admits that Aegean published a November 2, 2018 press release, and otherwise denies the allegations in Paragraph 151.

152.     Paragraph 152 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 152.

153.     Gianniotis denies the allegations in Paragraph 153.

154.     Gianniotis denies the allegations in Paragraph 154.

155.     Gianniotis denies the allegations in Paragraph 155.

   **B.     Misappropriation of the Company's Cash and Assets that Defrauded Investors**

   **1.     Fraudulent Payments in Connection with Fujairah Facility**

156.     Gianniotis denies the allegations in Paragraph 156.

157.     Gianniotis admits that Aegean issued an April 27, 2010 press release and filed a 2012 Form 20-F with the SEC, and refers to those documents for their contents. Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 157.

158.     Gianniotis admits that Aegean filed Forms 20-F with the SEC, and refers to those filings for their contents.

159.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 159.

160.     Gianniotis admits that Aegean filed a 2013 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 160.

161.     Gianniotis admits the allegations in Paragraph 161.

162.     Gianniotis admits that Aegean filed a 2014 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 162.

163.    Gianniotis admits the allegations in Paragraph 163.

164.    Gianniotis admits that Aegean filed a 2015 Form 20-F with the SEC, and refers to that filing for its contents.

165.    Gianniotis admits that Aegean filed a 2016 Form 20-F with the SEC, and refers to that filing for its contents.

166.    Gianniotis admits that Aegean issued a November 2, 2018 press release, and otherwise denies the allegations in Paragraph 166.

167.    Gianniotis denies the allegations in Paragraph 167.

168.    Paragraph 168 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 168.

169.    Paragraph 169 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 169.

170.    Paragraph 170 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 170.

171.    Paragraph 171 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 171.

### 2.    Fraudulent Prepayments for Future Oil Deliveries

172.    Gianniotis admits that Aegean issued a November 2, 2018 press release and otherwise denies the allegations in Paragraph 172.

173.    Gianniotis denies the allegations in Paragraph 173.

174.    Gianniotis admits that Aegean filed a 2015 Form 20-F with the SEC, and refers to that filing for its contents.

175.    Paragraph 175 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 175.

176.    Paragraph 176 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 176.

177.    Paragraph 177 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 177.

C.    **The $100 Million Sale of the Founder's Stake in Aegean that Defrauded Investors**

178.    Gianniotis admits that Aegean issued an August 17, 2016 press release, and refers to that document for its contents. Gianniotis denies the remaining allegations in Paragraph 178.

179.    Gianniotis admits that Aegean issued an August 17, 2016 press release, and refers to that document for its contents.

180.    Gianniotis admits that Aegean issued an August 17, 2016 press release, and refers to that document for its contents.

181.    Gianniotis admits that Aegean issued a September 19, 2016 press release, and refers to that document for its contents.

182.    Paragraph 182 cites to an August 25, 2016 Tradewinds article, which article speaks for itself.

183.    Gianniotis admits that Aegean filed a September 20, 2016 press release with the SEC, and refers to that filing for its contents.

184.    Gianniotis admits the allegations in Paragraph 184.

185.    Gianniotis admits that Aegean issued a November 16, 2016 press release, and refers to that document for its contents.

186.    Gianniotis admits that Aegean held a November 17, 2016 conference call, and refers to that call for its contents.

187.    Gianniotis admits that Aegean filed a December 13, 2016 Form 6-K with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 187.

188.    Gianniotis admits that Aegean filed a December 13, 2016 Form 6-K with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 188.

189.    Gianniotis admits that Aegean filed a May 16, 2017 Form 6-K with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 189.

190.    Gianniotis denies the allegations in Paragraph 190, and further avers that Aegean could not have issued convertible notes had it not had a healthy balance sheet.

### D.    Acts Taken to Clean the Massive Fraudulent Scheme with the HEC Acquisition and Efforts to Block this Acquisition

191.    Gianniotis admits that Aegean filed a 2016 Form 20-F with the SEC, and refers to that filing for its contents.

192.    Gianniotis admits that RBM filed a complaint against Aegean, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 192.

193.    Gianniotis admits the allegations in Paragraph 193.

194.    Gianniotis admits the allegations in Paragraph 194.

195.    Gianniotis admits that Aegean filed a June 1, 2017 Form 6-K with the SEC and released a June 16, 2017 press release, and refers to those documents for their contents. Gianniotis denies

21

knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 195.

196.    Gianniotis admits that, on December 20, 2017, a group of Aegean shareholders sent a letter to Papanicolaou, and otherwise denies the allegations in Paragraph 196.

197.    Gianniotis denies the allegations in Paragraph 197.

198.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 198.

199.    Gianniotis denies knowledge and information sufficient to form a belief as to whether Stifel downgraded Aegean, and otherwise denies the allegations in Paragraph 199.

200.    Gianniotis denies knowledge and information sufficient to form a belief as to whether Stifel downgraded Aegean, and otherwise denies the allegations in Paragraph 200.

201.    Gianniotis admits that Aegean filed a February 22, 2018 Form 6-K with the SEC, and refers to that filing for its contents. Gianniotis denies the allegations in Footnote 87.

202.    Gianniotis admits that Aegean held a February 21, 2018 conference call, and refers to that call for its contents.

203.    Gianniotis admits that RBM filed a complaint against Aegean, and refers to that filing for its contents.

204.    Gianniotis admits that RBM filed a complaint against Aegean, and denies the remaining allegations in Paragraph 204.

