

October 8, 2021

**VIA ECF**

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *In re Aegean Marine Petroleum Network, Inc. Securities Litigation*,
      No. 18 Civ. 4993 (NRB)

Dear Judge Buchwald:

Pursuant to Rule 2(B) of Your Honor's Individual Practices, Lead Plaintiff respectfully submits this letter to request a pre-motion conference regarding an anticipated motion for entry of the Proposed Protective Order attached hereto as Exhibit A.

Notwithstanding efforts by the parties to reach agreement on a stipulated and proposed protective order, and after the parties had spent weeks negotiating one, Defendants Melisanidis and Gianniotis raised a new edit to the parties' draft stipulated and proposed protective order that they are insisting upon after several discussions on the matter that would exclude discovery materials produced by non-parties from the protections of Paragraph 5 of the attached Proposed Protective Order.  Paragraph 5 of the Proposed Protective Order states:

> All Confidential or Highly Confidential Information shall be used by the Receiving Party solely for purposes of the prosecution or defense of this action, shall not be used by the Receiving Party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraph 6 and Paragraph 7, respectively, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties/Producing Party, or by order of the Court.  In addition, nothing in this Order shall prevent any Producing Party from using or disclosing its own Confidential or Highly Confidential Information (including deposition, hearing, or trial testimony offered by that party and/or its officers, directors, or employees) as it deems appropriate.

Defendants Melisanidis and Gianniotis would like to exclude non-parties from this protection by adding: "Discovery Materials produced by third parties in this action are not covered by this paragraph, including, for the avoidance of doubt, Discovery Materials obtained by a Party from a third party in this action, such as pursuant to a Rule 45 subpoena, and subsequently produced to the other Parties."  Their stated desire for this exclusion is the purported over-designation of documents as confidential by non-parties.

Lead Plaintiff disagrees with excluding non-parties from the protections of paragraph 5, in part, because it could have a chilling effect on the production of discovery materials by non-parties.  Moreover, it could cause delays in such productions and confusion and undue burden if additional protections needed to be

negotiated for non-parties. Further, the attached Proposed Protective Order includes a procedure in Paragraph 10 for challenging over-designations with the burden on the party seeking confidentiality protections to establish entitlement to such protections. Defendants Melisanidis and Gianniotis could utilize that challenge procedure should they feel a non-party has over-designated. There is no reason why this challenge procedure that would be used for designations by the parties would be any less effective in challenging designations by non-parties.

Moreover, and despite Lead Plaintiff's discussion of these issues and the challenge procedure with Defendants Melisanidis and Gianniotis, they have not suggested any proposed language for inclusion in a protective order that would provide non-parties with appropriate protection while also addressing their purported concerns.

The attached Proposed Protective Order has been circulated to all remaining Defendants and only Defendants Melisanidis and Gianniotis have objected to it. Thus, Plaintiff respectfully requests a pre-motion conference regarding an anticipated motion requesting entry of the Proposed Protective Order. Once a protective order has been entered by the Court, Lead Plaintiff will insert a reference to that protective order into the ESI Protocol that the parties have negotiated and circulate it for approval by all parties and submission to the Court.

Thank you for your consideration.

Respectfully submitted,

**BERMAN TABACCO**

By: */s/ Christopher T. Heffelfinger*

Joseph J. Tabacco, Jr.
Nicole Lavallee
Kristin Moody
Chowning Poppler
Jeffrey Rocha

*Attorneys for Lead Plaintiff*
*Utah Retirement Systems*