

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

October 15, 2021

**BY ECF**

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *In re Aegean Marine Petroleum Network, Inc. Securities Litigation*,
               No. 18 Civ. 4993 (NRB)

Dear Judge Buchwald:

      We represent Dimitris Melisanidis and write in response to plaintiff's letter requesting a pre-motion conference regarding its anticipated motion for the entry of a proposed protective order. (ECF No. 315). We of course have no objection to the Court holding a pre-motion conference if it would be helpful to resolution of the issues, but we write to briefly set out the basis for Mr. Melisanidis's position.

      As explained in plaintiff's letter, the parties have met and conferred at length and are in agreement on an ESI protocol and on a protective order, with the exception of a single paragraph. Mr. Melisanidis believes that paragraph 5 of the protective order attached to plaintiff's letter – which provides that confidential discovery material may be used "solely for purposes of the prosecution or defense of this action" – should presumptively cover party discovery only.

      This limitation is reasonable and warranted for several reasons. First, no non-parties have been served with subpoenas for documents or testimony, and thus providing for confidentiality protections for third parties is premature and plaintiff has not demonstrated any good cause or need for third-party protection pursuant to Rule 26(c). *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) ("[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order." (internal quotation marks and citation omitted)). If and when third parties are served with discovery requests in this matter, they will be able to raise any concerns with the parties about the use of confidential information in other proceedings and will be able to negotiate whatever protections for which they can demonstrate good cause.

      Further, providing for confidentiality protections for third parties before any third parties have even been served with discovery requests presupposes that they will be producing information warranting confidentiality protections, and will likely lead to the over-designation of material as confidential. As the Court knows, this is not the only proceedings arising out of the same general factual allegations as in plaintiff's complaint. Other cases are pending here and elsewhere, including against Mr. Melisanidis. Any third-party discovery produced in this matter is likely relevant to, and potentially subject to disclosure in, those other proceedings. The over-designation of third-party discovery as confidential is thus likely to lead to frequent and needless litigation before Your Honor challenging confidentiality designations and motions for relief from



the protective order, as the proposed protective order bars the use of confidential materials in other proceedings even if the material continues to be treated as confidential. Allowing third parties to separately negotiate any limitations on the use of confidential information that they may legitimately require will reduce over-designation and litigation relating to that over-designation.

In addition, certain of the third parties likely to be served with discovery requests in this case are themselves parties to the other litigation. The prospect that documents produced by those parties in this case could be excluded from those other ones runs the serious risk of gamesmanship, and is also certain to lead to needless peripheral litigation about confidentiality designations.

On that score, plaintiff is certainly correct that the proposed protective order has a mechanism (in paragraph 10) to challenge improper confidentiality designations. But under that mechanism, the burden is on the receiving party to closely review all such designations and serve "written objections . . . which shall describe with particularity the documents or information in question and shall state the grounds for objection." If the producing party stands by its designation, the burden is then on the party challenging the designation to initiate motion practice. While such a motion is pending, the documents remain confidential. This dispute mechanism is appropriate for the parties, who have an incentive to act reasonably in the conduct of this litigation before Your Honor and not force needless motion practice. Non-parties have different incentives. Mr. Melisanidis believes that paragraph 5 of the proposed order, coupled with this dispute-resolution mechanism, will beget extensive burdensome and peripheral litigation about confidentiality designations that is neither in the interest of any party nor the Court.

To be clear, Mr. Melisanidis does not disagree that third parties may have legitimate confidentiality interests in responsive documents, but believes that the treatment of third party confidentiality should be left to another day. The Court can enter the order proposed by plaintiff with the additional language set out in its letter at the end of paragraph 5,[1] discovery can begin immediately, and the question of third party confidentiality can be addressed when there is an actual third party with legitimate confidentiality interests to assert. For the Court's convenience, such an order is attached hereto as Exhibit A.

Thank you for your consideration.

                                              Respectfully,

                                              /s/ Matthew L. Schwartz
                                                Matthew L. Schwartz

---

[1] "Discovery Materials produced by third parties in this action are not covered by this paragraph, including, for the avoidance of doubt, Discovery Materials obtained by a Party from a third party in this action, such as pursuant to a Rule 45 subpoena, and subsequently produced to the other Parties."