

Matthew L. Schwartz
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

November 4, 2021

**VIA ECF**

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

  Re:  *In re Aegean Marine Petroleum Network, Inc. Securities Litigation*,
     No. 18 Civ. 4993 (NRB)

Dear Judge Buchwald:

  We write on behalf of Dimitris Melissanidis pursuant to the Court's request during the pre-motion conference on November 6, 2021 for a supplemental letter concerning Plaintiff's anticipated motion for entry of its proposed protective order. As explained during argument and in Mr. Melissanidis's letter dated October 15, 2021, (ECF No. 319), Plaintiff has failed to make a showing of good cause for treating third party records as confidential, when no third party has yet asserted a confidentiality concern. More to the point, Plaintiff's proposed approach will inevitably result in the over-designation of discovery material as confidential and will invite substantial, extraneous litigation challenging confidentiality designations. To promote efficiency and avoid waste, the Court should reject Plaintiff's approach and enter the proposed protective order attached to Mr. Melissanidis's October 15, 2021 letter. (ECF No. 319-1).

  Under the circumstances of this case, Plaintiff's proposed protective order makes costly discovery disputes – both in the Court and elsewhere – a near certainty. As this Court is aware, Mr. Melissanidis is party to separate proceedings arising out of the same general factual allegations as this case, including in Luxembourg and Cyprus. Third party discovery produced in this case is highly likely to be relevant to Mr. Melissanidis's claims and defenses in those foreign proceedings. But Paragraph 5 of Plaintiff's proposed protective order limits Mr. Melissanidis's use of material designated as confidential "solely for purposes of the prosecution or defense of this action." (ECF Nos. 315, 315-1). Accordingly, if a third party to this action designates discovery material as confidential, Mr. Melissanidis will be unable to use that material in separate legal proceedings absent (1) independent access to the material through the foreign court's discovery regime or some other mechanism to compel production of the same materials, or (2) relief from this Court.

  With respect to the first possibility, there is no dispute that Luxembourg and Cyprus have entirely different discovery regimes that would effectively foreclose the possibility of compelling the production of relevant evidence. *See, e.g.*, *In re Furstenberg Fin. SAS*, No. 18-MC-44 (JGK), 2018 WL 3392882, at *7 (S.D.N.Y. July 12, 2018) (observing "a Luxembourg court would not grant a discovery application seeking the materials sought here").

  It is true, as the Court suggested several times at Monday's conference, that for third parties residing in the United States, Mr. Melissanidis could pursue discovery in aid of the foreign



litigation under 28 U.S.C. § 1782.  Courts have in fact routinely approved section 1782 petitions for discovery related to matters proceedings in the relevant jurisdictions.  *See, e.g.*, *id.* (granting § 1782 petition for assistance in Luxembourg proceeding); *In re Application of Gorsoan Ltd.*, 2014 WL 7232262, at *12 (S.D.N.Y. Dec. 10, 2014), *aff'd sub nom. Gorsoan Ltd. v. Bullock*, 652 F. App'x 7 (2d Cir. 2016) (granting § 1782 petition for assistance in Cyprus proceeding).  But there are at least two problems with relying on this approach here.  First, it would impose substantial additional expense upon Mr. Melissanidis, who would be forced to file a separate petition for each third party discovery target, potentially in numerous judicial districts throughout the United States.  Second, and more fundamentally, section 1782 is available only for witnesses and evidence located in the United States.  As the parties agreed in their joint Rule 26(f) report, much of the evidence and many of the witnesses in this case will come from foreign countries, including through the Hague Convention process.  (*See* ECF No. 310 ¶ 1(a).)  For that evidence and testimony, there is likely no alternative means for Mr. Melissanidis to obtain it other than relief from the protective order.  Plaintiff's approach will thus force this Court to repeatedly adjudicate whether Mr. Melissanidis can make use of discovery material already in his possession.

