UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | Case No. 1:18-cv-04993 (NRB) <br><br> Hon. Naomi Reice Buchwald |

**DECLARATION OF NICOLE LAVALLEE IN SUPPORT OF
LEAD PLAINTIFF'S MOTION FOR AN ORDER:
(I) PRELIMINARILY APPROVING PROPOSED PARTIAL CLASS ACTION
SETTLEMENT; (II) PRELIMINARILY CERTIFYING THE SETTLEMENT CLASS; AND
(III) APPROVING NOTICE TO THE SETTLEMENT CLASS**

I, Nicole Lavallee, declare:

1. I am a partner in the San Francisco office of Berman Tabacco, the Court-appointed Lead Counsel for Lead Plaintiff Utah Retirement Systems ("Lead Plaintiff" or "URS") and the proposed class counsel in the above-captioned matter. As a result of my own substantial personal involvement in this litigation, I have personal knowledge of the facts set forth in this declaration. I submit this declaration in support of Lead Plaintiff's Motion for an Order, *inter alia*, (a) preliminarily approving the Partial Settlement set forth in the Stipulation and Agreement of Partial Settlement dated November 9, 2021 (the "Stipulation" or "Partial Settlement")[1]; (b) preliminarily certifying the Settlement Class; (c) providing for Notice (the "Preliminary Approval Order"), which is attached as Exhibit A to the Stipulation; (d) appointing Lead Plaintiff as Class Representative and Lead Counsel as Class Counsel for purposes of the Partial Settlement only; and (e) scheduling a Final Approval Hearing.

---

[1] All capitalized terms not otherwise defined herein have the same meaning as set forth in the (i) Stipulation, which is attached hereto as Exhibit 1; or (ii) Notice of Pendency of Class Action and Proposed Partial Settlement, Final Approval Hearing, and Application for the Establishment of a Litigation Expense Fund, which attached as Exhibit A-1 to the Stipulation.

1

2. The purpose of this declaration is to summarize the factual and procedural history of this Action, including the investigation and filing of this litigation, motion to dismiss proceedings and settlement negotiations.

3. This matter commenced on June 5, 2018 with the filing of the initial complaint, styled as *Simco v. Aegean Marine Petroleum Network, Inc., et al.*, No. 1:18-cv-04993-NRB.  ECF No. 1.

4. On October 30, 2018, the Court appointed URS as Lead Plaintiff and approved its selection of Berman Tabacco as Lead Counsel.  ECF No. 69.

5. On February 1, 2019, after extensive investigation by Lead Counsel, Lead Plaintiff filed its Consolidated Class Action Complaint ("Consolidated Complaint") alleging violations of various provisions of the Securities and Exchange Act of 1934 ("Exchange Act").  ECF No. 81.  The claims were asserted against Aegean Marine Petroleum Network, Inc. ("Aegean" or the "Company"), certain of Aegean's officers and directors, PricewaterhouseCoopers Auditing Company S.A. ("PwC Greece") and PricewaterhouseCoopers International Limited ("PwCIL"), PricewaterhouseCoopers LLP ("PwC US"), Deloitte Certified Public Accountants, S.A. ("Deloitte Greece"), Deloitte Touche Tohmatsu Limited ("DTTL") and Deloitte & Touche LLP ("Deloitte US").  *Id.*  Of particular relevance to this Partial Settlement, the Consolidated Complaint alleges that, several years after the start of the Settlement Class Period, Aegean's original auditor, Deloitte Greece, was terminated and PwC Greece was appointed Aegean's auditor.

6. Lead Plaintiff, through our office, undertook a thorough investigation which included, *inter alia*: (a) detailed reviews of Aegean's public filings with the U.S. Securities and Exchange Commission, annual reports, press releases, earnings calls, and other publicly available information, some of which spanned over a decade; (b) researching and analyzing documents filed in connection with several court cases involving Aegean and/or the Defendants, including various pleadings and discovery filed in the Aegean bankruptcy proceedings; (c) extensive consultation with, and analysis by, damages, accounting and international privacy law consultants; (d) a review of analysts' reports and articles relating to Aegean; (e) extensive briefing of the asserted claims in opposing Defendants' motions to

dismiss; and (f) research of the applicable law with respect to the claims asserted in Lead Plaintiff's Consolidated Complaint and the potential defenses thereto.

7. On March 6, 2020, PwC Greece and Deloitte Greece filed their joint motion to dismiss the Complaint. ECF Nos. 187-88. Lead Plaintiff filed its opposition to the motion on June 30, 2020 (ECF No. 38), PwC Greece and Deloitte Greece filed their reply on August 20, 2020 (ECF No. 272), oral argument was held on March 9, 2021 and, on March 29, 2021, the Court denied PwC Greece and Deloitte Greece's motion (ECF No. 293). In the same order, the Court granted the motions to dismiss for several defendants, including PwCIL and PwC US, and denied the motions to dismiss for other defendants. ECF No. 293.

