# Exhibit 1

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | ) Case No. 1:18-CV-04993 (NRB) <br> ) <br> ) <br> ) Hon. Naomi Reice Buchwald <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**<u>STIPULATION AND AGREEMENT OF PARTIAL SETTLEMENT</u>**

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

This Stipulation and Agreement of Partial Settlement (the "Stipulation" or the "Partial Settlement") is made and entered into by and among: (a) Lead Plaintiff Utah Retirement Systems ("Lead Plaintiff" or "URS") (on behalf of itself and each of the Settlement Class Members[1]), by and through its counsel of record; and (b) Defendant PricewaterhouseCoopers Auditing Company S.A. ("PwC Greece" or "Settling Defendant"), by and through its counsel of record. This Partial Settlement is intended to fully, finally and forever resolve, discharge and settle the Released Claims, as against the Released Parties, subject to the approval of the Court and the terms and conditions set forth in this Stipulation. This Partial Settlement does not compromise, resolve, discharge or settle any of the claims pending against the Non-Settling Defendants.

**WHEREAS:**

A.     This federal securities fraud class action commenced on June 5, 2018 with the filing of the initial complaint, styled as *Simco v. Aegean Marine Petroleum Network, Inc., et al.*, No. 1:18-cv-04993-NRB.  (ECF No. 1.)

B.     By Order dated October 30, 2018, the Court appointed URS as Lead Plaintiff and approved its selection of Berman Tabacco as Lead Counsel.  (ECF No. 69.)

C.     On February 1, 2019, URS filed its Consolidated Class Action Complaint (the "Complaint") alleging violations of the federal securities laws against certain officers and directors of Aegean Marine Petroleum Network, Inc. ("Aegean"), a now defunct oil bunkering company, PwC Greece, PricewaterhouseCoopers International Limited ("PwCIL"), PricewaterhouseCoopers LLP ("PwC US"), Deloitte Certified Public Accountants, S.A. ("Deloitte

---

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in ¶ 1, *infra* (Definitions).

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

Greece"), Deloitte Touche Tohmatsu Limited ("DTTL"), and Deloitte & Touche LLP ("Deloitte US").  (ECF No. 81.)

D.      On March 6, 2020, PwC Greece filed a joint motion to dismiss the Complaint along with one co-Defendant, Deloitte Greece.  (ECF No. 187-188.)  Lead Plaintiff opposed the joint motion on June 30, 2020 (ECF No. 240), PwC Greece and Deloitte Greece filed their reply on August 20, 2020 (ECF No. 272) and a hearing was held on March 9, 2021.   On March 29, 2021, the Court issued an order that denied PwC Greece and Deloitte Greece's joint motion to dismiss. (ECF No. 293.)[2]

E.      Following the Court's hearing on the motion to dismiss and the Court's denial of the joint motion to dismiss, counsel for Lead Plaintiff and PwC Greece's Counsel began good-faith negotiations with an eye toward reaching a potential settlement.

F.      On August 26, 2021, following numerous rounds of negotiations, Lead Counsel and PwC Greece's Counsel reached an agreement in principle to settle all claims asserted by Lead Plaintiff in this this Action against PwC Greece.

G.      PwC Greece has denied, and continues to deny, that it committed any act or omission giving rise to any liability or violation of law.  Specifically, PwC Greece has expressly denied, and continues to deny, each and every claim alleged by Lead Plaintiff in the Action against it, along with all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  PwC Greece also has denied, and continues to deny, among other allegations, that Lead Plaintiff or the

---

[2] In the same order, the Court granted motions to dismiss for several defendants, including PwCIL and PwC US, but denied Defendant Spyros Gianniotis' motion to dismiss and denied in part and granted in part the motion to dismiss filed by Defendant Dimitris Melissanidis.  (ECF No. 293.)

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

Settlement Class suffered any damage, or that Lead Plaintiff or the Settlement Class were harmed by the conduct alleged in the Action or that could have been alleged in the Action. PwC Greece has asserted, and continues to assert, that its conduct was at all times proper and in compliance with all applicable provisions of law, as well as all applicable rules, regulations and/or professional standards, and believes that the evidence supports its position that it acted properly at all times and that the Action is without merit. In addition, PwC Greece maintains that it has meritorious defenses to all claims alleged in the Action or that could have been alleged in the Action.

H.      As set forth herein, nothing in this Stipulation or any other aspect of this Stipulation shall be construed or deemed to be evidence of an admission or concession on the part of PwC Greece, PwC US, PwCIL or any other independent member firms of PwCIL (collectively, the "PwC Network"), with respect to any claim or of any fault, liability, wrongdoing or damage whatsoever, or any infirmity in the defenses that PwC Greece, PwC US or PwCIL has or could have asserted.

I.      PwC Greece is entering into this Stipulation solely to eliminate the burden and expense of further litigation. PwC Greece has determined that it is desirable and beneficial to it that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

J.      Lead Plaintiff and its counsel believe that the claims asserted in the Action against PwC Greece have merit and that the evidence developed to date supports its claims. However, Lead Plaintiff and its counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against PwC Greece through trial and through appeals.

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

K.    Lead Plaintiff believes that the investigation it has undertaken, together with its analysis of the potential outcome of this litigation, provides an adequate and satisfactory basis for the Partial Settlement upon the terms herein.  Lead Plaintiff and its counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, which involves discovery overseas, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiff and its counsel are also mindful of the inherent problems of proof under, and possible defenses to, the securities law violations asserted in the Action against PwC Greece.

L.    Based on their evaluation, Lead Plaintiff and its counsel believe that the Partial Settlement set forth in this Settlement confers substantial benefits upon the Settlement Class and have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the Settlement Class and in their best interests.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Lead Plaintiff (for itself and the Settlement Class Members) and PwC Greece, by and through their counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice as to PwC Greece, with a final judgment entered as to the claims against PwC Greece, PwCIL and PwC US, upon and subject to the terms and conditions of this Stipulation, as follows.

**1.    Definitions**

As used in this Stipulation the following terms have the meanings specified below:

1.1.    "Aegean Bankruptcy" means the Chapter 11 case commenced on November 6, 2018, in the Southern District of New York, Case No. 18-13374 (MEW), including all of the

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

adversary proceedings filed in connection with that case, all orders entered in connection with that case including, but not limited to, the operative disclosure statement and confirmed joint plan of reorganization of Aegean and its jointly administered debtor affiliates.

1.2.    "Action" means the action captioned *In re Aegean Marine Petroleum Network, Inc. Securities Litigation*, No. 1:18-cv-04993 (NRB).

1.3.    "Alternative Judgment" means a form of order and final judgment that may be entered by the Court herein in a form other than the form of Order and Final Judgment provided for in this Stipulation.

1.4.    "Authorized Claimant" means any Settlement Class Member who has submitted a timely and valid Proof of Claim and Release to the Claims Administrator and is entitled to a distribution from the PwC Greece Net Settlement Fund pursuant to any Plan of Allocation, as ordered by the Court.

1.5.    "Claims Administrator" means the claims administrator selected by Lead Counsel and approved by the Court to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

1.6.    "Complaint" means the Consolidated Class Action Complaint filed in this Action on February 1, 2019.  (ECF No. 81.)

1.7.    "Court" means the United States District Court for the Southern District of New York.

1.8.    "Defendants" means the Settling Defendant and the Non-Settling Defendants.

1.9.    "Dismissed Defendants" means E. Nikolas Tavlarios, John P. Tavlarios, Jonathan McIlroy, Peter C. Georgiopoulos, Yiannis N. Papanicolaou, Konstantinos D. Koutsomitopoulos, George Konomos, Spyridon Fokas, Deloitte Touche Tohmatsu Limited,

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

Deloitte & Touche LLP, PricewaterhouseCoopers International Limited and PricewaterhouseCoopers LLP.

1.10.   "Effective Date," or the date upon which this Partial Settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶ 14.1 of the Stipulation have been met and have occurred.

1.11.   "Escrow Account" means an escrow account maintained by the Escrow Agent into which the Settlement Amount shall be deposited

1.12.   "Escrow Agent" means Western Alliance Bank.

1.13.   "Final" when referring to an order or judgment means the expiration of any time for appeal or review of the Order and Final Judgment or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for re-argument, appeal or review, by certiorari or otherwise, has expired; or, in the event that the Court enters an Alternative Judgment and none of the parties hereto elect to terminate this Partial Settlement, the date that such Alternative Judgment is no longer subject to appeal or review by certiorari or otherwise, and the time for any petition for re-argument, appeal or review, by certiorari or otherwise has expired.

1.14.   "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Partial Settlement.

1.15.   "Lead Counsel" means Berman Tabacco.

1.16.   "Lead Plaintiff" means Utah Retirement Systems.

1.17.   "Litigation Expenses" means the reasonable costs and expenses incurred in connection with commencing, prosecuting and settling the Action against PwC Greece (which may

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

include the costs and expenses of Lead Plaintiff directly related to its representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the PwC Greece Settlement Fund.

1.18.   "Litigation Trustee" means Peter Kravitz or his successor(s), if any, who is the Trustee of the Aegean Litigation Trust established by the confirmed Plan of Reorganization in the jointly administered Aegean Bankruptcy.

1.19.   "PwC Greece Net Settlement Fund" means the PwC Greece Settlement Fund less: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) other costs, expenses or amounts as may be approved by the Court.

1.20.   "Non-Settling Defendants" means Dimitris Melissanidis, Spyros Gianniotis and Deloitte Certified Public Accountants, S.A., as well as any other defendants that may be later brought into the case, but excludes all Released Parties.

1.21.   "Notice" means the Notice of Pendency of Class Action and Proposed Partial Settlement, Final Approval Hearing And The Application For The Establishment of A Litigation Expense Fund(substantially in the form attached hereto as Exhibit A-1), which is to be sent to the Settlement Class Members.

1.22.   "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator in connection with (a) providing notice to the Settlement Class; and (b) administering the Claims process.

1.23.   "Order and Final Judgment" means the order(s) and final judgment(s) to be entered in this Action pursuant to ¶ 12.1 of this Partial Settlement, substantially in the form of Exhibit B attached hereto.

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

1.24.   "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership, marital community, association, joint stock company, joint venture and joint venturer, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.25.   "PwC Greece Plan of Allocation" as further defined in the Notice, means the proposed plan of allocation of the PwC Greece Net Settlement Fund set forth in the Notice, or such other plan of allocation as the Court shall approve, whereby the PwC Greece Net Settlement Fund shall be distributed to Authorized Claimants.

1.26.   "Preliminary Approval Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Partial Settlement and directing that Notice be provided to the Settlement Class.

1.27.   "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.28.   "PwC Greece's Counsel" means Wilmer Cutler Pickering Hale and Dorr LLP.

1.29.   "Regulatory or Governmental Agency" or "Regulatory or Governmental Agencies" means any local, state, provincial, regional or national regulatory, governmental or quasi-governmental agency or body that was authorized, is authorized or will be authorized to enforce laws and regulations concerning the allegations at issue in this Action, including, but not limited to, U.S. authorities (including, without limitation, the U.S. Department of Justice, the Public Company Accounting Oversight Board ("PCAOB"), the U.S. Securities and Exchange Commission ("SEC") and the New York State Department of Financial Services), and any non-

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

U.S. authority (including, without limitation, the Hellenic Capital Market Commission and the Bank of Greece, the courts of the Hellenic Republic, the courts of the Republic of the Marshall Islands, the courts of the Republic of Cyprus and the court of Luxembourg, and their predecessors or successors).

1.30.   "Released Claims" means any and all claims, rights, demands, liabilities, lawsuits, issues and controversies, debts, damages, losses, remedies, fees, expenses, costs, accountings, obligations, judgments and causes of action of every kind or nature, character and description, whether legal, statutory, equitable or of any other type or form, whether known or unknown, anticipated or unanticipated, contingent or absolute, accrued or unaccrued, liquidated or unliquidated, disclosed or undisclosed, foreseen or unforeseen, whether arising under federal, state, common, administrative, or foreign law, that Lead Plaintiff or any other member of the Settlement Class  asserted in this Action against PwC Greece, PwCIL or PwC US, or that could or might have been asserted against PwC Greece, PwCIL, PwC US or any other PwC Network firm in any federal, state, common, arbitral, administrative or foreign court, tribunal, forum or proceeding, that both (a) arise out of, could have arisen out of, arise now, hereafter arise out of, relate in any manner or are based upon in any way the allegations, events, transactions, facts, matters, acts, failures to act, occurrences, statements, representations, omissions, disclosures or any other matter, thing or cause whatsoever, embraced, involved, at issue, set forth, referred to or otherwise related in any way, directly or indirectly, to the Complaint, including but not limited to, any audits or reviews of Aegean financial statements by PwC Greece or any services of any kind provided to Aegean by PwC Greece; and (b) relate in any way to the purchase, acquisition, sale or holding of any Aegean security during the Settlement Class Period.  "Released Claims" do not include: (a) claims to enforce the Partial Settlement; (b) claims against any Non-Settling

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

Defendants or Dismissed Defendants other than PwCIL and PwC US; and (c) claims asserted in the Aegean Bankruptcy or the rights of Lead Plaintiff or any Settlement Class Member to receive distributions pursuant to the Chapter 11 Plan confirmed in the Aegean Bankruptcy, including any distribution of any recovery by the Litigation Trustee.

1.31.   "Released Party" or "Released Parties" means PwC Greece,  PwCIL, PwC US and all other PwC Network firms, as well as their respective past, present and future, direct or indirect, parent entities, subsidiaries, member firms, joint venturers, divisions, offices and other affiliates, predecessors and successors of each and all such entities; and each and all of the foregoing entities' respective past, present and future directors, officers, boards and board members, employees, partners (in the broadest concept of that term), principals, representatives, alleged partners, associates, owned and controlled entities and persons, stockholders, members and owners, attorneys (including PwC Greece's Counsel, and counsel for PwCIL and PwC US), advisors, contractors, consultants, trustees, insurers, co-insurers, reinsurers, agents, heirs, executors, estates, administrators, fiduciaries, successors, assignors and assigns.

1.32.   "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against the Released Party or Released Parties, except for claims relating to the enforcement of the Partial Settlement, against Lead Plaintiff in the Action, and its respective attorneys, or any other Settlement Class Member.

1.33.   "Settlement" or "Partial Settlement" means the resolution of the Action as it pertains to PwC Greece in accordance with the terms and provisions of this Stipulation.

- 10 -

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

1.34.   "Settlement Amount" means $14.9 million in cash to be paid by check or wire transfer to the Escrow Agent pursuant to ¶ 4.2 of this Stipulation.

1.35.   "Settlement Class" or "Class" means all Persons who purchased or otherwise acquired Aegean Marine Petroleum Network, Inc. securities or sold Aegean put options between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of Defendants; (b) Persons who have been dismissed from this Action ("Dismissed Defendants"); (c) present or former officers, directors, partners or controlling persons of Aegean, its subsidiaries or its affiliates, any Defendant or any Dismissed Defendant and their immediate family members; (d) the directors' and officers' liability carriers and any affiliates or subsidiaries thereof of any Defendant, Dismissed Defendant or Aegean; (e) any entity in which any Defendant, Dismissed Defendant or Aegean has or has had a controlling interest; and (f) the legal representatives, heirs, estates, agents, successors or assigns of any person or entity described in the preceding categories.  Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion as approved by the Court.

1.36.   "Settlement Class Member" or "Member of the Settlement Class" means a Person who falls within the definition of the Settlement Class as set forth in ¶ 1.35 above.

1.37.   "Settlement Class Period" means the period from February 27, 2014 through November 5, 2018, inclusive.

1.38.   "PwC Greece Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.39.   "Settling Defendant" or "PwC Greece" means Defendant PricewaterhouseCoopers Auditing Company S.A.

1.40.   "Settling Parties" means, collectively, (a) PwC Greece; and (b) Lead Plaintiff, on behalf of itself and the Settlement Class.

1.41.   "Summary Notice" means the Summary Notice (substantially in the form attached hereto as Exhibit A-3) to be published as set forth in the Preliminary Approval Order.

1.42.   "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state and federal taxes.

1.43.   "Unknown Claims" means any and all Released Claims or Released Parties' Claims which (a) Lead Plaintiff or any other Settlement Class Member; and (b) the Released Parties does not know or suspect to exist in his, her or its favor at the time of the release of such claims, of every nature and description.  This includes claims which, if known by him, her or it, might have affected his, her, or its settlement with and release of the Released Parties, the Settlement Class Members or the Settling Parties, or might have affected his, her or its decision(s) with respect to the Settlement, the Released Claims or the Released Parties' Claims, including his, her or its decision to object or not object to this Settlement.  With respect to any and all Released Claims and the Released Parties' Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Partial Settlement, Lead Plaintiff and PwC Greece shall expressly waive, and each of the other Settlement Class Members and the Released Parties shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state or

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

territory of the United States or any other jurisdiction, or principle of common law or foreign law, which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties and Released Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims and Released Parties' Claims, but the Settling Parties and Released Parties expressly, fully, finally and forever settle and release, and each Releasing Party, Settling Party, and each of the Settlement Class Members and counsel shall be deemed to have settled and released and, upon the Effective Date and by operation of the Order and Final Judgment, shall have settled and released, fully, finally and forever, any and all Released Claims and Released Parties' Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories or authorities.  Lead Plaintiff and PwC Greece acknowledge, and each of the other Settlement Class Members and Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

## 2.    Certification of Settlement Class

2.1.    The Settling Parties hereby stipulate to the certification of the Settlement Class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, solely for the purpose of effectuating this Stipulation and the Partial Settlement set forth herein.  For purposes of this Stipulation and Partial Settlement only, the Settling Parties stipulate to (a) the certification, for settlement purposes only, of a Settlement Class (as defined in ¶ 1.35 herein), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (b) the appointment of Lead Plaintiff as

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

the class representative for the Settlement Class; and (c) the appointment of Lead Counsel as counsel to the Settlement Class.

2.2.    If the Stipulation is not approved by the Court or terminated pursuant to its terms or if the Effective Date does not occur for any reason, the certification of the Settlement Class shall be automatically vacated, and PwC Greece shall retain all rights to (a) object to and oppose class certification, or (b) challenge the standing of Lead Plaintiff or any other intervening plaintiff.  This Stipulation and any motion or other papers filed in support of its approval shall not be offered as evidence of any agreement, admission or concession that any class should be or remain certified in the Action or that Lead Plaintiff or any other intervening plaintiff has standing or any legal right to represent any class.  This provision survives termination of this Stipulation.

**3.     Scope and Effect of Settlement (Releases)**

3.1.    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against PwC Greece and any and all Released Claims (including Unknown Claims) as against all Released Parties.

3.2.    The Proof of Claim and Release to be executed by Authorized Claimants shall release all Released Claims (including Unknown Claims) against all Released Parties and shall be substantially in the form attached hereto as Exhibit A-2.

3.3.    Upon the Effective Date of this Partial Settlement, Lead Plaintiff and all other Settlement Class Members, on behalf of themselves, their successors and assigns and any other Person claiming (now or in the future) through or on behalf of them (regardless of whether Lead Plaintiff or any such Settlement Class Members ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release, any disbursement from the PwC Greece Settlement Fund), shall be deemed to have, and by operation of the Order and Final

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

Judgment shall have, fully, finally and forever released, relinquished, dismissed and forever discharged all Released Claims (including Unknown Claims) against each and all of the Released Parties, with prejudice and on the merits, without costs to any party, and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating or in any way participating in the commencement or prosecution, either directly, representatively, derivatively or in any other capacity, of (a) any action or other proceeding, in any forum, asserting any Released Claim against any of the Released Parties, or (b) any appeal of the portion of the Court's March 29, 2021 order dismissing with prejudice the claims asserted in the Action against PwCIL and PwC US.  (ECF No. 293.)

3.4.    Upon the Effective Date of this Partial Settlement, PwC Greece and each of the other Released Parties shall be deemed to have released, dismissed and forever discharged all Released Parties' Claims against Lead Plaintiff, plaintiff's counsel in the Action and any other Settlement Class Member.

**4.    The Settlement Consideration: Payment and Cooperation**

4.1.    In full settlement of the claims asserted in the Action against PwC Greece and in consideration of the releases set forth herein, PwC Greece shall (a) pay the Settlement Amount; and (b) provide cooperation as set forth below.

**Cash Consideration**

4.2.    PwC Greece shall cause the Settlement Amount to be deposited into the Escrow Account on or before thirty (30) calendar days after the later of: (a) the entry of the Preliminary Approval Order, as defined in ¶ 1.26 herein, or (b) the provision to PwC Greece of all information necessary to effectuate a transfer of funds by check or wire transfer, including payment instructions

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

and a signed W-9 reflecting the taxpayer identification number for the PwC Greece Settlement Fund.  Any interest earned on the PwC Greece Settlement Fund pursuant to this paragraph shall be for the benefit of the Settlement Class if the Settlement becomes Final.

4.3.    Other than the obligation of PwC Greece to pay or cause to be paid the Settlement Amount pursuant to ¶ 4.2 above, PwC Greece shall have no obligation to make any other cash payment into the PwC Greece Settlement Fund pursuant to this Stipulation.

