

November 15, 2021

**VIA ECF**

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *In re Aegean Marine Petroleum Network, Inc. Securities Litigation*,
       No. 18 Civ. 4993 (NRB)

Dear Judge Buchwald:

Lead Plaintiff respectfully submits this letter in response to defendant Dimitris Melissanidis's November 4, 2021 letter (ECF No. 325) regarding a protective order in this matter.

As an initial matter, Mr. Melissanidis misstates the issue by arguing that Lead Plaintiff "has failed to make a showing of good cause for treating third party records as confidential." No such issue is before the Court. Instead, Lead Plaintiff seeks a protective order that offers the same protections for confidential discovery material produced by nonparties as it does for parties. The parties negotiated a proposed protective order for parties and nonparties that, among other things, provided a mechanism for the designation and treatment of confidential discovery material, including a challenge procedure for any such designations with the burden on the party seeking protection to show that the material is confidential. Then, at the eleventh hour of these negotiations, Mr. Melissanidis insisted that nonparties be excluded from such protections. The reason provided was his assertion that nonparties often over-designate their productions as confidential. This is purely speculative as no nonparty has asserted confidentiality protections here and there is no reason to assume that any nonparty will over-designate here. Lead Plaintiff has no interest in protecting discovery material that is not confidential, but only seeks a protective order that will ensure the complete and efficient production of discovery materials by nonparties by affording them the same protections that even Mr. Melissanidis agrees should be afforded to the parties for confidential discovery material.[1]

In his October 15, 2021 letter to Your Honor and during the November 1, 2021 teleconference before Your Honor, counsel for Mr. Melissanidis acknowledged that his reason for wanting to exclude nonparties from a

---

[1] Indeed, the cases upon which Mr. Melissanidis relies in his November 4, 2021 letter, in support of his speculative theory that nonparties will over-designate discovery materials as confidential, all involve disputes regarding designations by **parties** and ***none involved a party seeking to preemptively address speculative over-designation like Melissanidis is doing here***. See *Minter v. Wells Fargo Bank, N.A.,* No. WMN-07-3442, 2010 WL 5418910, at *7 (D. Md. Dec. 23, 2010); *Containment Techs. Grp., Inc. v. Am. Soc. of Health Sys. Pharmacists,* 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944–45 (2d Cir. 1983).

Hon. Naomi Reice Buchwald
November 15, 2021
Page 2 of 3

protective order is that he wants to be able to use any nonparty discovery obtained in this case in other litigation against him – particularly in foreign litigation where discovery is less permissive than here. During the teleconference, Your Honor indicated that it was inclined to enter Lead Plaintiff's proposed protective order submitted with its October 8, 2021 letter which does not exclude nonparties from protections for confidential discovery material. Your Honor further indicated that it was inclined to reject Mr. Melissanidis's position that this Court should assist him in obtaining discovery for use in other litigation in which he is involved, but invited Mr. Melissanidis to submit case law in support of his argument.

In response, Mr. Melissanidis submitted his November 4, 2021 letter which repeatedly makes the very same arguments Your Honor rejected during the teleconference and threatens speculative time-consuming confidentiality challenges – challenges which Your Honor expressly discouraged during the teleconference. Moreover, the letter does not include any caselaw supporting Mr. Melissanidis's contention that it is this Court's job to assist him in discovery in other litigation. In his letter, Mr. Melissanidis relies on *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 18-19 (2d Cir. 1992), the same case that counsel for Mr. Melissanidis cited during the teleconference. However, this case actually supports Lead Plaintiff's position as it demonstrates that U.S. courts will not allow parties to manipulate U.S. federal litigation to impact discovery in foreign litigation. In *Dove*, Dove moved for a protective order preventing Atlantic, the requesting party, from using **any** discovery material produced in the pending case by Dove in litigation pending in the United Kingdom, which has less permissive discovery rules. Moreover, Dove did not assert that any discovery produced by it would be confidential. Instead, Dove argued that, without a protective order from the U.S. court dictating the use of said discovery in a foreign action, he would be subject to unequal discovery in the United Kingdom. The Second Circuit affirmed the lower court's determination that this was not sufficient "good cause" for a protective order where the discovery sought was relevant to the federal litigation and not sought as a way of exploiting liberal discovery rules in federal actions.

*Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 76 (S.D.N.Y. 2010) is also unavailing as it simply involved a practical solution to avoid duplicative production. *Duling* involved an employment class action where plaintiff's counsel represented plaintiffs in several other employment actions against the same defendant and the court had issued an order providing that "to the extent ***responsive*** documents have been produced to plaintiffs' counsel in other litigations, the documents need not be produced a second time so long as responsive documents produced in other litigations are expressly identified by defendants in a clear, unambiguous manner." *Id* at 75 (emphasis in original). Thus, consistent with that order, the court in *Duling* merely "permit[ted] plaintiffs and their counsel to use the personnel files produced [**by defendants**] in [that] action in other actions they have brought or may bring in the future against Gristede's, **but only to the extent that the files would also be discoverable in such other litigation**." *Id*. at 77 (emphasis added). Mr. Melissanidis's remaining cases which, among other things, do not involve **nonparty** productions **nor any assertions of confidentiality**, are also of no import here. ECF No. 325 at 2-3 citing *Williams v. Johnson & Johnson*, 50 F.R.D. 31, 32 (S.D.N.Y. 1970); *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 597 (7th Cir. 1978); *Cipollone v. Liggett Grp., Inc.*, 113 F.R.D. 86, 91 (D.N.J. 1986) (magistrate's protective order prohibiting **nonconfidential discovery materials** from being disclosed to public or to plaintiffs in similar litigation was reversed).

Finally, Mr. Melissanidis makes the alternative argument that, if Your Honor includes protection for confidential discovery materials produced by nonparties in the protective order, the protective order should include language that allows such confidential discovery material to be used in other actions with the same confidentiality protections it would be afforded in this action. As Your Honor correctly noted during the teleconference, such other litigation against Mr. Melissanidis is not the concern of the Court here, it is not

Hon. Naomi Reice Buchwald
November 15, 2021
Page 3 of 3

the role of the Court here to provide Mr. Melissanidis with discovery for use in foreign actions, and any protective order here has no impact on the treatment of discovery in other litigation.  Indeed, by seeking this language, Mr. Melissanidis is improperly requesting Your Honor to issue an advisory opinion regarding the treatment of hypothetical confidential discovery materials in another forum and jurisdiction.  *See Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 525 (2d Cir. 2001) ("An Article III federal court ... has no jurisdiction to render advisory opinions.").

As such, Lead Plaintiff respectfully requests that Your Honor enter the proposed Protective Order attached as Exhibit A to Lead Plaintiff's October 8, 2021 letter to the Court (ECF No. 315-1).

Respectfully submitted,

**BERMAN TABACCO**

By:  */s/ Kristin J. Moody*
     Kristin J. Moody (admitted *pro hac vice*)

Joseph J. Tabacco, Jr. (JT1994)
Nicole Lavallee (admitted *pro hac vice*)
Christopher T Heffelfinger (admitted *pro hac vice*)
A. Chowning Poppler (admitted *pro hac vice*)

*Counsel for Lead Plaintiff*
*Utah Retirement Systems*