UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 1:18-cv-04993 (NRB)

Hon. Naomi Reice Buchwald

## [PROPOSED] PROTECTIVE ORDER

Following efforts by the Parties to reach a Stipulated Protective Order, and it appearing to the Court that an impasse has been reached, the Court enters this protective order governing the use of documents and testimony obtained in connection with the above-captioned lawsuit (the "Action"):

1.  The terms and conditions of this Protective Order shall govern the production, handling, and filing of all information, documents,[1] testimony, or other things that are subject to discovery in this action (collectively, "Discovery Materials") that contain proprietary, confidential, trade secret, or commercially sensitive information, as well as any copies, excerpts, summaries, derivations or compilations of any of the foregoing contained in any pleadings, reports, discovery responses, correspondence, documents or things.

---

[1] The term "document" shall be defined to the broadest extent permitted by law, including all materials described in Federal Rule of Evidence 1001(1) – (4) and/or Rule 34(a)(1)(A) or (B). Without limitation, "document" includes: papers, contracts, notes, memoranda, correspondence, letters, statements, invoices, reports, data, studies, records, photographs, diaries, tapes, e-mail, and all other written, printed, recorded, or other tangible matter, whether in paper or electronic form.

1

2. As used herein, "Producing Party" shall refer to any party, including non-parties to this action, who discloses and/or produces any Discovery Materials in this action. "Receiving Party" shall refer to any party that receives Discovery Materials from a Producing Party in this action.

3. If a Producing Party determines in good faith that Discovery Materials contain or reflect information received in confidence from non-parties and/or confidential research, development, or commercial information for which there exists a good-faith claim of protection from disclosure under applicable federal law, the Producing Party may designate such Discovery Materials as "Confidential" for protection under this Order by stamping, placing, or affixing on such Discovery Materials in a manner, which will not interfere with its legibility, the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential Information"). If a Producing Party determines in good faith that Discovery Materials contain or reflect highly sensitive business or non-public personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Producing Party, the Producing Party may designate such Discovery Materials as "Highly Confidential" for protection under this Order by stamping, placing, or affixing on such Discovery Materials in a manner, which will not interfere with its legibility, the following or similar legend: "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" (hereinafter "Highly Confidential Information"). Such legends shall be marked on every page or thing for which protection under the designation is sought, or by any other method agreed to in writing by counsel for the Producing Party and Receiving Party.

4. (a) Nothing in this Protective Order operates either as a waiver or relinquishment of a right by any party to assert application of the European Union's General Data Protection Regulation ("GDPR") or other applicable foreign data privacy laws, including Greek data privacy laws (collectively, "Privacy Laws") or any party's assertion of any purported obligations under such Privacy Laws, nor does this Protective Order operate as a waiver or relinquishment by any party to contend that such Privacy Laws do not apply to the discovery sought or as a waiver or relinquishment by any party to object to any party's assertion of their purported obligations under such Privacy Laws.

(b) This Protective Order does not address, and leaves to a later date, for resolution, if necessary, the following issues: (1) Defendants' position that this Protective Order (a) does not absolve the Parties or any nonparties of any obligations they have to comply with the Privacy Laws, or (b) supersedes any provisions in the Privacy Laws; (2) Defendants' position that the Parties or nonparties remain obligated to comply with all applicable laws, including the Privacy Laws, and indeed, that additional measures to protect against the disclosure and/or improper transfer of private information, beyond execution of this Protective Order, will be necessary to ensure compliance with the Privacy Laws; and (3) Lead Plaintiff's disagreement with Defendants' positions regarding the applicability of foreign laws in the U.S. forum and its reservation of rights to object to the applicability of any foreign laws, including foreign Privacy Laws.

5. All Confidential or Highly Confidential Information shall be used by the Receiving Party solely for purposes of the prosecution or defense of this action, shall not be used by the Receiving Party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraph 6 and Paragraph 7, respectively, unless and until the restrictions herein are removed

either by written agreement of counsel for the Parties/Producing Party, or by order of the Court. In addition, nothing in this Order shall prevent any Producing Party from using or disclosing its own Confidential or Highly Confidential Information (including deposition, hearing, or trial testimony offered by that party and/or its officers, directors, or employees) as it deems appropriate.