205.    Gianniotis admits that RBM filed a complaint against Aegean, and denies the remaining allegations in Paragraph 205.

206.    Gianniotis admits that RBM filed a complaint against Aegean, and denies the remaining allegations in Paragraph 206.

207.    Gianniotis admits that RBM filed a complaint against Aegean, and denies the remaining allegations in Paragraph 207.

208.    Gianniotis admits that RBM filed a complaint against Aegean, and denies the remaining allegations in Paragraph 208.

209.    Gianniotis admits that the trial court in the RBS lawsuit issued a TRO after a hearing, and refers to the TRO and the transcript of the TRO hearing for their contents, and otherwise denies the allegations in Paragraph 209.

210.    Gianniotis admits that the trial court in the RBS lawsuit issued a March 16, 2018 Order, and refers to that Order for its contents.

211.    Gianniotis admits that on March 20, 2018, the trial court in the RBS lawsuit stayed the proceeding. Gianniotis further admits that he resigned from Aegean on April 17, 2018. Gianniotis further admits that Aegean issued a March 27, 2018 press release, and refers to that document for its contents. Gianniotis denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 211.

212.    Gianniotis admits that Aegean filed a May 22, 2018 press release with the SEC, and refers to that filing for its contents.

213.    Gianniotis admits that Aegean issued a June 4, 2018 press release, and otherwise denies the allegations in Paragraph 213.

**VI.      THE COMPANY DEFENDANTS' U.S. GAAP VIOLATIONS**

214.    Paragraph 214 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 214.

215.    Paragraph 215 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 215.

216.    Paragraph 216 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 216.

217.    Paragraph 217 cites to a document from the Financial Accounting Standards Board, which contents speak for itself.

218.    Paragraph 218 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 218.

219.    Gianniotis admits the allegations in Paragraph 219, and further avers that Aegean accurately stated that its financials were fairly presented.

220.    Gianniotis denies the allegations in Paragraph 220.

221.    Paragraph 221 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis admits that Paragraph 221 claims that Aegean had improper accounting practices, but denies that Aegean's accounting practices were improper and denies the remaining allegations in Paragraph 221.

222.    Paragraph 222 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 222.

223.    Paragraph 223 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 223.

224.    Paragraph 224 cites to a rule from the Financial Accounting Standards Board, which contents speak for itself.

225.    Paragraph 225 cites to a rule from the Financial Accounting Standards Board, which contents speak for itself.

226.    Paragraph 226 cites to a rule from the Financial Accounting Standards Board, which contents speak for itself.

227.    Paragraph 227 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 227.

## VII.    THE COMPANY DEFENDANTS ISSUED AND CAUSED THE COMPANY TO ISSUE FALSE AND MISLEADING STATEMENTS

### A.    Materially False and Misleading Statements Concerning Aegean's Financial Results in its Quarterly and Annual Filings

228.    Gianniotis denies the allegations in Paragraph 228.

229.    Gianniotis admits the allegations in Paragraph 229.

230.    Gianniotis admits the allegations in Paragraph 230.

231.    Paragraph 231 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 231.

232.    Gianniotis admits the allegations in Paragraph 232.

233.    Paragraph 233 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 233.

234.    Gianniotis admits the allegations in Paragraph 234.

235.    Gianniotis admits the allegations in Paragraph 235.

236.    Paragraph 236 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 236.

237.    Gianniotis admits the allegations in Paragraph 237.

238.     Paragraph 238 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 238.

**B.      Materially False and Misleading Statements Regarding Account Receivables**

239.     Gianniotis admits that Aegean filed Forms 20-F with the SEC and refers to those filings for their contents.

240.     Paragraph 240 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 240.

**C.      Materially False and Misleading Statements Concerning Internal Controls over Financial Reporting**

241.     Gianniotis admits that Aegean filed Forms 20-F with the SEC and refers to those filings for their contents.

242.     Gianniotis admits that Aegean filed 2013, 2015, and 2016 Forms 20-F with the SEC and refers to those filings for their contents.

243.     Gianniotis admits that Aegean filed a 2014 Form 20-F with the SEC and refers to that filing for its contents.

244.     Paragraph 244 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 244.

**D.      Materially False and Misleading Sarbanes-Oxley Certifications**

245.     Gianniotis admits the allegations in Paragraph 245.

246.     Gianniotis admits that Aegean filed the SOX Certifications with the SEC and refers to those filings for their contents.

247.     Paragraph 247 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 247.

248.    Gianniotis denies the allegations in Paragraph 248, and further avers that he was unaware of any alleged fraud.

     **E.**    **Materially False and Misleading Statements Made in Connection with the 2015 4.00% Convertible Unsecured Senior Note Offering**

249.    Gianniotis admits that Aegean filed a Form F-3 with the SEC on July 3, 2013 and a Prospectus with the SEC on August 20, 2013, and refers to those filings for their contents.

250.    Paragraph 250 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 250.

251.    Gianniotis admits the allegations in Paragraph 251.

252.    Paragraph 252 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 252.

     **F.**    **Materially False and Misleading Statements Concerning Aegean's Unique Business Model, Strong Financial Results and Profitability and Solid Balance Sheet**

253.    Gianniotis admits that on February 26, 2014, Aegean announced Q4 and Fiscal Year 2013 results, and denies that the statements were false or misleading.

254.    Gianniotis admits that on February 26, 2014, Aegean announced Q4 and Fiscal Year 2013 results, and denies that the statements were false or misleading.

255.    Gianniotis admits that on February 27, 2014, Aegean held a Q4 2013 conference call, and denies that the statements were false or misleading.