       To be clear, Mr. Melissanidis's concern is not that third parties will strategically designate material confidential in this case in order to prejudice him in the foreign litigation (although we do not rule out that possibility for certain third parties).  Rather, the concern is that the ease with which Plaintiff's proposed order allows third parties to designate material confidential will promote over-designation.  It is surely this Court's experience that parties responding to discovery requests have a broader view of what is confidential than caselaw would support, and that third parties often over-designate productions as confidential in order to avoid the expense of making individualized determinations.  *See, e.g.*, *Minter v. Wells Fargo Bank, N.A.*, 2010 WL 5418910, at *7 (D. Md. Dec. 23, 2010) ("[T]he Court recognizes that there is both a strategic and a financial incentive to over-designate"); *Containment Techs. Grp., Inc. v. Am. Soc. of Health Sys. Pharmacists*, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008) ("[T]he Court is well aware of the practice of many counsel to overdesignate discovery responses as 'confidential' . . . rather than engage in a painstaking process of document-by-document (or even paragraph-by-paragraph) review of discovery materials to be produced").  But that is precisely the way confidentiality is supposed to work: parties are supposed to designate material as confidential only when it truly is.  *See, e.g.*, *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944–45 (2d Cir. 1983).  The proposed order flips the burden, requiring the receiving party to make individualized challenges to confidentiality designations in the first instance.  (ECF No. 319-1 ¶ 10).

       Mr. Melissanidis agrees, of course, that Your Honor should be most concerned with this case and the litigants before this Court, not the foreign proceedings.  But for the reasons just explained, Plaintiff's proposed approach will inevitably require litigation in this Court that will increase costs, consume judicial resources, and delay resolution of both this case and others.  For just that reason, courts routinely "reject[] requests" like Plaintiff's "to limit the use of discovery to the litigation in which it is initially obtained."  *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 76 (S.D.N.Y. 2010); *see, e.g.*, *Williams v. Johnson & Johnson*, 50 F.R.D. 31, 32 (S.D.N.Y. 1970) ("[S]har[ing] the fruits of discovery . . . reduce[s] the time and money which must be expended to prepare for trial and [attorneys] are probably able to provide more effective, speedy and efficient representation to their clients."); *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 597 (7th Cir. 1978) ("[S]everal district courts have refused to enter protective orders which prevent



disclosure to others litigating similar issues."); *Cipollone v. Liggett Grp., Inc.*, 113 F.R.D. 86, 91 (D.N.J. 1986) ("[T]he presumption of open discovery should operate with all the more force when litigants seek [to] use discovery in aid of collateral litigation on similar issues, for ... access in such cases materially eases the tasks of courts and litigants and speeds up what may otherwise be a lengthy process.").

By contrast, Mr. Melissanidis's approach enables discovery across proceedings to "promote[] efficiency and avoid waste." *Duling*, 266 F.R.D. at 76. This approach is consistent with the principle that the Federal Rules are to be construed to "secure the just, speedy, and inexpensive determination of every action and proceedings." *Id.* (quoting Fed. R. Civ. P. 1). That admonition extends to actions and proceedings in foreign tribunals. For example, in *Dove v. Atl. Capital Corp.*, the Second Circuit held that the District Court did not abuse its discretion in denying the plaintiff's motion to seal documents that might be used by the defendant in a related, foreign litigation with less permissive discovery rules. 963 F.2d 15, 18–19 (2d Cir. 1992).

To promote the just, efficient, and inexpensive resolution of this proceeding and proceedings arising out of the same substantial facts, the Court should reject Plaintiff's proposed protective order and enter the proposed protective order attached to Mr. Melissanidis's October 15, 2021 letter. (ECF No. 319-1).

All that being said, if the Court is inclined to include third-party discovery in its initial protective order, Mr. Melissanidis requests in the alternative that it provide that such discovery may be used in other proceedings arising out of the same alleged facts and transactions in this case, on the condition that the material is afforded the same or similar confidentiality protections as this Court's order. This could be accomplished by adopting Plaintiff's proposed order and adding the following sentence to the end of paragraph 5:

> Notwithstanding the foregoing, Confidential Discovery Material produced by non-parties to this action may be used for the prosecution or defense of other legal proceedings arising out of the same essential alleged facts and transactions as this case, provided that such Confidential Discovery Material is afforded the same or similar confidentiality protections in such other legal proceeding(s).

Thank you for your consideration.

Respectfully,

  /s/ Matthew L. Schwartz
Matthew L. Schwartz