8. Following the hearing and the Court's denial of the joint motion to dismiss, our office began good-faith negotiations with counsel for PwC Greece with an eye toward reaching a potential settlement. In particular, the negotiation of the Partial Settlement involved several months of direct communication between two highly experienced securities litigators, Joseph J. Tabacco, Jr. of Berman Tabacco[2] on behalf of Lead Plaintiff, and Michael G. Bongiorno of WilmerHale[3] on behalf of PwC Greece. On August 26, 2021, following numerous rounds of negotiation, an agreement in principle was reached to settle all claims asserted by Lead Plaintiff in this this Action against PwC Greece for the exchange of mutual releases, $14.9 million in cash and an agreement by PwC Greece to provide specific cooperation in the Action, which includes an agreement to produce relevant documents. A copy of the Stipulation of Partial Settlement is attached hereto as Exhibit 1.

9. As detailed in my firm's resume attached hereto as Exhibit 2, Berman Tabacco has been prosecuting complex securities class actions, like this one, since 1982. Berman Tabacco has prosecuted and will continue to prosecute this Action vigorously on behalf of Lead Plaintiff and the proposed class, representing the interests of the class fairly and adequately, and will continue to commit the resources

---

[2] *See* https://www.bermantabacco.com/professionals/joseph-tabacco.

[3] *See* https://www.wilmerhale.com/en/people/michael-bongiorno.

necessary to pursue the claims against all Non-Settling Defendants on behalf of members of the Settlement Class.

10.     Our office also consulted with a damages consultant with regard to the claims asserted in the Consolidated Complaint and in connection with the proposed plan of allocation of the PwC Greece Net Settlement Fund (the "PwC Greece Plan of Allocation"), which is described in the Notice of Pendency of Class Action and Proposed Partial Settlement, Final Approval Hearing, and Application for the Establishment of a Litigation Expense Fund (the "Notice"), attached hereto as Exhibit A-1 to the Stipulation.

11.     In developing the PwC Greece Plan of Allocation, Lead Plaintiff's damages consultant calculated the estimated amount of alleged artificial inflation in each of the Aegean Securities purchased or acquired after May 16, 2017, but within the Settlement Class Period that were allegedly proximately caused by PwC Greece's alleged misconduct. In this Action, Lead Plaintiff alleges that corrective information (referred to as a "corrective disclosure") related to the claims asserted against PwC Greece was released to the market on February 20, 2018, June 4, 2018, November 2, 2018 and November 6, 2018, thereby impacting the prices of Aegean securities on February 21, 2018, February 22, 2018, June 5, 2018, November 5, 2018, November 6, 2018 and November 7, 2018. One or more additional drops that pre-dated PwC Greece's Audit Opinion is alleged against the Non-Settling Defendants. Thus, in order to have a "Recognized Loss Amount" under the PwC Greece Plan of Allocation for the Partial Settlement against PwC Greece, Aegean Securities must have been purchased or otherwise acquired during the period between May 17, 2017 and November 5, 2018, inclusive ("Relevant Period"), and held through the issuance of at least one corrective disclosure.

12.     As of December 31, 2016, the float (shares outstanding) of Aegean's common stock was 39.40 million shares.

13.     Under the PwC Greece Plan of Allocation, the PwC Greece Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all

4

Authorized Claimants, multiplied by the total amount in the PwC Greece Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10, it will not be included in the calculation and no distribution will be made to that Authorized Claimant. The computations under the PwC Greece Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the PwC Greece Net Settlement Fund. Thus, I am informed and believe that the PwC Greece Plan of Allocation provides an equitable and reasonable method for calculating an Authorized Claimant's Recognized Loss Amount and distributing the PwC Greece Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of PwC Greece's alleged fraud.

14. Given the risks of litigation and the fact that, even where a plaintiff's case appears strong, there is no guarantee against a defense verdict, Lead Counsel believes that the proposed Partial Settlement is fair, reasonable, adequate and in the best interest of the Settlement Class. Based on their experience and close knowledge of the facts and applicable law and defenses, Lead Counsel and Lead Plaintiff have determined that the Partial Settlement is in the best interest of the Settlement Class.

15. In agreeing to settle, Lead Plaintiff and Lead Counsel weighed, among other things, the substantial and certain cash benefit to the Settlement Class against: (a) the difficulties involved in proving materiality, falsity, scienter and damages; (b) the difficulties in overcoming challenges to class certification; (c) the myriad of complications and costs related to prosecuting a case against a foreign defendant, including, *inter alia*, (i) the cost of traveling to Greece and potentially elsewhere to depose PwC Greece's potential witnesses; (ii) the cost of interpreters and translating documents from Greek to English and the difficulties involved with obtaining evidence through the Hague Convention; and (d) the fact that, even if Lead Plaintiff prevailed at summary judgment and trial, any monetary recovery could be potentially less than the Partial Settlement and the delays that would follow even a favorable judgment including appeals.

16. Additionally, to prove its claims, Lead Plaintiff would need to rely extensively on expert witnesses on issues ranging from accounting, loss causation and damages. If the trier of fact finds

Defendants' experts more credible, this could negatively affect Lead Plaintiff's claims against PwC Greece.