4.4.    In the event that this Stipulation is not approved, that this Stipulation is terminated or canceled or that the Effective Date otherwise fails to occur for any reason, the PwC Greece Settlement Fund less Notice and Administration Costs and Taxes or Tax Expenses (defined below) paid, incurred or due and owing in connection with the Partial Settlement provided for herein shall be refunded pursuant to written instructions from PwC Greece's Counsel in accordance with ¶ 14.2 herein.

**Cooperation**

4.5.    PwC Greece shall provide reasonable cooperation in the Action, as provided for and defined below, to benefit the Settlement Class.  All cooperation shall be coordinated in such a manner so that all unnecessary duplication and expense is avoided and with a view towards minimizing unnecessary burdens and costs to PwC Greece in connection with collecting, reviewing and producing documents and data.

4.6.    **Documents**. PwC Greece will provide cooperation to Lead Plaintiff by producing to Lead Counsel the following materials and information within 15 days after entry of the Order and Final Judgment as follows (the "Cooperation Materials"), which the Settling Parties acknowledge would be subject to mandatory production as part of discovery overseen by the Court in the absence of this Settlement:

- 16 -

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

(a)     The complete and final set of audit documentation assembled for retention in connection with PwC Greece's integrated audit of the consolidated financial statements and internal control over financial reporting of Aegean for the fiscal year ended December 31, 2016, which documents have been redacted and produced to a Regulatory or Governmental Agency (the "Produced Documents"). These work papers are comprised of the Aura electronic audit file for the year ended December 31, 2016 and numerous lever-arch files with hard copy external audit files to which the Aura electronic file refers.

(b)     The Produced Documents shall be produced with the redactions made in the production to the Regulatory or Governmental Agency, which PwC Greece undertook for the sole purpose of ensuring compliance with the requirements of the European Union's General Data Protection Regulation ("GDPR") as well as Greek law or other applicable data protection rules, regulations or laws. No further redactions beyond those made in the production to the Regulatory or Governmental Agency shall be made.

(c)     While Lead Plaintiff is in no way suggesting that it agrees that the GDPR protects the redacted information, for the limited purpose of this Stipulation and Partial Settlement with PwC, Lead Plaintiff acknowledges and agrees not to object to such redactions previously made in the Produced Documents.

(d)     The Produced Documents shall be provided in their original format and include all metadata. PwC Greece will produce the documents as searchable tiff images, with all original metadata. The Settling Parties shall meet and confer to discuss the specifics of the form of production.

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

(e)     For the avoidance of doubt, PwC Greece shall not be required to produce any other information, materials or documents as a condition of this Partial Settlement.

(f)     For the avoidance of doubt, PwC Greece's production of the Produced Documents, or any other Cooperation Materials, or any other documents, materials or information in this Action (including productions as a non-party), is not intended to waive, does not waive, shall not constitute a waiver, and shall not be treated as a waiver of, any rights or privileges established under Section 105 of the Sarbanes-Oxley Act of 2002.

4.7.   **Authentication.**  PwC Greece agrees to provide Lead Plaintiff with an affidavit, certification or other appropriate document necessary to authenticate the Cooperation Materials and establish their status as business records.  PwC Greece will confer with Lead Counsel on the form and substance of the affidavit, certification or other documentation.  Lead Plaintiff agrees to use its best efforts to introduce or admit the Cooperation Materials without requiring live testimony.  If, notwithstanding Lead Plaintiff's best efforts, Lead Plaintiff determines that live testimony is required to authenticate the Cooperation Materials and establish them as business records, Lead Plaintiff will explain in writing why an affidavit, certification or other documentation is not sufficient to introduce or admit the documents into evidence as business records for summary judgment or trial.  PwC Greece will then confer with Lead Plaintiff and provide testimony, if required, to authenticate the produced documents and establish them as business records.  In any event, and regardless of any determination by Lead Plaintiff, if the Court states that it will not, or declines to, accept such written affidavit, certification or other documentation without live testimony, then PwC Greece shall make such witness available for deposition prior to summary judgment and/or trial.  Any such deposition shall take place in Greece

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

or via video-conferencing software such as Zoom or any other video-conferencing software agreed upon by the Settling Parties, at PwC Greece's option.

4.8.    For the avoidance of doubt, neither PwC Greece nor its employees (or former employees) shall be required under the provisions of ¶ 4.7 to this Partial Settlement to provide any testimony beyond that required to authenticate the produced documents as business records.

4.9.    For avoidance of doubt, nothing in this Stipulation, including the terms of cooperation set forth in this ¶ 4, shall restrict or prohibit Lead Plaintiff from serving PwC Greece with legal process for documents, electronically stored information or tangible things in PwC Greece's possession, custody or control, or to command witnesses to attend and testify at deposition pursuant to Rule 45 of the Federal Rules of Civil Procedure for the purpose of obtaining discovery from PwC Greece as a non-party to the Action.

4.10.   PwC Greece acknowledges that the cooperation terms in ¶¶ 4.6 and 4.7 of this Stipulation comprise part of the consideration provided by PwC Greece under this Stipulation and further agrees that, should the Court determine that PwC Greece has affirmatively refused to comply with a reasonable request by Lead Plaintiff and Lead Counsel, properly made under the terms of this Stipulation, the Court may order PwC Greece to comply with the terms of this Stipulation and provide the information required under ¶ 4.6 of this Stipulation.

4.11.   From this date through the final conclusion of the Action against all Non-Settling Defendants, including such time as after this Partial Settlement becomes Final, PwC Greece agrees to authorize its counsel at WilmerHale to accept service of process of discovery.  For the avoidance of doubt, PwC Greece agrees to authorize WilmerHale to accept service of process solely for notice purposes but reserves all other rights to object to the propriety and enforceability of any document

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

or testimonial subpoena, including jurisdictional, procedural and other objections based on U.S. and Greek law.

4.12.   Lead Counsel agrees to use any and all of the information and documents obtained from PwC Greece only for the purpose of the Action and agrees to be bound by the terms of this Partial Settlement and the Protective Order to be entered in the Action (2021 Protective Order). For the avoidance of doubt, Lead Counsel expressly agrees that the documents, materials and/or information provided by PwC Greece, including without limitation oral presentations, may be used directly or indirectly by Lead Counsel solely in connection with the prosecution of the Action, but not used directly or indirectly by any Person for the institution or prosecution of any other action or proceeding against any Released Party or for any other purpose whatsoever, including, but not limited to, actions or proceedings in jurisdictions outside the United States.

## 5.    Contribution Bar Order

5.1.   The Settling Parties shall request that the Court enter a Contribution Bar Order in the Final Order and Judgment as follows: To the fullest extent permitted by law, all Persons, including without limitation Deloitte Greece, Dimitris Melissanidis and Spyros Gianniotis, shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions or causes of action for contribution, indemnity or otherwise against the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member regarding the Released Claims (including Unknown Claims), whether arising under state, federal or foreign law as claims, crossclaims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal or any other proceeding or

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

forum. The proposed Order and Final Judgment will include a reciprocal order equal in scope to that contemplated in this ¶ 5.1 enjoining the Released Parties from bringing claims against the Non-Settling Defendants. The foregoing text (beginning with the colon) shall be referred to herein as the "Bar Order."

5.2. Any final verdict or judgment that may be obtained by Lead Plaintiff or one or more of the other Settlement Class Members, whether individually or on behalf of a class, against one or more of the Non-Settling Defendants or other Person barred from seeking contribution pursuant to this Stipulation (a "Non-Dismissed Defendant Judgment") shall be reduced, to the extent permitted by applicable law, by the greater of (a) the amount that corresponds to the percentage of responsibility attributed to the Released Parties under the Non-Dismissed Defendant Judgment; and (b) the gross monetary consideration provided to Lead Plaintiff or other Settlement Class Members pursuant to this Stipulation.

## 6. Use of the PwC Greece Settlement Fund

6.1. The PwC Greece Settlement Fund shall be applied as follows:

(a) to pay all Notice and Administration Costs;

(b) to pay the Taxes and Tax Expenses;

(c) to pay attorneys' fees and expenses of counsel for the Lead Plaintiff (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(d) to pay the time and expenses of Lead Plaintiff, if and to the extent allowed by the Court;

(e) after the Effective Date, to distribute the PwC Greece Net Settlement Fund to Authorized Claimants as allowed by this Stipulation, or the Court; and

(f) any other costs, expenses or amounts approved by the Court.

- 21 -

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

In no event shall the Released Parties bear any further or additional responsibility for any such costs or expenses beyond payment of the Settlement Amount.

6.2.    After (a) the Partial Settlement becomes Final; and (b) the Court approves the final settlements or other dispositions against or in favor of the Non-Settling Defendants, the PwC Greece Settlement Fund will be distributed in accordance with the PwC Greece Plan of Allocation that Lead Plaintiff will submit at the appropriate time, subject to Court approval, and subject to any award of attorneys' fees and costs by the Court.

6.3.    Except as provided herein or pursuant to orders of the Court, the PwC Greece Net Settlement Fund shall remain in the Escrow Account prior to the distribution.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account in instruments or accounts back by the full faith and credit of the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Issuance Corporation ("FDIC") or (b) secured by instruments backs by the full faith and credit of the United States Government.   The Escrow Agent shall collect and reinvest all interest accrued thereon.  The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments at their then-current market rates.

6.4.

**7.    Use of the PwC Greece Settlement Fund**

7.1.    The parties hereto agree that the PwC Greece Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Stipulation, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

7.2.    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the PwC Greece Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶ 7.1 hereof) shall be consistent with ¶ 7.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the PwC Greece Settlement Fund shall be paid out of the PwC Greece Settlement Fund as provided in ¶ 7.3 hereof.

7.3.    All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the PwC Greece Settlement Fund, including any Taxes or Tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the PwC Greece Settlement Fund for any period during which the PwC Greece Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this ¶ 7.3 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 7.3) ("Tax Expenses"), shall be paid out of the PwC Greece Settlement Fund.

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

In all events, the Released Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses. The PwC Greece Settlement Fund shall indemnify and hold each of the Released Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the PwC Greece Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). Neither the Released Parties nor their counsel are responsible for nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 7.3.

7.4. This is not a claims-made settlement. As of the Effective Date, PwC Greece, and/or any other Person funding the Settlement on its behalf, shall not have any right to the return of the PwC Greece Settlement Fund or any portion thereof irrespective of the number of Proof of Claim and Release forms filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses or the amounts to be paid to Authorized Claimants from the PwC Greece Net Settlement Fund. If any portion of the PwC Greece Net Settlement Fund remains following distribution pursuant to ¶ 6.2 and is of such an amount that, in the discretion of Lead Counsel, it is not cost effective or efficient to redistribute the amount to the Settlement Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes and Tax

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

Expenses, shall be donated to a non-profit charitable organization selected by Lead Plaintiff and approved by the Court.

7.5.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court. Prior to the Effective Date, Counsel may pay up to $500,000 from the Escrow Account, without further approval from the Settling Defendant or further order of the Court, for reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Settlement Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  To the extent that Notice and Administration Costs exceed $500,000, they may be paid only pursuant to further Order of the Court.  In the event that the Partial Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to the Settling Defendant or to any insurer or other Person who paid any portion of the PwC Greece Settlement Fund.  The finality of the Partial Settlement shall not be conditioned on any ruling by the Court concerning the PwC Greece Plan of Allocation or any award of attorneys' fees or reimbursement of litigation expenses.  Any order or proceeding relating to a request for approval of the PwC Greece Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Partial Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

Final Judgment and the release of the Released Claims. There shall be no distribution of any of the PwC Greece Settlement Fund to any Settlement Class Member until the PwC Greece Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

**8.     Lead Counsel's Attorneys' Fees and Litigation Expenses**

8.1.    Lead Counsel may apply to the Court for an award from the PwC Greece Settlement Fund of attorneys' fees, plus interest. Lead Counsel also may apply to the Court for reimbursement from the PwC Greece Settlement Fund of Lead Counsel's Litigation Expenses, plus interest. Litigation Expenses may include reimbursement of the expenses of Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(4).

8.2.    Neither PwC Greece nor any of the Released Parties shall have any responsibility for, and/or liability with respect to, the attorneys' fees or Litigation Expenses that the Court may award in the Action.

8.3.    The procedure for and amounts of any award of attorneys' fees and Litigation Expenses, and the allowance or disallowance by the Court thereof, shall not be a condition of the Partial Settlement. Lead Counsel shall request that its application for an award of attorneys' fees and Litigation Expenses be considered by the Court separately from the Court's consideration of the fairness and adequacy of the Partial Settlement. Any order or proceedings relating to such request, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Partial Settlement or affect the release of the Released Claims or the Released Parties' claims. The finality of the Partial Settlement shall not be conditioned on any

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

ruling by the Court concerning Lead Counsel's application for attorneys' fees and Litigation Expenses.

8.4.    The attorneys' fees and Litigation Expenses, as awarded by the Court, shall be paid to Lead Counsel from the Escrow Account, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Partial Settlement or any part thereof.

8.5.    Upon Final Approval of this Partial Settlement, Lead Plaintiff may, without objection from PwC Greece, but subject to prior Court approval, withdraw up to $2 million from the Escrow Account to defray current and future Litigation Expenses, including necessary expenses and expert fees, of prosecuting claims asserted against the Non-Settling Defendants ("Litigation Expense Fund").

**9.      Claims Administration**

9.1.    The Claims Administrator, subject to the supervision, direction and approval of Lead Counsel and the Court, shall administer and calculate the Proof of Claim and Release forms submitted by Settlement Class Members, oversee distribution of the PwC Greece Net Settlement Fund and perform all claims administration procedures necessary or appropriate in connection therewith.  Neither PwC Greece nor any Released Party shall have any liability, obligation or responsibility for the Notice, administration or processing of claims or of the Partial Settlement or disbursement of the PwC Greece Net Settlement Fund including, without limitation, determinations as to the validity of any Proof of Claim and Release, the amounts of claims, distributions of the PwC Greece Settlement Fund or any loss incurred by the Escrow Agent or the Claims Administrator.  PwC Greece shall cooperate in the administration of the Partial Settlement to the extent reasonably necessary to effectuate its terms.

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

9.2.    The Claims Administrator shall receive the Proof of Claim and Release forms and administer them according to a plan of allocation approved by this Court.

9.3.    Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim and Release to those Settlement Class Members who may be identified through reasonable effort.  Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court.

9.4.    The future allocation of the PwC Greece Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Partial Settlement between the Lead Plaintiff and PwC Greece, and any decision by the Court concerning the PwC Greece Plan of Allocation shall not affect the validity or finality of the proposed Partial Settlement.  The PwC Greece Plan of Allocation is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Partial Settlement based on this Court's or any appellate court's ruling with respect to the PwC Greece Plan of Allocation or any plan of allocation in this Action.

9.5.    Any Class Member who does not timely submit a valid Proof of Claim and Release at the time later set by the Court will not be entitled to receive any distribution from the PwC Greece Net Settlement Fund but will nevertheless be bound by all of the terms of the Partial Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim.

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

9.6.     Lead Counsel shall be responsible for supervising the administration of the Partial Settlement and disbursement of the PwC Greece Net Settlement Fund.  Neither PwC Greece nor any other Released Party shall have any liability, obligation or responsibility whatsoever for the administration of the Partial Settlement or disbursement of the PwC Greece Net Settlement Fund, nor shall PwC Greece object to the Plan of Allocation proposed by Lead Plaintiff.  Neither PwC Greece nor any other Released Party shall be permitted to review, contest or object to any Proof of Claim and Release or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Proof of Claim and Release or claim for payment by a Class Member.

9.7.     Lead Counsel will apply to the Court, with reasonable notice to the Settling Defendant, for a distribution order, *inter alia*:   (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of any Proof of Claim and Release submitted; (b) approving payment of any outstanding Notice and Administration Costs associated with the administration of the Settlement from the Escrow Account; and (c) if the conditions set forth in ¶ 6.2 above have occurred, directing payment of the PwC Greece Net Settlement Fund to Authorized Claimants.

9.8.     Payment pursuant to a distribution order shall be final and conclusive against any and all Settlement Class Members.  All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the PwC Greece Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Partial Settlement, including the terms of the Order and Final Judgment to be entered in this Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Released Parties concerning any and all of the Released Claims.

- 29 -

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

9.9.     All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

**10.     Requests for Exclusion**

10.1.     A Settlement Class Member requesting exclusion from the Settlement Class shall be requested to provide the following information to the Claims Administrator:   (a) name; (b) address; (c) telephone number; (d) identity and original face value of any Aegean securities purchased (or otherwise acquired) or sold; (e) prices or other consideration paid or received for such Aegean securities during the Settlement Class Period; (f) the date of each purchase or sale transaction; and (g) a statement that the person or entity wishes to be excluded from the Settlement Class.  Any request for exclusion must also be signed by the person or entity requesting exclusion. Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a timely written request for exclusion as provided by this paragraph shall be bound by the Partial Settlement, including the releases.  Lead Plaintiff shall request that the deadline for submitting requests for exclusion be 21 calendar days prior to the Final Approval Hearing.

10.2.     The Claims Administrator shall scan and send electronically copies of all requests for exclusion in PDF format (or such other format as shall be agreed) to PwC Greece's Counsel and to Lead Counsel expeditiously and, in any event, not more than three (3) business days after the Claims Administrator receives such a request.  As part of the motion papers in support of the Partial Settlement of the Action, Lead Counsel will cause to be provided a list of all the persons who have requested exclusion from the Settlement Class, and shall cause to be certified that all requests for exclusion received by the Claims Administrator have been copied and provided to PwC Greece's Counsel.

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

**11.     Preliminary Approval Order and Settlement Hearing**

11.1.    Promptly after execution of this Stipulation, and no later than 14 days thereafter, Lead Plaintiff, by and through Lead Counsel, with PwC Greece's Counsel's consent, shall submit the Stipulation together with its exhibits to the Court and shall move for entry of the Preliminary Approval Order substantially in the form attached hereto as Exhibit A.

**12.     Terms of the Order and Final Judgment**

12.1.    If the Partial Settlement is approved by the Court, Lead Plaintiff, by and through Lead Counsel, with PwC Greece's Counsel's consent, shall request that the Court enter an Order and Final Judgment substantially in the form attached hereto as Exhibit B.  The Partial Settlement is expressly conditioned upon, among other things, the entry of an Order and Final Judgment substantially in the form attached hereto as Exhibit B, including entry of the Bar Order.

**13.     Supplemental Agreement**

13.1.    PwC Greece shall have, in its sole and absolute discretion, the right to terminate the Partial Settlement and render it null and void in the event that Settlement Class Members who purchased or otherwise acquired more than a certain percentage of Aegean securities during the Settlement Class Period exclude themselves from the Settlement Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Plaintiff and PwC Greece, by and through their counsel.  The Supplemental Agreement, which is being executed concurrently herewith, will be filed with the Court under seal, in camera, and its terms shall otherwise not be disclosed in any other manner (other than the statements herein, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless a dispute arises between the Settling Parties concerning its interpretation or application.

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

**14.     Effective Date of Partial Settlement, Waiver or Termination**

14.1.    The Effective Date of Settlement shall be the latest date when all of the following shall have occurred:

14.1.1. PwC Greece has not exercised its option to terminate the Settlement pursuant to ¶ 14.2;

14.1.2. Entry of the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

14.1.3.  Approval by the Court of the Partial Settlement following notice to the Settlement Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure;

14.1.4.  Entry by the Court of an Order and Final Judgment and the expiration of any time for appeal or review of the Order and Final Judgment or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for re-argument, appeal or review, by certiorari or otherwise, has expired or, in the event that the Court enters an Alternative Judgment and none of the Settling Parties elect to terminate this Partial Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review by certiorari or otherwise, and the time for any petition for re-argument, appeal or review, by certiorari or otherwise, has expired; and

14.1.5. The Court has entered the Bar Order.

14.2.    PwC Greece and Lead Plaintiff each shall have the right to terminate this Partial Settlement and Stipulation by providing written notice of their election to do so ("Termination Notice") to the other party within thirty (30) days of the date on which: (a) the Court declines to enter the Preliminary Approval Order in any material respect; (b) the Court refuses to approve this

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

Partial Settlement or any material part of it; (c) the Court declines to enter the Order and Final Judgment in any material respect; (d) the Order and Final Judgment is vacated, modified or reversed in any material respect; (e) the Court enters an order declining to enter the Bar Order in any material respect; (f) an Alternative Judgment is vacated, modified or reversed in any material respect; (g) the Effective Date of Partial Settlement otherwise does not occur; or (h) any of the material terms of the Partial Settlement, such as the payment of the Settlement Amount, is not satisfied. PwC Greece may also terminate the Partial Settlement and this Stipulation pursuant to ¶ 13.1. The foregoing list is not intended to limit or impair the parties' rights under the law of contracts of the State of New York with respect to any breach of this Stipulation. In the event the Partial Settlement and this Stipulation are terminated, the provisions of ¶¶ 2.2, 4.4, 14.3 and 14.4 shall survive termination.