6. Confidential Information and the contents of Confidential Information may be disclosed only to the following individuals under the following conditions:

   a. The Parties' outside legal counsel and their employees who are directly assisting such counsel in the preparation of this Action, and are under the supervision or control of such legal counsel, and who have been advised of their obligations hereunder;

   b. The Parties' in-house legal counsel who are providing assistance in this Action and who have been advised of their obligations hereunder;

   c. The Parties' expert witnesses or consultants retained by outside counsel for purposes of this Action, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   d. Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

   e. The Court and court personnel, any appellate court in this Action, and jurors, prospective jurors, and alternate jurors in this Action;

   f. Any special master, mediator or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in this Action;

4

g.  A designated corporate officer of a corporate or organizational Party; to the extent in-house counsel or outside counsel for the Receiving Party determines in good faith that the assistance of the designated officer is reasonably necessary to the conduct of this Action, for the sole purpose of assisting with this Action, and provided that such persons have signed the non-disclose agreement in the form attached hereto as in Exhibit A;

h.  In the case of Parties that are corporations, other business entities, or a governmental body, Parties include executives, officials, or members of a board of directors or other governing board who are required to participate in decisions with reference to this Action;

i.  Any deponent, witness, or prospective witness (and counsel for any such witness) in the Action may be shown or examined on any information, document, or thing designated Confidential if it appears from the document or metadata that the witness authored or received a copy of it, was referenced in the document, was involved in the subject matter described therein or is employed by the Producing Party if the Producing Party consents to such disclosure;

j.  Court reporters and their staff;

k.  Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings in the Action, including, but not limited to, litigation support personnel, jury consultants (including mock jurors), individuals to prepare demonstrative and audiovisual aids for use in the courtroom or depositions or mock jury sessions, as well as their staff,

5

|   |   |   |
|---|---|---|
|   |   | stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A; and |
|   | l. | Such other persons as counsel for the Producing Party agrees in advance or as Ordered by the Court. |

7. Highly Confidential Information and the contents of Highly Confidential Information may be disclosed only to the following individuals under the following conditions:

    a. The Parties' outside legal counsel and their employees who are directly assisting such counsel in the preparation of this Action, and are under the supervision or control of such legal counsel, and who have been advised of their obligations hereunder;

    b. The Parties' in-house legal counsel who are providing assistance in this Action and who have been advised of their obligations hereunder;

    c. Outside experts or consultants retained by outside counsel for purposes of this Action, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    d. Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

    e. The Court and court personnel, any appellate court in this Action, and jurors, prospective jurors, and alternate jurors in this Action;

    f. Any special master, mediator or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in this Action;

g.  A designated corporate officer of a corporate or organizational Party; to the extent in-house counsel or outside counsel for the Receiving Party determines in good faith that the assistance of the designated officer is reasonably necessary to the conduct of this Action, for the sole purpose of assisting with this Action, and provided that such persons have signed the non-disclose agreement in the form attached hereto as in Exhibit A;

h.  In the case of Parties that are corporations, other business entities, or a governmental body, Parties include executives, officials, or members of a board of directors or other governing board who are required to participate in decisions with reference to this Action;

i.  Any person for whom noticed testimony is taken in this Action;

j.  Any witness, or prospective witness (and counsel for any such witness) may be shown or examined on any information, document, or thing designated Highly Confidential if it appears from the document or metadata that the witness authored or received a copy of it, or if the Producing Party consents to such disclosure, but a person identified solely in this subparagraph may not be permitted to retain copies of any Highly Confidential Information;

k.  Any deponent (and counsel for any such deponent) may be shown or examined on any information, document, or thing designated Highly Confidential if it appears that the deponent authored or received a copy of it, was referenced in the document, was involved in the subject matter