256.    Gianniotis admits that Aegean issued a document entitled Annual Report of 2013, and denies that the statements were false or misleading.

257.    Gianniotis admits the allegations in Paragraph 257.

258.    Gianniotis admits that on May 21, 2014, Aegean announced Q1 2014 results, and denies that the statements were false or misleading.

259.     Gianniotis admits that on May 21, 2014, Aegean announced Q1 2014 results, and denies that the statements were false or misleading.

260.     Gianniotis admits that on February 27, 2014, Aegean held a Q4 2013 conference call, and denies that the statements were false or misleading.

261.     Gianniotis admits the allegations in Paragraph 261.

262.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 262.

263.     Gianniotis admits that on August 13, 2014, Aegean announced Q2 2014 results, and denies that the statements were false or misleading.

264.     Gianniotis admits that on August 13, 2014, Aegean announced Q2 2014 results, and denies that the statements were false or misleading.

265.     Gianniotis admits that on August 14, 2014, Aegean held a Q2 2014 conference call, and denies that the statements were false or misleading.

266.     Gianniotis admits the allegations in Paragraph 266.

267.     Gianniotis admits that on November 24, 2014, Aegean announced Q3 2014 results, and denies that the statements were false or misleading.

268.     Gianniotis admits that on November 24, 2014, Aegean announced Q3 2014 results, and denies that the statements were false or misleading.

269.     Gianniotis admits that on November 25, 2014, Aegean held a Q3 2014 conference call, and denies that the statements were false or misleading.

270.     Gianniotis admits that on November 25, 2014, Aegean held a Q3 2014 conference call, and denies that the statements were false or misleading.

271.     Gianniotis admits the allegations in Paragraph 271.

272.   Gianniotis admits that on March 16, 2015, Aegean announced Q4 and Fiscal Year 2014 results, and denies that the statements were false or misleading.

273.   Gianniotis admits that on March 17, 2015, Aegean held a Q4 2014 conference call, and denies that the statements were false or misleading.

274.   Gianniotis admits that on March 17, 2015, Aegean held a Q4 2014 conference call, and denies that the statements were false or misleading.

275.   Gianniotis admits the allegations in Paragraph 275.

276.   Gianniotis admits that on May 27, 2015, Aegean announced Q1 2015 results, and denies that the statements were false or misleading.

277.   Gianniotis admits that on May 27, 2015, Aegean announced Q1 2015 results, and denies that the statements were false or misleading.

278.   Gianniotis admits the allegations in Paragraph 278.

279.   Gianniotis admits that Aegean issued a document entitled Annual Report of 2014, and denies that the statements were false or misleading.

280.   Gianniotis admits that on August 17, 2015, Aegean announced Q2 2015 results, and denies that the statements were false or misleading.

281.   Gianniotis admits that on August 17, 2015, Aegean announced Q2 2015 results, and denies that the statements were false or misleading.

282.   Gianniotis admits that on November 19, 2015, Aegean announced Q3 2015 results, and denies that the statements were false or misleading.

283.   Gianniotis admits that on November 19, 2015, Aegean announced Q3 2015 results, and denies that the statements were false or misleading.

284.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 284.

285.    Gianniotis admits that on March 16, 2016, Aegean announced Q4 and Fiscal Year 2015 results, and denies that the statements were false or misleading.

286.    Gianniotis admits that on March 16, 2016, Aegean announced Q4 and Fiscal Year 2015 results, and denies that the statements were false or misleading.

287.    Gianniotis admits that Aegean issued a document entitled Annual Report of 2015, and denies that the statements were false or misleading.

288.    Gianniotis admits the allegations in Paragraph 288.

289.    Gianniotis admits that on May 24, 2016, Aegean announced Q1 2016 results, and denies that the statements were false or misleading.

290.    Gianniotis admits that on May 24, 2016, Aegean announced Q1 2016 results, and denies that the statements were false or misleading.

291.    Gianniotis admits the allegations in Paragraph 291.

292.    Gianniotis admits that on August 10, 2016, Aegean announced Q2 2016 results, and denies that the statements were false or misleading.

293.    Gianniotis admits that on August 10, 2016, Aegean announced Q2 2016 results, and denies that the statements were false or misleading.

294.    Gianniotis admits that on August 10, 2016, Aegean held a Q2 2016 conference call, and denies that the statements were false or misleading.

295.    Gianniotis admits that on August 10, 2016, Aegean held a Q2 2016 conference call, and denies that the statements were false or misleading.

296.    Gianniotis admits the allegations in Paragraph 296.

297.    Gianniotis admits that on November 16, 2016, Aegean announced Q3 2016 results, and denies that the statements were false or misleading.

298.    Gianniotis admits the allegations in Paragraph 298.

299.    Gianniotis admits that on March 1, 2017, Aegean announced Q4 and Fiscal Year 2016 results, and denies that the statements were false or misleading.

300.    Gianniotis admits that on March 1, 2017, Aegean announced Q4 and Fiscal Year 2016 results, and denies that the statements were false or misleading.

301.    Gianniotis admits that Aegean issued a document entitled Annual Report of 2016, and denies that the statements were false or misleading.

302.    Gianniotis admits the allegations in Paragraph 302.

303.    Gianniotis admits that on May 23, 2017, Aegean announced Q1 2017 results, and denies that the statements were false or misleading.

304.    Gianniotis admits that on May 23, 2017, Aegean announced Q1 2017 results, and denies that the statements were false or misleading.