17. Based on its analysis to date, Lead Plaintiff's damages consultant estimates that total alleged damages during the Relevant Period were approximately $247.89 million. Thus, based on these estimates, the $14.9 million recovery under the proposed Partial Settlement constitutes approximately 6.01% of the Settlement Class's maximum likely recoverable damages against PwC Greece, assuming Lead Plaintiff prevailed on all claims against all Defendants. Based on our office's analysis during the course of negotiations with counsel for PwC Greece, which included extensive consultation with Lead Plaintiff's damages consultant, I am informed and believe that this is an excellent result for the class.

18. Indeed, during the course of negotiations and in consultation with Lead Plaintiff's damages consultant, our office reviewed several data points related to percentages of damages and settlements auditors have paid in Private Securities Litigation Reform Act of 1995 cases. For example, Cornerstone Research reports on securities class actions and modeling settlement outcomes.[4] In its reports, it applies what it refers to as "simplified tiered damages" as a measure of potential shareholder losses "that allows for consistency across a large volume of cases, thus enabling the identification and analysis of potential trends."[5] Cornerstone Research's data shows that the median settlement as a percentage of damages in cases involving accounting issues (including GAAP violations, restatements and accounting irregularities) between 2011 and 2020 was between 5.1% and 7.6%.[6] Cornerstone Research also estimates that median settlements as a percentage of "simplified tiered damages" in Rule 10b-5 cases have ranged between 3.9% and 8.9% for cases with estimated damages of between $150 million to $249 million since 2011[7] and that the median settlement dollars for all securities fraud

---

[4] *See* Exhibit 4 attached hereto (Laarni T. Bulan & Laura E. Simmons, *Securities Class Action Settlements: 2020 Review and Analysis* (Cornerstone Research 2021), also available at https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Settlements-2020-Review-and-Analysis), at 5.

[5] *Id.*

[6] *Id.* at 9.

[7] *Id.* at 6.

cases from 2016 to 2020 following rulings on motions to dismiss, but before rulings on class certification, is $6.1 million.[8]  As set forth above, Lead Plaintiff's damages consultant estimates that total alleged damages during the Relevant Period were approximately $247.89 million.  A $14.9 million ***partial*** settlement therefore represents approximately 6.01% of the estimated total alleged damages, in line with the median reported by Cornerstone Research, and exceeds the Second Circuit's median recovery of 4.7% of damages.[9]  Moreover, given the likelihood that not all Settlement Class Members will file claims, it is likely that the actual percentage of recovery will be even higher.

19.     Even more, the Partial Settlement likely represents only the starting point of a recovery for the Settlement Class in this case as it is separate and apart from any judgment or settlement that Lead Plaintiff may achieve with the Non-Settling Defendants Dimitris Melissanidis, Spyros Gianniotis, Deloitte Greece, and any other defendant(s) that may be later brought into the case.

20.     In sum, it is the belief of Lead Counsel and Lead Plaintiff that the $14.9 million in cash recovery now, particularly when viewed in the context of the risks, costs, delay and uncertainties of further proceedings, weighs in favor of preliminary approval of the Partial Settlement.

21.     After a competitive bidding process, Lead Plaintiff has retained an experienced Claims Administrator, A.B. Data, Ltd.  *See* Declaration of Eric Schachter of A.B. Data, Ltd. Regarding Notice and Administration, attached hereto as Exhibit 5.

22.     I have been informed by PwC Greece's Counsel that PwC Greece does not oppose this motion.  PwC Greece takes no position on any of the calculations contained in this declaration, including Lead Counsel's calculations of likely recoverable damages under the PwC Greece Plan of Allocation, average distribution per share, attorneys' fees per share or estimated administration costs.

23.     Attached hereto are true and correct copies of the following documents:

    a.     **<u>Exhibit 1</u>**: Stipulation and Agreement of Partial Settlement;

---

[8] *Id.* at 14.

[9] *Id.* at 20.

      i. **Exhibit A**: [Proposed] Order Preliminarily Approving Partial Settlement and Providing for Notice;

          1. **Exhibit A-1**: Notice of Pendency of Class Action and Proposed Partial Settlement, Final Approval Hearing, and Application for the Establishment of a Litigation Expense Fund;

          2. **Exhibit A-2**: Proof of Claim and Release Form;

          3. **Exhibit A-3**: Summary Notice of Pendency of Class Action and Proposed Partial Settlement, Final Approval Hearing, and Application for the Establishment of a Litigation Expense Fund;

      ii. **Exhibit B**: [Proposed] Final Judgment and Order of Dismissal With Prejudice Against PwC Greece;

b. **Exhibit 2**: Firm resume of Berman Tabacco;

c. **Exhibit 3**: Bulan & Simmons, *Securities Class Action Settlements: 2020 Review and Analysis* (Cornerstone Research 2021); and

d. **Exhibit 4**: Declaration of Eric Schachter of A.B. Data, Ltd. Regarding Notice and Administration.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed at San Francisco, California, on November 9, 2021.

                                    */s/ Nicole Lavallee*
                                      Nicole Lavallee