14.3.   Except as otherwise provided herein, in the event the Partial Settlement and this Stipulation are terminated or if the Effective Date fails to occur for any reason, the parties to this Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of August 26, 2021, and except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered and without any prejudice in any way from the negotiation, fact or terms of this Partial Settlement.

14.4.   Except as otherwise provided herein, in the event of a withdrawal or termination of this Settlement for any reason, including but not limited to the reasons set forth in ¶ 14.2, then the balance of the PwC Greece Settlement Fund, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred or owing, shall be refunded to PwC Greece, including interest accrued thereon, within ten (10) business days.

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

### 15.    Disputes or Controversies

15.1.    Any dispute or controversy arising out of or relating to the cooperation set forth in ¶ 4 herein shall be resolved first by discussion among counsel for the Settling Parties and, failing that, by confidential mediation administered by a neutral mediator agreed upon by the Settling Parties.  The mediation shall be conducted on a strictly confidential basis, and the Settling Parties shall not disclose the existence or nature of any claim, document, correspondence, briefing, exhibit or information exchanged or presented in connection with any claim; or any ruling, decision or result of any claim or argument (collectively, "Mediation Materials") to any third party, with the sole exception of the Settling Parties' respective legal counsel (who shall also be bound by these confidentiality terms) or under seal in any judicial proceeding commenced in connection with this ¶ 15 or to the extent that such disclosure is required or advisable pursuant to bank regulatory requirements, SEC requirements, or other legal or regulatory requirements.  The mediation decision shall be final and binding upon the Settling Parties.  Any award may be entered as a judgment or order in any court of competent jurisdiction.  Except as otherwise agreed, the Settling Parties shall share the mediation administrative fees (if any) and the mediator's fees and expenses, with Lead Plaintiff responsible for 50% and PwC Greece responsible for 50%.  Each Party shall be responsible for its own attorneys' fees and costs, except as otherwise provided by any applicable statute or other law.  Either Party may commence litigation in this Court to obtain injunctive relief in aid of mediation.  The Settling Parties agree to take all steps necessary to protect the confidentiality of the Mediation Materials in connection with any such proceeding, agree to use their best efforts to file all confidential information (and documents containing confidential information) under seal and agree to the entry of an appropriate protective order encompassing the

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

confidentiality terms of any settlement agreement.  The seat of mediation, unless otherwise agreed,

shall be New York, New York.

**16.     No Admission of Liability or Wrongdoing**

16.1.    Neither this Stipulation nor the Settlement contained herein, nor any act performed

or document executed pursuant to or in furtherance of this Stipulation: (a) is or may be deemed to

be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of

any wrongdoing or liability of PwC Greece or any Released Parties; or (b) is or may be deemed to

be or may be used as an admission of, or evidence of, any fault or omission of PwC Greece or any

Released Parties in any civil, criminal or administrative proceeding in any court, administrative

agency or other tribunal or forum whatsoever.  Neither this Stipulation nor the Settlement, nor any

of the terms and provisions of this Stipulation and Settlement, nor any of the negotiations or

proceedings in connection therewith, nor any of the documents or statements referred to herein or

therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any

statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or

received in evidence as, or otherwise constitute an admission, concession, presumption, proof,

evidence, or a finding of any liability, fault, wrongdoing, injury or damages or of any wrongful

conduct, acts or omissions on the part of PwC Greece or any of the Released Parties, or of any

infirmity of any defense, or of any damages to Lead Plaintiff or any other Settlement Class

Member, or (ii) otherwise be used to create or give rise to any inference or presumption against

any of the Released Parties concerning any fact or any purported liability, fault or wrongdoing of

the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be

admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever. ***PwC***

***Greece and/or any Released Party may, however***, file or introduce this Stipulation and/or the

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

Order and Final Judgment from this Action in any other action or proceeding (a) that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or (b) as may be necessary to enforce the Settlement or Supplemental Agreement or Final Judgment, or (c) as otherwise required by law.

**17.    Miscellaneous Provisions**

17.1.    The Settling Parties: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

17.2.    The Settling Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

17.3.    The Settling Parties intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Action. The Partial Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Final Judgment will contain a finding that, during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good-faith by the Settling Parties, and reflect a Partial Settlement that was reached voluntarily after consultation with competent legal counsel. In written press releases, public disclosures, statements to the media or promotional

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

materials circulated either internally or externally, Lead Plaintiff, Lead Counsel, PwC Greece and PwC Greece's Counsel shall not make any accusations of wrongful or actionable conduct by any party or their counsel concerning the prosecution, defense and resolution of the Action, and shall not otherwise suggest that the Partial Settlement embodied in this Stipulation constitutes an admission of any claims or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

17.4.   Lead Plaintiff, Lead Counsel, and the attorneys, staff, experts and consultants assisting them in this Action agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of this Action against the Released Parties; (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject of this Action; and (c) they will not discuss any confidential matters related to this Action or the Settlement with anyone.  However, nothing herein prevents Lead Plaintiff, Lead Counsel and the attorneys, staff, experts and consultants assisting them in this Action from complying with any subpoena or court order requesting the provision of information related to the subject matter of this Action.

17.5.   All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

17.6.    All of the exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

17.7.    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

17.8.    This Stipulation and the exhibits attached hereto constitute the entire agreement among the Settling Parties (other than the Supplemental Agreement) and no representations, warranties or inducements have been made to any party concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own fees and costs.

17.9.    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which it deems appropriate.

17.10.  Each counsel or other Person executing this Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

17.11.  This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or scanned and sent via e-mail shall be deemed originals.

17.12.  All notices, requests, demands, claims and other communications hereunder shall be in writing and shall be deemed duly given: (a) when delivered personally to the recipient; (b) one (1) business day after being sent to the recipient by reputable overnight courier service

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

(charges prepaid); or (c) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

       If to Lead Plaintiff or to Lead Counsel:

       Nicole Lavallee
       BERMAN TABACCO
       44 Montgomery, Suite 650
       San Francisco, CA 94104
       Telephone: (415) 433-3200

       If to PwC Greece or to PwC Greece's counsel:

       Christopher Davies
       WilmerHale
       1875 Pennsylvania Avenue NW
       Washington, DC 20006
       Telephone: (202) 663-6187

       17.13.  This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

       17.14.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Stipulation.

       17.15.  The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

///

///

///

- 39 -

CONFIDENTIAL SETTLEMENT MATERIALS
SUBJECT TO FED. R. EVID. 408

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed,

by their duly authorized attorneys, dated November 9, 2021.


**BERMAN TABACCO**

_____

Joseph J. Tabacco, Jr.
Nicole Lavallee
Christopher T. Heffelfinger
Kristin J. Moody
A. Chowning Poppler
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200

*Counsel for Lead Plaintiff Utah Retirement
Systems and Lead Counsel for the Class*


**WILMER CUTLER PICKERING HALE
AND DORR LLP**

_____

Michael G. Bongiorno
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

*Counsel for Defendant PricewaterhouseCoopers
Auditing Company S.A.*

# EXHIBIT A

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | )  Case No. 1:18-cv-04993 (NRB)<br>)<br>)  Hon. Naomi Reice Buchwald<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**PARTIAL SETTLEMENT AND PROVIDING FOR NOTICE**

**WHEREAS:**

A.      Lead Plaintiff Utah Retirement Systems ("Lead Plaintiff") and defendant PricewaterhouseCoopers Auditing Company S.A. ("PwC Greece" or the "Settling Defendant") have entered into a settlement of the claims asserted in this Action against PwC Greece, the terms of which are set forth in the Stipulation and Agreement of Partial Settlement, dated November 9, 2021 (the "Stipulation" or the "Partial Settlement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed Partial Settlement of the claims asserted in the Action on the merits and with prejudice as against PwC Greece, and for the entry of final judgment as to the claims against PwC Greece and Dismissed Defendants PricewaterhouseCoopers International Limited and PricewaterhouseCoopers LLP;

B.      The Court having read and considered the Stipulation and exhibits thereto, including the proposed (i) Notice; (ii) Summary Notice; and (iii) Order and Final Judgment with Prejudice against PwC Greece, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and

C.      The Court preliminarily finds that the proposed Partial Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable and adequate to warrant providing notice of the Partial Settlement to the Settlement Class based on the following:

(1)      Lead Plaintiff and Lead Counsel have adequately represented the class;

(2)      the proposed Partial Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel;

(3)      the relief provided by the Partial Settlement is adequate considering: (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of any proposed method of

distributing relief to the class, including the method of processing class-member claims; (iii) the application for the establishment of a Litigation Expense Fund; and (iv) the Supplemental Agreement identified by the parties pursuant Rule 23(e)(3); and

(4)    the Partial Settlement treats class members equitably relative to each other and to the claims against PwC Greece.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.    The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Partial Settlement only, the Action is hereby preliminarily certified as a class action on behalf of:

> all Persons who purchased or otherwise acquired Aegean Marine Petroleum Network, Inc. securities or sold Aegean put options between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.   Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of Defendants; (b) Persons who have been dismissed from this Action ("Dismissed Defendants"); (c) present or former officers, directors, partners or controlling persons of Aegean, its subsidiaries or its affiliates, any Defendant or any Dismissed Defendant and their immediate family members; (d) the directors' and officers' liability carriers and any affiliates or subsidiaries thereof of any Defendant, Dismissed Defendant or Aegean; (e) any entity in which any Defendant, Dismissed Defendant or Aegean has or has had a controlling interest; and (f) the legal representatives, heirs, estates, agents, successors or assigns of any person or entity described in the preceding categories. Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion as approved by the Court.

3.    The Court finds, for the purposes of the proposed Partial Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a)     the number of Settlement Class Members is so numerous that joinder of all members is impracticable;

(b)     there are questions of law and fact common to the Settlement Class;

(c)     the claims of Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent;

(d)     Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class;

(e)     the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and

(f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Partial Settlement only, Lead Plaintiff Utah Retirement Systems is preliminarily certified as the class representative and Lead Counsel Berman Tabacco is preliminarily certified as class counsel.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Counsel is authorized to act on behalf of the Class Representative and other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the proposed Partial Settlement.

6.     The Court preliminarily finds that the Partial Settlement should be approved as: (a) the result of serious, extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and

(d) warranting notice of the proposed Partial Settlement to Settlement Class Members and further consideration of the Partial Settlement at the final fairness hearing described below.

7.     A final approval hearing shall be held on [DATE TO BE INSERTED], 2021 at [TIME TO BE INSERTED] either via video or teleconference or in person at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21A, New York, New York 10007 (the "Final Approval Hearing") to determine:

(a)     whether the proposed Partial Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court;

(b)     whether the Order and Final Judgment with Prejudice Against PwC Greece as provided for under the Stipulation should be entered, dismissing the Action as to Settling Defendant, on the merits and with prejudice, and entering final judgment as to the claims against the Settling Defendant and Dismissed Defendants PricewaterhouseCoopers International Limited and PricewaterhouseCoopers LLP;

(c)     whether the release by the Settlement Class of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered;

(d)     whether the proposed PwC Greece Plan of Allocation is fair, reasonable and adequate and should be approved;

(e)     whether any application by Lead Counsel for the establishment of a Litigation Expense Fund should be approved; and

(f)     any other matters as the Settling Parties may request or the Court may deem appropriate.

8.      The Court approves the form, substance and requirements of the Notice and the Summary Notice (together, the "Notices"), attached as Exhibits A-1 and A-3 to the Stipulation, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in this Order constitute the best notice practicable under the circumstances, are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and due process, and shall constitute due and sufficient notice to all Persons entitled thereto.

9.      The Court approves the selection of A.B. Data, Ltd. by Lead Counsel as the Claims Administrator.

10.     The Claims Administrator is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Not later than 21 calendar days after entry of this order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first-class mail to all Settlement Class Members who can be identified with reasonable effort and posted on its website at www.aegeanPWCsettlement.com;

(b)      No later than the Notice Date, the Summary Notice, substantially in the form annexed as Exhibits A-3 hereto, shall be published once in the *Investor's Business Daily* and once over a national newswire service; and

(c)      At least [TO BE INSERTED] calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on PwC Greece's Counsel (defined in paragraph 18 below) and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

11.     Settling Defendant shall complete service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. §1715, no later than ten (10) calendar days following the filing of the Stipulation with the Court.

12.     To effectuate the provision of notice provided for in paragraph 10 hereof, Lead Counsel or the Claims Administrator shall lease and maintain a post office box of adequate size for the return of relevant mailing.  The Notice shall designate said post office box as the return address for the purposes designated in the Notice.  The Claims Administrator shall be responsible for the receipt of all responses from the Settlement Class and, until further order of the Court, shall preserve all entries of appearance and all other written communications from Settlement Class Members, nominees or any other person or entity in response to the Notices.

13.     The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired the relevant securities as record owners but not as beneficial owners.  Such nominees who hold or held such securities for beneficial owners who are Settlement Class Members are directed to send a copy of the Notice to the beneficial owner of the securities postmarked no more than seven (7) calendar days from the date of receipt of the Notice, or to provide the names and addresses of such persons no later than seven (7) calendar days from the date of receipt of the Notice to the Claims Administrator at the address specified in the Notice, who shall promptly send a copy of the Notice to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the PwC Greece Net Settlement Fund.

14.     All fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the PwC Greece Settlement Fund as set forth in the Stipulation, and in no event shall Defendant PwC Greece bear any responsibility for such fees, costs or expenses. Lead Counsel may pay up to $500,000 from the Escrow Account, without further approval from the Settling Defendant or further order of the Court, for all reasonable Notice and Administration Costs actually incurred.  Such costs and expenses may include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  To the extent that Notice and Administration Costs exceed $500,000, they may be paid only pursuant to further Order of the Court.

15.     Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account, to cause any Taxes or Tax Expenses due and owing to be paid from the Escrow Account without further Order of the Court and to otherwise perform all obligations with respect to Taxes and any reports or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

16.     Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable and whether or not such Settlement Class Members submit Proof of Claim and Release Forms or otherwise seek or obtain by any means any distribution from the PwC Greece Net Settlement Fund, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to make such request must mail the request in written form to the address

designated in the Notice, such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing ("Request for Exclusion").  A Request for Exclusion must state: (a) name; (b) address; (c) telephone number; (d) identity and original face value of any Aegean Securities purchased (or otherwise acquired) or sold; (e) prices or other consideration paid or received for such Aegean Securities during the Settlement Class Period; (f) the date of each purchase or sale transaction; and (g) a statement that the person or entity wishes to be excluded from the Settlement Class.  Any request for exclusion must also be signed by the person or entity requesting exclusion.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Partial Settlement, shall not share in the distribution of the PwC Greece Net Settlement Fund, and shall not be bound by the Partial Settlement or any final judgment.  The request for exclusion shall not be effective unless it provides the required information, is made within the time stated above or the exclusion is otherwise accepted by the Court.  Unless otherwise ordered by the Court, any Person falling within the definition of the Settlement Class who fails to timely request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her or its right to be excluded from the Settlement Class and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

17.     Any person or entity that requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the PwC Greece Net Settlement Fund as described in the Stipulation and Settlement Notice.

18.     Any member of the Settlement Class who has not requested exclusion from the Settlement Class may appear at the Final Approval Hearing to show cause (a) why the proposed Partial Settlement should not be approved as fair, reasonable and adequate; (b) why the PwC

Greece Plan of Allocation should or should not be approved; (c) why a judgment should not be entered thereon; or (d) why Lead Counsel's application for the establishment of a Litigation Expense Fund should not be granted, *provided, however*, that no member of the Settlement Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Partial Settlement, the PwC Greece Plan of Allocation, the Order and Final Judgment with Prejudice Against PwC Greece to be entered approving the same, unless no later than twenty-one (21) calendar days before the Final Approval Hearing, such Settlement Class Member has served by hand or by overnight delivery written objections setting forth the basis therefor, and copies of any supporting papers and briefs upon Lead Counsel, Nicole Lavallee, Esq., Berman Tabacco, 44 Montgomery Street, Suite 650, San Francisco, CA 94104, and Christopher Davies, Esq., WilmerHale, 1875 Pennsylvania Avenue NW, Washington, DC 20006 (the "PwC Greece's Counsel"), and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel and the PwC Greece's Counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007.  Any objection must include: (a) the full name, address, and phone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions involving Aegean securities included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel

have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  Persons who intend to object to the Partial Settlement, the PwC Greece Plan of Allocation and/or to Lead Counsel's application for the establishment of a Litigation Expense Fund, and who desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they intend to call to testify, exhibits they intend to introduce into evidence at the Final Approval Hearing. Should any objections be received, reply papers must be filed no later than 21 calendar days before the Final Approval Hearing.

19.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Partial Settlement, the PwC Greece Plan of Allocation, the Order and Final Judgment with Prejudice Against PwC Greece to be entered approving the Partial Settlement or the application for the establishment of a Litigation Expense Fund.

20.     In order to avoid duplicative expenses to the Class, distribution of the PwC Greece Net Settlement Fund generated by this Partial Settlement will be delayed until such time as there are additional funds available for distribution or a determination is made that no further funds will be available for distribution to the Settlement Class.

21.     The administration of the proposed Partial Settlement and the determination of all disputed questions of law and fact with respect to the validity of any Claim or right of any person or entity to participate in the distribution of the PwC Greece Net Settlement Fund shall remain under the authority of this Court.

22.     The Court expressly reserves the right to adjourn the Final Approval Hearing without any further notice to Settlement Class Members other than an announcement at the Final Approval Hearing.  The Court further reserves the right to enter its Order and Final Judgment with Prejudice Against PwC Greece approving the Partial Settlement and dismissing the Action on the merits and with prejudice as to Settling Defendant, regardless of whether it has approved a  PwC Greece Plan of Allocation or awarded attorneys' fees and reimbursement of litigation expenses.

23.     The Settling Defendant shall not have any responsibility whatsoever for any PwC Greece Plan of Allocation or for the Litigation Expense Fund or for any request for attorneys' fees or reimbursement of litigation expenses that may be submitted in connection with final approval of this proposed Partial Settlement or at a later date, and such matters will be considered separately from the fairness, reasonableness and adequacy of the proposed Partial Settlement.

24.     In the event the proposed Partial Settlement does not become Final for any reason (including any party's exercise of a valid right to terminate under the Stipulation), the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, including but not limited to the certification of the Settlement Class provided in paragraph 2 herein, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, the Settling Parties shall be restored to their respective positions in the Action immediately before August 26, 2021, and, except as otherwise expressly provided, the parties shall proceed in all respects as if the Stipulation and any related orders had not been entered, and the balance of the PwC Greece Settlement Fund, less any Notice and Administration Costs and Taxes or Tax Expenses paid, incurred or due and owing in connection with the Partial Settlement provided for

herein shall be refunded to PwC Greece pursuant to written instructions from PwC Greece's Counsel in accordance with ¶ 14.2 of the Stipulation.

25.     Pending final determination of whether the proposed Partial Settlement should be approved, neither Lead Plaintiff nor the Settlement Class Members, and/or anyone who acts or purports to act on their behalf, shall institute, commence or prosecute any action that asserts any Released Claims against any of the Released Parties.

26.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Partial Settlement.

27.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

28.     All opening briefs and supporting documents in support of the final approval of the Partial Settlement and the PwC Greece Plan of Allocation and any application by Lead Counsel for the establishment of a Litigation Expense Fund shall be filed and served by [TO BE INSERTED], 2021 (a date that is thirty-five (35) calendar days prior to the Final Approval Hearing).  Replies to any objections shall be filed and served by [TO BE INSERTED], 2021 (a date that is seven (7) calendar days prior to the Final Approval Hearing).

29.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant PwC Greece as to the validity of any claims or as to the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind.

30.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider

all further applications arising out of or connected with the proposed Partial Settlement.  The Court may approve the proposed Partial Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

31.     If the Stipulation and the Partial Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation.  This Order, the Stipulation, the proposed Partial Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

32.     Unless otherwise ordered by the Court, all proceedings against PwC Greece are stayed, except as may be necessary to implement the proposed Partial Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.

IT IS SO ORDERED.

DATED:  _____

_____
THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Exhibit A-1

**[EXHIBIT A-1 TO STIPULATION]**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | Case No. 1:18-CV-04993 (NRB) Hon. Naomi Reice Buchwald |

NOTICE OF PENDENCY OF CLASS ACTION AND
PROPOSED PARTIAL SETTLEMENT, FINAL APPROVAL HEARING AND
APPLICATION FOR THE ESTABLISHMENT OF A LITIGATION EXPENSE FUND

**IF YOU PURCHASED AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES DURING THE PERIOD BEGINNING FEBRUARY 27, 2014 THROUGH NOVEMBER 5, 2018, YOUR RIGHTS MAY BE IMPACTED AND YOU MAY BE ENTITLED TO PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**Notice of Pendency of Class Action**: Please be advised that your rights may be affected by the above-captioned securities class action lawsuit (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if you purchased or otherwise acquired Aegean Marine Petroleum Network, Inc. ("Aegean" or the "Company") securities between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.[1]

**Notice of Partial Settlement**: Please also be advised that Court-appointed Lead Plaintiff, Utah Retirement Systems ("URS" or "Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in question number 6 below), have reached a proposed partial settlement (the "Partial Settlement") of the Action for $14,900,000 in cash ("Settlement Amount") that will resolve the Released Claims (as defined in question number 11 below) in the Action against one of the defendants, PricewaterhouseCoopers Auditing Company S.A., on the terms set forth below.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.  If you have questions about this Notice, the proposed Partial Settlement, or your eligibility to participate in the Partial Settlement, please DO NOT contact the Court, the Settling Defendant, the other Defendants in the Action, or their counsel.  All questions should be**

---

[1] All capitalized terms that are not defined herein shall have the meaning ascribed to them in the Stipulation and Agreement of Partial Settlement, dated November 9, 2021 (the "Stipulation").  The "securities" subject to this Partial Settlement are described below.