<table>
<tr><td></td><td>described therein or is employed by Producing Party, if the Producing Party consents to such disclosure; and</td></tr>
<tr><td>l.</td><td>Court reporters and their staff;</td></tr>
<tr><td>m.</td><td>Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings in the Action, including, but not limited to, litigation support personnel, jury consultants (including mock jurors), individuals to prepare demonstrative and audiovisual aids for use in the courtroom or depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;</td></tr>
<tr><td>n.</td><td>Any author, addressees or recipients, or any other person who has assessed the document in the course of his or her employment; and</td></tr>
<tr><td>o.</td><td>Such other persons as counsel for the Producing Party agrees in advance or as ordered by the Court.</td></tr>
</table>

8. Confidential or Highly Confidential Information shall be used only by individuals permitted access to it under Paragraph 6 or Paragraph 7, respectively. Confidential or Highly Confidential Information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) the Producing Party asserting confidentiality consents; or (b) the Court orders such disclosure.

9. With respect to any depositions that may involve disclosure of Confidential or Highly Confidential Information, the Producing Party may, on the record at a deposition, or within thirty (30) days after receipt of the deposition transcript, inform all other Parties which

Case 1:18-cv-04993-NRB Document 335-1 Filed 10/07/21 Page 89 of 156

8

portions of the transcript are to be designated Confidential. This time period may be extended by agreement of the Producing Party/Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 6 or 7 above, as applicable, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 6 or 7 above, as applicable, during said thirty (30) days. Upon informing all Parties of the portions of a deposition that are to be designated as Confidential or Highly Confidential Information, the Producing Party shall notify the court reporter of those designations and shall be responsible for ensuring that, within seven (7) days, the court reporter circulates a copy of the transcript with a cover that contains a prominent notice that the transcript contains Confidential or Highly Confidential Information and an index noting the page and line references of any such designations.

10. If the Parties receiving documents or information designated as Confidential or Highly Confidential Information object to such designation, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the Producing Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. The Producing Party shall respond in writing to such objection within seven (7) days and shall state with particularity the grounds for asserting that the document or information is Confidential or Highly Confidential Information. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the Producing Party makes a timely response to the objection asserting the

> propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b.    If a dispute as to a Confidential or Highly Confidential designation of a document or item of information cannot be resolved by agreement, the party challenging the designation may file a motion for an order regarding the challenged designation. The party seeking confidentiality protections has the burden of proof to establish entitlement to such protections. Until the Court rules on the challenge, the material shall be treated pursuant to the Confidential or Highly Confidential designation given to it. A Receiving Party is not obligated to challenge the propriety of a designation at the time it is made, and the failure to do so shall neither preclude a subsequent challenge, nor constitute a waiver or agreement that the designation is appropriate, nor shall it be construed to be an admission that the designation is appropriate.

11.    Parties filing redacted documents or documents under seal will adhere to Federal Rule of Civil Procedure 5.2 as well as the Court's Individual Practices, the Court's Standing Order (*In Re: Electronic Filing Under Seal In Civil And Miscellaneous Cases*, No. 19-mc-00583 (S.D.N.Y. Dec. 19, 2019), and the United States District Court Southern District of New York ECF Rules & Instructions, Section 6 (Feb. 1, 2019), *available at* https://nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%20020119%20Final%20v3%20new%20links.pdf.

12.    If the need arises during trial or at any hearing before the Court for any Party to disclose Confidential or Highly Confidential Information, it may do so only after giving reasonable

notice to the Producing Party or as otherwise directed or approved by the Court. In addition, no fewer than thirty (30) days before the date upon which the Parties are directed to submit a Joint Pretrial Order in this action, the Parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of material previously designated Confidential or Highly Confidential at trial. To the extent the Parties fail to agree on a proposal addressing the use of such material at trial, they may submit alternative proposals to the Court for resolution. The Parties are aware that many Courts in the Southern District of New York are unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Highly Confidential Information that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality, either as to the specific information, document, or thing disclosed, or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential or Highly Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential or Highly Confidential under this Protective Order.