305.    Gianniotis admits that on August 10, 2017, Aegean announced Q2 2017 results, and denies that the statements were false or misleading.

306.    Gianniotis admits that on August 10, 2017, Aegean announced Q2 2017 results, and denies that the statements were false or misleading.

307.    Gianniotis admits the allegations in Paragraph 307.

308.    Gianniotis admits that on November 15, 2017, Aegean announced Q3 2017 results, and denies that the statements were false or misleading.

309.    Gianniotis admits the allegations in Paragraph 309.

310.    Paragraph 310 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 310.

> **G.    Materially False and Misleading Statements Concerning the Company's Financial Ability to Repurchase the Founder's Shares**

311.    Gianniotis admits that on August 17, 2016, Aegean issued a press release, and refers to that document for its contents.

312.    Gianniotis admits that on August 17, 2016, Aegean issued a press release, and refers to that document for its contents.

313.    Paragraph 313 cites to an August 25, 2016 Tradewinds article, which article speaks for itself.

314.    Paragraph 314 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 314.

> **H.    Materially False and Misleading Statements Concerning the HEC Acquisition**

315.    Gianniotis admits that Aegean issued a press release on February 20, 2018, and refers to that documents for its contents.

316.    Gianniotis admits that Aegean issued a press release on February 20, 2018, and refers to that documents for its contents.

317.    Gianniotis admits that Aegean issued a press release on February 20, 2018, and refers to that documents for its contents.

318.    Gianniotis admits that Aegean held a conference call on February 21, 2018, and refers to the transcript of that call for its contents.

319.    Gianniotis admits that Aegean issued a press release on March 7, 2018, and refers to that documents for its contents.

320.     Paragraph 320 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 320.

## VIII.   THE AUDIT COMMITTEE DEFEDANTS INTENTIONALLY AND/OR RECKLESSLY CAUSED AEGEAN TO ISSUE MATERIALLY FLASE AND MISLEADING STATEMENTS IN FURTHERANCE OF THE MASSIVE FRAUDULENT SCHEME

321.     Paragraph 321 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 321.

322.     Gianniotis admits that Aegean filed Forms 20-F with the SEC and refers to those filings for their contents.

323.     Paragraph 323 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 323.

324.     Paragraph 324 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 324.

325.     Paragraph 325 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 325.

## IX.     ADDITIONAL ALLEGATIONS OF SCIENTER

326.     Paragraph 326 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 326.

327.     Gianniotis admits that Aegean made the statements alleged in Paragraph 327, but denies the truth of those statements.

328.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 328.

329.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 329.

330.     Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 330.

331.     Gianniotis admits that Aegean filed for bankruptcy on November 6, 2018, and refers to docket entries in that proceeding for their contents. Gianniotis denies that the potential claims have merit.

332.     Gianniotis denies that he sold $1 million of Aegean stock at the same time as Melisanidis' sale of shares to Aegean, and avers that he only sold restricted share compensation awarded by the company—not publicly trades shares. Gianniotis further denies that he profited through his relationship with Melisanidis and denies that he has been engaged in the financing of other of Melisanidis' companies. Gianniotis otherwise denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 332, except admits the allegations relating to Fokas.

333.     Gianniotis denies the allegations in Paragraph 333.

334.     Gianniotis denies the allegations in Paragraph 334.

335.     Gianniotis denies the allegations in Paragraph 335.

336.     Gianniotis denies the allegations in Paragraph 336, and further avers that his resignation had no connection with the HEC litigation.

337.     Gianniotis denies the allegations in Paragraph 337.

338.     Gianniotis admits that Aegean filed a November 24, 2006 IPO Prospectus and a June 18, 2015 Form 6-K with the SEC, and refers to those filings for their contents.

**X.**      **THE ACCOUNT KNOWINGLY AND/OR RECKLESSLY VIOLATED THE EXCHANGE ACT BY FAILING TO COMPLY WITH AUDITING STANDARDS IN ISSUING CLEAN AUDIT REPORTS THAT CONTAINED MATERIALLY FALSE AND MISLEADING STATEMENTS TO THE INVESTING PUBLIC**

339.     Paragraph 339 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 339.

**A.      The Auditors were Bound to Comply with Applicable Accounting Standards**

340.     Paragraph 340 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 340.

341.     Paragraph 341 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 341.

342.     Paragraph 342 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 342 cites to documents from the PCAOB and AICPA, which documents speak for themselves.

343.     Paragraph 343 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 343 cites to a document from the PCAOB, which document speaks for itself.

344.     Paragraph 344 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 344 cites to documents from the PCAOB, which documents speak for themselves. Gianniotis admits that Deloitte Greece and PwC Greece served as Aegean's accountants.

35

345.     Paragraph 345 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 345.

346.     Paragraph 346 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 346 cites to documents from the PCAOB, which documents speak for themselves.

347.     Paragraph 347 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 347 cites to documents from the PCAOB, which documents speak for themselves.

348.     Paragraph 348 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 348 cites to documents from the PCAOB, which documents speak for themselves.

349.     Paragraph 349 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 349 cites to documents from the PCAOB, which documents speak for themselves.

350.     Paragraph 350 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 350 cites to documents from the PCAOB, which documents speak for themselves.

351.     Paragraph 351 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 351 cites to documents from the PCAOB, which documents speak for themselves.

352.    Paragraph 352 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 352 cites to documents from the PCAOB, which documents speak for themselves.

353.    Paragraph 353 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 353 cites to documents from the PCAOB, which documents speak for themselves.