**directed to Lead Counsel or the Claims Administrator (*see* question number 14 below).**
**Description of the Action and the Settlement Class**: This Notice relates to a proposed Partial
Settlement of a class action lawsuit with only the following defendant: PricewaterhouseCoopers
Auditing Company S.A. ("Settling Defendant" or "PwC Greece").  The Partial Settlement does
not affect or compromise any claims asserted and ongoing against Non-Settling Defendants.[2]  The
proposed Partial Settlement, if approved by the Court, will apply to the following Class (the
"Settlement Class"): all Persons who purchased or otherwise acquired Aegean Marine Petroleum
Network, Inc. securities or wrote Aegean Marine Petroleum Network, Inc. put option contracts
between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"),
and were allegedly damaged thereby.[3]  The Settling Parties disagree on both liability and damages
and do not agree on the amount of damages that would be recoverable if the Settlement Class
prevailed on each claim alleged.  Settling Defendant denies that it is liable to the Settlement Class
and denies that the Settlement Class has suffered any damages.  The proposed Settlement, if
approved by the Court, will settle claims of the Settlement Class, as defined above and in question
number 6 below.

**Description of the Securities Subject to The Partial Settlement**:  The securities subject to the
Partial settlement consist of: (a) the common stock of Aegean (Ticker: ANWWQ; CINS:
Y0017S102) (pre-bankruptcy Aegean traded under the ticker "ANW"); (b) Aegean 4.00%
Convertible Unsecured Senior Notes due 11/1/2018 issued 10/23/2013 (the "4.00% Notes")
(CUSIP: EJ8900817; ISIN: USY0020QAA95); (c) Aegean 4.25% Convertible Unsecured Senior
Notes due 12/15/2021 issued 12/19/2016 (the "4.25% Notes") (CUSIP: 00773VAA4 (CUSIP
changed to 00773VAB2 on 2/12/2018; ISIN: US00773VAB27); (d) Aegean call options; and
(e) Aegean put options ("Aegean Securities").

**Statement of Settlement Class's Recovery**: Subject to Court approval, and as described more
fully in question number 4 below, Lead Plaintiff, on behalf of the Settlement Class, has agreed to
settle all Released Claims (as defined in question number 11 below) against the Settling Defendant
and Released Parties (as defined in question numbers 1 and 11 below) in exchange for a settlement
payment of $14.9 million in cash (the "Settlement Amount") to be deposited into an interest-
bearing escrow account and certain other terms.  The PwC Greece Net Settlement Fund (*i.e.*, the

---

[2]  The Non-Settling Defendants are: Dimitris Melissanidis, Spyros Gianniotis and Deloitte Certified Public
Accountants, S.A. as well as any other defendant(s) later brought into the case, but excludes all Released
Parties.  The Settling Defendant and the Non-Settling Defendants are collectively referred to as
"Defendants."

[3]  Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of Defendants;
(b) Persons who have been dismissed from this Action ("Dismissed Defendants"); (c) present or former
officers, directors, partners or controlling persons of Aegean, its subsidiaries or its affiliates, any Defendant
or any Dismissed Defendant and their immediate family members; (d) the directors' and officers' liability
carriers and any affiliates or subsidiaries thereof of any Defendant, Dismissed Defendant or Aegean; (e)
any entity in which any Defendant, Dismissed Defendant or Aegean has or has had a controlling interest;
and (f) the legal representatives, heirs, estates, agents, successors or assigns of any person or entity
described in the preceding categories.  Also excluded from the Settlement Class is any Settlement Class
Member that validly and timely requests exclusion as approved by the Court.

2

Settlement Amount plus any and all interest earned thereon (the "PwC Greece Settlement Fund") less (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs expenses or amounts as may be approved by the Court) will be distributed to Class Members in accordance with a plan of allocation (the "PwC Greece Plan of Allocation") that is approved by the Court. The proposed PwC Greece Plan of Allocation is set forth at pages XX to XX below. The PwC Greece Plan of Allocation will determine how the PwC Greece Net Settlement Fund shall be allocated among members of the Settlement Class who had potential claims against the Settling Defendant (and Released Parties) as alleged in this Action. In order to avoid duplicative expenses to the Class, it is the Lead Plaintiff's intention to delay payment of the PwC Greece Net Settlement Fund generated by this Partial Settlement until such time as there are additional funds available for distribution or a determination is made that no further funds will be available for distribution to the Class.

**Estimate of Average Amount of Recovery**:  Based on Lead Plaintiff's consulting damages consultant's estimate of the number of Aegean Securities purchased or otherwise acquired during the Class Period that may have been affected by PwC Greece's conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs described herein) is approximately $1.90 per affected common share.  Settlement Class Members should note, however, that the average recoveries provided herein are only estimates.  Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what price they purchased or otherwise acquired or sold their Aegean securities, and the total number and value of valid Proof of Claim and Release Forms submitted. Moreover, because PwC Greece did not allegedly issue any false or misleading statements until May 16, 2017, there are no recognized losses attributable to PwC Greece for securities purchased prior to the issuance of PwC Greece's May 16, 2017 statements.  Distributions to Settlement Class Members will be made based on the PwC Greece Plan of Allocation as set forth herein (*see* pages XX to XX below) or such other plan of allocation as may be ordered by the Court. The objective of the PwC Greece Plan of Allocation will be to equitably distribute the PwC Greece Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- and industry-wide factors, or company-specific factors unrelated to the alleged fraud.

**Average Amount of Damages Per Share/Note**: The Settling Parties do not agree on the amount of recoverable damages or on the average amount of damages per share or note that would be recoverable if Lead Plaintiff were to prevail on each of the claims.  Among other things, Settling Defendant does not agree with the assertion that it violated the federal securities laws or that any damages were suffered by any member of the Settlement Class as a result of its conduct.

**Statement of Attorneys' Fees and Litigation Expenses Sought**: Lead Counsel, Berman Tabacco, has been prosecuting the Action on a wholly contingent basis since its appointment as Lead Counsel on October 30, 2018, and has not received any payment of attorneys' fees for its representation of the Settlement Class, and has advanced the funds to pay expenses necessarily incurred to date to prosecute this Action.

As noted above, in order to avoid duplication of expenses to the Settlement Class, Lead Plaintiff intends to delay distribution of the PwC Greece Settlement Fund until a later day, such as after the Court approves final settlements against one or more non-Settling Defendants or other dispositions against or in favor of the Non-Settling Defendants.  As such, Lead Counsel does not intend to request payment of their fees at this time.  At a later time, Lead Counsel will apply to the Court for an award of attorneys' fees from the PwC Greece Settlement Fund in an amount not to exceed 25%, plus interest earned at the same rate and for the same period as earned by the PwC Greece Settlement Fund.  In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred by Lead Plaintiff's Counsel in connection with the prosecution and resolution of the Action plus interest earned at the same rate and for the same period as earned by the PwC Greece Settlement Fund.  Litigation Expenses may include reimbursement of the expenses of Lead Plaintiff  in accordance with 15 U.S.C. § 77z-1(a)(4).  However, at this time Lead Counsel will request only that the Court allow Lead Counsel to be allowed to draw from the PwC Greece Settlement Fund to defray some current and future Litigation Expenses, including necessary expenses and expert fees, of prosecuting claims asserted against the Non-Settling Defendants in an amount not to exceed $2 million ("Litigation Expense Fund").  Any Litigation Expense Fund granted by the Court will be an advance of (and not in addition to) any final fee or expense awarded following resolution of all claims against Non-Settling Defendants.

Any Litigation Expenses awarded by the Court will be paid from the PwC Greece Settlement Fund or any later settlement fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The estimated average cost per share or per note for such fees and expenses will be calculated at such time when the Partial Settlement becomes final and after the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants.

**Identification of Attorneys' Representatives**: Lead Plaintiff and the Settlement Class are represented by Nicole Lavallee, Esq. of Berman Tabacco, 44 Montgomery Street, Suite 650, San Francisco, CA 94104;(415) 433-3200; law@bermantabacco.com.

**Reasons for the Settlement**: Lead Plaintiff's principal reason for entering into the Partial Settlement is the substantial and certain recovery for the Settlement Class without the risks or delays inherent in further litigation.  Moreover, the substantial recovery provided under this Partial Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, the likely appeals that would follow a trial, and that even if a Judgement is obtained, Lead Plaintiff would not be able to collect from PwC Greece.  This process could be expected to last several years.  For the Settling Defendant, who has denied and continues to deny all allegations of liability, fault or wrongdoing whatsoever, the principal reason for entering into the Partial Settlement is to eliminate the uncertainty, risk, costs and burdens inherent in any litigation, especially in complex cases such as this Litigation.  Settling Defendant has concluded that further conduct of this Action could be protracted and distracting.

| Your Legal Rights And Options In The Partial Settlement | |
|---|---|
| **You Can:** | **That Means:** |
| **Submit a Proof of Claim and Release Form ("Claim Form") Received or Postmarked by** _____ | This is the only way to be eligible to receive a payment from the PwC Greece Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (defined in question number 11 below) that you have against PwC Greece and the other Released Parties (defined in question number 11 below), so it is in your interest to submit a Claim Form.  Because PwC Greece only issued an audit opinion for Aegean on May 16, 2017, only Settlement Class Members who purchased Aegean Securities after May 16, 2017 are entitled to share in the PwC Greece Net Settlement Fund created pursuant to this Partial Settlement with PwC Greece. |
| **Exclude Yourself From the Class by Submitting a Written Request for Exclusion Postmarked by** _____. | You will receive no payment pursuant to this Partial Settlement. This is the only option that allows you to ever be part of any other lawsuit against the Settling Defendant or the other Released Parties concerning the claims that were, or could have been, asserted in this case. |
| **Object to the Partial Settlement by Submitting Written Objections Postmarked by** _____. | Write to the Court and explain why you do not like the proposed Partial Settlement, or any part of it, or the proposed PwC Greece Plan of Allocation and/or the application for the establishment of a Litigation Expense Fund. You cannot object to the Partial Settlement unless you are a Class Member and do not exclude yourself. |
| **Go to the Hearing on** _____ at____, **and File a Notice of Intention to Appear No Later Than** _____. | Ask to speak in Court about the fairness of the Partial Settlement, the PwC Greece Plan of Allocation and/or the application for the establishment of a Litigation Expense Fund. |
| **Do Nothing** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the PwC Greece Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Partial Settlement and you will be bound by any judgment or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS
[*insert page numbers*]

### BASIC INFORMATION

1.  Why did I get this notice?                                                    Page
2.  What is this case about? What has happened so far?                            Page
3.  What is a class action?                                                       Page
4.  What are Lead Plaintiff's reasons for the Partial Settlement?                 Page
5.  What might happen if there were no Partial Settlement?                        Page

### WHO IS INCLUDED IN THE PARTIAL SETTLEMENT?

6.  How do I know if I am affected by the Partial Settlement?                     Page
7.  Are there any exceptions to being included as a Settlement Class Member?      Page
8.  I am still not sure if I'm included.                                          Page

### THE PARTIAL SETTLEMENT BENEFITS

9.  What does the Partial Settlement provide?                                     Page
10. How much will my payment be? When will I receive it?                          Page
11. What am I giving up to get a payment or stay in the Settlement Class?         Page
12. How do I participate in the Partial Settlement? What do I need to do?         Page

### EXCLUDING YOURSELF FROM THE PARTIAL SETTLEMENT

13. What if I do not want to be part of the Partial Settlement?  How do I exclude myself? Page

### THE LAWYERS REPRESENTING YOU

14. Do I have a lawyer in this case?                                              Page
15. How will the lawyers be paid?                                                 Page

### OBJECTING TO THE PARTIAL SETTLEMENT

16. How do I tell the Court that I do not like the Partial Settlement?            Page
17. What's the difference between objecting and being excluded
    from the Settlement Class?                                                    Page

### THE COURT'S FINAL APPROVAL HEARING

18. When and where will the Court decide whether to approve the Partial Settlement? Page
19. Do I have to come to the Final Approval Hearing?                              Page
20. May I speak at the Final Approval Hearing?                                    Page

**IF YOU DO NOTHING**

21.  What happens if I do nothing at all?                                          Page

**GETTING MORE INFORMATION**

22.  Are there more details about the Partial Settlement?                          Page
23.  Can I See The Court File? Who Should I Contact If I Have Questions?           Page

**SPECIAL NOTICE TO NOMINEES**

24.  Special Notice to Banks, Trustees, Brokerage Firms, or Other Nominees.        Page

**UNDERSTANDING YOUR PAYMENT - THE PWC GREECE PLAN OF ALLOCATION**

25.  How will my claim be calculated?                                             Page
Allocation of The PwC Greece Net Settlement Fund                                  Page
Calculation of Recognized Loss Amounts                                            Page
Transactions in Aegean Common Stock                                               Page
Transactions in Aegean 4.00% Notes                                                Page
Transactions in Aegean 4.25% Notes                                                Page
Transactions in Aegean Option Contracts                                           Page
Additional Provisions                                                             Page

## BASIC INFORMATION

| 1. | Why did I get this Notice? |
|---|---|

This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") because you or someone in your family may have purchased or otherwise acquired Aegean Securities (or sold Aegean put options) between February 27, 2014 through November 5, 2018, inclusive.

The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Partial Settlement of this case.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.

This Notice explains the lawsuit, the Partial Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Partial Settlement if you wish to do so.  It also is being sent to inform you of the terms of the proposed Partial Settlement, the proposed PwC Greece Plan of Allocation and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Partial Settlement, the PwC Greece Plan of Allocation and the application by Lead Counsel for the establishment of a Litigation Expense Fund (the "Final Approval Hearing").

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *In re Aegean Marine Petroleum Network, Inc. Securities Litigation*, No. 1:18-cv-04993 (NRB).   The Judge presiding over this case is the Honorable Naomi Reice Buchwald, United States District Judge.   The people who are suing are called plaintiffs, and those who are being sued are called defendants.   In this case, the primary plaintiff is referred to as the "Lead Plaintiff," on behalf of themself and the Class it represents, and the "Defendants" being sued are the Settling Defendant PricewaterhouseCoopers Auditing Company S.A. and Non-Settling Defendants Dimitris Melissanidis, Spyros Gianniotis and Deloitte Certified Public Accountants, S.A.

| 2. | What is this case about? What has happened so far? |
|---|---|

Aegean was an international marine fuel logistics company founded in 1995 by Defendant Dimitris Melisanidis.   The Company held is initial public offering in December 2006 and, until its bankruptcy filing in the fall of 2018, its common stock traded on the New York Stock Exchange. In this Action, Lead Plaintiff alleges that Defendants engaged in a long-running, multi-faceted fraudulent scheme through which they (a) significantly overstated the Company's income and revenue; (b) overstated the Company's assets and the strength of its balance sheet; (c) misled investors concerning the adequacy of the Company's internal controls over financial reporting; and (d) misappropriated Company assets.   Defendants included former officers and directors of Aegean and several auditing firms including PwC Greece.   PwC Greece became Aegean's auditor in 2016, several years after the start of the Class Period, and issued its first and only Audit Opinion representing that Aegean's internal controls over financial reporting were adequate and that its 2016 year-end financial statements complied with GAAP on May 16, 2017.

Because of actions undertaken by certain shareholders, the Company's entire Audit Committee stepped down in May 2018 and a reconstituted Audit Committee (the "Reconstituted Audit Committee") was formed with new, independent directors.   Only weeks later, on June 4, 2018, the Company announced that $200 million in accounts receivable had to be written off because the receivables were based on allegedly fraudulent transactions.

On November 2, 2018, following an internal investigation by outside counsel and retained forensic accountants, the Company announced that the Reconstituted Audit Committee had determined that: (a) the Company's financial results were manipulated by improperly booking approximately $200 million in accounts receivables from bogus transactions with four shell companies controlled by former employees or affiliates of the Company; (b) approximately $300 million in cash and assets had been misappropriated by former affiliates, including through a 2010 contract with OilTank Engineering & Consulting Ltd. ("OilTank"); (c) the revenues and earnings of the Company were substantially overstated in the years 2015, 2016 and 2017 and that both year end and interim financials for these periods should no longer be relied upon and will need to be restated; (d) there were material weaknesses in the Company's ICRF as of December 31, 2015, 2016 and 2017 and, as such, management's annual report on ICFR as of December 31, 2015, and 2016 included in the Company's Annual Reports on Form 20-F and also for the 2017 interim results should no longer be relied upon and would need to be restated;; (e) insiders had engaged in additional actions to defraud the Company, including engaging in prepayments for future oil

deliveries which were never made; and (vi) and the Department of Justice had issued a grand jury subpoena in connection with suspected felonies. Then, on November 6, 2018, Aegean filed bankruptcy proceedings under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York, Case No. 18-13374 (MEW).

On June 5, 2018, an initial complaint was filed against Aegean and certain officers and directors of Aegean, in the United States District Court for the Southern District of New York asserting violations of the federal securities laws: *Simco v. Aegean Marine Petroleum Network, Inc., et al.*, No. 1:18-cv-04993-NRB. (ECF No. 1.) On October 30, 2018, the Court appointed URS as Lead Plaintiff and approved its selection of Berman Tabacco as Lead Counsel. (ECF No. 69.)

On February 1, 2019, Lead Plaintiff filed its Consolidated Class Action Complaint (the "Complaint") alleging violations of the federal securities laws against Aegean and certain officers and directors of Aegean, PwC Greece, PricewaterhouseCoopers International Limited ("PwCIL"), PricewaterhouseCoopers LLP ("PwC US"), Deloitte Certified Public Accountants, S.A. ("Deloitte Greece"), Deloitte Touche Tohmatsu Limited ("DTTL") and Deloitte & Touche LLP ("Deloitte US"). (ECF No. 81.)

On March 6, 2020, PwC Greece filed a joint motion to dismiss the Complaint along with one co-Defendant, Deloitte Greece. (ECF Nos. 187-88.) Lead Plaintiff opposed the joint motion on June 30, 2020. (ECF No. 240.) PwC Greece and Deloitte Greece filed their reply on August 20, 2020 (ECF No. 272) and a hearing was held on March 9, 2021. On March 29, 2021, the Court issued an order that denied PwC Greece and Deloitte Greece's joint motion to dismiss. (ECF No. 293.) In the same order, the Court granted motions to dismiss for several defendants, including PwCIL and PwC US. (ECF No. 293.)

Following the Court's hearing on the motion to dismiss and the Court's denial of the joint motion to dismiss, counsel for Lead Plaintiff and counsel for PwC Greece began good-faith negotiations with an eye toward reaching a potential settlement. On August 26, 2021, following numerous rounds of negotiations, Lead Counsel and PwC Greece's Counsel reached an agreement in principle to settle all claims asserted by Lead Plaintiff in this this Action against PwC Greece.

Since the commencement of this Action, PwC Greece has denied and continues to deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the Action and contends that it has not committed any act or omission giving rise to any liability or violation of law as alleged in the Action, or that could have been alleged in the Action. PwC Greece also has denied, and continues to deny, among other allegations, that Lead Plaintiff or the Settlement Class suffered any damage or that Lead Plaintiff or the Settlement Class were harmed by the conduct alleged or that could have been alleged in the Action. PwC Greece has asserted, and continues to assert, that its conduct was at all times proper and in compliance with all applicable provisions of law, as well as all applicable rules, regulations and/or professional standards, and believes that the evidence supports its position that it acted properly at all times and that the Action is without merit. In addition, PwC Greece maintains that it has meritorious defenses to all claims alleged in the Action.

| 3. | What is a class action? |
|---|---|

A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives or lead plaintiffs, to sue on behalf of all people with similar claims, commonly known as the class or the class members. Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class. (For more information on excluding yourself from the Class, please read question number 13 below entitled, "What if I do not want to be part of the Partial Settlement?  How do I exclude myself?")  In the Action, the Court has directed that Lead Plaintiff and Lead Counsel have primary responsibility for prosecuting all claims against Defendants on behalf of investors in the Company's securities described above during the Class Period.

| 4. | What are Lead Plaintiff's reasons for the Partial Settlement? |
|---|---|

Lead Plaintiff and Lead Counsel believe that the claims asserted against the Settling Defendant have merit.  Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Settling Defendant through trial and appeals, as well as the difficulties in establishing liability, particularly as against foreign nationals.  Lead Plaintiff and Lead Counsel have considered the uncertain outcome of trial and appellate risk in complex lawsuits like this one.  Lead Plaintiff and Lead Counsel have also considered the benefit of a partial settlement now, in light of the risks that the Settling Defendant or its insurers could not satisfy a judgment materially larger than the Settlement Amount, and of their evaluation of the reduced amount of insurance that may be available after trial.