14. Pursuant to Fed. Rule of Evidence 502(d), the inadvertent production of any document in this action, that the Parties/Producing Party later claims should have been withheld on grounds of a privilege, including attorney-client privilege and the work product doctrine

Case 1:18-cv-04993-NRB Document 351 Filed 10/18/21 Page 11 of 15

Case 1:18-cv-04993-NRB  Document 331  Filed 10/08/21  Page 12 of 15
Case 1:18-cv-04993-NRB  Document 356  Filed 11/17/21  Page 23 of 156

(collectively referred to hereinafter as "Disclosed Protected Information"), will not be deemed to waive any privilege or work product protection in this action or in any other federal or state proceeding.  This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15. The party asserting privilege shall notify all recipients in writing of the specific Disclosed Protected Information that has been produced ("Claw-Back Notice").  The Disclosed Protected Information shall either be returned to the party asserting privilege or, if produced in electronic format, reasonable efforts shall be taken to delete or otherwise permanently remove such Disclosed Protected Information from any systems used to house documents, including document review databases, e-rooms, and any other locations that store the Disclosed Protected Information, provided, however, that the party may retain the Disclosed Protected Information until the resolution of any challenge to the claw-back under the procedures set forth in Paragraph 15 below.

16. Independent of the duty of a party to provide a privilege log as required by Federal Rule of Civil Procedure 26(b)(5)(A), the party asserting privilege as a basis for Claw-Back will provide an articulation of the basis for the assertion of privilege to the Receiving Party within (5) business days of sending the Claw-Back Notice.  If the Receiving Party contests the claim of attorney-client privilege or work product protection, the receiving party must within ten (10) days of receiving the articulation of the basis for the privilege concerning the clawed-back information, meet and confer with the party asserting privilege to attempt to resolve the claim of protection with respect to the Disclosed Protected Information.  If resolution cannot be reached, the receiving party

must, within fourteen (14) days of the receipt of the claw-back articulation of the basis for the privilege, move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

17. If a Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged or protected, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may make a determination of whether it wishes to have the document designated as Disclosed Protected Information subject to this Protective Order.

18. If in any proceeding other than this Action, a person or entity should subpoena or otherwise request a Party to produce Confidential or Highly Confidential Information received from another party or non-party, the Party receiving the subpoena or request shall promptly notify the Producing Party in writing. Such notification shall include a copy of the subpoena. The party receiving the subpoena shall also promptly notify in writing the party who caused the subpoena or request to issue in the other litigation that some or all of the material covered by the subpoena or request is subject to this Protective Order. Should the Producing Party seek relief from the subpoena or request, the Party that received the subpoena or request shall not produce the material in question until the matter is resolved by the Producing Party or unless ordered by the Court. The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material.

19. This Protective Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Protective Order is being entered

without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

20. Nothing in this Protective Order is intended, or shall be construed, to prevent any Party or other person from cooperating with any investigation or proceeding conducted by any governmental agency.

21. Within ninety (90) days after final conclusion of all aspects of this Action, including any appeals, upon written request, any Party and all persons who received (or tendered to other person) documents or materials designated for Confidential or Highly Confidential treatment (or any copy thereof) must (i) return such documents and materials to the Producing Party or (ii) certify in writing to counsel to the Producing Party that the Receiving Party or such person(s) has destroyed those documents and materials and the portions of all other material containing Confidential or Highly Confidential Information. Notwithstanding these provisions, counsel shall be permitted to retain copies of court filings, papers served in connection with this action, transcripts (including deposition transcripts), exhibits and work product containing or reflecting Confidential documents or materials. Any retained Confidential or Highly Confidential Information shall continue to be protected under this Order.

**SO ORDERED.**

Dated: __November 17__, 2021     _____

HON. NAOMI REICE BUCHWALD, U.S.D.J.

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | ) ) Case No. 1:18-cv-04993 (NRB) ) ) Hon. Naomi Reice Buchwald ) ) ) ) ) ) ) |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, acknowledge that I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Protective Order. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential or Highly Confidential Information or any words, summaries, abstracts, or indices of Confidential or Highly Confidential Information disclosed to me. I will limit use of Confidential or Highly Confidential Information disclosed to me solely for purpose of this Action. At the conclusion of this Action, I will return all discovery information to the Party or attorney from whom I received it. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____    Printed Name:_____

Signature:_____