354.    Paragraph 354 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 354 cites to documents from the PCAOB, which documents speak for themselves.

355.    Paragraph 355 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 355 cites to documents from the PCAOB, which documents speak for themselves.

356.    Paragraph 356 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 356 cites to documents from the PCAOB, which documents speak for themselves.

357.    Paragraph 357 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 357 cites to documents from the PCAOB, which documents speak for themselves.

358.    Paragraph 358 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 358 cites to documents from the PCAOB, which documents speak for themselves.

359.    Paragraph 359 purports to state a legal conclusion to which no response is required. To the extent a response is required, Paragraph 359 cites to documents from the PCAOB, which documents speak for themselves.

### B.    The Auditor Defendants Knew and/or were Reckless in Ignoring a Series of Red Flags in Issuing their Respective Clean Audit Opinions

360.    Paragraph 360 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 360.

361.    Paragraph 361 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 361.

362.    Paragraph 362 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 362.

### 1.    Melisanidis' Criminal Background and Control: Red Flag Nos. 1 and 2

363.    Paragraph 363 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 363.

### a)    Red Flag No. 1 (Melisanidis' Criminal Background)

364.    Paragraph 364 refers to Aegean's SEC filings, which filings speak for themselves. Gianniotis otherwise denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 364.

365.    Gianniotis admits that Aegean filed a November 24, 2006 IPO Prospectus with the SEC, and refers to that filing for its contents.

366.    Gianniotis admits that Aegean filed Forms 20-F and an October 18, 2013 Prospectus Supplement with the SEC, and refers to those filings for their contents. Gianniotis denies the remaining allegations in Paragraph 366.

367.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 367.

368.    Gianniotis admits that RBS filed a lawsuit against Aegean, and otherwise denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 368.

369.    Paragraph 369 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 369.

370.    Gianniotis denies the allegations in Paragraph 370.

### b)    Red Flag No. 2 (Melisanidis' Control Over Aegean)

371.    Paragraph 371 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 371.

372.    Gianniotis admits that RBS filed a lawsuit against Aegean, and otherwise denies the remaining allegations in Paragraph 372.

373.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 373.

374.    Gianniotis denies the allegations in Paragraph 374.

375.    Gianniotis denies the allegations in Paragraph 375.

376.    Gianniotis denies the allegations in Paragraph 376.

377.    Gianniotis denies the allegations in Paragraph 377.

378.    Paragraph 378 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 378.

379.    Paragraph 379 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 379.

## 2.      Related-Party Transactions and Control: Red Flag Nos. 3 – 6

380.    Paragraph 380 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 380.

### a)      Red Flag No. 3 (Substantial Related-Party Transaction Involving Melisanidis that was the Primary Means for the $300 Million Misappropriation of Company Assets)

381.    Gianniotis admits that Aegean filed 2010 and 2012 Forms 20-F with the SEC, and refers to those filings for their contents. Gianniotis otherwise denies the allegations in Paragraph 381.

382.    Gianniotis admits that Aegean filed a 2010 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis further admits that Aegean released a November 2, 2018 press release, but denies the content of that release. Gianniotis denies the remaining allegations in Paragraph 382.

383.    Gianniotis admits that Aegean filed 2012, 2014, 2015, and 2016 Forms 20-F with the SEC, and refers to those filings for their contents. Gianniotis denies the remaining allegations in Paragraph 383.

384.    Paragraph 384 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 384.

385.    Gianniotis denies the allegations in Paragraph 385.

386.    Paragraph 386 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 386.

387.    Gianniotis denies the allegations in Paragraph 387.

388.    Paragraph 388 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 388.

         **b)**    **Red Flag No. 4 (Marine Fuel Supply Service Agreement with Affiliate Aegean Oil S.A. Owned by Melisanidis Family)**

389.    Gianniotis denies the allegations in Paragraph 389.

390.    Gianniotis admits that Aegean filed a 2015 Form 20-F with the SEC and published an Annual Report of 2016, and refers to those documents for their contents.

391.    Gianniotis admits that Aegean filed a 2015 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies Lead Plaintiff's characterization of the transaction at issue.

392.    Gianniotis admits that Aegean filed a 2015 Form 20-F with the SEC, and refers to that filling for its contents.

393.    Paragraph 393 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 393.

394.    Paragraph 394 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 394.

         **c)**    **Red Flag No. 5 (Service Agreements with Affiliate Aegean V Owned by Melisanidis Family)**

395.    Gianniotis admits that Aegean filed a 2014 Form 20-F with the SEC, and refers to that filling for its contents.

396.    Paragraph 396 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 396.

         **d)**    **Red Flag No. 6 (Using Aegean to Pay Expenses to Firm Owned by Insiders Melisanidis, Georgiopoulos and Tavlarios)**

397.    Paragraph 397 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 397.

398.    Gianniotis admits that Aegean filed a 2015 Form 20-F with the SEC, and refers to that filling for its contents. Gianniotis denies the remaining allegations in Paragraph 398.

399.    Gianniotis admits that Aegean filed a 2015 Form 20-F with the SEC, and refers to that filling for its contents. Gianniotis denies the remaining allegations in Paragraph 399.

400.    Paragraph 400 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 400.

> ### 3.    Escalating Receivables and Defaults, Including by Related Entities: Red Flag Nos. 7- 10
>
> #### a)    <u>Red Flag No. 7 (Escalating Receivables)</u>

401.    Paragraph 401 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 401.

402.    Gianniotis admits that Aegean filed Forms 20-F and a March 7, 2018 Form 6-K with the SEC, and refers to those filings for their contents.