In light of the risks of collecting any sums after a trial as compared to the amount certain provided to the Class by way of the Settlement Amount agreed to in the Partial Settlement, Lead Plaintiff and Lead Counsel believe that the proposed Partial Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Partial Settlement provides a substantial benefit now, namely the agreement of the Settling Defendant to provide cooperation, as detailed in the Stipulation, as well as the payment of $14.9 million (less the various deductions described in this Notice), as compared to the risk that the claims asserted in the Complaint would produce a similar, smaller or no recovery after summary judgment, trial and appeals, possibly years in the future.

The Settling Defendant has denied and continues to deny each and all of the claims alleged by Lead Plaintiff in the Action.  The Settling Defendant has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  The Settling Defendant has also contended by way of defense that all or a portion of the alleged damages to the Class were caused by factors other than the allegedly false or misleading statements or omissions it issued as asserted in the Action and that such damages are not recoverable.  The Settling Defendant also has denied and continues to deny, among other things, the allegations that Lead Plaintiff or the Class have suffered any damage or that Lead Plaintiff or the Class were harmed by the conduct alleged

in the Action. Nevertheless, the Settling Defendant has taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this. The Settling Defendant has concluded that further conduct of the Action would be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

| 5. | What might happen if there were no Partial Settlement? |
|---|---|

If there were no Partial Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against the Settling Defendant, neither Lead Plaintiff nor the Class would recover anything from the Settling Defendant. Also, if the Settling Defendant was successful in proving any of its defenses, the Class likely could recover substantially less than the amount provided in the Partial Settlement, or nothing at all. Moreover, there is also a risk that there would be no funds available to satisfy any judgment obtained in this case after trial and appeal.

## WHO IS INCLUDED IN THE PARTIAL SETTLEMENT?

| 6. | How do I know if I am affected by the Partial Settlement? |
|---|---|

For the purposes of the Partial Settlement, with the few exceptions listed below, everyone who fits the following description is a Settlement Class Member: all Persons who purchased or otherwise acquired Aegean Marine Petroleum Network, Inc. securities (or sold Aegean Marine Petroleum Network, Inc. put options) between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby. However, since PwC Greece only issued an audit opinion for Aegean on May 16, 2017, only those Settlement Class Members who purchased after May 16, 2017 are alleged to have claims against the Settling Party, PwC Greece, and will be entitled to share in the PwC Greece Net Settlement Fund created by this Partial Settlement with PwC Greece.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE PARTIAL SETTLEMENT.**

| 7. | Are there any exceptions to being included as a Settlement Class Member? |
|---|---|

Yes. Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of Defendants; (b) Persons who have been dismissed from this Action ("Dismissed Defendants"); (c) present or former officers, directors, partners or controlling persons of Aegean, its subsidiaries or its affiliates, any Defendant or any Dismissed Defendant and their immediate family members; (d) the directors' and officers' liability carriers and any affiliates or subsidiaries thereof of any Defendant, Dismissed Defendant or Aegean; (e) any entity in which any Defendant, Dismissed Defendant or Aegean has or has had a controlling interest; and (f) the legal representatives, heirs, estates, agents, successors or assigns of any person or entity described in the preceding categories. Also excluded from the Settlement Class are those Persons who timely and validly exclude

themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 13 below.

| 8. | I am still not sure if I'm included. |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator at 1-xxx-xxx-xxxx (Toll Free) or you can fill out the Claim Form described in question number 12 below ("How do I participate in the Partial Settlement? What do I need to do?") to see if you qualify.  You can also contact Lead Counsel at the addresses and phone numbers listed below.  Please do not contact the Court.

## THE PARTIAL SETTLEMENT BENEFITS

| 9. | What does the Partial Settlement provide? |
|---|---|

Settling Defendant has paid or will pay $14.9 million into an escrow account that will earn interest, as provided for in the Stipulation, for the benefit of the Settlement Class Members who purchased Aegean Securities after May 16, 2017.  After deduction of Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorneys' fees awarded by the Court, and any other costs, expenses or amounts as may be approved by the Court, the balance (the "PwC Greece Net Settlement Fund") will be distributed to the Settlement Class Members in accordance with the PwC Greece Plan of Allocation, discussed at pages XX to XX below.  The Partial Settlement also provides for cooperation, as described in the Stipulation of Partial Settlement.

In exchange for Settling Defendant's payment, the claims described in response to question number 11 below entitled, "What am I giving up to get a payment or stay in the Settlement Class?" will be released, discharged and dismissed with prejudice.

The proposed Partial Settlement represents a compromise of disputed claims and does not mean that the Settling Defendant has been found liable for any claims asserted by Lead Plaintiff.

| 10. | How much will my payment be? When will I receive it? |
|---|---|

The Settling Defendant has agreed to pay $14.9 million in cash into escrow for the benefit of the Class. The $14.9 million Settlement Amount, and the interest earned thereon, will constitute the PwC Greece Settlement Fund. The PwC Greece Net Settlement Fund will be distributed based on the timely and acceptable Claim Forms submitted by members of the Settlement Class that show a Recognized Loss and are approved by the Court ("Authorized Claimants") after the final settlement or other disposition of claims against the Non-Settling Defendants. The PwC Greece Net Settlement Fund will be distributed at a later date in time to all Authorized Claimants who timely submit acceptable Claim Forms.

At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Partial Settlement.  Your share of the PwC Greece Net Settlement Fund will depend on the number of valid and timely Claim Form that Settlement Class

Members send in, how many units of Aegean common stock, debt-securities (notes) and/or options you bought and sold, and when you bought and sold them.

As noted earlier, in order to avoid duplication of expenses to the Class, Lead Plaintiff intends to delay distribution of the PwC Greece Settlement Fund until after the Partial Settlement becomes final and the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants.  At that time, the Court will authorize additional Notice to the Class.

The Court has reserved jurisdiction to allow, disallow or adjust on equitable grounds the claim of any member of the Settlement Class.

The PwC Greece Plan of Allocation is submitted herewith (*see* pages XX to XX below) for the Court's approval; however, the PwC Greece Plan of Allocation shall in no way disturb or affect the Court's approval of the Stipulation and shall be considered separate from the Court's Order and Final Judgment Against PwC Greece discussed in question number 11 below.  The objective of the PwC Greece Plan of Allocation is to equitably distribute the PwC Greece Net Settlement Fund to those Class Members who suffered economic losses as a result of the alleged wrongdoing against the Settling Defendant.  Payment pursuant to the PwC Greece Plan of Allocation will be conclusive against Authorized Claimants.  No person will have any claim against Lead Plaintiff, Lead Counsel, any other Plaintiff and Plaintiff's Counsel in the Action, the Settling Defendant, PwC Greece's Counsel, the other Released Parties or their counsel, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the PwC Greece Plan of Allocation, or further orders of the Court. Lead Plaintiff, Lead Counsel, Settling Defendant, PwC Greece's Counsel, the other Released Parties and their counsel will have no responsibility or liability whatsoever for the investment or distribution of the PwC Greece Settlement Fund, the PwC Greece Net Settlement Fund, the PwC Greece Plan of Allocation or the determination, administration, calculation or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the PwC Greece Gross Settlement Fund or any losses incurred in connection therewith.

Each Class Member will be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Claim Form. Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the PwC Greece Net Settlement Fund and should not submit Claim Forms.

| **11.** | **What am I giving up to get a payment or stay in the Settlement Class?** |
|---|---|

If the Partial Settlement is approved, the Court will enter an Order and Final Judgment With Prejudice dismissing the claims against PwC Greece and entering final judgment against PwC Greece, PwCIL and PwC US ("Final Judgment Against PwC Greece").  The Final Judgment Against PwC Greece will dismiss with prejudice the claims against the Settling Defendant and will provide that Lead Plaintiff and all other Class Members will be deemed to have—and by operation of the Final Judgment Against PwC Greece will have—released, dismissed and forever discharged the Released Claims (as defined below), including Unknown Claims (as defined in below), against each and all of the Released Party or Released Parties (as defined below).

"Released Claims" means any and all claims, rights, demands, liabilities, lawsuits, issues and controversies, debts, damages, losses, remedies, fees, expenses, costs, accountings, obligations, judgments and causes of action of every kind or nature, character and description, whether legal, statutory, equitable or of any other type or form, whether known or unknown, anticipated or unanticipated, contingent or absolute, accrued or unaccrued, liquidated or unliquidated, disclosed or undisclosed, foreseen or unforeseen, whether arising under federal, state, common, administrative, or foreign law, that Lead Plaintiff or any other member of the Settlement Class asserted in this Action against PwC Greece, PwCIL or PwC US, or that could or might have been asserted against PwC Greece, PwCIL, PwC US or any other PwC Network firm in any federal, state, common, arbitral, administrative or foreign court, tribunal, forum or proceeding, that both (a) arise out of, could have arisen out of, arise now, hereafter arise out of, relate in any manner or are based upon in any way the allegations, events, transactions, facts, matters, acts, failures to act, occurrences, statements, representations, omissions, disclosures or any other matter, thing or cause whatsoever, embraced, involved, at issue, set forth, referred to or otherwise related in any way, directly or indirectly, to the Complaint, including but not limited to, any audits or reviews of Aegean financial statements by PwC Greece or any services of any kind provided to Aegean by PwC Greece; and (b) relate in any way to the purchase, acquisition, sale or holding of any Aegean security during the Settlement Class Period.  "Released Claims" do not include: (a) claims to enforce the Partial Settlement; (b) claims against any Non-Settling Defendants or Dismissed Defendants other than PwCIL or PwC US; and (c) claims asserted in the Aegean Bankruptcy or the rights of Lead Plaintiff or any Settlement Class Member to receive distributions pursuant to the Chapter 11 Plan confirmed in the Aegean Bankruptcy, including any distribution of any recovery by the Litigation Trustee.

"Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against the Released Party or Released Parties, except for claims relating to the enforcement of the Partial Settlement, against Lead Plaintiff in the Action, and its respective attorneys, or any other Settlement Class Member.

"Released Party" or "Released Parties" means PwC Greece,  PwCIL, PwC US and all other PwC Network firms, as well as their respective past, present and future, direct or indirect, parent entities, subsidiaries, member firms, joint venturers, divisions, offices and other affiliates, predecessors and successors of each and all such entities; and each and all of the foregoing entities' respective past, present and future directors, officers, boards and board members, employees, partners (in the broadest concept of that term), principals, representatives, alleged partners, associates, owned and controlled entities and persons, stockholders, members and owners, attorneys (including PwC Greece's Counsel, and counsel for PwCIL and PwC US), advisors, contractors, consultants, trustees, insurers, co-insurers, reinsurers, agents, heirs, executors, estates, administrators, fiduciaries, successors, assignors and assigns.

"Unknown Claims" means any and all Released Claims or Released Parties' Claims which (a) Lead Plaintiff or any other Settlement Class Member and (b) the Released Parties does not know or suspect to exist in his, her or its favor at the time of the release of such claims, of every nature and description.  This includes claims which, if known by him, her or it, might have affected

his, her, or its settlement with and release of the Released Parties, the Settlement Class Members or the Settling Parties, or might have affected his, her or its decision(s) with respect to the Settlement, the Released Claims or the Released Parties' Claims, including his, her or its decision to object or not object to this Settlement. With respect to any and all Released Claims and the Released Parties' Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Partial Settlement, Lead Plaintiff and PwC Greece shall expressly waive, and each of the other Settlement Class Members and the Released Parties shall be deemed to have waived, and by operation of the Final Judgment Against PwC Greece shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law or foreign law, which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties and Released Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims and Released Parties' Claims, but the Settling Parties and Released Parties expressly, fully, finally and forever settle and release, and each Releasing Party, Settling Party, and each of the Settlement Class Members and counsel shall be deemed to have settled and released and, upon the Effective Date and by operation of the Final Judgment Against PwC Greece, shall have settled and released, fully, finally and forever, any and all Released Claims and Released Parties' Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories or authorities. Lead Plaintiff and PwC Greece acknowledge, and each of the other Settlement Class Members and Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

The Final Judgment Against PwC Greece also will provide that, upon the Effective Date of this Partial Settlement, PwC Greece and each of the other Released Parties shall be deemed to have released, dismissed and forever discharged all Released Parties' Claims against Lead Plaintiff, plaintiff's counsel in the Action and any other Settlement Class Member.

| 12. | How do I participate in the Partial Settlement? What do I need to do? |
|-----|----------------------------------------------------------------------|

If you purchased or otherwise acquired the securities described above and you are not excluded by the definition of the Settlement Class and you do not elect to exclude yourself from the Settlement Class, then you are a Settlement Class Member. As such, you will be bound by the proposed Partial Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Settlement Class. To qualify for payment, you must have recognized loses under the PwC Greece Plan of Allocation and you must timely send in a Claim Form to the Claims Administrator. A Claim Form is attached to this Notice, and also be made available on the website of the Claims Administrator, www.aegeanPWCsettlement.com as well as Lead Counsel's website

at www.bermantabacco.com.  Read the instructions carefully, fill out the Claim Form, include all the documents the Claim Form asks for, sign it, and mail it postmarked no later than [TO BE INSERTED].  Unless the Court orders otherwise, if you do not timely submit a Claim Form, you will be barred from receiving any payments from the PwC Greece Net Settlement Fund but will in all other respects be bound by the Final Judgment Against PwC Greece in the case.

Those who exclude themselves from the Class and those who do not submit timely and valid Claim Form with adequate supporting documentation, will not be entitled to share in the Partial Settlement.  Please retain all records of your ownership of and transactions in the securities, as they may be needed to document your Claim.

As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in question number 18 below entitled, "When and where will the court decide whether to approve the Partial Settlement?"

If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in question number 13 below entitled, "What if I do not want to be part of the Partial Settlement?  How do I exclude myself?"  If you exclude yourself from the Settlement Class, you will not be eligible to receive any benefit from the Partial Settlement and you should not submit a Claim Form, but you will retain the right to be a part of any other lawsuit against any of the Released Parties (as defined question number 11 above) with respect to any of the Released Claims (as defined in question number 11 above).

If you wish to object to the Partial Settlement or any of its terms, the proposed PwC Greece Plan of Allocation or to Lead Counsel's application for the establishment of a Litigation Expense Fund, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in question number 18 below entitled, "When and where will the Court decide whether to approve the Partial Settlement?" If you exclude yourself from the Settlement Class, you are not entitled to submit an objection.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| | |
|---|---|
| **13.** | **What if I do not want to be part of the Partial Settlement?  How do I exclude myself?** |

Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Partial Settlement, whether favorable or unfavorable, unless such person or entity mails, by first class mail (or its equivalent outside the U.S.), or otherwise delivers a written Request for Exclusion from the Class, addressed to the Claims Administrator. The exclusion request must be *postmarked* no later than [TO BE INSERTED].  Each Request for Exclusion must clearly indicate the name, address and telephone number of the Person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the *In re Aegean Marine Petroleum Network, Inc. Securities Litigation*, No. 1:18-cv-04993 (NRB), and must be

16

signed by such Person. Such Persons requesting exclusion are also directed to provide the following information: (a) identity and original face value of any Aegean Securities purchased (or otherwise acquired) or sold; (b) prices or other consideration paid or received for such Aegean securities during the Settlement Class Period; (c) the date of each purchase or sale transaction; and (d) a statement that the person or entity wishes to be excluded from the Settlement Class.  Requests for Exclusion will not be valid if they do not include the information set forth above and are not received within the time stated above, unless the Court otherwise determines.

If a person or entity requests to be excluded from the Settlement Class, that person or entity will not receive any benefit provided for in the Stipulation.

## THE LAWYERS REPRESENTING YOU

| 14. Do I have a lawyer in this case? |
|---|

Yes. The Court appointed Berman Tabacco, Lead Counsel, to represent all Settlement Class Members.  Lead Counsel may be contacted at the address and phone number listed on page XX above.  There is no need to retain your own lawyer.  If you want to be represented by your own lawyer you may hire one at your own expense.

| 15. How will the lawyers be paid? |
|---|

Lead Counsel has not received any payment for its services in pursuing claims against defendants on behalf of the Class; nor has Lead Counsel been reimbursed for its out-of-pocket expenses.  At a later time, Lead Counsel intends to apply to the Court for an award of attorneys' fees to Lead Counsel from the PwC Greece Settlement Fund (and any other settlement fund obtained) in an amount not to exceed 25% of the PwC Greece Settlement Fund.

In order to avoid duplication of expenses to the Class, Lead Plaintiff intend to delay distribution of the Settlement Amount until a later date when there are additional funds to distribution or a decision is made that no funds will be forthcoming (such as when the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants).  As such, Lead Counsel does not intend to request payment of their fees at this time.  Rather, at this time, Lead Counsel will only request that the Court allow Lead Counsel to allowed to draw from the PwC Greece Settlement Fund a Litigation Expense Fund amount of up to $2 million (*i.e.*, advances to defray current and future Litigation Expenses, including necessary expenses and expert fees, of prosecuting claims asserted against the Non-Settling Defendants).  Any Litigation Expense Fund authorized by the Court will be an advance of (and not in addition to) any final fees or expense reimbursements awarded.  The Court will determine the amount of any such award.

## OBJECTING TO THE SETTLEMENT

| **16.     How do I tell the Court that I do not like the Partial Settlement?** |
| --- |

If you are a Settlement Class Member, you can tell the Court that you do not agree with the Partial Settlement or any part of it, the proposed PwC Greece Plan of Allocation and/or Lead Counsel's application for the establishment of a Litigation Expense Fund.

Any Settlement Class Member who does not request exclusion in accordance with question number 13 above may object to the Partial Settlement, the proposed PwC Greece Plan of Allocation and/or Lead Counsel's request for the establishment of a Litigation Expense Fund. Objections or oppositions must be in writing. You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before [TO BE INSERTED]. You must also serve the papers on Lead Counsel for the Class and counsel for the Settling Defendant at the addresses set forth below so that the papers are *received* on or before [TO BE INSERTED].

| **Clerk's Office** | **Lead Counsel for the Class** | **Counsel For Settling Defendant** |
| --- | --- | --- |
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK 500 Pearl Street New York, New York 10007 | BERMAN TABACCO Nicole Lavallee, Esq. 44 Montgomery Street, Suite 650 San Francisco, CA 94104 | WILMERHALE Christopher Davies 1875 Pennsylvania Avenue NW Washington, DC 20006 |

Any objection must include: (a) the full name, address, and phone number of the objecting Settlement Class Member; (b) a list and documentation evidencing all of the Settlement Class Member's transactions involving Aegean securities included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. Persons who intend to object to the Partial Settlement and/or to Lead Counsel's application for the establishment of a Litigation Expense Fund and who desire to present evidence at the Final Approval Hearing, must include in their written objections the exhibits they intend to introduce into evidence at the Final Approval Hearing.

You may not object to the Partial Settlement, or any aspect of it, if you excluded yourself from the Settlement Class.

You may file a written objection without having to appear at the Final Approval Hearing.  You may not appear at the Final Approval Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing. If you decide to hire an attorney, which will be at your own expense, and he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before [TO BE INSERTED].

| | |
|---|---|
| **17.** | **What's the difference between objecting and being excluded from the Settlement Class?** |

Objecting is simply telling the Court that you do not like something about the Partial Settlement. You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FINAL APPROVAL HEARING**

The Court will hold a hearing to decide whether to approve the Partial Settlement. You do not need to attend that hearing but are welcome to attend if you so desire.

| | |
|---|---|
| **18.** | **When and where will the Court decide whether to approve the Partial Settlement?** |

The Final Approval Hearing on this Partial Settlement will be held on [DATE TO BE INSERTED], at [TIME TO BE INSERTED], before the Honorable Naomi Reice Buchwald, United States District Judge, at the United States District Court for the Southern District of New York, either telephonically, via video conference, or at 500 Pearl Street, Courtroom 21A, New York, New York 10007, to determine: (a) whether the proposed Partial Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; (b) whether the Final Judgment Against PwC Greece should be entered dismissing the Action as to the Settling Defendant, on the merits and with prejudice, and entering final judgment as to the claims against the Settling Defendant and dismissed defendants PricewaterhouseCoopers International Limited and PricewaterhouseCoopers LLP; (c) whether the release by the Settlement Class of the Released Claims against the Released Parties (as defined question number 11 above) and the release by the Released Parties of the Released Parties' Claims should be ordered; (d) whether the proposed PwC Greece Plan of Allocation to distribute the Settlement proceeds (described on pages XX to XX below) is fair and  reasonable; and (e) whether Lead Counsel's application for the establishment of a Litigation Expense Fund should be approved by the Court.