403.    Gianniotis admits that Aegean released a November 2, 2018 press release, but denies the contents of that press release, and otherwise denies the allegations in Paragraph 403. Footnote 109 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies knowledge and information sufficient to form a belief about the allegations in Footnote 109.

404.    Gianniotis admits that Aegean filed 2015 and 2016 Forms 20-F with the SEC, and refers to these filings for their contents, and otherwise denies the allegations in Paragraph 404.

405.    Gianniotis denies the allegations in Paragraph 405.

406.    Paragraph 406 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 406.

407.    Paragraph 407 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 407.

> **b)** **Red Flag No. 8 (Non-payment for Sales to Aegean Shipping Owned by Melisanidis Family)**

408.    Paragraph 408 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 408.

409.    Gianniotis admits that Aegean filed 2015 and 2016 Forms 20-F with the SEC, and refers to these filings for their contents, and otherwise denies the allegations in Paragraph 409.

410.    Gianniotis admits that Aegean filed a 2016 Form 20-F with the SEC, and refers to that filing for its contents, and otherwise denies the allegations in Paragraph 410.

411.    Paragraph 411 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 411.

> **c)** **Red Flag No. 9 (Defaulting Payments to AOTC by UAE Firms)**

412.    Paragraph 412 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 412.

413.    Paragraph 413 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 413.

414.    Paragraph 414 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 414.

> **d)** **Red Flag No. 10 (Delinquencies by GMC Corporation)**

415.    Paragraph 415 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 415.

416.    Gianniotis denies the allegations in Paragraph 416.

417.    Paragraph 417 refers to a 2011 Form 10-K filed by GMC with the SEC, which filing speaks for itself. Gianniotis otherwise denies knowledge and information sufficient to form a belief about the allegations in Paragraph 417.

418.    Paragraph 418 refers to a 2011 Form 10-K filed by GMC with the SEC, and 2007 and 2008 Forms 20-F filed by Aegean with the SEC, which filings speak for themselves. Gianniotis otherwise denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 418.

419.    Paragraph 419 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 419.

420.    Paragraph 420 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 420.

**4.    Melisanidis' Maneuvers to Unload All of His Aegean Shares: Red Flags No. 11 – 12**

**a)    Red Flag No. 11 (Company Repurchases All of Melisanidis' Shares)**

421.    Gianniotis denies the allegations in Paragraph 421.

422.    Paragraph 422 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 422.

423.    Gianniotis denies the allegations in Paragraph 423.

**b)    Red Flag No. 12 (The Repurchase of Melisanidis' Shares Caused a Liquidity Crisis for the Company)**

424.    Gianniotis admits that Aegean issued an August 17, 2016 Press Release and Tradewinds published an August 25, 2016 article, and refers to those documents for their contents. Gianniotis otherwise denies the remaining allegations in Paragraph 424.

425.    Paragraph 425 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 425.

### 5.    Material Weaknesses and Misstatements: Red Flag No. 13

#### a)    Red Flag No. 13 (Material Weaknesses in Internal Controls Identified in 2014 Form 20-F)

426.    Gianniotis admits that Aegean filed a 2014 Form 20-F with the SEC, and refers to that filing for its contents.

427.    Gianniotis admits that Aegean filed a 2014 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 427.

428.    Gianniotis admits that Aegean filed a 2015 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 428.

429.    Gianniotis admits that Aegean filed a 2016 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 429.

430.    Gianniotis admits that Aegean filed a 2015 Form 20-F with the SEC, and refers to that filing for its contents.

431.    Gianniotis admits that Aegean filed a 2015 Form 20-F with the SEC and refers to that filing for its contents, and otherwise denies any impropriety with regard to the process of reviewing material weaknesses and classification errors.

432.    Paragraph 432 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 432.

433.    Gianniotis admits the allegations in Paragraph 433, and further avers that the transactions were reviewed every quarter by the audit committee and Aegean's outside auditors.

C.    **These Red Flags Support a Strong Inference That the Auditor Defendants Intentionally and/or Recklessly Violated the Accounting Standards They were Bound to Follow**

434.    Paragraph 434 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 434.

435.    Paragraph 435 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 435.

436.    Gianniotis denies the allegations in Paragraph 436.

437.    Paragraph 437 cites to a document issued by PCAOB, which document speaks for itself. Gianniotis otherwise denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 437.

438.    Paragraph 438 cites to a document issued by PCAOB, which document speaks for itself.

439.    Paragraph 439 cites to a document issued by PCAOB, which document speaks for itself. Gianniotis otherwise denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 439.

440.    Paragraph 440 cites to a document issued by PCAOB, which document speaks for itself. Gianniotis otherwise denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 440.

441.    Paragraph 441 cites to a document issued by PCAOB, which document speaks for itself.

442.    Paragraph 442 cites to a document issued by PCAOB, which document speaks for itself.

443.    Gianniotis denies knowledge and information sufficient to form a belief about the allegations in Paragraph 443.

444.    Gianniotis denies the allegations in Paragraph 444.

445.    Gianniotis denies the allegations in Paragraph 445.

446.    Paragraph 446 cites to a document issued by PCAOB, which document speaks for itself. Gianniotis otherwise denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 446.

447.    Paragraph 447 cites to a document issued by PCAOB, which document speaks for itself. Gianniotis otherwise denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 447.