**THE FINAL APPROVAL HEARING DATE MAY CHANGE WITHOUT FURTHER NOTICE TO THE SETTLEMENT CLASS, SO PLEASE CHECK THE SETTLEMENT WEBSITE OR THE COURT'S PACER SYSTEM TO CONFIRM THE HEARING DATE.**

**If you do not wish to object in person to the proposed Partial Settlement and/or the application for the establishment of a Litigation Expense Fund, you do not need to attend the Final Approval Hearing. You can object to or participate in the Partial Settlement without attending the Final Approval Hearing.**

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Partial Settlement or Lead Counsel's application for the establishment of a Litigation Expense Fund. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

If there are objections, the Court will consider them. The Court has discretion to listen to people who have made a written request to speak at the hearing. After the hearing, the Court will decide whether to approve the Partial Settlement and the Litigation Expense Fund. We do not know how long these decisions will take. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website www.aegeanPWCsettlement.com beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the Final Approval Hearing? |
|---|---|

No. Lead Counsel will answer questions the Judge may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 20. | May I speak at the Final Approval Hearing? |
|---|---|

Any Settlement Class Member who did not request to be excluded from the Settlement Class by [TO BE INSERTED] is entitled to appear at the Final Approval Hearing, in person or through a duly authorized attorney, and to show cause why the Partial Settlement should not be approved as fair, reasonable and adequate. However, you may not be heard at the Final Approval Hearing unless, on or before [TO BE INSERTED], you file a Notice of Intention to Appear and a statement of the position that you will assert and the grounds for the position, together with copies of any supporting papers or briefs with the Clerk of the Court, United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, as described in the response to question number 16 above entitled, "How do I tell the Court that I do not like the Partial Settlement?"

Only Settlement Class Members who have submitted written notices in this manner may be heard at the Final Approval Hearing, unless the Court orders otherwise.

**IF YOU DO NOTHING**

| 21.     What happens if I do nothing at all? |
| --- |

If you are a Settlement Class Member but do nothing, then you will get no money from this Settlement.  You must file a Claim Form to be eligible to receive anything from the Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the legal issues in this case, ever again.

**GETTING MORE INFORMATION**

| 22.     Are there more details about the Settlement? |
| --- |

Yes.  This Notice summarizes the proposed Partial Settlement.  More details (including definitions of various terms used in this Notice) are contained in the pleadings and other papers in this Action, including the formal Stipulation, which have been filed with the Court. Lead Plaintiff's submissions in support of the Partial Settlement will be filed with the Court prior to the Final Approval Hearing.  In addition, information about the Partial Settlement will be posted on the website set up for this case: www.aegeanPWCsettlement.com.  If you have any further questions you may contact Lead Counsel identified in the response to question number 14 above entitled, "Do I have a lawyer in this case?"  You can also call the Claims Administrator at 1-xxx-xxx-xxxx (Toll Free) to find answers to common questions about the Partial Settlement and obtain information about the status of the settlement approval process.

This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Partial Settlement.  If the Court approves the Partial Settlement, payments to Authorized Claimants will not be made immediately. Instead, as discussed above, in order to avoid duplication of expenses to the Class, Lead Plaintiff intends to delay distribution of the Settlement Amount until a later date, such as after both the Partial Settlement becomes final and the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants.  Moreover, any distribution will not be paid until after any appeals are resolved, and after the completion of all claims processing.  Please be patient.

| 23.     Can I See The Court File? Who Should I Contact If I Have Questions? |
| --- |

This Notice contains only a summary of the terms of the proposed Partial Settlement.  More detailed information about the matters involved in the Action is available at www.aegeanPWCsettlement.com, including, among other documents, copies of the Stipulation, Claim Form, and the Complaint.  All inquiries concerning this Notice or the Claim Form should be directed to:

*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.

P.O. Box 173002
Milwaukee, WI 53217

**OR**

Nicole Lavallee
BERMAN TABACCO
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
law@bermantabacco.com

**Lead Counsel**

**SPECIAL NOTICE TO NOMINEES**

| |
|---|
| **24.     Special Notice to Banks, Trustees, Brokerage Firms, or Other Nominees** |

If you hold any Aegean securities purchased during the Settlement Class Period as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (a) send a copy of this Notice and the Claim Form by first-class mail to all such Persons; or (b) provide a list of the names and addresses of such Persons to the Claims Administrator:

*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217

If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable costs actually incurred or expected to be incurred in connection with forwarding the Notice and Claim Form and which would not have been incurred but for the obligation to forward the Notice and Claim Form, upon submission of appropriate documentation to the Claims Administrator.

**UNDERSTANDING YOUR PAYMENT - THE PWC GREECE PLAN OF ALLOCATION**

| |
|---|
| **25.     How will my claim be calculated?** |

1.      As discussed above, the Partial Settlement provides $14.9 million in cash for the benefit of the members of the Settlement Class who allegedly have claims against the Settling Defendant, PwC Greece. The Settlement Amount and any interest it earns constitute the "PwC Greece Settlement Fund." The PwC Greece Settlement Fund, after deduction of Court-approved attorneys'

fees and expenses, Notice and Administration Costs, Taxes and any other fees or expenses approved by the Court, is the "PwC Greece Net Settlement Fund." If the Partial Settlement is approved by the Court, the PwC Greece Net Settlement Fund will be distributed to eligible Authorized Claimants – members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment by the Court and who allegedly have a claim against PwC Greece – in accordance with this proposed Plan of Allocation ("PwC Greece Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the PwC Greece Net Settlement Fund but will otherwise be bound by the Partial Settlement. The Court may approve this proposed PwC Greece Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the PwC Greece Plan of Allocation will be posted on the settlement website: www.aegeanPWCsettlement.com.

2.      The objective of the PwC Greece Plan of Allocation is to distribute the Partial Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of PwC Greece's alleged wrongdoing. To be clear, since PwC Greece's Audit Opinion was issued after the close of trading on May 16, 2017, only those Settlement Class Members who purchased or acquired Aegean Securities (or sold Aegean put options) after that date but before November 6, 2018 and held through a partial disclosure, allegedly have claims against PwC Greece. The PwC Greece Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the PwC Greece Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover against PwC Greece after a trial and do not take into account certain defendants that might have been raised by PwC Greece. Nor are the calculations in accordance with the PwC Greece Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Partial Settlement. The computations under the PwC Greece Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the PwC Greece Net Settlement Fund.  The Recognized Loss formulas below are intended solely for purposes of this PwC Greece Plan of Allocation and cannot and should not be binding on Lead Plaintiff or any Settlement Class Member for any other purpose.

3.      In order to have recoverable damages against PwC Greece, Authorized Claimants must have either (a) purchased or otherwise acquired at least one of the following: (i) Aegean common stock; (ii) Aegean 4.00% Convertible Unsecured Senior Notes (the "4.00% Notes")[4]; (iii) Aegean 4.25% Convertible Unsecured Senior Notes (the "4.25% Notes")[5]; and/or (iv) Aegean call options; or (b) sold  Aegean put options, (collectively referred to as the "Aegean Securities") after PwC Greece issued its Audit Opinion on May 16, 2017, but within the Settlement Class Period, and have held through a partial disclosure.

4.      The PwC Greece Plan of Allocation was developed in consultation with Lead Plaintiffs' damages consultant. In developing the PwC Greece Plan of Allocation, Lead Plaintiffs' damages

---

[4] The CUSIP number for the 4.00% Notes is: EJ8900817.

[5] The CUSIP number for the 4.25% Notes is: 00773VAB2. Prior to February 12, 2018, the CUSIP number for the 4.25% Notes is: 00773VAA4.

consultant calculated the estimated amount of alleged artificial inflation in each of the Aegean Securities purchased or acquired after May 16, 2017 but within the Settlement Class Period. In calculating the estimated artificial inflation allegedly caused by PwC Greece's misconduct, Class Representatives' damages consultant considered price changes in Aegean Securities in reaction to public disclosures that allegedly corrected the respective alleged misconduct, adjusting the price change for factors that were attributable to market and industry forces.

5.      In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Lead Plaintiff alleges that corrective information (referred to as a "corrective disclosure") was released to the market on various dates including the following dates after the issuance of PwC's Audit Opinion: February 20, 2018, June 4, 2018, November 2, 2018 and November 6, 2018, thereby impacting the prices of Aegean securities on February 21, 2018, February 22, 2018, June 5, 2018, November 5, 2018, November 6, 2018 and November 7, 2018.

6.      In order to have a "Recognized Loss Amount" under the PwC Greece Plan of Allocation for this Partial Settlement against PwC Greece, Aegean Securities must have been purchased or otherwise acquired during the period between May 17, 2017 and November 5, 2018, inclusive ("Relevant Period"), and held through the issuance of at least one corrective disclosure.[6]

## ALLOCATION OF THE PWC GREECE NET SETTLEMENT FUND

7.      As detailed below, the PwC Greece Net Settlement Fund will be allocated on a *pro rata* basis according to recognized claims for Settlement Class Member's damages. The PwC Greece Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) at least 95% of the PwC Greece Net Settlement Fund will be allocated collectively to Aegean common stock and the specified Aegean debt securities; and (b) no more than 5% of the PwC Greece Net Settlement Fund will be allocated to options on Aegean common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

8.      Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Aegean Securities or sold put options during the Relevant Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

## Transactions in Aegean Common Stock

9.      For each share of Aegean publicly traded common stock purchased or otherwise acquired during the Relevant Period, the claim per share shall be as follows:

---

[6] Any transactions in Aegean Securities executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

(a)      Sold prior to February 21, 2018, the Recognized Loss Amount will be $0.00;

(b)      Sold from February 21, 2018 through November 6, 2018, the Recognized Loss Amount will be ***the lesser of***: (i) the purchase price multiplied by the percent inflation at the time of purchase (as presented in Table 1) less the sale price multiplied by the percent inflation at the time of sale (as presented in Table 1); or (ii) the purchase price minus the sale price;

(c)      Sold from November 7, 2018 through and including the close of trading on February 4, 2019, the Recognized Loss Amount will be ***the least of***: (i) the purchase price multiplied by the percent inflation at the time of purchase (as presented in Table 1); (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 7, 2018 and the date of sale as stated in Table 2 below; and

(d)      Held as of the close of trading on February 4, 2019 or sold thereafter, the Recognized Loss Amount per share will be ***the lesser of***: (i) the purchase price multiplied by the percent inflation at the time of purchase (as presented in Table 1); or (ii) the difference between the purchase price and $0.04 per share.[7]

## **Transactions in Aegean 4.00% Notes**

10.      For each $100 of par of Aegean 4.00% Notes purchased or otherwise acquired during the Relevant Period, and;

(a)      Sold prior to February 21, 2018, the Recognized Loss Amount will be $0.00;

(b)      Sold from February 21, 2018 through November 6, 2018, the Recognized Loss Amount will be ***the lesser of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); or (ii) the purchase price minus the sale price;

(c)      Sold from November 7, 2018, through and including the close of trading on February 4, 2019, the Recognized Loss Amount will be ***the least of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3);

---

[7] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. § 78u-4(e)(1). Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Aegean common stock during the 90-day look-back period. The mean (average) closing price for Aegean common stock during this 90-day look-back period was $0.04.

(ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 7, 2018 and the date of sale as stated in Table 4 below;

       (d)      Held as of the close of trading on February 4, 2019, the Recognized Loss Amount will be ***the lesser of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); or (ii) the difference between the purchase price and $20.83 per $100 of par.[8]

## Transactions in Aegean 4.25% Notes

11.    For each $100 of par of Aegean 4.25% Notes purchased or otherwise acquired during the Relevant Period, and;

       (a)      Sold prior to February 21, 2018, the Recognized Loss Amount will be $0.00;

       (b)      Sold from February 21, 2018 through November 6, 2018, the Recognized Loss Amount will be ***the lesser of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); or (ii) the purchase price minus the sale price;

       (c)      Sold from November 7, 2018, through and including the close of trading on February 4, 2019, the Recognized Loss Amount will be ***the least of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 7, 2018 and the date of sale as stated in Table 5 below;

       (d)      Held as of the close of trading on February 4, 2019, the Recognized Loss Amount will be ***the lesser of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); or (ii) the difference between the purchase price and $19.92 per $100 of par.[9]

## Transactions in Aegean Option Contracts

12.    In order to have a Recognized Loss Amount for options on Aegean common stock, the option contract must have been purchased or written (sold) and the position must have remained open through at least one of the following dates: February 21, 2018, February 22, 2018, June 5, 2018, November 5, 2018, November 6, 2018 and/or November 7, 2018.[10]

---

[8] *See* footnote 7 above. The mean (average) closing price for the Aegean 4.00% Notes during this 90-day look-back period was $20.83 per $100 of par.

[9] *See* footnote 7 above. The mean (average) closing price for the Aegean 4.25% Notes during this 90-day look-back period was $19.92 per $100 of par.

[10] To participate in the Partial Settlement, claimants must provide adequate documentation to establish that each call option and put option purchased or sold remained open through at least one of the disclosures identified above.  With respect to shares of Aegean common stock purchased or sold through

13.    For <u>call options</u> on Aegean common stock <u>purchased or otherwise acquired</u> during the Relevant Period, and:

      (a)    Closed (through sale, exercise or expiration) before February 21, 2018, the Recognized Loss Amount is zero.

      (b)    Closed (through sale, exercise or expiration) without being held through at least one of the above-mentioned disclosures, the Recognized Loss Amount is zero.

      (c)    Held though at least one of the above-mentioned disclosures, the Recognized Loss Amount is the difference between the price paid for the call option less the proceeds received upon settlement of the call option contract.

14.    For call options on Aegean common stock <u>written or otherwise sold</u>, the Recognized Loss Amount is zero.

15.    For <u>put options</u> on Aegean common stock <u>written or otherwise sold</u> during the Class Period, and:

      (a)    Closed (through purchase, exercise or expiration) before February 21, 2018, the Recognized Loss Amount is zero.

      (b)    Closed (through purchase, exercise or expiration) without being held through at least one of the above-mentioned disclosures, the Recognized Loss Amount is zero.

      (c)    Held though at least one of the above-mentioned disclosures, the Recognized Loss Amount is the difference between the amount(s) paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract.

16.    For put options on Aegean common stock <u>purchased or otherwise acquired</u>, the Recognized Loss Amount is zero.

## **ADDITIONAL PROVISIONS**

17.    If a claimant has more than one purchase or sale of Aegean Securities, purchases and sales will be matched on a First In, First Out ("FIFO") basis for each respective security. Relevant Period sales will be matched first against any holdings at the beginning of the Relevant Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Relevant Period.

18.    A claimant's "Recognized Claim" under the PwC Greece Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

---

the exercise of an option, the purchase/sale date of the Aegean common stock is the exercise date of the option, and the purchase/sale price of the Aegean common stock is the exercise price of the option.

19.     The PwC Greece Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the PwC Greece Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

20.     Purchases, acquisitions, and sales of Aegean Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Aegean Securities during the Relevant Period will not be deemed a purchase, acquisition, or sale of Aegean Securities for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Aegean Securities unless: (i) the donor or decedent purchased or otherwise acquired the securities during the Relevant Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

21.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Aegean Securities. The date of a "short sale" is deemed to be the date of sale of Aegean Securities. Under the PwC Greece Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Aegean Securities, his, her or its earliest Relevant Period purchases or acquisitions of Aegean Securities will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

22.     With respect to shares of Aegean common stock purchased or sold through the exercise of an option, the purchase/sale date of the Aegean common stock is the exercise date of the option and the purchase/sale price of the Aegean common stock is the exercise price of the option.

23.     If a claimant had a market gain with respect to his, her or its overall transactions in Aegean Securities during the Relevant Period, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to his, her or its overall transactions in Aegean Securities during the Relevant Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss.[11] For purposes of determining whether a claimant had a market gain with respect to his, her or its overall transactions in Aegean Securities during the Relevant Period or suffered a market loss, the Claims Administrator will determine the difference

---

[11] For the Aegean 4.00% Notes and the Aegean 4.25% Notes, only transactions between May 17, 2017 and November 5, 2018, inclusive, shall be considered for the determination of market gains and/or losses.

between (i) the Total Purchase Amount[12] and (ii) the sum of the Total Sales Proceeds[13,14] and Holding Value (for Aegean common stock and Notes only).[15] This difference will be deemed a claimant's market gain or loss with respect to his, her or its overall transactions in Aegean Securities during the Relevant Period.

24.     After the initial distribution of the PwC Greece Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Partial Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Partial Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the PwC Greece Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

25.     Payment pursuant to the PwC Greece Plan of Allocation, or such other plan of allocation as may be approved by the Court for this Partial Settlement, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages consultant, Defendants, Defendants' Counsel, any of the other Settlement

---

[12] The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Aegean Securities purchased or acquired during the Relevant Period.

[13] The Claims Administrator will match any sales of Aegean common stock from the start of the Relevant Period through and including the close of trading on November 7, 2018 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Aegean common stock sold from the start of the Relevant Period through and including the close of trading on November 7, 2018 will be the "Total Sales Proceeds."

[14] The Claims Administrator will match any sales of Aegean Convertible Notes from the start of the Relevant Period through and including the close of trading on November 7, 2018 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Aegean Convertible Notes sold from the start of the Relevant Period through and including the close of trading on November 7, 2018 will be the "Total Sales Proceeds."

[15] The Claims Administrator will ascribe a value of $0.12 per share for Aegean common stock purchased or acquired during the Relevant Period and still held as of the close of trading on November 7, 2018 (the "Holding Value"). The Claims Administrator will ascribe a Holding Value of $17.20 per $100 of par for Aegean 4.00% Notes purchased or acquired during the Relevant Period and still held as of the close of trading on November 7, 2018. The Claims Administrator will ascribe a Holding Value of $15.54 per $100 of par for Aegean 4.25% Notes purchased or acquired during the Relevant Period and still held as of the close of trading on November 7, 2018.

Class Member, PwC Greece, PwC Greece's Counsel, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Lead Counsel, Defendants and their respective counsel, and all other Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the PwC Greece Settlement Fund or the PwC Greece Net Settlement Fund; the PwC Greece Plan of Allocation; the determination, administration, calculation or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

26.     The Court has reserved jurisdiction to allow, disallow or adjust on equitable grounds the Claim of any Settlement Class Member or claimant.