448.    Gianniotis denies knowledge and information sufficient to form a belief about the allegations in Paragraph 448.

449.    Gianniotis denies the allegations in Paragraph 449.

450.    Paragraph 450 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 450.

> ### D.    In Intentionally and/or Recklessly Violating the Audit Accounting Standards, the Auditor Defendants Issued Audit Opinions that Contained False and Misleading Statements
>
> #### 1.    Fiscal Year 2013

451.    Paragraph 451 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 451.

452.    Gianniotis admits that Aegean filed a 2013 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 452.

453.    Paragraph 453 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 453.

454.    Gianniotis admits that Aegean filed a 2013 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 454.

455.    Paragraph 455 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 455.

456.    Gianniotis admits that Aegean filed offering documents in connection with it Convertible Senior Unsecured Notes offering, and refers to that filing for its contents.

457.    Paragraph 457 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 457.

## 2.    Fiscal Year 2014

458.    Gianniotis admits that Aegean filed a 2014 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 458.

459.    Paragraph 459 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 459.

460.    Gianniotis admits that Aegean filed a 2014 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 460.

461.    Paragraph 461 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 461.

## 3.    Fiscal Year 2015

462.    Gianniotis admits that Aegean filed a 2015 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 462.

463.   Paragraph 463 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 463.

464.   Gianniotis admits that Aegean filed a 2015 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 464.

465.   Paragraph 465 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 465.

### 4.   Fiscal Year 2016

466.   Paragraph 466 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 466.

467.   Gianniotis admits that Aegean filed a 2016 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 467.

468.   Paragraph 468 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 468.

469.   Gianniotis admits that Aegean filed a 2016 Form 20-F with the SEC, and refers to that filing for its contents. Gianniotis denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 469.

470.   Paragraph 470 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 470.

## XI.   LOSS CAUSATION

471.   Paragraph 471 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 471.

472.   Gianniotis denies the allegations in Paragraph 472.

473.     Gianniotis denies knowledge and information sufficient to form a belief about the allegations in Paragraph 473.

474.     Gianniotis denies that Aegean's balance sheet was not "strong enough" to support the share repurchase, and denies knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 474.

475.     Gianniotis denies the allegations in Paragraph 475.

476.     Gianniotis denies knowledge and information sufficient to form a belief about the allegations in Paragraph 476.

477.     Gianniotis admits that Aegean released a press release on June 4, 2018, but denies the contents therein, and otherwise denies the allegations in Paragraph 477.

478.     Gianniotis denies knowledge and information sufficient to form a belief about the allegations in Paragraph 478.

479.     Gianniotis admits that Aegean released a press release on November 2, 2018, but denies the contents therein, denies knowledge and information sufficient to form a belief about the existence of a grand jury subpoena, and otherwise denies the allegations in Paragraph 479.

480.     Gianniotis denies knowledge and information sufficient to form a belief about the allegations in Paragraph 480.

481.     Paragraph 481 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 481.

**XII.    PRESUMPTION OF RELIANCE**

482.     Paragraph 482 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 482.

483.     Paragraph 483 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 483.

484.     Gianniotis admits the allegations in Paragraph 484.

485.     Gianniotis denies knowledge and information sufficient to form a belief about the allegations in Paragraph 485.

486.     Paragraph 486 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 486.

487.     Paragraph 487 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 487.

488.     Paragraph 488 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 488.

489.     Paragraph 489 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 489.

## XIII.   NO SAFE HARBOR

490.     Paragraph 490 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 490.

491.     Paragraph 491 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 491.

## XIV.   CLASS ALLEGATIONS

492.     Paragraph 492 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 492.

493.     Paragraph 493 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 493.

494.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 494.

495.    Paragraph 495 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 495.

496.    Paragraph 496 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 496.

497.    Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 497.

498.    Paragraph 498 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 498.

499.    Paragraph 499 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis admits that Lead Plaintiff alleges it will rely on the fraud-on-the-market doctrine and otherwise denies the remaining allegations in Paragraph 499.

**XV.    COUNTS**

**COUNT ONE**
**Violations of Section 10(b) of the Exchange Act and Rule 10b-5(b)**
**(Against the Officer Defendants and Outside Directors)**

500.    Gianniotis repeats and reiterates each and every response contained above as if fully set forth herein.

501.    Paragraph 501 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 501.

502.    Paragraph 502 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 502.

503.     Paragraph 503 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 503.

504.     Paragraph 504 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 504.

505.     Paragraph 505 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 505.

506.     Paragraph 506 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 506.

507.     Paragraph 507 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 507.

### COUNT TWO
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5(a) & (c)
### (Against Melisanidis, the Officer Defendants, and the Outside Directors)

508.     Gianniotis repeats and reiterates each and every response contained above as if fully set forth herein.

509.     Paragraph 509 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 509.

510.     Paragraph 510 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 510.

511.     Paragraph 511 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 511.

512.     Paragraph 512 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 512.

513.    Paragraph 513 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 513.

514.    Paragraph 514 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 514.

515.    Paragraph 515 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 515.

516.    Paragraph 516 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 516.

## COUNT THREE
### Violations of Section 20(a) of the Exchange Act
### (Against Melisanidis, the Officer Defendants and the Outside Directors)

517.    Gianniotis repeats and reiterates each and every response contained above as if fully set forth herein.

518.    Paragraph 518 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 518.

519.    Paragraph 519 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 519.

520.    Paragraph 520 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 520.

521.    Paragraph 521 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 521.

522.    Paragraph 522 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 522.

## COUNT FOUR
### Violation of Section 20(a) of the Exchange Act
### (Against the Audit Committee Defendants)

523.    Gianniotis repeats and reiterates each and every response contained above as if fully set forth herein.

524.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 524 contains allegations, Gianniotis denies them.