27.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

**TABLE 1**
**Decline in Inflation Per Share of Aegean Common Stock**

| Date Range | | Common Stock |
|---|---|---|
| Start Date | End Date | |
| 5/17/2017 | 2/20/2018 | 98.13% |
| 2/21/2018 | 2/21/2018 | 97.04% |
| 2/22/2018 | 6/4/2018 | 96.79% |
| 6/5/2018 | 11/4/2018 | 86.95% |
| 11/5/2018 | 11/6/2018 | 81.81% |
| 11/7/2018 | Thereafter | 0.00% |

**TABLE 2**
**Aegean Common Stock Price and Average Closing Price**

| Date | Closing Price | Average Closing Price Between November 7, 2018 and Date Shown | Date | Closing Price | Average Closing Price Between November 7, 2018 and Date Shown |
|---|---|---|---|---|---|
| 11/7/2018 | $0.12 | $0.12 | 12/21/2018 | $0.03 | $0.05 |
| 11/8/2018 | $0.10 | $0.11 | 12/24/2018 | $0.03 | $0.05 |
| 11/9/2018 | $0.10 | $0.10 | 12/26/2018 | $0.03 | $0.05 |
| 11/12/2018 | $0.07 | $0.10 | 12/27/2018 | $0.03 | $0.05 |
| 11/13/2018 | $0.06 | $0.09 | 12/28/2018 | $0.03 | $0.05 |
| 11/14/2018 | $0.06 | $0.08 | 12/31/2018 | $0.03 | $0.05 |
| 11/15/2018 | $0.05 | $0.08 | 1/2/2019 | $0.03 | $0.05 |
| 11/16/2018 | $0.04 | $0.07 | 1/3/2019 | $0.03 | $0.04 |
| 11/19/2018 | $0.05 | $0.07 | 1/4/2019 | $0.03 | $0.04 |
| 11/20/2018 | $0.07 | $0.07 | 1/7/2019 | $0.03 | $0.04 |
| 11/21/2018 | $0.05 | $0.07 | 1/8/2019 | $0.03 | $0.04 |
| 11/23/2018 | $0.05 | $0.07 | 1/9/2019 | $0.03 | $0.04 |
| 11/26/2018 | $0.04 | $0.07 | 1/10/2019 | $0.03 | $0.04 |
| 11/27/2018 | $0.04 | $0.06 | 1/11/2019 | $0.03 | $0.04 |
| 11/28/2018 | $0.04 | $0.06 | 1/14/2019 | $0.03 | $0.04 |
| 11/29/2018 | $0.04 | $0.06 | 1/15/2019 | $0.03 | $0.04 |
| 11/30/2018 | $0.04 | $0.06 | 1/16/2019 | $0.03 | $0.04 |
| 12/3/2018 | $0.04 | $0.06 | 1/17/2019 | $0.03 | $0.04 |
| 12/4/2018 | $0.04 | $0.06 | 1/18/2019 | $0.03 | $0.04 |
| 12/6/2018 | $0.05 | $0.06 | 1/22/2019 | $0.03 | $0.04 |
| 12/7/2018 | $0.04 | $0.06 | 1/23/2019 | $0.03 | $0.04 |
| 12/10/2018 | $0.03 | $0.06 | 1/24/2019 | $0.03 | $0.04 |
| 12/11/2018 | $0.03 | $0.05 | 1/25/2019 | $0.03 | $0.04 |
| 12/12/2018 | $0.03 | $0.05 | 1/28/2019 | $0.03 | $0.04 |
| 12/13/2018 | $0.03 | $0.05 | 1/29/2019 | $0.03 | $0.04 |
| 12/14/2018 | $0.03 | $0.05 | 1/30/2019 | $0.03 | $0.04 |
| 12/17/2018 | $0.03 | $0.05 | 1/31/2019 | $0.03 | $0.04 |
| 12/18/2018 | $0.03 | $0.05 | 2/1/2019 | $0.03 | $0.04 |
| 12/19/2018 | $0.03 | $0.05 | 2/4/2019 | $0.03 | $0.04 |
| 12/20/2018 | $0.03 | $0.05 | | | |

**TABLE 3**
**Inflation of Aegean Notes Per $100 Par**

| Date Range | | 4.00% Note | | 4.25% Note | |
|---|---|---|---|---|---|
| Start Date | End Date | | | | |
| 5/17/2017 | 2/20/2018 | $ | 88.12 | $ | 91.85 |
| 2/21/2018 | 6/4/2018 | $ | 87.82 | $ | 90.72 |
| 6/5/2018 | 11/6/2018 | $ | 77.79 | $ | 74.15 |
| 11/7/2018 | Thereafter | $ | - | $ | - |

32

**TABLE 4**
**Aegean 4.00% Convertible Unsecured Senior Note Value/Price and**
**Average Closing Value/Price**

| Date | Closing Price/Value | Average Closing Price Between November 7, 2018 and Date Shown | Date | Closing Price/Value | Average Closing Price Between November 7, 2018 and Date Shown |
|---|---|---|---|---|---|
| 11/7/2018 | $17.20 | $17.20 | 12/21/2018 | $23.24 | $17.65 |
| 11/8/2018 | $26.59 | $21.89 | 12/24/2018 | $24.30 | $17.86 |
| 11/9/2018 | $18.50 | $20.76 | 12/26/2018 | $24.28 | $18.05 |
| 11/12/2018 | $20.43 | $20.68 | 12/27/2018 | $24.25 | $18.23 |
| 11/13/2018 | $19.52 | $20.45 | 12/28/2018 | $23.15 | $18.37 |
| 11/14/2018 | $19.52 | $20.29 | 12/31/2018 | $24.18 | $18.53 |
| 11/15/2018 | $17.29 | $19.86 | 1/2/2019 | $24.16 | $18.69 |
| 11/16/2018 | $17.05 | $19.51 | 1/3/2019 | $24.18 | $18.83 |
| 11/19/2018 | $18.25 | $19.37 | 1/4/2019 | $23.03 | $18.94 |
| 11/20/2018 | $16.24 | $19.06 | 1/7/2019 | $23.67 | $19.06 |
| 11/21/2018 | $14.66 | $18.66 | 1/8/2019 | $23.65 | $19.17 |
| 11/23/2018 | $14.13 | $18.28 | 1/9/2019 | $23.71 | $19.28 |
| 11/26/2018 | $13.90 | $17.94 | 1/10/2019 | $23.94 | $19.39 |
| 11/27/2018 | $14.06 | $17.67 | 1/11/2019 | $23.92 | $19.49 |
| 11/28/2018 | $12.70 | $17.34 | 1/14/2019 | $23.94 | $19.59 |
| 11/29/2018 | $14.28 | $17.14 | 1/15/2019 | $23.16 | $19.67 |
| 11/30/2018 | $14.35 | $16.98 | 1/16/2019 | $23.25 | $19.74 |
| 12/3/2018 | $14.34 | $16.83 | 1/17/2019 | $23.25 | $19.81 |
| 12/4/2018 | $14.30 | $16.70 | 1/18/2019 | $24.22 | $19.90 |
| 12/6/2018 | $14.16 | $16.57 | 1/22/2019 | $24.37 | $19.99 |
| 12/7/2018 | $14.17 | $16.46 | 1/23/2019 | $25.08 | $20.09 |
| 12/10/2018 | $14.11 | $16.35 | 1/24/2019 | $25.80 | $20.20 |
| 12/11/2018 | $14.41 | $16.27 | 1/25/2019 | $25.74 | $20.31 |
| 12/12/2018 | $14.71 | $16.20 | 1/28/2019 | $25.23 | $20.40 |
| 12/13/2018 | $21.00 | $16.39 | 1/29/2019 | $25.23 | $20.49 |
| 12/14/2018 | $21.04 | $16.57 | 1/30/2019 | $25.49 | $20.58 |
| 12/17/2018 | $22.68 | $16.80 | 1/31/2019 | $25.56 | $20.66 |
| 12/18/2018 | $22.95 | $17.02 | 2/1/2019 | $25.65 | $20.75 |
| 12/19/2018 | $24.09 | $17.26 | 2/4/2019 | $25.68 | $20.83 |
| 12/20/2018 | $23.25 | $17.46 | | | |

**TABLE 5**
**Aegean 4.25% Convertible Unsecured Senior Note Value/Price and**
**Average Closing Value/Price**

| Date | Closing Price/Value | Average Closing Price Between November 7, 2018 and Date Shown | Date | Closing Price/Value | Average Closing Price Between November 7, 2018 and Date Shown |
|---|---|---|---|---|---|
| 11/7/2018 | $15.54 | $15.54 | 12/21/2018 | $23.58 | $16.16 |
| 11/8/2018 | $18.30 | $16.92 | 12/24/2018 | $23.58 | $16.39 |
| 11/9/2018 | $18.23 | $17.36 | 12/26/2018 | $23.58 | $16.61 |
| 11/12/2018 | $18.22 | $17.57 | 12/27/2018 | $23.60 | $16.81 |
| 11/13/2018 | $17.72 | $17.60 | 12/28/2018 | $23.59 | $17.01 |
| 11/14/2018 | $17.09 | $17.52 | 12/31/2018 | $23.60 | $17.19 |
| 11/15/2018 | $15.07 | $17.17 | 1/2/2019 | $23.61 | $17.36 |
| 11/16/2018 | $12.48 | $16.58 | 1/3/2019 | $23.60 | $17.53 |
| 11/19/2018 | $12.45 | $16.12 | 1/4/2019 | $23.61 | $17.68 |
| 11/20/2018 | $12.41 | $15.75 | 1/7/2019 | $22.16 | $17.79 |
| 11/21/2018 | $12.28 | $15.44 | 1/8/2019 | $22.09 | $17.90 |
| 11/23/2018 | $12.17 | $15.16 | 1/9/2019 | $22.32 | $18.00 |
| 11/26/2018 | $12.17 | $14.93 | 1/10/2019 | $23.34 | $18.13 |
| 11/27/2018 | $12.13 | $14.73 | 1/11/2019 | $23.29 | $18.25 |
| 11/28/2018 | $12.28 | $14.57 | 1/14/2019 | $23.44 | $18.36 |
| 11/29/2018 | $12.25 | $14.42 | 1/15/2019 | $23.38 | $18.47 |
| 11/30/2018 | $12.52 | $14.31 | 1/16/2019 | $23.38 | $18.57 |
| 12/3/2018 | $13.11 | $14.24 | 1/17/2019 | $23.38 | $18.67 |
| 12/4/2018 | $13.21 | $14.19 | 1/18/2019 | $25.44 | $18.81 |
| 12/6/2018 | $13.54 | $14.16 | 1/22/2019 | $25.09 | $18.94 |
| 12/7/2018 | $13.79 | $14.14 | 1/23/2019 | $25.64 | $19.07 |
| 12/10/2018 | $13.71 | $14.12 | 1/24/2019 | $25.41 | $19.19 |
| 12/11/2018 | $17.51 | $14.27 | 1/25/2019 | $25.20 | $19.30 |
| 12/12/2018 | $17.51 | $14.40 | 1/28/2019 | $25.20 | $19.41 |
| 12/13/2018 | $19.67 | $14.61 | 1/29/2019 | $25.52 | $19.53 |
| 12/14/2018 | $19.73 | $14.81 | 1/30/2019 | $25.06 | $19.62 |
| 12/17/2018 | $21.98 | $15.08 | 1/31/2019 | $25.32 | $19.72 |
| 12/18/2018 | $23.16 | $15.37 | 2/1/2019 | $25.53 | $19.82 |
| 12/19/2018 | $23.52 | $15.65 | 2/4/2019 | $25.44 | $19.92 |
| 12/20/2018 | $23.54 | $15.91 | | | |

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____ ___, 2021

By Order of the Clerk of Court
United States District Court
for the Southern District of New York

# Exhibit A-2

*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173002**
**Milwaukee, WI 53217**
**Toll-Free Number: 1-XXX-XXX-XXXX**
**Settlement Website: www.aegeanPWCsettlement.com**
**Email:  info@aegeanPWCsettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the PwC Greece Net Settlement Fund in connection with a Partial Settlement of *In re Aegean Marine Petroleum Network, Inc. Securities Litigation*, No. 18-Civ-4993-NRB (S.D.N.Y.) (the "Action"), pending in the United States District Court for the Southern District of New York (the "Court"), you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class Mail to the above address, **postmarked no later than _____ , 2022**.

Failure to submit your Claim Form by the date specified will subject your Claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Settling Parties or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN AEGEAN SECURITIES** | **5** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **6** |

## PART I – CLAIMANT INFORMATION

(Please read Part II. General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                            State            Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (day)                          Telephone Number (evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this Claim.)

Account Number (account(s) through which the Securities were traded)[1]

Claimant Account Type (check appropriate box):
☐   Individual (includes joint owner accounts)      ☐   Pension Plan        ☐   Trust

☐   Corporation                                     ☐   Estate

☐   IRA/401K                                        ☐   Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity, you may write "multiple."  Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of Pendency of Class Action and Proposed Partial Settlement, Final Approval Hearing and Application for the Establishment of a Litigation Expense Fund (the "Notice") that accompanies this Claim Form, including the PwC Greece Plan of Allocation set forth in the Notice. The Notice describes the proposed Partial Settlement, how Settlement Class Members are affected by the Partial Settlement and the manner in which the PwC Greece Net Settlement Fund will be distributed if the Partial Settlement and PwC Greece Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all Persons who purchased or otherwise acquired Aegean Marine Petroleum, Inc. (a) ("Aegean") common stock (Tickers: ANW, ANWWQ) (CINS: Y0017S102) ("Common Stock"); (b) Aegean Notes ("Notes"): Aegean 4.00% Convertible Unsecured Senior Notes due 11/1/2018 issued 10/23/2013 (CUSIP: EJ8900817, ISIN: USY0020QAA95) and/or Aegean 4.25% Convertible Unsecured Senior Notes due 12/15/2021 issued 12/19/2016 (CUSIP: 00773VAA4 (CUSIP changed to 00773VAB2 on 2/12/2018), ISIN: US00773VAB27); and/or (c) purchased call option contracts or sold put option contracts on Aegean Common Stock (collectively, "Aegean Securities") during the period between May 17, 2017 through November 5, 2018, inclusive, and were allegedly damaged thereby ("Settlement Class"). Any Person who falls within the definition of the Settlement Class is referred to as a "Settlement Class Member."

3.      Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of Defendants; (b) Persons who have been dismissed from this Action ("Dismissed Defendants"); (c) present or former officers, directors, partners or controlling persons of Aegean, its subsidiaries or its affiliates, any Defendant or any Dismissed Defendant and their immediate family members; (d) the directors' and officers' liability carriers and any affiliates or subsidiaries thereof of any Defendant, Dismissed Defendant or Aegean; (e) any entity in which any Defendant, Dismissed Defendant or Aegean has or has had a controlling interest; and (f) the legal representatives, heirs, estates, agents, successors or assigns of any person or entity described in the preceding categories.  Also excluded from the Settlement Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in the Notice.

4.      If you are not a Settlement Class Member, do not submit a Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Class.  Thus, if you are a Settlement Class Member, the Final Judgment With Prejudice Against PwC Greece will release, and enjoin the filing or continued prosecution of, the Released Claims against the Settling Defendant, Dismissed Defendants PricewaterhouseCoopers International Limited and PricewaterhouseCoopers LLP, and the other Released Parties.

6.      You are eligible to participate in the distribution of the PwC Greece Net Settlement Fund only if you are a member of the Class and if you complete and return this Claim Form as specified herein.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your Claim may be rejected, and you may be precluded from receiving any distribution from the PwC Greece Net Settlement Fund.

7.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Partial Settlement.  The distribution of the PwC Greece Net Settlement Fund will be governed by the PwC Greece Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of Aegean Securities.  On the Schedule of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Aegean Securities, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.

9.      Please note:  To be eligible to receive a distribution under the PwC Greece Plan of Allocation, you must be a Settlement Class Member and have purchased or otherwise acquired Aegean Securities (or sold Aegean put options) between May 17, 2017 and November 5, 2018, inclusive.[2]

10.      You are required to submit genuine and sufficient documentation for all of your transactions and holdings of Aegean Securities  set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Settling Parties and the Claims Administrator do not independently have information about your investments in Aegean Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not**

---

[2] Any transactions in the Aegean Securities executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

highlight any portion of the Claim Form or any supporting documents.

11.     **One Claim Form should be submitted for each separate legal entity or separately managed account**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA holdings and transactions with holdings and transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Aegean Securities made on behalf of a single beneficial owner.

12.     All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired Aegean Securities (or sold Aegean put options) and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired Aegean Securities (or sold Aegean put options) and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)     expressly state the capacity in which they are acting;

    (b)     identify the name, account number, Social Security Number (or Taxpayer Identification Number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Aegean Securities; and

    (c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.     By submitting a signed Claim Form, you will be swearing that you:

    (a)     own(ed) the Aegean Securities you have listed in the Claim Form; or

    (b)     are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

16.     If the Court approves the Partial Settlement, payment of the PwC Greece Net Settlement Fund generated by the Partial Settlement will be delayed until such time as there are additional funds available for distribution or a determination is made that no further funds will be available for distribution to the Class.  Thus, the PwC Greece Net Settlement Fund will not be distributed until a later date, such as after the Partial Settlement becomes final and after the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants.  Additionally, all payments to eligible Authorized Claimants pursuant to the PwC Greece Plan of Allocation (or such other plan of allocation as the Court approves at a later time) will be made after the completion of all Claims processing.  This could take substantial time.  Please be patient.

17.     PLEASE NOTE:  As set forth in the PwC Greece Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the PwC Greece Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., by email at info@aegeanPWCsettlement.com , or by toll-free phone at 1-XXX--XXX-XXXX, or you may download the documents from the Settlement website, www.aegeanPWCsettlement.com.

19.     NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.aegeanPWCsettlement.com, or you may email the Claims Administrator's electronic filing department at info@aegeanPWCsettlement.com .  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your Claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@aegeanPWCsettlement.com  to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS.**

**IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT 1-XXX-XXX-XXXX.**

### PART III – SCHEDULE OF TRANSACTIONS IN AEGEAN SECURITIES

Complete this Part III if, and only if, you purchased or otherwise acquired Aegean Securities (or sold Aegean put options) during the period May 17, 2018 and November 5, 2018, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than the following Aegean Securities: (i) Aegean common stock; (ii) Aegean  4.00% Convertible Unsecured Senior Notes (the "4.00% Notes");[3]  (iii) Aegean 4.25% Convertible Unsecured Senior Notes (the "4.25% Notes") and/or (iv) purchased call option contracts or sold put option contracts on Aegean Common Stock (collectively referred to as the "Aegean Securities") after PwC Greece issued its Audit Opinion on May 16, 2017, but within the Settlement Class Period.[4]

### SCHEDULE OF TRANSACTIONS IN AEGEAN COMMON STOCK

**1.  HOLDINGS OF AEGEAN COMMON STOCK AS OF FEBRUARY 26, 2014**– State the total number of shares of Aegean common stock (Tickers: ANW, ANWWQ) currently held as of the close of trading on February 26, 2014.  (Must be documented.)  If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS OF AEGEAN COMMON STOCK FROM FEBRUARY 27, 2014 THROUGH FEBRUARY 4, 2019** – Separately list each and every purchase/acquisition of Aegean common stock (Tickers: ANW, ANWWQ) made from after the opening of trading on February 27, 2014, through and including the close of trading on February 4, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**3.  SALES OF AEGEAN COMMON STOCK FROM FEBRUARY 27, 2014 THROUGH FEBRUARY 4, 2019** – Separately list each and every sale/disposition of Aegean common stock (Tickers: ANW, ANWWQ) that were purchased or otherwise acquired from after the opening of trading on February 27, 2014, through and including the close of trading on February 4, 2019.  (Must be documented.)

IF NONE, CHECK HERE:  ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

---

[3] The CUSIP number for the 4.00% Notes is: EJ8900817.

[4] The CUSIP number for the 4.25% Notes is: 00773VAB2. Prior to February 12, 2018, the CUSIP number for the 4.25% Notes was: 00773VAA4.

**4. HOLDINGS OF AEGAN COMMON STOCK AS OF FEBRUARY 4, 2019 –** State the total number of shares of Aegean common stock (Tickers: ANW, ANWWQ) currently held as of the close of trading on February 4, 2019.  (Must be documented.)  If none, write "zero" or "0."

---

### SCHEDULE OF TRANSACTIONS IN AEGEAN 4.00% NOTES

**5. HOLDINGS OF AEGEAN 4.00% NOTES AS OF FEBRUARY 26, 2014–** State the total number of $100 par Aegean 4.00% Notes (CUSIP: EJ8900817) currently held as of the close of trading on February 26, 2014.  (Must be documented.)  If none, write "zero" or "0."

**6. PURCHASES/ACQUISITIONS OF AEGEAN 4.00% NOTES FROM FEBRUARY 27, 2014 THROUGH FEBRUARY 4, 2019** – Separately list each and every purchase/acquisition of Aegean 100 par 4.00% Notes (CUSIP: EJ8900817)) made from after the opening of trading on February 27, 2014, through and including the close of trading on February 4, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of 100 Par Notes Purchased/ Acquired | Purchase/Acquisition Price Per Note | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /  / | | $ | $ |
| /  / | | $ | $ |
| /  / | | $ | $ |
| /  / | | $ | $ |

**7. SALES OF AEGEAN 4.00% NOTES FROM FEBRUARY 27, 2014 THROUGH FEBRUARY 4, 2019–** Separately list each and every sale/disposition of $100 par Aegean 4.00% Notes (CUSIP: EJ8900817) that were purchased or otherwise acquired from after the opening of trading on February 27, 2014, through and including the close of trading on February 4, 2019.  (Must be documented.)

**IF NONE, CHECK HERE:** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /  / | | $ | $ |
| /  / | | $ | $ |
| /  / | | $ | $ |
| /  / | | $ | $ |

**8. HOLDINGS OF AEGEAN 4.00% NOTES AS OF FEBRUARY 4, 2019 –** State the total number of $100 par Aegean 4.00% Notes (CUSIP: EJ8900817) currently held as of the close of trading on February 4, 2019.  (Must be documented.)  If none, write "zero" or "0."

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX. ☐**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED.**

**SCHEDULE OF TRANSACTIONS IN AEGEAN 4.25% NOTES**

**9. HOLDINGS OF AEGEAN 4.25% NOTES AS OF FEBRUARY 26, 2014**– State the total number of $100 par Aegean 4.25% Notes (CUSIPs: 00773VAB2, 00773VAA4 (prior to February 12, 2018)) currently held as of the close of trading on February 26, 2014. (Must be documented.)  If none, write "zero" or "0."

**10. PURCHASES/ACQUISITIONS OF AEGEAN 4.25% NOTES FROM FEBRUARY 27, 2014 THROUGH FEBRUARY 4, 2019** – Separately list each and every purchase/acquisition of Aegean $100 par 4.25% Notes (CUSIPs: 00773VAB2, 00773VAA4 (prior to February 12, 2018)) made from after the opening of trading on February 27, 2014, through and including the close of trading on February 4, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of 100 Par Notes Purchased/ Acquired | Purchase/Acquisition Price Per Note | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**11.  SALES OF AEGEAN 4.25% NOTES FROM FEBRUARY 27, 2014 THROUGH FEBRUARY 4, 2019**– Separately list each and every sale/disposition of $100 par Aegean 4.25% Notes (CUSIPs: 00773VAB2, 00773VAA4 (prior to February 12, 2018)) that were purchased or otherwise acquired from after the opening of trading on February 27, 2014, through and including the close of trading on February 4, 2019.  (Must be documented.)

**IF NONE, CHECK HERE:** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Notes Sold | Sale Price Per Note | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**12.  HOLDINGS OF AEGEAN 4.25% NOTES AS OF FEBRUARY 4, 2019**– State the total number of $100 par Aegean 4.25% Notes (CUSIPs: 00773VAB2, 00773VAA4 (prior to February 12, 2018)) currently held as of the close of trading on February 4, 2019.  (Must be documented.)  If none, write "zero" or "0."