525.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 525 contains allegations, Gianniotis denies them.

526.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 526 contains allegations, Gianniotis denies them.

527.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 527 contains allegations, Gianniotis denies them.

## COUNT FIVE
### Violation of Section 20(b) of the Exchange Act
### (Against Melisanidis)

528.    Gianniotis repeats and reiterates each and every response contained above as if fully set forth herein.

529.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 529 contains allegations, Gianniotis denies them.

530.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 530 contains allegations, Gianniotis denies them.

531.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 531 contains allegations, Gianniotis denies them.

532.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 532 contains allegations, Gianniotis denies them.

## COUNT SIX
### Violation of Section 20A of the Exchange Act
### (Against Defendants Melisanidis, Fokas & Gianniotis)

533.    Gianniotis repeats and reiterates each and every response contained above as if fully set forth herein.

534.    Paragraph 534 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 534.

535.    Gianniotis denies knowledge and information sufficient to form a belief about the allegations in Paragraph 535.

536.    Paragraph 536 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 536.

537.    Paragraph 537 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 537.

538.    Paragraph 538 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 538.

539.    Paragraph 539 purports to state a legal conclusion to which no response is required. To the extent a response is required, Gianniotis denies the allegations in Paragraph 539.

540.    Gianniotis denies the allegations in Paragraph 540.

## COUNT SEVEN
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5(b)
### (Against Deloitte Greece and PwC Greece)

541.    Gianniotis repeats and reiterates each and every response contained above as if fully set forth herein.

542.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 542 contains allegations, Gianniotis denies them.

543.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 543 contains allegations, Gianniotis denies them.

544.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 544 contains allegations, Gianniotis denies them.

545.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 545 contains allegations, Gianniotis denies them.

546.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 546 contains allegations, Gianniotis denies knowledge and information sufficient to form a belief about the allegations in Paragraph 546.

547.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 547 contains allegations, Gianniotis denies them.

548.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 548 contains allegations, Gianniotis denies them.

549.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 549 contains allegations, Gianniotis denies them.

550.    This claim is not made against Gianniotis. Thus, no response is required. To the extent that Paragraph 550 contains allegations, Gianniotis denies them.

**COUNT EIGHT**
**Violations of Section 20(a) of the Exchange Act)**
**(Against DTTL, Deloitte U.S., PwC International and PwC U.S.)**

551.    Gianniotis repeats and reiterates each and every response contained above as if fully set forth herein.

552.    This claim was dismissed by the Court. Thus, no response is required. To the extent that Paragraph 552 contains allegations, Gianniotis denies them.

553.    This claim was dismissed by the Court. Thus, no response is required. To the extent that Paragraph 553 contains allegations, Gianniotis denies them.

554.    This claim was dismissed by the Court. Thus, no response is required. To the extent that Paragraph 554 contains allegations, Gianniotis denies them.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of in pari delicto.

### SIXTH AFFIRMATIVE DEFENSE

The claims are barred by Plaintiffs' assumption of risk.

### SEVENTH AFFIRMATIVE DEFENSE

The claims are barred because Gianniotis did not directly or proximately cause or contribute to any damage, loss or injury sustained by Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

The claims are barred because any damage, loss or injury sustained by Plaintiffs was proximately caused by or contributed to, in whole or in part, by market conditions and/or the conduct of others, rather than any conduct of Gianniotis.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, resulted from the acts or omissions of other persons or entities over which Gianniotis had no control. The acts of such persons or entities constitute intervening or superseding causes of harm, if any, suffered by Plaintiffs, and Gianniotis is not responsible, in law or fact, for any alleged misstatements or omissions issued by those persons or entities.

### TENTH AFFIRMATIVE DEFENSE

Gianniotis acted at all times in good faith and did not directly or indirectly induce any act or acts alleged to constitute a violation of law.

### ELEVENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs is subject to offset in the amount of any tax benefit actually received by Plaintiffs through their investments.

### TWELFTH AFFIRMATIVE DEFENSE

Gianniotis is not liable to Plaintiffs because Gianniotis did not act with the requisite intent.

### INCORPORATION BY REFERENCE

Gianniotis hereby adopts and incorporates by reference any and all other affirmative and other defenses asserted or to be asserted by any other Defendants to the extent that Gianniotis may assert such defense.

### RESERVATION OF RIGHTS

Gianniotis reserves the right to allege other defenses and affirmative defenses as they become known during the course of discovery, and hereby specifically reserves the right to amend his answer to allege such additional affirmative defenses at such time as they become known, to the extent required.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Gianniotis demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Gianniotis prays for relief and judgment as follows:

(1)        Denying treatment of this action as a class action;

(2)        Denying all causes of action in favor of Gianniotis and dismissing the Complaint with prejudice;

(3)        Awarding attorneys' fees and the costs of suit; and

(4)        Such other and further relief as the Court may deem just and proper.

Dated: July 12, 2021
        New York, New York

Respectfully submitted,

MORVILLO ABRAMOWITZ GRAND
 IASON & ANELLO, P.C.

By:  /s/ Brian A. Jacobs
        Brian A. Jacobs
        Nicole L. Buseman
        Christopher B. Pavlacka

        565 Fifth Avenue
        New York, New York 10017
        (212) 856-9600 (phone)
        (212) 856-9494 (fax)
        bjacobs@maglaw.com

        *Attorneys for Defendant Spyros Gianniotis*