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX.** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL _NOT_ BE REVIEWED.**

**SCHEDULE OF TRANSACTIONS IN AEGEAN CALL OPTIONS**

| **13. HOLDINGS OF CALL OPTION CONTRACTS ON AEGEAN COMMON STOCK** – Separately list each Aegean Call Option held as of the close of trading on February 26, 2014.  (Must be documented.)  If none, write "zero" or "0." | | **IF NONE, CHECK HERE** ☐ |
|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | /    / | |
| $ | /    / | |

**14.   PURCHASES/ACQUISITIONS OF AEGEAN CALL OPTION CONTRACTS** – Separately list each and every purchase/acquisition (including free receipts) of Aegean Call Option contracts from after the opening of trading on February 27, 2014, through and including the expiration date of any Aegean Call Option contracts that you held long as of the close of trading on February 4, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/ Day/Year) | Number of Call Option Contracts Purchased/ Acquired | Purchase Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|
| /    / | $ | /    / | | $ | $ | | /    / |
| /    / | $ | /    / | | $ | $ | | /    / |

**15. SALES OF AEGEAN CALL OPTION CONTRACTS** – Separately list each and every sale/disposition (including free deliveries) of Aegean Call Option contracts from after the opening of trading on February 27, 2014, through and including the expiration date of any Aegean Call Option contracts that you held long as of the close of trading on February 4, 2019.  (Must be documented.) | | | | **IF NONE, CHECK HERE** ☐

| Date of Sale (Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/ Day/Year) | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|
| /    / | $ | /    / | | $ | $ |
| /    / | $ | /    / | | $ | $ |

**16. ENDING HOLDINGS OF AEGEAN CALL OPTION CONTRACTS** – Separately list each Aegean Call Option held as of the close of trading on February 4, 2019.  (Must be documented.)  If none, write "zero" or "0." | | **IF NONE, CHECK HERE** ☐

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|
| $ | /    / | |
| $ | /    / | |

**SCHEDULE OF TRANSACTIONS IN AEGEAN PUT OPTIONS**

| 17. HOLDINGS OF PUT OPTION CONTRACTS ON AEGEAN COMMON STOCK – Separately list each Aegean Put Option held as of the close of trading on February 26, 2014. (Must be documented.) If none, write "zero" or "0." | | IF NONE, CHECK HERE ☐ |
|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | /   / | |
| $ | /   / | |

**B. SALES (WRITING) OF AEGEAN PUT OPTIONS** – Separately list each and every sale (writing) (including free deliveries) of Aegean Put Option contracts from after opening of trading on February 27, 2014, through and including the expiration date of Aegean Put Option contracts that you held a short position in as of the close of trading on February 4, 2019. (Must be documented.)

| Date of Sale (Writing) (Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised/ Assigned<br><br>Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|
| /   / | $ | /   / | | $ | $ | | /   / |
| /   / | $ | /   / | | $ | $ | | /   / |

| C. PURCHASES/ACQUISITIONS OF AEGEAN PUT OPTIONS – Separately list each and every purchase/acquisition (including free receipts) of Aegean Put Option contracts from after opening of trading on February 27, 2014, through and including the expiration date of any Aegean Put Option contracts that you held a short position in as of the close of trading on February 4, 2019. (Must be documented.) | | | | | IF NONE, CHECK HERE ☐ |
|---|---|---|---|---|---|
| Date of Purchase/ Acquisition (Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/ Day/Year) | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| /   / | $ | /   / | | $ | $ |
| /   / | $ | /   / | | $ | $ |

| D. ENDING HOLDINGS – Separately list all positions Aegean Put Option contracts that you had a short position in as of the close of trading on February 4, 2019, in which you had an open interest as of the expiration date. (Must be documented.) | | IF NONE, CHECK HERE ☐ |
|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | /   / | |
| $ | /   / | |

### PART VI – RELEASE OF CLAIMS AND SIGNATURE

***YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE XX OF THIS CLAIM FORM.***

I (we) hereby acknowledge that, as of the Effective Date of the Partial Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Final Judgment With Prejudice Against PwC Greece shall have, fully, finally, and forever released, relinquished and discharged all Plaintiffs' Released Claims (as defined in the Stipulation and in the Notice) against the Settling Defendant, Dismissed Defendants PricewaterhouseCoopers International Limited and PricewaterhouseCoopers LLP**,** and the other Released Parties (as defined in the Stipulation and in the Notice), whether served or unserved with any complaint in the Action, and shall have covenanted not to sue the Settling Defendant and/or Released Parties with respect to any such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claims, either directly, representatively, derivatively or in any other capacity, against any of the Settling Defendant or the Released Parties.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the PwC Greece Plan of Allocation;

2.      that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 3 of this Claim Form;

3.      that I (we) own(ed) Aegean Common Stock and/or Notes and have not assigned the claim against the Settling Defendant, PricewaterhouseCoopers International Limited**,** PricewaterhouseCoopers LLP, or the other Released Parties to another or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of Aegean Common Stock and/or Notes and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

7.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the Claim made by this Claim Form;

8.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Claimant                                                              Date

_____
Print your name here

_____
Signature of joint Claimant, if any                                           Date

_____
Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of Claimant                    Date

_____
Print your name here

**Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, *etc*.  (Must provide evidence of authority to act on behalf of Claimant – *see* paragraph 13 on page 4 of this Claim Form.)**

## REMINDER CHECKLIST:

1.    Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.
2.    Remember to attach only **copies** of acceptable supporting documentation, as these documents will not be returned to you.
3.    Please do not highlight any portion of the Claim Form or any supporting documents.
4.    Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.
5.    Keep copies of the completed Claim Form and documentation for your own records.
6.    The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your Claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-XXX-XXX-XXXX.**
7.    If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.
8.    If **you** have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@aegeanPWCsettlement.com , toll-free at 1-XXX-XXX-XXXX, or visit www.aegeanPWCsettlement.com .

Please DO NOT call the Settling Defendant or any of the other Defendants or their counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2022**, ADDRESSED AS FOLLOWS:

*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted if a postmark date on or before _____, 2022 is indicated on the envelope and it is mailed First-Class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

        You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

*This Page Left Intentionally Blank*

*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217

**COURT-APPROVED NOTICE REGARDING**
*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*

Exhibit A-3

EXHIBIT A-3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AEGEAN MARINE | ) Case No. 1:18-cv-04993 (NRB) |
| PETROLEUM NETWORK, INC. | ) |
| SECURITIES LITIGATION | ) Hon. Naomi Reice Buchwald |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND
PROPOSED PARTIAL SETTLEMENT, FINAL APPROVAL HEARING
AND APPLICATION FOR THE ESTABLISHMENT OF A LITIGATION EXPENSE FUND**

**TO:  All Persons who purchased or otherwise acquired Aegean Marine Petroleum Network, Inc.
("Aegean") securities or sold Aegean put options between February 27, 2014 through November 5,
2018, inclusive (the "Settlement Class Period").  The securities subject to this Partial Settlement
consist of: (a) the common stock of Aegean (Tickers: ANWWQ; CINS: Y0017S102) (pre-
bankruptcy Aegean traded under the ticker "ANW"); (b) Aegean 4.00% Convertible Unsecured
Senior Notes due 11/1/2018, issued 10/23/2013 (CUSIP: EJ8900817; ISIN: USY0020QAA95);
(c) Aegean 4.25% Convertible Unsecured Senior Notes due 12/15/2021, issued 12/19/2016 (CUSIP:
00773VAA4 (CUSIP changed to 00773VAB2 on 2/12/2018); ISIN: US00773VAB27); (d) Aegean call
options; and (e) Aegean put options (collectively, "Aegean Securities").**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE
PROPOSED PARTIAL SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

PLEASE DO NOT CONTACT THE COURT, AEGEAN OR ANY OTHER DEFENDANT, OR THEIR
COUNSEL, REGARDING THIS NOTICE.

ALL QUESTIONS ABOUT THIS NOTICE, THE PROPOSED PARTIAL SETTLEMENT, OR YOUR
ELIGIBILITY TO PARTICIPATE IN THE PROPOSED SETTLEMENT SHOULD BE DIRECTED TO LEAD
COUNSEL OR THE CLAIMS ADMINISTRATOR, WHOSE CONTACT INFORMATION IS PROVIDED
BELOW. ADDITIONAL INFORMATION ABOUT THE PARTIAL SETTLEMENT IS AVAILABLE ON THE
SETTLEMENT WEBSITE: www.aegeanPWCsettlement.com.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of
the Court, that a Settlement Class in the above-captioned litigation (the "Action") has been preliminarily certified
for the purposes of this proposed Partial Settlement only.

**YOU ARE ALSO NOTIFIED** that Utah Retirement Systems ("Lead Plaintiff"), on behalf of itself and the
proposed Settlement Class, and PricewaterhouseCoopers Auditing Company S.A. ("Settling Defendant" or "PwC
Greece") have reached a proposed Partial Settlement of the Action for $14,900,000 in cash (the "Settlement
Amount"), that, if approved, will resolve all claims against PwC Greece in the Action (the "Partial Settlement").

A hearing (the "Final Approval Hearing") will be held before the Honorable Naomi Reice Buchwald, United
States District Judge for the United States District Court for the Southern District of New York, either
telephonically, via video conference, or at 500 Pearl Street, Courtroom 21-A, New York, New York, 10007 on
[TO BE INSERTED], to, among other things, determine whether: (i) the proposed Partial Settlement should be
approved by the Court as fair, reasonable and adequate; (ii) the Action should be dismissed with prejudice against

EXHIBIT A-3

the Settling Defendant and final judgment entered as to the claims against Settling Defendant and dismissed defendants PricewaterhouseCoopers International Limited and PricewaterhouseCoopers LLP, as set forth in the Stipulation and Agreement of Partial Settlement ("Stipulation"), dated November 9, 2021; (iii) the proposed PwC Greece Plan of Allocation for distribution of the PwC Greece Settlement Fund and any interest earned thereon, less Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorneys' fees awarded by the Court, and any other costs, expenses, or amounts as may be approved by the Court (the "PwC Greece Net Settlement Fund") should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for the establishment of a Litigation Expense Fund should be approved by the Court.  The Court may change the date of the Final Approval Hearing without providing another notice. You do NOT need to attend the Final Approval Hearing in order to receive a distribution from the PwC Greece Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED PARTIAL SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE PWC GREECE NET SETTLEMENT FUND IF YOU PURCHASED OR ACQUIRED AEGEAN SECURITIES AFTER MAY 16, 2017.** If you have not yet received the printed (i) Notice of Pendency of Class Action and Proposed Partial Settlement, Final Approval Hearing and Application For The Establishment of a Litigation Expense Fund ("Notice"), or (ii) the Proof of Claim and Release Form ("Claim Form"), you can obtain a copy of those documents on the settlement website www.aegeanPWCsettlement.com, or by contacting the Claims Administrator:

*In Re Aegean Marine Petroleum Network, Inc. Securities Litigation*
Claims Administrator
c/o [TO BE INSERTED]
———
————

Please refer to the settlement website for more detailed information and to review the Partial Settlement documents. Inquiries may also be made to Lead Counsel:

Nicole Lavallee
BERMAN TABACCO
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
law@bermantabacco.com

The PwC Greece Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any cost and expense reimbursement awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members in accordance with the PwC Greece Plan of Allocation.

If you are a potential Settlement Class Member, but wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice, which can also be found on the settlement website, *postmarked no later than* [TO BE INSERTED].  If you are a potential Settlement Class Member and do not timely exclude yourself from the Settlement Class, you will be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Partial Settlement, PwC Greece Plan of Allocation or Lead Counsel's Application for the establishment of a Litigation Expense Fund must be submitted to the Court in accordance with the instructions set forth in the Notice, ***received no later than*** [TO BE INSERTED], and filed with the Court ***no later than*** [TO BE INSERTED].

DATED: _____          THE HONORABLE NAOMI REICE BUCHWALD
                                         District Judge, United States District Court for the Southern District
                                         of New York

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | )  Case No. 1:18-cv-04993 (NRB) <br> ) <br> )  Hon. Naomi Reice Buchwald <br> ) |

**[PROPOSED] ORDER AND FINAL JUDGMENT WITH PREJUDICE**
**AGAINST PWC GREECE**

This matter came before the Court pursuant to the Order Preliminarily Approving Partial

Settlement and Providing for Notice ("Notice Order") dated _____, 2021 (ECF No. XX), on

the application of the Lead Plaintiff Utah Retirement Systems ("Lead Plaintiff") and Defendant

PricewaterhouseCoopers Auditing Company S.A. ("PwC Greece") to determine (i) whether the

terms and conditions of the Stipulation and Agreement of Partial Settlement, dated November 9,

2021, (the "Stipulation" or the "Partial Settlement") are fair, reasonable and adequate for the

settlement of all claims asserted by Lead Plaintiff on behalf of itself, plaintiffs and the Settlement

Class, against defendant PwC Greece (the "Settling Defendant") in the above-captioned Action,

and should be approved; (ii) whether judgment should be entered dismissing the Action on the

merits and with prejudice in favor of the Settling Defendant and as against all persons or entities

who are members of the Settlement Class herein who have not requested exclusion therefrom; and

(iii) whether final judgment should be entered as to the claims against the Settling Defendant and

Dismissed   Defendants   PricewaterhouseCoopers   International   Limited   and

PricewaterhouseCoopers LLP.

Due and adequate Notice having been given to the Settlement Class as required in said

Notice Order and the Court having considered all papers filed and proceedings had herein and

otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Order and Final Judgment With Prejudice Against PwC Greece ("Order and Final Judgment Against PwC Greece") hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction to enter this Order and Final Judgment Against PwC Greece.  The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      The Court hereby certifies, for settlement purposes only, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All Persons who purchased or otherwise acquired Aegean Marine Petroleum Network, Inc. securities or sold Aegean put options between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of Defendants; (b) Persons who have been dismissed from this Action ("Dismissed Defendants"); (c) present or former officers, directors, partners or controlling persons of Aegean, its subsidiaries or its affiliates, any Defendant or any Dismissed Defendant and their immediate family members; (d) the directors' and officers' liability carriers and any affiliates or subsidiaries thereof of any Defendant, Dismissed Defendant or Aegean; (e) any entity in which any Defendant, Dismissed Defendant or Aegean has or has had a controlling interest; and (f) the legal representatives, heirs, estates, agents, successors or assigns of any person or entity described in the preceding categories.

Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requested exclusion in accordance with the requirements set by the Court.  A copy of the valid exclusions is attached hereto as **Exhibit 1**.

4.      With respect to the Settlement Class, this Court finds, solely for the purposes of the Partial Settlement (and without an adjudication of the merits), that the prerequisites for a class

- 2 -

action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, in that:

> (a)     the number of Settlement Class Members is so numerous that joinder of all members is impracticable;

> (b)     there are questions of law and fact common to the Settlement Class;

> (c)     the claims of Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent;

> (d)     Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class;

> (e)     the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and

> (f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Partial Settlement only, the Court hereby affirms its determination in its Notice Order (at ¶ 4) that Utah Retirement Systems is appointed as Class Representative.

6.     Notice of the pendency of the Action as a class action and of the proposed Partial Settlement was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Partial Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 20 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable

under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7.      Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members, advising them of the Partial Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the Partial Settlement.  Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment Against PwC Greece.

8.      The Court has considered the objection(s) to the Partial Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.  The Court finds and concludes that the objection(s) is/are either without merit and/or is now muted, and is hereby overruled.

9.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Partial Settlement as set forth in the Stipulation, and finds that the Partial Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class Members.  This Court further finds that the Partial Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.  Accordingly, the Partial Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

10.     The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil

Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

11.     The Consolidated Class Action Complaint is hereby dismissed on the merits with prejudice as against the Released Parties only and without costs except for the payments expressly provided for in the Stipulation.

12.     Upon the Effective Date of the Partial Settlement, and as provided in the Stipulation, Lead Plaintiff and all other Settlement Class Members shall be deemed to have, and by operation of this Order and Final Judgment Against PwC Greece, shall have fully, finally and forever released, dismissed and forever discharged the Released Claims against the Released Parties (including Unknown Claims), whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release Form or shares in the PwC Greece Net Settlement Fund, with prejudice and on the merits, without costs to any party.  Claims to enforce the terms of the Stipulation are not released.

13.     Upon the Effective Date of the Partial Settlement, Lead Plaintiff and all other Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Settlement Class Members' Released Claims.

14.     Upon the Effective Date of the Partial Settlement, the Settling Defendant and each of the other Released Parties shall be deemed to have released, dismissed and forever discharged all Released Parties' Claims against Lead Plaintiff and their respective attorneys, and any other Settlement Class Member.

15.     The facts and terms of the Stipulation, including the exhibits thereto, this Order and Final Judgment Against PwC Greece, all negotiations, discussions, drafts and proceedings in connection with the Partial Settlement, and any act performed or document signed in connection with the Partial Settlement:

(a)     shall not be offered or received against the Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiff or the other members of the Settlement Class with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

(b)     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the other members of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff and the other members of the Settlement Class;

(c)     shall not be offered or received against the Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may

be necessary to effectuate the provisions of this Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against the Released Parties, Lead Counsel or Lead Plaintiff or the other members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the PwC Greece Settlement Fund.

16.     The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment Against PwC Greece, over: (a) implementation and enforcement of the Partial Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the PwC Greece Settlement Fund; (c) disposition of the PwC Greece Settlement Fund; (d) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (e) enforcing and administering this Order and Final Judgment Against PwC Greece; (f) enforcing and administering the Stipulation, including any releases and bar orders executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

18.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and reimbursement of costs and expenses application shall in no way disturb or affect this Judgment and shall be considered separate from this Order and Final Judgment Against PwC Greece.

19.     In the event that the Partial Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the PwC Greece Settlement Fund, or any portion thereof, is returned to the Settling Defendant or the insurers who paid on their behalf, then this Order and Final Judgment Against PwC Greece shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Partial Settlement shall not be admissible in any trial of the Action and the parties to the Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately before August 26, 2021; (c) the certification of the Settlement Class, including the findings in paragraph 4 herein, shall be null and void without further Court action; and (d) the balance of the PwC Greece Settlement Fund, less any Notice and Administration Expenses paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be returned in full as provided in the Stipulation.

20.     As a material condition of the Partial Settlement, the Court hereby permanently bars, enjoins and restrains as follows:  Lead Plaintiff and all other Settlement Class Members, on behalf of themselves, their successors and assigns and any other Person claiming (now or in the future) through or on behalf of them (regardless of whether Lead Plaintiff or any such Settlement Class Members ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release, any disbursement from the PwC Greece Settlement Fund), shall be deemed to have, and by operation of the Order and Final Judgment Against PwC Greece, shall have, fully, finally and forever released, relinquished, dismissed and forever discharged all Released Claims (including Unknown Claims) against each and all of the Released Parties, with

prejudice and on the merits, without costs to any party, and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating or in any way participating in the commencement or prosecution, either directly, representatively, derivatively or in any other capacity, of (i) any action or other proceeding, in any forum, asserting any Released Claim against any of the Released Parties, or (ii) any appeal of the portion of the Court's March 29, 2021 order dismissing with prejudice the claims asserted in the Action against PricewaterhouseCoopers International Limited and PricewaterhouseCoopers LLP.  ECF No. 293.

21.     PwC Greece and each of the other Released Parties shall be deemed to have released, dismissed and forever discharged all Released Parties' Claims against Lead Plaintiff, plaintiff's counsel in the Action and any other Settlement Class Member.

22.     As a material condition of the Partial Settlement, the Court hereby permanently bars, enjoins and restrains as follows:

(a)     To the fullest extent permitted by law, all Persons, including without limitation Deloitte Certified Public Accountants, S.A., Dimitris Melissanidis and Spyros Gianniotis, shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions or causes of action for contribution, indemnity or otherwise against the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member regarding the Released Claims (including Unknown Claims), whether arising under state, federal or foreign law as claims, crossclaims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state or foreign

court, or in any arbitration proceeding, administrative agency proceeding, tribunal or any other proceeding or forum.

        (b)     If any final verdict or judgment is obtained by Lead Plaintiff or one or more of the other Settlement Class Members, whether individually or on behalf of a class, against one or more of the Non-Settling Defendants or other Person barred from seeking contribution pursuant to this Stipulation (a "Non-Dismissed Defendant Judgment"), said Judgment shall be reduced, to the extent permitted by applicable law, by the greater of (i) the amount that corresponds to the percentage of responsibility attributed to the Released Parties; and (ii) the gross monetary consideration provided to Lead Plaintiff or other Settlement Class Members pursuant to the Stipulation.

        24.     Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

        23.     There is no just reason for delay in the entry of this Order and Final Judgment Against PwC Greece and immediate entry by the Clerk of the Court is expressly directed.


       **IT IS SO ORDERED.**


DATED: _____        _____

                            THE HONORABLE NAOMI REICE BUCHWALD
                            UNITED STATES DISTRICT JUDGE