# Exhibit 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE AEGEAN MARINE
PETROLEUM NETWORK, INC.
SECURITIES LITIGATION

)
)
)
)
)
)
)
)
)
)

Case No. 1:18-CV-04993 (NRB)

Hon. Naomi Reice Buchwald

## AMENDMENT TO THE PRICEWATERHOUSECOOPERS
## AUDITING COMPANY S.A. STIPULATION AND
## <u>AGREEMENT OF PARTIAL SETTLEMENT DATED NOVEMBER 9, 2021</u>

Whereas, Lead Plaintiff Utah Retirement Systems ("Lead Plaintiff" or "URS") and PricewaterhouseCoopers Auditing Company S.A. ("PwC Greece") entered into a Stipulation and Agreement of Partial Settlement on November 9, 2021 (ECF No. 330-1) (the "PwC Greece Stipulation" or the "PwC Greece Settlement");

Whereas, after November 9, 2021, Lead Plaintiff entered into a partial settlement with Defendant Deloitte Certified Public Accountants, S.A. ("Deloitte Greece") (the "Deloitte Greece Settlement");

Whereas, Lead Plaintiff intends to seek preliminary and final approval of both the PwC Greece Settlement and the Deloitte Greece Settlement;

Whereas, in order to reduce expenses to the Settlement Class and ensure that Notice to the Settlement Class is clear, Lead Plaintiff wishes to provide one combined long form notice, one combined summary notice and one combined proof of claim and release form to the Settlement Class; and

Whereas, Lead Plaintiff intends to seek both an order for distribution of the PwC Greece Settlement Fund and the Deloitte Greece Settlement Fund and an order for attorneys' fees and reimbursement of Litigation Expenses, if and when the Court approves the Partial Settlements with PwC Greece and Deloitte Greece;

NOW THEREFORE, Lead Plaintiff and PwC Greece have agreed to amend the PwC Greece Stipulation (the "Amendment to the PwC Greece Stipulation") as follows:

1.      Exhibits A, A-1, A-2 and A-3 to the November 9, 2021 PwC Greece Stipulation shall be replaced with the Exhibits listed below and attached hereto:

| Exhibit | Description |
|---------|-------------|
| A | [Proposed] Order Preliminarily Approving Partial Settlement With PricewaterhouseCoopers Auditing Company S.A. and Providing For Notice |
| A-1 | Notice of (i) Pendency of Class Action and Proposed Partial Settlements; and (ii) Final Approval Hearing For The Partial Settlements, Plans of Allocation, Motion For Approval of Attorneys' Fees and Reimbursement of Litigation Expenses and Application For The Establishment of a Litigation Expense Fund |
| A-2 | Proof of Claim and Release Form |
| A-3 | Summary Notice of (i) Pendency of Class Action and Proposed Partial Settlements; and (ii) Final Approval Hearing For The Partial Settlements, Plans of Allocation, Motion For Approval of Attorneys' Fees and Reimbursement of Litigation Expenses and Application For The Establishment of a Litigation Expense Fund |

2.      Paragraph 7.5 shall be amended to provide that Lead Counsel may pay up to $300,000 instead of $500,000 from the Escrow Account, without further approval of PwC Greece or the Court as follows:

All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court. Prior to the Effective Date, Counsel may pay up to $300,000 from the Escrow Account, without further approval from the Settling Defendant or further order of the Court, for reasonable Notice and Administration Costs actually incurred. Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Settlement Class Members and

providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  To the extent that Notice and Administration Costs exceed $300,000, they may be paid only pursuant to further Order of the Court.  In the event that the Partial Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to the Settling Defendant or to any insurer or other Person who paid any portion of the PwC Greece Settlement Fund.  The finality of the Partial Settlement shall not be conditioned on any ruling by the Court concerning the PwC Greece Plan of Allocation or any award of attorneys' fees or reimbursement of litigation expenses.  Any order or proceeding relating to a request for approval of the PwC Greece Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Partial Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and Final Judgment and the release of the Released Claims.  There shall be no distribution of any of the PwC Greece Settlement Fund to any Settlement Class Member until the PwC Greece Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

3.      Paragraph 1.35 shall be amended as follows:

"Settlement Class" or "Class" means all Persons who purchased or otherwise acquired Aegean Marine Petroleum Network, Inc. securities or sold Aegean put options between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are:

- 3 -

(a) Defendants and any affiliates or subsidiaries of Defendants; (b) Persons who have been dismissed from this Action ("Dismissed Defendants"); (c) present or former officers, directors, partners or controlling persons as of April 30, 2018 of Aegean, its subsidiaries or its affiliates, any Defendant or any Dismissed Defendants, and their immediate family members; (d) the directors' and officers' liability carriers and any affiliates or subsidiaries thereof of any Defendant, Dismissed Defendant or Aegean; (e) any entity in which any Defendant, Dismissed Defendant or Aegean has or has had a controlling interest; and (f) the legal representatives, heirs, estates, agents, successors or assigns of any person or entity described in the preceding categories.  Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion as approved by the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Amendment to the PwC Greece Stipulation to be executed, by their duly authorized attorneys, dated March 22, 2022.

**BERMAN TABACCO**

_(signature)_
_____
Joseph J. Tabacco, Jr.
Nicole Lavallee
Christopher T. Heffelfinger
Kristin J. Moody
A. Chowning Poppler
Jeffrey V. Rocha
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200

_Counsel for Lead Plaintiff Utah Retirement_
_Systems and Lead Counsel for the Class_

**WILMER CUTLER PICKERING HALE
AND DORR LLP**

_(signature)_
_____
Michael G. Bongiorno
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

Christopher Davies
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6187

_Counsel for Defendant PricewaterhouseCoopers_
_Auditing Company S.A._

# EXHIBIT A

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | ) Case No. 1:18-cv-04993 (NRB) |
| | ) |
| | ) Hon. Naomi Reice Buchwald |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT WITH PRICEWATERHOUSECOOPERS AUDITING COMPANY S.A.**
**AND PROVIDING FOR NOTICE**

EXHIBIT A

**WHEREAS:**

A.      Lead Plaintiff Utah Retirement Systems ("Lead Plaintiff") and defendant PricewaterhouseCoopers Auditing Company S.A. ("PwC Greece" or the "Settling Defendant") have entered into a settlement of the claims asserted in this Action against PwC Greece, the terms of which are set forth in the Stipulation and Agreement of Partial Settlement, dated November 9, 2021 and the Amendment to the PricewaterhouseCoopers Auditing Company S.A. Stipulation and Agreement of Partial Settlement, dated March 22, 2022 (together, the "PwC Greece Stipulation" or the "PwC Greece Settlement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed PwC Greece Settlement of the claims asserted in the Action on the merits and with prejudice as against PwC Greece, and for the entry of final judgment Releasing the PwC Greece Released Claims against PwC Greece and the PwC Greece Released Parties, including Dismissed Defendants PricewaterhouseCoopers International Limited and PricewaterhouseCoopers LLP;

B.      The Court having read and considered the PwC Greece Stipulation and exhibits thereto, including the proposed (i) Notice; (ii) Summary Notice; and (iii) Order and Final Judgment with Prejudice Regarding PwC Greece, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and

C.      The Court preliminarily finds that the proposed PwC Greece Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable and adequate to warrant providing notice of the PwC Greece Settlement to the Settlement Class based on the following:

(1)      Lead Plaintiff and Lead Counsel have adequately represented the class;

(2)     the proposed PwC Greece Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel;

(3)     the relief provided by the PwC Greece Settlement is adequate considering: (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member Claims; (iii) the application for attorneys' fees and reimbursement of Litigation Expenses and the application for the establishment of a Litigation Expense Fund; and (iv) the PwC Greece Supplemental Agreement identified by the parties pursuant Rule 23(e)(3); and

(4)     the PwC Greece Settlement treats Settlement Class Members equitably relative to each other and to the claims against PwC Greece.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     The Court, for purposes of this Order, adopts all defined terms as set forth in the PwC Greece Stipulation.

2.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this PwC Greece Settlement only, the Action is hereby preliminarily certified as a class action on behalf of:

> all Persons who purchased or otherwise acquired Aegean Marine Petroleum Network, Inc. securities or sold Aegean put options between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.     Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of Defendants; (b) Persons who have been dismissed from this Action ("Dismissed Defendants"); (c) present or former officers, directors, partners or controlling persons as of April 30, 3018 of Aegean, its subsidiaries or its affiliates, any Defendant or any Dismissed Defendant, and their immediate family members; (d) the directors' and officers' liability carriers and any affiliates or subsidiaries thereof of any Defendant, Dismissed Defendant or Aegean; (e) any entity in which any Defendant, Dismissed Defendant or Aegean has or has had a controlling interest; and (f) the legal representatives, heirs, estates, agents, successors or assigns of any person or entity described in the preceding categories.     Also excluded from the Settlement Class is

any Settlement Class Member that validly and timely requests exclusion as approved by the Court.

3.     The Court finds, for the purposes of the proposed PwC Greece Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a)     the number of Settlement Class Members is so numerous that joinder of all members is impracticable.

(b)     there are questions of law and fact common to the Settlement Class;

(c)     the claims of Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent;

(d)     Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class;

(e)     the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and

(f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the PwC Greece Settlement only, Lead Plaintiff Utah Retirement Systems is preliminarily certified as the Class Representative and Lead Counsel Berman Tabacco is preliminarily certified as Class Counsel.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Counsel is authorized to act on behalf of the Class Representative and other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the PwC Greece

EXHIBIT A

Stipulation, including all acts that are reasonably necessary to consummate the proposed PwC Greece Settlement.

6.      The Court preliminarily finds that the PwC Greece Settlement should be approved as: (a) the result of serious, extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed PwC Greece Settlement to Settlement Class Members and further consideration of the PwC Greece Settlement at the final fairness hearing described below.

7.      A final approval hearing shall be held on [DATE TO BE INSERTED], 2022 at [TIME TO BE INSERTED] either via video or teleconference or in person at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21A, New York, New York 10007 (the "Final Approval Hearing") to determine:

(a)      whether the proposed PwC Greece Settlement on the terms and conditions provided for in the PwC Greece Stipulation is fair, reasonable and adequate, and should be approved by the Court;

(b)      whether the Order and Final Judgment with Prejudice Regarding PwC Greece as provided for under the PwC Greece Stipulation should be entered, dismissing the Action as to Settling Defendant, on the merits and with prejudice, and entering final judgment as to the claims against the Settling Defendant and Dismissed Defendants PricewaterhouseCoopers International Limited and PricewaterhouseCoopers LLP;

(c)      whether the release by the Settlement Class of the PwC Greece Released Claims against the PwC Greece Released Parties, as set forth in the PwC Greece Stipulation, should be ordered;

(d)     whether the proposed PwC Greece Plan of Allocation is fair, reasonable and adequate and should be approved;

(f)     whether to approve the application by Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses; and

(g)     whether any application by Lead Counsel for the establishment of a Litigation Expense Fund should be approved; and

(h)     any other matters as the Settling Parties may request or the Court may deem appropriate.

8.     The Court approves the form, substance and requirements of the Notice and the Summary Notice (together, the "Notices"), attached as Exhibits A-1 and A-3 to the PwC Greece Stipulation, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in this Order constitute the best notice practicable under the circumstances, are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and due process, and shall constitute due and sufficient notice to all Persons entitled thereto.

9.     The Court approves the selection of A.B. Data, Ltd. by Lead Counsel as the Claims Administrator.

10.     The Claims Administrator is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Not later than 21 calendar days after entry of this order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release Form ("Claim Form"), substantially in the forms annexed as Exhibits A-1 and A-2

hereto, to be mailed by first-class mail to all Settlement Class Members who can be identified with reasonable effort and posted on its website at www.aegeansecuritieslitigation.com;

 (b) No later than the Notice Date, the Summary Notice, substantially in the form annexed as Exhibit A-3 hereto, shall be published once in the *Investor's Business Daily* and once over a national newswire service; and

 (c) At least 10 calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on PwC Greece's Counsel (defined in paragraph 18 below) and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

11. Settling Defendant shall complete service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. §1715, no later than ten (10) calendar days following the filing of the PwC Greece Stipulation with the Court.

12. To effectuate the provision of notice provided for in paragraph 10 hereof, Lead Counsel or the Claims Administrator shall lease and maintain a post office box of adequate size for the return of relevant mailing.  The Notice shall designate said post office box as the return address for the purposes designated in the Notice.  The Claims Administrator shall be responsible for the receipt of all responses from the Settlement Class and, until further order of the Court, shall preserve all entries of appearance and all other written communications from Settlement Class Members, nominees or any other person or entity in response to the Notices.

13. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired the relevant securities as record owners but not as beneficial owners.  Such nominees who hold or held such securities for beneficial owners who are Settlement Class Members are directed to send

a copy of the Notice to the beneficial owner of the securities postmarked no more than seven (7) calendar days from the date of receipt of the Notice, or to provide the names and addresses of such persons no later than seven (7) calendar days from the date of receipt of the Notice to the Claims Administrator at the address specified in the Notice, who shall promptly send a copy of the Notice to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the PwC Greece Net Settlement Fund.

14.     All fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the PwC Greece Settlement Fund as set forth in the PwC Greece Stipulation, and in no event shall Defendant PwC Greece bear any responsibility for such fees, costs or expenses.  Lead Counsel may pay up to $300,000 from the Escrow Account, without further approval from the Settling Defendant or further order of the Court, for all reasonable Notice and Administration Costs actually incurred.  Such costs and expenses may include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Settlement Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  To the extent that Notice and Administration Costs exceed $300,000, they may be paid only pursuant to further Order of the Court.

15.     Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account, to cause any Taxes or Tax Expenses due and owing to be paid from the Escrow Account without further Order of the Court and to otherwise perform all obligations with respect to Taxes and any reports or filings in respect thereof as contemplated by the PwC Greece Stipulation without further order of the Court.

16.     Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable and whether or not such Settlement Class Members submit Claim Forms or otherwise seek or obtain by any means any distribution from the PwC Greece Net Settlement Fund, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to request exclusion must mail the request in written form to the address designated in the Notice, such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing ("Request for Exclusion").  A Request for Exclusion must state: (a) name; (b) address; (c) telephone number; (d) identity and original face value of any Aegean Securities purchased (or otherwise acquired) or sold; (e) prices or other consideration paid or received for such Aegean Securities during the Settlement Class Period; (f) the date of each purchase or sale transaction; and (g) a statement that the person or entity wishes to be excluded from the Settlement Class.  Any Request for Exclusion must also be signed by the person or entity requesting exclusion.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the PwC Greece Settlement, shall not share in the distribution of the PwC Greece Net Settlement Fund, and shall not be bound by the PwC Greece Settlement or any final judgment.  The Request for Exclusion shall not be effective unless it provides the required information, is made within the time stated above or the exclusion is

otherwise accepted by the Court.  Unless otherwise ordered by the Court, any Person falling within the definition of the Settlement Class who fails to timely request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her or its right to be excluded from the Settlement Class and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

17.     Any person or entity that requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the PwC Greece Net Settlement Fund as described in the PwC Greece Stipulation and Notice.

18.     Any member of the Settlement Class who has not requested exclusion from the Settlement Class may appear at the Final Approval Hearing in person or through a duly authorized attorney, to show cause (a) why the proposed PwC Greece Settlement should not be approved as fair, reasonable and adequate; (b) why the PwC Greece Plan of Allocation should or should not be approved; (c) why a judgment should not be entered thereon; or (d) why Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses and any application for the establishment of a Litigation Expense Fund should not be granted, *provided, however*, that no member of the Settlement Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed PwC Greece Settlement, the PwC Greece Plan of Allocation, or the Order and Final Judgment with Prejudice Regarding PwC Greece to be entered approving the same, unless no later than twenty-one (21) calendar days before the Final Approval Hearing, such Settlement Class Member has served by hand or by overnight delivery written objections setting forth the basis therefor, and copies of any supporting papers and briefs upon Lead Counsel, Nicole Lavallee, Esq., Berman Tabacco, 44 Montgomery Street, Suite 650, San Francisco, CA 94104, and Christopher Davies, Esq., WilmerHale, 1875 Pennsylvania Avenue NW, Washington, DC 20006

(the "PwC Greece's Counsel"), and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel and the PwC Greece's Counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007.  Any objection must include: (a) the full name, address, and phone number of the objecting Settlement Class Member; (b) a list and documentation of all of the Settlement Class Member's transactions involving Aegean Securities included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  Persons who intend to object to the PwC Greece Settlement, the PwC Greece Plan of Allocation and/or to Lead Counsel's application for attorneys' fees, reimbursement of Litigation Expenses and the establishment of a Litigation Expense Fund, and who desire to present evidence at the Final Approval Hearing must include in their written objections the exhibits they intend to introduce into evidence at the Final Approval Hearing.  Should any objections be received, reply papers must be filed no later than 21 calendar days before the Final Approval Hearing.

19.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any

objection to the fairness, adequacy or reasonableness of the PwC Greece Settlement, the PwC Greece Plan of Allocation, the Order and Final Judgment with Prejudice Regarding PwC Greece to be entered approving the PwC Greece Settlement or the application for attorneys' fees, reimbursement of Litigation Expenses or the establishment of a Litigation Expense Fund.

20.     The administration of the proposed PwC Greece Settlement and the determination of all disputed questions of law and fact with respect to the validity of any Claim or right of any person or entity to participate in the distribution of the PwC Greece Net Settlement Fund shall remain under the authority of this Court.

21.     The Court expressly reserves the right to adjourn the Final Approval Hearing without any further notice to Settlement Class Members other than an announcement at the Final Approval Hearing.  The Court further reserves the right to enter its Order and Final Judgment with Prejudice Regarding PwC Greece approving the PwC Greece Settlement and dismissing the Action on the merits and with prejudice as to Settling Defendant, regardless of whether it has approved a PwC Greece Plan of Allocation or awarded attorneys' fees and reimbursement of litigation expenses.

22.     The Settling Defendant shall not have any responsibility whatsoever for any PwC Greece Plan of Allocation or for the Litigation Expense Fund or for any application for attorneys' fees or reimbursement of Litigation Expenses or establishment of a Litigation Expense Fund that may be submitted in connection with final approval of this proposed PwC Greece Settlement, and such matters will be considered separately from the fairness, reasonableness and adequacy of the proposed PwC Greece Settlement.

23.     In the event the proposed PwC Greece Settlement does not become Final for any reason (including any party's exercise of a valid right to terminate under the PwC Greece

Stipulation), the PwC Greece Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, including but not limited to the certification of the Settlement Class provided in ¶ 2 herein, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, the Settling Parties shall be restored to their respective positions in the Action immediately before August 26, 2021, and, except as otherwise expressly provided, the parties shall proceed in all respects as if the PwC Greece Stipulation and any related orders had not been entered, and the balance of the PwC Greece Settlement Fund, less any Notice and Administration Costs and Taxes or Tax Expenses paid, incurred or due and owing in connection with the PwC Greece Settlement provided for herein shall be refunded to PwC Greece pursuant to written instructions from PwC Greece's Counsel in accordance with ¶ 14.2 of the PwC Greece Stipulation.

24.     Pending final determination of whether the proposed PwC Greece Settlement should be approved, neither Lead Plaintiff nor the Settlement Class Members, and/or anyone who acts or purports to act on their behalf, shall institute, commence or prosecute any action that asserts any PwC Greece Released Claims against any of the PwC Greece Released Parties.

25.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the PwC Greece Settlement.

26.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the PwC Greece Stipulation and/or further order(s) of the Court.

27.   All opening briefs and supporting documents in support of the final approval of the PwC Greece Settlement and the PwC Greece Plan of Allocation and any applications by Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses and for the establishment of a Litigation Expense Fund shall be filed and served by [TO BE INSERTED], 2022 (a date that is thirty-five (35) calendar days prior to the Final Approval Hearing).  Replies to any objections shall be filed and served by [TO BE INSERTED], 2022 (a date that is seven (7) calendar days prior to the Final Approval Hearing).

28.   Neither the PwC Greece Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant PwC Greece as to the validity of any claims or as to the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind.

29.   The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed PwC Greece Settlement.  The Court may approve the proposed PwC Greece Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

30.   If the PwC Greece Stipulation and the PwC Greece Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the PwC Greece Stipulation.  This Order, the PwC Greece Stipulation, the proposed PwC Greece Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

31.     Unless otherwise ordered by the Court, all proceedings against PwC Greece are stayed, except as may be necessary to implement the proposed PwC Greece Settlement or comply with the terms of the PwC Greece Stipulation or other agreement of the Settling Parties.

IT IS SO ORDERED.

DATED: _____          _____

THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

# Exhibit A-1

**[EXHIBIT A-1 TO STIPULATION]**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | Case No. 1:18-CV-04993 (NRB) <br><br> Hon. Naomi Reice Buchwald |

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED PARTIAL
SETTLEMENTS; AND (II) FINAL APPROVAL HEARING FOR THE PARTIAL
SETTLEMENTS, PLANS OF ALLOCATION, MOTION FOR APPROVAL OF
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES AND
APPLICATION FOR THE ESTABLISHMENT OF A LITIGATION EXPENSE FUND

**IF YOU PURCHASED AEGEAN MARINE PETROLEUM NETWORK, INC.
SECURITIES DURING THE PERIOD BEGINNING FEBRUARY 27, 2014 THROUGH
NOVEMBER 5, 2018, YOUR RIGHTS MAY BE IMPACTED AND YOU MAY BE
ENTITLED TO PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**Notice of Pendency of Class Action**: Please be advised that your rights may be affected by the
above-captioned securities class action lawsuit (the "Action") pending in the United States District
Court for the Southern District of New York (the "Court"), if you purchased or otherwise acquired
Aegean Marine Petroleum Network, Inc. ("Aegean" or the "Company") securities between
February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were
allegedly damaged thereby.[1]

**Notice of Partial Settlements**: Please also be advised that Court-appointed Lead Plaintiff, Utah
Retirement Systems ("URS" or "Lead Plaintiff"), on behalf of itself and the Settlement Class (as
defined in the response to question number 6 below), have reached two proposed partial
settlements (the "Partial Settlements") of the Action with two of the Defendants (defined below)
in this Action.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you
may have, including the possible receipt of a payment from the Partial Settlements.  If you
are a member of the Settlement Class, your legal rights will be affected whether or not you
act.  If you have questions about this Notice, the proposed Partial Settlements, or your
eligibility to participate in the Partial Settlements, please DO NOT contact the Court, the
Settling Defendants (defined below), the other Defendants in the Action, or their counsel.  All**

---

[1] The "securities" subject to these Partial Settlements are described below.

questions should be directed to the Court appointed Lead Counsel, Berman Tabacco, or the Claims Administrator[2] (*see* responses to question numbers 14 and 23, below).

**Description of the Action and the Settlement Class**: This action relates to an alleged fraud at the Company between February 27, 2014 and November 5, 2018.  In summary, Lead Plaintiff alleges that certain insiders engaged in a fraud whereby (i) over $300 million was misappropriated from the Company through various fraudulent schemes; (ii) statements about the Company's financial condition and other matters were materially false and misleading; and (iii) the Company's financial statements and statements about its internal controls over financial reporting ("ICFR") were materially false and misleading.  Further, Lead Plaintiff alleges that the outside auditors issued materially false and misleading audit opinions.  The current defendants in the case are the Company's founder, Dimitris Melisanidis ("Melisanidis"); the former Chief Financial Officer, Spyros Gianniotis ("Gianniotis"); and the Company's two outside auditors, PricewaterhouseCoopers Auditing Company S.A. ("PwC Greece") and Deloitte Certified Public Accountants, S.A. ("Deloitte Greece") (together, the "Defendants").

This Notice relates to two proposed Partial Settlements of consolidated class action lawsuits: one with PwC Greece and one with Deloitte Greece (together, the "Settling Defendants").[3]  Deloitte Greece served as Aegean's auditor from prior to the Settlement Class Period through June 2016 and issued audit opinions for Fiscal Years ("FY") 2013, 2014 and 2015 and reissued its 2015 audit opinion authorizing its inclusion in Aegean's Annual Report on Form 20-F for the FY ended December 31, 2016 ("2016 Form 20-F"), filed with the U.S. Securities and Exchange Commission on May 16, 2017.  PwC Greece issued an audit opinion as to FY 2016 only.  The Partial Settlements do not affect or compromise any claims asserted and ongoing against Melisanidis or Gianniotis (the "Non-Settling Defendants").[4]

Lead Plaintiff, on behalf of itself and the Settlement Class, and the Settling Defendants (together, the "Settling Parties") disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged.  The Settling Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages.  The proposed Partial Settlements, if approved by the Court, will settle claims of the Settlement Class, as defined above and in response to question number 6 below.

**Description of the Securities Subject to The Partial Settlements**:  The securities subject to the Partial Settlements consist of: (a) the common stock of Aegean (Ticker: ANWWQ; CINS: Y0017S102) (pre-bankruptcy Aegean traded under the ticker "ANW"); (b) Aegean 4.00%

---

[2] The "Claims Administrator" is the claims administrator selected by Lead Counsel and approved by the Court to provide all notices approved by the Court to potential members of the Settlement Class ("Settlement Class Members") and to administer the Partial Settlements.

[3] When referenced separately, the Partial Settlement that pertains to PwC Greece will be called the "PwC Greece Settlement", and the Partial Settlement that pertains to Deloitte Greece will be called the "Deloitte Greece Settlement." Similarly, the Stipulation of Settlement that pertains to PwC Greece will be called the "PwC Greece Stipulation," and the Stipulation of Settlement that pertains to Deloitte Greece will be called the "Deloitte Greece Stipulation."

[4] The Non-Settling Defendants are: Melisanidis and Gianniotis as well as any other defendant(s) later brought into the case, but excludes all relevant Settling Defendants' Released Parties (defined in response to question number 11 below).

Convertible Unsecured Senior Notes due 11/1/2018 issued 10/23/2013 (the "4.00% Notes") (CUSIP: EJ8900817; ISIN: USY0020QAA95); (c) Aegean 4.25% Convertible Unsecured Senior Notes due 12/15/2021 issued 12/19/2016 (the "4.25% Notes") (CUSIP: 00773VAA4 (CUSIP changed to 00773VAB2 on 2/12/2018); ISIN: US00773VAB27); (d) Aegean call options; and (e) Aegean put options (collectively referred to as the "Aegean Securities").

**Statement of Settlement Class's Recovery**: Subject to Court approval, and as described more fully in response to question number 4 below, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the PwC Greece Released Claims and Deloitte Greece Released Claims (as defined in response to question number 11 below) against the Settling Defendants and the PwC Greece Released Parties and Deloitte Greece Released Parties (as defined in response to question number 11 below) in exchange for, among other things,  a total settlement payment of $29.8 million in cash (comprised of $14.9 million from PwC Greece (the "PwC Greece Settlement Amount") and $14.9 million from Deloitte Greece (the "Deloitte Greece Settlement Amount") (together, the "Partial Settlement Amount") to be deposited into two separate interest-bearing escrow accounts.   The "PwC Greece Net Settlement Fund" and the "Deloitte Greece Net Settlement Fund" (*i.e.*, the Settlement Amounts paid by each of the Settling Defendants plus any and all interest earned thereon (respectively, the "PwC Greece Settlement Fund" and the "Deloitte Greece Settlement Fund")  (together, the "Partial Settlement Funds"[5]) less (a) any Taxes;[6] (b) any Notice and Administration Costs;[7] (c) any Litigation Expenses awarded by the Court;[8] (d) any attorneys' fees awarded by the Court; and (e) any other costs expenses or amounts as may be approved by the Court) will be distributed to Settlement Class Members in accordance with two corresponding plans of allocation (respectively, the "PwC Greece Plan of Allocation" and the "Deloitte Greece Plan of Allocation") that are approved by the Court.  The proposed PwC Greece Plan of Allocation is set forth at pages XX to XX below.  The proposed Deloitte Greece Plan of Allocation is set forth at pages XX to XX below.  The PwC Greece Plan of Allocation and the Deloitte Greece Plan of Allocation will determine how the PwC Greece Net Settlement Fund and the Deloitte Greece Net Settlement Fund shall be allocated among members of the Settlement Class who had potential claims against the Settling Defendants (and the relevant Settling Defendant's Released Parties) as alleged in this Action.

As discussed more fully below, because PwC Greece is not alleged to have issued any false or misleading statements until May 16, 2017, there could be no recognized losses attributable to PwC Greece for securities purchased prior to the issuance of PwC Greece's May 16, 2017 audit

---

[5] The "Partial Settlement Funds" refers to both the PwC Greece Settlement Amount plus all interest and accretions thereto, and the Deloitte Greece Settlement Amount plus all interest and accretions thereto.

[6] "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state and federal taxes.

[7] "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator in connection with (a) providing notice to the Settlement Class; and (b) administering the PwC Greece and Deloitte Greece claims process.

[8] "Litigation Expenses" refers to the reasonable costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to its representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Partial Settlement Funds.

opinions. In contrast, because Deloitte Greece is alleged to have issued false or misleading statements starting prior to the Settlement Class Period, Settlement Class Members have the recognized losses attributable to Deloitte Greece for Aegean Securities purchased throughout the Settlement Class Period. Accordingly, Authorized Claimants' (defined below) recoveries will be impacted by the date of their transactions in Aegean Securities. Settlement Class Members who purchased Aegean Securities before May 17, 2017 will only be entitled to participate in the Deloitte Greece Settlement whereas Settlement Class Members who purchased Aegean Securities after May 16, 2017 will be entitled to participate in both the PwC Greece Settlement and the Deloitte Greece Settlement.

**Estimate of Average Amount of Recovery**: Based on Lead Plaintiff's damages consultant's estimate of the number of Aegean common stock purchased or otherwise acquired during the Settlement Class Period, and assuming that all Settlement Class Members elect to participate in the Partial Settlements, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs described herein) is approximately $0.3823 per affected common share.

Distributions to Settlement Class Members will be made based on the PwC Greece Plan of Allocation and/or the Deloitte Greece Plan of Allocation as set forth herein (*see* pages XX to XX below) or such other plan of allocation as may be ordered by the Court. The objective of the PwC Greece Plan of Allocation and the Deloitte Greece Plan of Allocation will be to equitably distribute the PwC Greece Net Settlement Fund and the Deloitte Greece Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud.

Settlement Class Members should note, however, that the average recoveries provided herein are only estimates. Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what price they purchased or otherwise acquired or sold their Aegean Securities, and the total number and value of valid Proof of Claim and Release forms submitted.

**Average Amount of Damages Per Share/Note**: The Settling Parties do not agree on the amount of recoverable damages or on the average amount of damages per share or note that would be recoverable if Lead Plaintiff were to prevail on each of its claims. Among other things, the Settling Defendants deny that they violated the federal securities laws or that any damages were incurred by any member of the Settlement Class as a result of their alleged conduct.

**Statement of Attorneys' Fees and Litigation Expenses Sought**: Lead Counsel, Berman Tabacco, has been prosecuting the Action on a wholly contingent basis since its appointment as Lead Counsel on October 30, 2018, has not received any payment of attorneys' fees for its representation of the Settlement Class, and has advanced the funds to pay expenses necessarily incurred to date to prosecute this Action.

Lead Counsel will apply to the Court for an award of attorneys' fees from the PwC Greece Settlement Fund and the Deloitte Greece Settlement Fund in an amount not to exceed 25%, plus

interest earned at the same rate and for the same period as that earned by the PwC Greece Settlement Fund and the Deloitte Greece Settlement Fund.  In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred by Lead Plaintiff's Counsel in connection with the prosecution and resolution of the Action in an amount not to exceed $380,000 plus interest earned at the same rate and for the same period as that earned by the PwC Greece Settlement Fund and Deloitte Greece Settlement Fund.  Litigation Expenses may include reimbursement of the expenses of Lead Plaintiff in accordance with 15 U.S.C. § 77z-1(a)(4).  Any fees and expenses awarded by the Court will be paid from the Partial Settlement Funds.  Settlement Class Members are not personally liable for any such fees or expenses.  The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.1004 per affected common share.

Lead Counsel will additionally request that the Court allow Lead Counsel to draw from the PwC Greece Settlement Fund and Deloitte Greece Settlement Fund to defray some current and future Litigation Expenses, including necessary expenses and expert fees, of prosecuting claims asserted against the Non-Settling Defendants in an amount not to exceed a total of $2 million from the settlement funds ("Litigation Expense Fund").  Any Litigation Expense Fund granted by the Court will be an advance on (and not in addition to) any final fee or expense awarded following resolution of all claims against Non-Settling Defendants.

**Identification of Attorneys' Representatives**: Lead Plaintiff and the Settlement Class are represented by Nicole Lavallee, Esq. of Berman Tabacco, 44 Montgomery Street, Suite 650, San Francisco, CA 94104;(415) 433-3200; law@bermantabacco.com.

**Reasons for the Settlement**: Lead Plaintiff's principal reason for entering into the Partial Settlements is the substantial and certain recovery for the Settlement Class without the risks or delays inherent in further litigation.  Moreover, as discussed more fully below, the substantial recovery provided under these Partial Settlements must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial, and consideration of the fact that even if a judgment were obtained, Lead Plaintiff might not be able to collect from PwC Greece and/or Deloitte Greece.  This process could be expected to last several years.  For the Settling Defendants, who have denied and continue to deny all allegations of liability, fault or wrongdoing whatsoever, the principal reason for entering into the Partial Settlements is to eliminate the uncertainty, risk, costs and burdens inherent in any litigation, especially in complex cases such as this Action.  Settling Defendants have concluded that further conduct of this Action could be protracted and distracting.

| Your Legal Rights And Options In The Partial Settlements | |
|---|---|
| **You Can:** | **That Means:** |
| **Submit a Proof of Claim and Release Form ("Claim Form")⁹ Received or Postmarked by** _____ | This is the only way to be eligible to receive a payment from either the PwC Greece Settlement Fund or the Deloitte Greece Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Partial Settlements as approved by the Court and you will give up any of the relevant Settling Defendant's Released Claims (defined in response to question number 11 below) that you have against PwC Greece, Deloitte Greece and the other relevant Settling Defendant's Released Parties (defined in response to question number 11 below), so it is in your interest to submit a Claim Form.   All Settlement Class Members are eligible to share in the Deloitte Greece Net Settlement Fund created pursuant to the Deloitte Greece Settlement.  However, because PwC Greece only issued an audit opinion for Aegean on May 16, 2017, only Settlement Class Members who purchased Aegean Securities after May 16, 2017 are eligible to share in the PwC Greece Net Settlement Fund created pursuant to the PwC Greece Settlement. |
| **Exclude Yourself From the Settlement Class by Submitting a Written Request for Exclusion Postmarked by** _____. | You will receive no payment pursuant to these Partial Settlements. This is the only option that allows you to ever be part of any other lawsuit against the Settling Defendants or the other relevant Settling Defendant's Released Parties concerning the claims that were, or could have been, asserted in this case. |
| **Object to the Partial Settlements by Submitting Written Objections Postmarked by** _____. | Write to the Court and explain why you do not like the proposed Partial Settlements, or any part of them, or the proposed PwC Greece Plan of Allocation or the proposed Deloitte Greece Plan of Allocation, the application for fees and expenses and/or the application for the establishment of a Litigation Expense Fund. You cannot object to the Partial Settlements unless you are a Settlement Class Member and do not exclude yourself. |

---

⁹ A "Claim Form" means the Proof of Claim and Release form for submitting a claim for the Partial Settlements, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-2 to both the PwC Greece Stipulation and the Deloitte Greece Stipulation. Only one Claim Form is required to submit a claim to participate in either the PwC Greece Settlement or the Deloitte Greece Settlement, or both.

| Your Legal Rights And Options In The Partial Settlements | |
|---|---|
| **You Can:** | **That Means:** |
| **Go to the Final Approval Hearing on _____ at____, and File a Notice of Intention to Appear No Later Than _____.** | Filing a written objection and notice of intention to appear by __, allows you to speak in Court at the Final Approval Hearing, at the discretion of the Court, about the fairness of the proposed Partial Settlements, the PwC Greece Plan of Allocation, the Deloitte Greece Plan of Allocation, the request for attorneys' fees and litigation expenses and the establishment of a Litigation Expense Fund.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **Do Nothing** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the PwC Greece Settlement Fund or the Deloitte Greece Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Partial Settlements and you will be bound by any judgments or orders entered by the Court in the Action against these Settling Defendants. |

## WHAT THIS NOTICE CONTAINS
[*insert page numbers*]

**BASIC INFORMATION**

1.  Why did I get this notice?                                             Page
2.  What is this case about? What has happened so far?                     Page
3.  What is a class action?                                                Page
4.  What are Lead Plaintiff's reasons for the Partial Settlements?         Page
5.  What might happen if there were no Partial Settlements?                Page

**WHO IS INCLUDED IN THE PARTIAL SETTLEMENTS?**

6.  How do I know if I am affected by the Partial Settlements?             Page
7.  Are there any exceptions to being included as a Settlement Class Member?  Page
8.  I am still not sure if I'm included.                                   Page

**THE PARTIAL SETTLEMENTS BENEFITS**

9.  What do the Partial Settlements provide?                              Page
10. How much will my payment be? When will I receive it?                  Page
11. What am I giving up to get a payment or stay in the Settlement Class?  Page
12. How do I participate in the Partial Settlements? What do I need to do?  Page

**EXCLUDING YOURSELF FROM THE PARTIAL SETTLEMENTS**

13. What if I do not want to be part of the Partial Settlements?
    How do I exclude myself?                                              Page

**THE LAWYERS REPRESENTING YOU**

14. Do I have a lawyer in this case?                                      Page
15. How will the lawyers be paid?                                        Page

**OBJECTING TO THE PARTIAL SETTLEMENTS**

16. How do I tell the Court that I do not like the Partial Settlements?   Page
17. What's the difference between objecting and being excluded
    from the Settlement Class?                                           Page

**THE COURT'S FINAL APPROVAL HEARING**

18. When and where will the Court decide whether to approve the Partial Settlements? Page
19. Do I have to come to the Final Approval Hearing?                      Page
20. May I speak at the Final Approval Hearing?                           Page

**IF YOU DO NOTHING**

21. What happens if I do nothing at all?                                 Page

**GETTING MORE INFORMATION**

22. Are there more details about the Partial Settlements?                Page
23. Can I see the Court File? Who should I contact if I have questions?   Page

**SPECIAL NOTICE TO NOMINEES**

24. Special Notice to Banks, Trustees, Brokerage Firms, or Other Nominees. Page

**UNDERSTANDING YOUR PAYMENT - THE PWC GREECE PLAN OF ALLOCATION**

25. How will my claim be calculated for the PwC Greece Settlement?        Page
Allocation of the PwC Greece Net Settlement Fund                          Page
Calculation of Recognized Loss Amounts for the PwC Greece Settlement      Page
Transactions in Aegean Common Stock                                       Page
Transactions in Aegean 4.00% Notes                                        Page
Transactions in Aegean 4.25% Notes                                        Page
Transactions in Aegean Option Contracts                                   Page
Additional Provisions                                                     Page

## UNDERSTANDING YOUR PAYMENT - THE DELOITTE GREECE PLAN OF ALLOCATION

26.  How will my claim be calculated for the Deloitte Greece Settlement?          Page
Allocation of the Deloitte Greece Net Settlement Fund                             Page
Calculation of Recognized Loss Amounts for the Deloitte Greece Settlement         Page
Transactions in Aegean Common Stock                                               Page
Transactions in Aegean 4.00% Notes                                                Page
Transactions in Aegean 4.25% Notes                                                Page
Transactions in Aegean Option Contracts                                           Page
Additional Provisions                                                             Page

## BASIC INFORMATION

| 1. | **Why did I get this Notice?** |
|---|---|

This Notice is being sent to you pursuant to an Order of the Court because you or someone in your family may have purchased or otherwise acquired Aegean Securities (or sold Aegean put options) between February 27, 2014 through November 5, 2018, inclusive.

The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Partial Settlements of this case.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.

This Notice explains the lawsuit, the Partial Settlements, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Partial Settlements if you wish to do so.  It also is being sent to inform you of the terms of the proposed Partial Settlements, the proposed PwC Greece Plan of Allocation and Deloitte Greece Plan of Allocation and of a hearing to be held by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider the fairness, reasonableness and adequacy of the proposed Partial Settlements, the proposed PwC Greece Plan of Allocation and the proposed Deloitte Greece Plan of Allocation, Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses and/or Lead Counsel's application for the establishment of a Litigation Expense Fund (the "Final Approval Hearing").  The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim against the Settling Defendants in the Action, and the Court still has to decide whether to approve the Partial Settlements.  If the Court approves the Partial Settlements, the PwC Greece Plan of Allocation and the Deloitte Greece Plan of Allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete

The Court in charge of the case is the United States District Court for the Southern District of New

York, and the case is known as *In re Aegean Marine Petroleum Network, Inc. Securities Litigation*, No. 1:18-cv-04993 (NRB).  The Judge presiding over this case is the Honorable Naomi Reice Buchwald, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the primary plaintiff is referred to as the "Lead Plaintiff," on behalf of itself and the Settlement Class it represents, and the "Defendants" being sued are the Settling Defendants (PwC Greece and Deloitte Greece) and the Non-Settling Defendants (Dimitris Melisanidis and Spyros Gianniotis).

| **2.** | **What is this case about? What has happened so far?** |
|---|---|

Aegean was an international marine fuel logistics company founded in 1995 by Defendant Dimitris Melisanidis.  The Company held its initial public offering in December 2006 and, until its bankruptcy filing in the fall of 2018, its common stock traded on the New York Stock Exchange.  In this Action, Lead Plaintiff alleges that certain of the Defendants engaged in a long-running, multi-faceted fraudulent scheme through which they (a) significantly overstated the Company's income and revenue; (b) overstated the Company's assets and the strength of its balance sheet; (c) misled investors concerning the adequacy of the Company's ICFR; and (d) misappropriated Company assets.  Lead Plaintiff further allege that, as a result, Defendants were liable for false and misleading statements to the investors during the Settlement Class Period.  Defendants included former officers and directors of Aegean, PwC Greece and Deloitte Greece, and certain other entities with the PwC or Deloitte name.  Deloitte Greece issued unqualified or "clean" audit opinions representing that Aegean's year-end financial statements complied with U.S. Generally Accepted Accounting Principles ("GAAP") as to 2013, 2014 and 2015 and that its ICFR were adequate in 2013 and 2015, also consenting to the reissuance of its 2015 audit opinions, thereby authorizing their inclusion in Aegean's 2016 Form 20-F.  PwC Greece became Aegean's auditor in 2016, several years after the start of the Settlement Class Period, and issued its first and only audit opinions representing that Aegean's ICFR were adequate and that its 2016 year-end financial statements complied with GAAP on May 16, 2017.

Because of actions undertaken by certain shareholders, the Company's entire Audit Committee stepped down in May 2018 and a reconstituted Audit Committee (the "Reconstituted Audit Committee") was formed with new, independent directors.  Only weeks later, on June 4, 2018, the Company announced that $200 million in accounts receivable had to be written off because the receivables were based on allegedly fraudulent transactions.

On November 2, 2018, following an internal investigation by outside counsel and retained forensic accountants, the Company announced that the Reconstituted Audit Committee had determined that: (a) the Company's financial results were manipulated by improperly booking approximately $200 million in accounts receivables from bogus transactions with four shell companies controlled by former employees or affiliates of the Company; (b) approximately $300 million in cash and assets had been misappropriated by former affiliates, including through a 2010 contract with OilTank Engineering & Consulting Ltd.; (c) Aegean's management perpetrated and concealed the alleged financial fraud through various means including the falsification and forging of records such as bank statements, audit confirmations, contracts, invoices and third party certifications; (d) the revenues and earnings of the Company were substantially overstated in the years 2015, 2016 and 2017 and that both year-end and interim financials for these periods should no longer be

relied upon and would need to be restated; (e) there were material weaknesses in the Company's ICFR as of December 31, 2015, 2016 and 2017 and, as such, management's annual report on ICFR as of December 31, 2015, and 2016 included in the Company's Annual Reports on Form 20-F and also for the 2017 interim results should no longer be relied upon and would need to be restated; (f) insiders had engaged in additional actions to defraud the Company, including engaging in prepayments for future oil deliveries which were never made; and (g) the U.S. Department of Justice had issued a grand jury subpoena in connection with suspected felonies. Then, on November 6, 2018, Aegean commenced bankruptcy proceedings under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York, Case No. 18-13374 (MEW).

On June 5, 2018, an initial complaint was filed against Aegean and certain officers and directors of Aegean, in the United States District Court for the Southern District of New York asserting violations of the federal securities laws: *Simco v. Aegean Marine Petroleum Network, Inc., et al.*, No. 1:18-cv-04993-NRB. (ECF No. 1.) On October 30, 2018, the Court appointed URS as Lead Plaintiff and approved its selection of Berman Tabacco as Lead Counsel. (ECF No. 69.)

On February 1, 2019, Lead Plaintiff filed its Consolidated Class Action Complaint (the "Complaint") alleging violations of the federal securities laws against Aegean and certain officers and directors of Aegean, PwC Greece, PricewaterhouseCoopers International Limited ("PwCIL"), PricewaterhouseCoopers LLP ("PwC US"), Deloitte Greece, Deloitte Touche Tohmatsu Limited ("DTTL") and Deloitte & Touche LLP ("Deloitte US"). (ECF No. 81.) Because of Aegean's bankruptcy, the Action was stayed as to Aegean.

In the Spring of 2020, each of the Defendants filed motions to dismiss the claims asserted against them. In particular, on March 6, 2020, PwC Greece and Deloitte Greece filed a joint motion to dismiss the Complaint. (ECF Nos. 187-88.) Deloitte US and PwC US filed separate motions to dismiss the Complaint with a joint memorandum of law in support (ECF Nos. 180, 182, 184), and DTTL filed a joint motion to dismiss the Complaint along with PwCIL (ECF Nos. 191-92). Lead Plaintiff opposed the various motions to dismiss on June 30, 2020. (ECF Nos. 239-51). Defendants filed their respective replies on August 20, 2020 (ECF Nos. 261-74) and a hearing was held on March 9, 2021.

On March 29, 2021, the Court issued an order that denied PwC Greece and Deloitte Greece's joint motion to dismiss. (ECF No. 293.) In the same order, the Court denied the motion by Gianniotis, denied, in part, the motion by Melisanidis and granted motions to dismiss filed by several other defendants, including the joint motion filed by PwCIL and DTTL, and the joint motion filed by PwC US and Deloitte US. (ECF No. 293.)

Following the Court's hearing on the motion to dismiss and the Court's denial of the joint motion to dismiss filed by PwC Greece and Deloitte Greece, counsel for Lead Plaintiff and counsel for PwC Greece began good-faith negotiations with an eye toward reaching a potential settlement. On August 26, 2021, following numerous rounds of negotiations, Lead Counsel and PwC Greece's Counsel, Wilmer Cutler Pickering Hale and Dorr LLP, reached an agreement in principle, among other things, to settle all claims asserted by Lead Plaintiff in this Action against PwC Greece.

Lead Plaintiff and Deloitte Greece also commenced good-faith negotiations in Fall 2021.  On December 22, 2021, following numerous rounds of negotiations, Lead Counsel and Deloitte Greece's Counsel, Orrick, Herrington & Sutcliffe LLP, also reached an agreement in principle, among other things, to settle all claims asserted by Lead Plaintiff in this Action against Deloitte Greece.

Since the commencement of this Action, PwC Greece and Deloitte Greece have denied and continue to deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the Action and contend that they have not committed any act or omission giving rise to any liability or violation of law as alleged in the Action, or that could have been alleged in the Action. PwC Greece and Deloitte Greece also have denied, and continue to deny, among other allegations, that Lead Plaintiff or the Settlement Class incurred any damage, or that Lead Plaintiff or the Settlement Class were harmed by the conduct alleged or that could have been alleged in the Action. PwC Greece and Deloitte Greece have asserted, and continue to assert, that their conduct was at all times proper and in compliance with all applicable provisions of law, as well as all applicable rules, regulations and/or professional standards, and believe that the evidence supports their position that they acted properly at all times and that the Action is without merit.  In addition, PwC Greece and Deloitte Greece each maintain that they have meritorious defenses to all claims alleged in the Action.

| 3. | **What is a class action?** |
|---|---|

A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives or lead plaintiffs, to sue on behalf of all people with similar claims, commonly known as the class or the class members. Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class. (For more information on excluding yourself from the Settlement Class, please read the response to question number 13 below entitled, "What if I do not want to be part of the Partial Settlements?  How do I exclude myself?")  In the Action, the Court has directed that Lead Plaintiff and Lead Counsel have primary responsibility for prosecuting all claims against Defendants on behalf of investors in the Company's securities described above during the Settlement Class Period.

| 4. | **What are Lead Plaintiff's reasons for the Partial Settlements?** |
|---|---|

Lead Plaintiff and Lead Counsel believe that the claims asserted against the Settling Defendants have merit.  Lead Plaintiff and Lead Counsel recognize, however, the risks and challenges to establishing liability against the Settling Defendants, particularly since they are two foreign outside auditors.  In particular, the Settling Defendants here contended, *inter alia*, that (i) Aegean management was responsible for the preparation of the Company's financial statements, and that they relied on management's representations; (ii) the Company's management perpetrated and concealed the alleged financial fraud, including from the Settling Defendants, through various means including the falsification and forging of records such as bank statements, audit confirmations, contracts, invoices and third party certifications, as the Company later admitted;

(iii) that the red flags alleged in the Complaint were either unknown to them or widely known and insufficient to put them on notice that the Company was engaged in fraud; and (iv) that their audit opinions were mere statements of opinion that are only actionable if Lead Plaintiff establishes that they believed that their opinions were false or omitted materials abouts about their audits.  The Settling Defendants also likely would have argued that Lead Plaintiff could not establish that the Settling Defendants had the requisite intent or that they failed to conduct their audits in accordance with the applicable standards of their profession.  The Settling Defendants would also likely have argued that, even if liable, the Company Defendants would be far more liable, given the admission by the Company that its management was liable and had falsified records and that the Settlement Class relied on the Company defendants, not the Settling Defendants.  In addition, the Settling Defendants also have contended that all or a portion of the alleged damages to the Settlement Class were caused by factors other than the allegedly false or misleading statements or omissions and that such damages are thus not recoverable.  Moreover, each of the Settling Defendants would raise arguments specific to themselves.  Indeed, Deloitte Greece would have argued, for example, that many of the alleged red flags only appeared after it audited the Company's 2015 year-end financials and that it was not liable to investors who purchased Aegean Securities after PwC Greece issued its audit opinion for Aegean's 2016 year-end financials.  It also would have argued that claims related to purchases prior to the issuance of its audit opinions for FY 2013 were time-barred.  Meanwhile, PwC Greece would have argued that the fraud had been ongoing for years prior to its auditing work for Aegean.  Thus, while Lead Plaintiff and Lead Counsel believe that the case against the Settling Defendants is very robust, the fact remains that the Court at class certification, summary judgment or trial could find the Settling Defendants' defenses persuasive, which could significantly reduce or eliminate recoverable damages.

Lead Plaintiff and Lead Counsel also considered the difficulties in establishing liability against or collecting from foreign nationals and the substantial risks, burdens and expenses involved in further litigation of this Action through trial and appeals against the Settling Defendants, including (i) gathering documentary evidence, much of which would have been written in Greek and located in Greece; (ii) the fact that Defendants and others would have asserted privileges under Europe's recently-enacted privacy and security law, the General Data Protection Regulation, to withhold or redact documents; (iii) the costly and time-consuming nature of translating relevant documents obtained in discovery and deposing witnesses abroad; and (iv) the difficulty of enforcing of any judgment obtained against foreign defendants.

In addition, Lead Plaintiff and Lead Counsel considered the other attendant risks of litigating a complex securities class action, including (i) the possibility that a class may not be certified; (ii) a possible adverse judgment; (iii) discovery disputes; (iv) disputes between experts on complex financial and accounting matters as well as loss causation and damages; (v) a lengthy trial; and (vi) appeals.  Given the foregoing, Lead Plaintiff and Lead Counsel have considered the uncertain outcome of trial and appellate risk in complex lawsuits like this one.  Lead Plaintiff and Lead Counsel have also considered the benefit of Partial Settlements now, in light of the risks that the Settling Defendants or their insurers could not satisfy a judgment materially larger than the Partial Settlement Amount, and of their evaluation of the reduced amount of insurance that may be available after trial.

In light of the risks of collecting any sums after a trial as compared to the amount certain provided to the Settlement Class by way of the Partial Settlement Amount agreed to in the Partial Settlements, Lead Plaintiff and Lead Counsel believe that the proposed Partial Settlements are fair, reasonable and adequate, and in the best interests of the Settlement Class.  Lead Plaintiff and Lead Counsel believe that the Partial Settlements provide a substantial benefit now, namely the payment of $29.8 million ($14.9 million from each Settling Defendant) (less the various deductions described in this Notice), as well as the agreement of the Settling Defendants to provide documents as detailed in the Settling Defendants' respective Stipulations (including by providing certain audit workpapers), as compared to the risk that the claims asserted in the Complaint would produce a similar, smaller or no recovery after summary judgment, trial and appeals, possibly years in the future.

The Settling Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action.  The Settling Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  The Settling Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Settlement Class have suffered any damage or that Lead Plaintiff or the Settlement Class were harmed by the conduct alleged in the Action.  Nevertheless, the Settling Defendants have taken the uncertainty and risks inherent in any litigation into account, especially in a complex case such as this.  The Settling Defendants have concluded that further conduct of the Action would be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Settling Defendants' respective Stipulations.

| 5. | What might happen if there were no Partial Settlements? |
|---|---|

If there were no Partial Settlements and Lead Plaintiff failed to establish any essential legal or factual element of its claims against the Settling Defendants, neither Lead Plaintiff nor the Settlement Class would recover anything from the Settling Defendants.  Also, if the Settling Defendants were successful in proving any of their defenses, the Settlement Class likely could recover substantially less than the amount provided in the Partial Settlements, or nothing at all.  Moreover, there is also a risk that there would be no funds available to satisfy any judgment obtained in this case after trial and appeal.

## WHO IS INCLUDED IN THE PARTIAL SETTLEMENTS?

| 6. | How do I know if I am affected by the Partial Settlements? |
|---|---|

For the purposes of the Partial Settlements, with the few exceptions listed below, everyone who fits the following description is a Settlement Class Member: All Persons[10] who purchased or

---

[10] For the purposes of the Partial Settlements, a "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership, marital community, association, joint stock company, joint venture and joint

otherwise acquired Aegean Securities (or sold Aegean put options) between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of Defendants; (b) Persons who have been dismissed from this Action ("Dismissed Defendants")[11]; (c) present or former officers, directors, partners or controlling persons as of April 30, 2018 of Aegean, its subsidiaries or its affiliates, any Defendant or any Dismissed Defendant, and their immediate family members; (d) the directors' and officers' liability carriers and any affiliates or subsidiaries thereof of any Defendant, Dismissed Defendant or Aegean; (e) any entity in which any Defendant, Dismissed Defendant or Aegean has or has had a controlling interest; and (f) the legal representatives, heirs, estates, agents, successors or assigns of any person or entity described in the preceding categories.  Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion as approved by the Court.  All Settlement Class Members are entitled to share in the Deloitte Greece Net Settlement Fund created pursuant to the Deloitte Greece Settlement because the Action alleges claims against Deloitte Greece for the full Settlement Class Period. However, since PwC Greece only issued an audit opinion for Aegean on May 16, 2017, there were no claims against PwC Greece prior to that date.  Thus, only those Settlement Class Members who purchased after May 16, 2017 are alleged to have claims against PwC Greece, and will be entitled to share in the PwC Greece Net Settlement Fund created by the PwC Greece Settlement.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE PARTIAL SETTLEMENTS.**

| 7. | Are there any exceptions to being included as a Settlement Class Member? |
|---|---|

Yes.  Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of Defendants; (b) Dismissed Defendants; (c) present or former officers, directors, partners or controlling persons as of April 30, 2018 of Aegean, its subsidiaries or its affiliates, any Defendant or any Dismissed Defendant, and their immediate family members; (d) the directors' and officers' liability carriers and any affiliates or subsidiaries thereof of any Defendant, Dismissed Defendant or Aegean; (e) any entity in which any Defendant, Dismissed Defendant or Aegean has or has had a controlling interest; and (f) the legal representatives, heirs, estates, agents, successors or assigns of any person or entity described in the preceding categories.  Also excluded from the Settlement Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 13 below.

---

venturer, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

[11] Dismissed Defendants are E. Nikolas Tavlarios, John P. Tavlarios, Jonathan McIlroy, Peter C. Georgiopoulos, Yiannis N. Papanicolaou, Konstantinos D. Koutsomitopoulos, George Konomos, Spyridon Fokas, DTTL, Deloitte US, PwCIL and PwC US.

| 8. | **I am still not sure if I'm included.** |
|---|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator at 1-877-888-9760 (Toll Free) or you can fill out the Claim Form described in response to question number 12 below ("How do I participate in the Partial Settlements? What do I need to do?") to see if you qualify.  You can also contact Lead Counsel at the addresses and phone numbers listed on page XX above and in the response to question number 23 below.  Please do not contact the Court.

## THE PARTIAL SETTLEMENTS BENEFITS

| 9. | **What do the Partial Settlements provide?** |
|---|---|

Settling Defendants have paid or will pay a total of $29.8 million (comprised of $14.9 million from PwC Greece and $14.9 million from Deloitte Greece) into two separate escrow accounts.  The $14.9 million account from PwC Greece will earn interest, as provided for in the PwC Greece Stipulation, for the benefit of the Settlement Class Members who purchased Aegean Securities between May 17, 2017 and November 5, 2018.  The $14.9 million account from Deloitte Greece will earn interest, as provided for in the Deloitte Greece Stipulation, for the benefit of all Settlement Class Members.  After deduction of Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorneys' fees awarded by the Court, and any other costs, expenses or amounts as may be approved by the Court, the respective balances of the two escrow accounts (the PwC Greece Net Settlement Fund and the Deloitte Greece Net Settlement Fund) will be distributed to Settlement Class Members in accordance with the PwC Greece Plan of Allocation and the Deloitte Greece Plan of Allocation, as applicable, discussed at pages XX to XX below.  The Partial Settlements also provide for coordination with respect to fulfilment of the terms of the Settling Defendants' respective Stipulations, including by providing certain audit workpapers.

In exchange for the Settling Defendants' payments, the claims described in response to question number 11 below entitled, "What am I giving up to get a payment or stay in the Settlement Class?" will be released, relinquished, discharged and dismissed with prejudice.

The proposed Partial Settlements represent a compromise of disputed claims and does not mean that the Settling Defendants have been found liable for any claims asserted by Lead Plaintiff.

| 10. | **How much will my payment be? When will I receive it?** |
|---|---|

At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Partial Settlements.  Your share of the PwC Greece Net Settlement Fund and/or Deloitte Greece Net Settlement Fund will depend on the number of valid and timely Claim Forms that Settlement Class Members send in, how many units of Aegean common stock, debt-securities (notes) and/or options you bought and sold, and when you bought and sold them. As discussed above, Settlement Class Members will only be eligible for distribution from the PwC Greece Net Settlement Fund if they acquired their securities after May 16, 2017. You should look at the PwC Greece Plan of Allocation and the Deloitte Greece Plan of Allocation

sections of this Notice that appear on pages XX below for a description of the calculations to be made by the Claims Administrator in computing the amounts to be paid to the "Authorized Claimants," that is, those investors who submit valid and timely Claim Forms establishing that they are Settlement Class Members.

The Court has reserved jurisdiction to allow, disallow or adjust on equitable grounds the claim of any member of the Settlement Class.

The PwC Greece Plan of Allocation and Deloitte Greece Plan of Allocation are submitted herewith (*see* pages XX to XX below) for the Court's approval; however, the PwC Greece Plan of Allocation and Deloitte Greece Plan of Allocation shall in no way disturb or affect the Court's approval of the Settling Defendants' respective Stipulations and shall be considered separate from the Court's Order and Final Judgment with Prejudice Regarding PwC Greece[12] and the Court's Order and Final Judgment with Prejudice Regarding Deloitte Greece[13] discussed in response to question number 11 below. The objective of the PwC Greece Plan of Allocation and Deloitte Greece Plan of Allocation is to equitably distribute the PwC Greece Net Settlement Fund and/or Deloitte Greece Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged wrongdoing against each of the Settling Defendants. Payment pursuant to the PwC Greece Plan of Allocation and Deloitte Greece Plan of Allocation will be conclusive against Authorized Claimants. No person will have any claim against Lead Plaintiff, Lead Counsel, any other Plaintiff and Plaintiff's Counsel in the Action, the Settling Defendants, PwC Greece's Counsel, Deloitte Greece's Counsel, the other relevant Settling Defendant's Released Parties or their counsel, or the Claims Administrator or other agents designated by Lead Counsel arising from distributions made substantially in accordance with the Settling Defendants' respective Stipulations, the PwC Greece Plan of Allocation and Deloitte Greece Plan of Allocation, or further orders of the Court. Settling Defendants, PwC Greece's and Deloitte Greece's Counsel, the other relevant Settling Defendant's Released Parties and their counsel will have no responsibility or liability whatsoever for the investment or distribution of the PwC Greece Settlement Fund and/or Deloitte Greece Settlement Fund, the PwC Greece Net Settlement Fund and/or Deloitte Greece Net Settlement Fund, the PwC Greece Plan of Allocation and/or Deloitte Greece Plan of Allocation or the determination, administration, calculation or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the PwC Greece Settlement Fund and Deloitte Greece Settlement Fund or any losses incurred in connection therewith. Lead Plaintiff, the Escrow Agent or any Claims Administrator likewise will have no liability for their reasonable efforts to execute, administer and distribute the Settlement.

Each Settlement Class Member will be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Claim

---

[12] The "Order and Final Judgment with Prejudice Regarding PwC Greece" means the order(s) and final judgment(s) to be entered in this Action pursuant to ¶ 12.1 of the PwC Greece Stipulation, substantially in the form of Exhibit B to the PwC Greece Stipulation.

[13] The "Order and Final Judgment with Prejudice Regarding Deloitte Greece" (and, together with the Order and Final Judgment Regarding PwC Greece, the "Orders and Final Judgments with Prejudice Regarding PwC Greece and Deloitte Greece") means the order(s) and final judgment(s) to be entered in this Action pursuant to ¶ 12.1 of the Deloitte Greece Stipulation, substantially in the form of Exhibit B to the Deloitte Greece Stipulation.

Form.  Persons and entities that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the PwC Greece Net Settlement Fund and/or Deloitte Greece Net Settlement Fund and should not submit Claim Forms.

The Partial Settlements are conditioned on two main events: (i) the entry of the Judgment by the Court, after the Court holds a Final Approval Hearing to decide whether to approve the Partial Settlements, as provided for in the PwC Greece Stipulation and the Deloitte Greece Stipulation; and (ii) the expiration of the applicable period to file all appeals from the Orders and Final Judgments with Prejudice Regarding PwC Greece and Deloitte Greece.  If the PwC Greece Settlement and/or the Deloitte Greece Settlement are approved, it is possible there may be an appeal by someone. There is always uncertainty as to how these appeals will be resolved, and resolving them can take time, perhaps more than a year. Also, if certain conditions of the PwC Greece Settlement or the Deloitte Greece Settlement, as described in the Stipulations, are not met, the Partial Settlements might be terminated and become null and void.  In addition, the Claims Administrator will need time to process all of the timely claims before any distribution can be made.

---

**11.      What am I giving up to get a payment or stay in the Settlement Class?**

---

If the Partial Settlements are approved, the Court will enter two separate orders and final judgments with prejudice, among other things, dismissing the claims against PwC Greece and Deloitte Greece and entering final judgment regarding PwC Greece and Deloitte Greece (the Orders and Final Judgments with Prejudice Regarding PwC Greece and Deloitte Greece).  Among other things, the Order and Final Judgment with Prejudice Regarding PwC Greece will dismiss the claims against PwC Greece with prejudice, and will provide that Lead Plaintiff and all other Settlement Class Members will be deemed to have—and by operation of the Order and Final Judgment with Prejudice Regarding PwC Greece will have—released, relinquished, dismissed and forever discharged the PwC Greece Released Claims (as defined below), including Unknown Claims (as defined in below), against each and all of the PwC Greece Released Parties (as defined below). Among other things, the Order and Final Judgment with Prejudice Regarding Deloitte Greece will dismiss the claims against Deloitte Greece with prejudice, and will provide that Lead Plaintiff and all other Settlement Class Members will be deemed to have—and by operation of the Order and Final Judgment with Prejudice Regarding Deloitte Greece will have—released, relinquished, dismissed and forever discharged the Deloitte Greece Released Claims (as defined below), including Unknown Claims (as defined in below), against each and all of the Deloitte Greece Released Parties (as defined below).

"PwC Greece Released Claims" means any and all claims, rights, demands, liabilities, lawsuits, issues and controversies, debts, damages, losses, remedies, fees, expenses, costs, accountings, obligations, judgments and causes of action of every kind or nature, character and description, whether legal, statutory, equitable or of any other type or form, whether known or unknown, anticipated or unanticipated, contingent or absolute, accrued or unaccrued, liquidated or unliquidated, disclosed or undisclosed, foreseen or unforeseen, whether arising under federal, state, common, administrative, or foreign law, that Lead Plaintiff or any other member of the Settlement Class  asserted in this Action against PwC Greece, PwCIL or PwC US, or that could or might have been asserted against PwC Greece, PwCIL, PwC US or any other PwC Network firm

as well as their respective past, present and future, direct or indirect, parent entities, subsidiaries, member firms, joint venturers, divisions, offices and other affiliates, predecessors and successors of each and all such entities acting in said capacity in any federal, state, common, arbitral, administrative or foreign court, tribunal, forum or proceeding, that both (a) arise out of, could have arisen out of, arise now, hereafter arise out of, relate in any manner or are based upon in any way the allegations, events, transactions, facts, matters, acts, failures to act, occurrences, statements, representations, omissions, disclosures or any other matter, thing or cause whatsoever, embraced, involved, at issue, set forth, referred to or otherwise related in any way, directly or indirectly, to the Complaint, including but not limited to, any audits or reviews of Aegean financial statements by PwC Greece or any services of any kind provided to Aegean by PwC Greece; and (b) relate in any way to the purchase, acquisition, sale or holding of any Aegean security during the Settlement Class Period.  "PwC Greece Released Claims" do not include: (a) claims to enforce the Partial Settlement; (b) claims against Dimitris Melisanidis, Spyros Gianniotis, Deloitte Greece or any Dismissed Defendants other than PwCIL and PwC US; and (c) claims asserted in the Aegean Bankruptcy or the rights of Lead Plaintiff or any Settlement Class Member to receive distributions pursuant to the Chapter 11 Plan confirmed in the Aegean Bankruptcy, including any distribution of any recovery by the Litigation Trustee.

"Deloitte Greece Released Claims" means any and all claims, counterclaims, rights, demands, liabilities, lawsuits, issues and controversies, debts, damages, injuries, losses, remedies, fees, expenses, costs, accountings, obligations, judgments, and causes of action of every kind or nature, character and description, whether legal, statutory, equitable or of any other type or form, whether known or unknown, anticipated or unanticipated, contingent or absolute, accrued or unaccrued, liquidated or unliquidated, disclosed or undisclosed, foreseen or unforeseen, whether arising under federal, state, common, administrative, or non-U.S. law, that Lead Plaintiff or any other member of the Settlement Class asserted in this Action against Deloitte Greece, DTTL or Deloitte US, or that could or might have been asserted against Deloitte Greece, DTTL or Deloitte US as well as their respective past, present and future, direct or indirect, parent entities, subsidiaries, member firms, joint venturers, divisions, offices and other affiliates, predecessors and successors of each and all such entities acting in said capacity (including, but not limited to, Deloitte LLP, Deloitte USA LLP, Deloitte Consulting LLP, Deloitte Financial Advisory Services LLP, Deloitte Transactions and Business Analytics LLP, Deloitte Services LP, Deloitte Touche Tohmatsu, Deloitte Global Services Limited, Deloitte Global Services Holdings Limited, Deloitte Touche Tohmatsu Services, LLC, IPCO LLC, and the DTTL network of member firms and each of those member firms and their affiliates) in any federal, state, common, arbitral, administrative or non-U.S. court, tribunal, forum or proceeding, that both (a) arise out of, could have arisen out of, arise now, hereafter arise out of, relate in any manner or are based upon in any way the allegations, events, transactions, facts, matters, acts, failures to act, occurrences, statements, representations, omissions, disclosures or any other matter, thing or cause whatsoever, embraced, involved, at issue, set forth, referred to or otherwise related in any way, directly or indirectly, to the Complaint including, but not limited to, any audits or reviews of Aegean financial statements by Deloitte Greece or any services of any kind provided to Aegean by Deloitte Greece; and (b) relate in any way to the purchase, acquisition, sale or holding of any Aegean security during the Settlement Class Period.  "Deloitte Greece Released Claims" do not include: (a) claims to enforce the Deloitte Greece Settlement; (b) claims against Dimitris Melisanidis, Spyros Gianniotis, PwC Greece or any Dismissed Defendants other than DTTL and Deloitte US; and/or (c) claims asserted in the Aegean

Bankruptcy or the rights of Lead Plaintiff or any Settlement Class Member to receive distributions pursuant to the Chapter 11 Plan confirmed in the Aegean Bankruptcy, including any distribution of any recovery by the Litigation Trustee.

"PwC Greece Released Party" or "PwC Greece Released Parties" means PwC Greece,  PwCIL, PwC US and all other PwC Network firms, as well as their respective past, present and future, direct or indirect, parent entities, subsidiaries, member firms, joint venturers, divisions, offices and other affiliates, predecessors and successors of each and all such entities; and each and all of the foregoing entities' respective past, present and future directors, officers, boards and board members, employees, partners (in the broadest concept of that term), principals, representatives, alleged partners, associates, owned and controlled entities and persons, stockholders, members and owners, attorneys (including PwC Greece's Counsel, and counsel for PwCIL and PwC US), advisors, contractors, consultants, trustees, insurers, co-insurers, reinsurers, agents, heirs, executors, estates, administrators, fiduciaries, successors, assignors and assigns.

"Deloitte Greece Released Party" or "Deloitte Greece Released Parties" means Deloitte Greece, DTTL and Deloitte US, as well as their respective past, present and future, direct or indirect, parent entities, subsidiaries, member firms, joint venturers, divisions, offices and other affiliates, predecessors and successors of each and all such entities (including, but not limited to, Deloitte LLP, Deloitte USA LLP, Deloitte Consulting LLP, Deloitte Financial Advisory Services LLP, Deloitte Transactions and Business Analytics LLP, Deloitte Services LP, Deloitte Touche Tohmatsu, Deloitte Global Services Limited, Deloitte Global Services Holdings Limited, Deloitte Touche Tohmatsu Services, LLC, IPCO LLC, and the DTTL network of member firms and each of those member firms and their affiliates acting in said capacity); and each and all of the foregoing entities' respective past, present and future representatives, insurers, co-insurers, re-insurers, predecessors, successors, assignors, assigns, agents, advisors, heirs, executors, estates trustees, administrators, fiduciaries, consultants, contractors, partners, principals, members, directors, boards and board members, officers, officials, shareholders, employees, subsidiaries, parents, affiliates, divisions, offices, owned or controlled entities and persons, and attorneys (including Deloitte Greece's Counsel, counsel for DTTL and counsel for Deloitte US).

"Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or non-U.S. law, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against the PwC Greece Released Party or Parties or the Deloitte Greece Released Party or Parties, as applicable, except for claims relating to the enforcement of the Partial Settlements, against Lead Plaintiff in the Action, and its respective attorneys, or any other Settlement Class Member.

"Unknown Claims" has the same meaning for each Settlement, with respect to either of the Settling Defendants, and means any and all the Settling Defendant's Released Claims or Released Parties' Claims which (a) Lead Plaintiff or any other Settlement Class Member; and (b) the Settling Defendant's Released Parties does not know or suspect to exist in his, her or its favor at the time of the release of such claims, of every nature and description.  This includes claims which, if known by him, her or it, might have affected his, her or its settlement with and release of the Settling Defendant's Released Parties, the Settlement Class Members or the Settling Parties, or

might have affected his, her or its decision(s) with respect to the Partial Settlements, the Settling Defendant's Released Claims or the Released Parties' Claims, including his, her or its decision to object or not object to Partial Settlements.  With respect to any and all the Settling Defendant's Released Claims and the Released Parties' Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Partial Settlements, Lead Plaintiff and the Settling Defendant shall expressly waive, and each of the other Settlement Class Members and the Settling Defendant's Released Parties shall be deemed to have waived and by operation of the Orders and Final Judgments with Prejudice Regarding PwC Greece and Deloitte Greece shall have expressly waived to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law or non-U.S. law, which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties and the Settling Defendant's Released Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those he, she or it now knows or believes to be true with respect to the subject matter of the Settling Defendant's Released Claims and the Released Parties' Claims, but the Settling Parties and the Settling Defendant's  Released Parties expressly, fully, finally and forever settle and release, and each Settling Defendant's Released Party, Settling Party, and each of the Settlement Class Members and counsel shall be deemed to have settled and released and, upon the Effective Date and by operation of the Orders and Final Judgments with Prejudice Regarding PwC Greece and Deloitte Greece, shall have settled and released, fully, finally and forever, any and all Settling Defendant's Released Claims and the Released Parties' Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories or authorities.  Lead Plaintiff and Settling Defendant acknowledge, and each of the other Settlement Class Members and the Settling Defendant's Released Parties  shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Partial Settlement.

| 12. | How do I participate in the Partial Settlements? What do I need to do? |
|---|---|

If you purchased or otherwise acquired the securities described above, you are not excluded by the definition of the Settlement Class and you do not elect to exclude yourself from the Settlement Class, then you are a Settlement Class Member.  As such, you will be bound by the proposed Partial Settlements if the Court approves either or both of them, and by any judgment or determination of the Court affecting the Settlement Class.  To qualify for payment, you must have recognized loses under the PwC Greece Plan of Allocation or the Deloitte Greece Plan of Allocation and you must timely send in a Claim Form to the Claims Administrator.  A Claim Form is attached to this Notice and is also available on the settlement website maintained by the Claims Administrator, www.aegeansecuritieslitigation.com as well as Lead Counsel's website at www.bermantabacco.com.  Read the instructions carefully, fill out the Claim Form, include all supporting documentation the Claim Form asks for, sign it, and mail it postmarked no later than

[TO BE INSERTED].  Unless the Court orders otherwise, if you do not timely submit a Claim Form, you will be barred from receiving any payments from the PwC Greece Net Settlement Fund and/or Deloitte Greece Net Settlement Fund but will in all other respects be bound by the Orders and Final Judgments with Prejudice Regarding PwC Greece and Deloitte Greece.

Those who exclude themselves from the Settlement Class and those who do not submit timely a valid Claim Form with adequate supporting documentation will not be entitled to share in the Partial Settlements.  Please retain all records of your ownership of and transactions in the securities, as they may be needed to document your Claim.

As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in response to question number 18 below entitled, "When and where will the court decide whether to approve the Partial Settlements?"

If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in response to question number 13 below entitled, "What if I do not want to be part of the Partial Settlements?  How do I exclude myself?"  If you exclude yourself from the Settlement Class, you will not be eligible to receive any benefit from the Partial Settlements and you should not submit a Claim Form, but you will retain the right to be a part of any other lawsuit against any of the relevant Settling Defendant's Released Parties (as defined in response to question number 11 above) with respect to any of the relevant Settling Defendant's Released Claims (as defined in response to question number 11 above).

If you wish to object to the Partial Settlements or any of their terms, the proposed PwC Greece Plan of Allocation or Deloitte Greece Plan of Allocation, Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses and/or   Lead Counsel's application for the establishment of a Litigation Expense Fund, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in response to question number 18 below entitled, "When and where will the Court decide whether to approve the Partial Settlements?"  If you exclude yourself from the Settlement Class, you are not entitled to submit an objection.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

| 13. | What if I do not want to be part of the Partial Settlements?  How do I exclude myself? |
|-----|----------------------------------------------------------------------------------------|

Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Partial Settlements, whether favorable or unfavorable, unless such person or entity mails, by first class mail (or its equivalent outside the U.S.), or otherwise delivers a written Request for Exclusion from the Settlement Class, addressed to:

*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*

*EXCLUSIONS*
P.O Box 173001
Milwaukee, WI 53217.

The exclusion request must be *postmarked* no later than [TO BE INSERTED].  Such Persons requesting exclusion are also directed to provide the following information: (a) the name, address and telephone number of the Person seeking exclusion; (b) the identity and original face value of any Aegean Securities purchased (or otherwise acquired) during the Settlement Class Period, including the dates of each purchase or acquisition, the number of shares purchased or otherwise acquired, and the prices or other consideration paid for such purchases or acquisitions; (c) the identity and original face value of any Aegean Securities sold or otherwise disposed of during the Settlement Class Period, including the dates of each sale or other disposition, the number of shares sold or otherwise disposed of, and the prices or other consideration received for such sales or dispositions; (d) the date of each purchase or sale transaction; and (e) a statement that the person or entity wishes to be excluded from the Settlement Class in the *In re Aegean Marine Petroleum Network, Inc. Securities Litigation*, No. 1:18-cv-04993 (NRB), and must be signed by such Person. Requests for Exclusion will not be valid if they do not include the information set forth above and are not received within the time stated above, unless the Court otherwise determines.

If a person or entity requests to be excluded from the Settlement Class, that person or entity will not receive any benefit provided for in the Settling Defendants' respective Stipulations.

## THE LAWYERS REPRESENTING YOU

| **14.    Do I have a lawyer in this case?** |
| --- |

Yes. The Court appointed Berman Tabacco, Lead Counsel, to represent all Settlement Class Members.  Lead Counsel may be contacted at the address and phone number listed on page XX above and listed in response to question number 23 below.  There is no need to retain your own lawyer.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.    How will the lawyers be paid?** |
| --- |

At the Final Approval Hearing, Lead Counsel will ask the Court to approve payment of up to 25% of the Partial Settlement Funds, or approximately $7,450,000 for attorneys' fees, and for reimbursement of out-of-pocket expenses not to exceed $380,000.  To date, Lead Counsel has not been paid for their services for conducting this Action on behalf of Lead Plaintiff and the Settlement Class, nor for their substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel for their work in achieving the PwC Greece and Deloitte Greece Partial Settlement Funds.  The Court may, however, award less than this amount.  In that case the difference will remain with the Partial Settlement Funds.  Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Settlement Class; nor has Lead Counsel been reimbursed for its out-of-pocket expenses.

Lead Counsel will additionally request that the Court allow Lead Counsel to draw from the Settling Parties' Partial Settlement Funds a Litigation Expense Fund amount of up to a total of $2 million from both (*i.e.*, advances to defray current and future Litigation Expenses, including necessary expenses and expert fees, of prosecuting claims asserted against the Non-Settling Defendants). Any Litigation Expense Fund authorized by the Court will be an advance on (and not in addition to) any final fees or expense reimbursements awarded. The Court will determine the amount of any such award.

## OBJECTING TO THE SETTLEMENT

| **16.     How do I tell the Court that I do not like the Partial Settlements?** |
| --- |

If you are a Settlement Class Member and do not request exclusion in accordance with the response to question number 13 above, you can tell the Court that you do not agree with either or both of the Partial Settlements or any part of them, the PwC Greece Plan of Allocation, the Deloitte Greece Plan of Allocation, Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses and/or  Lead Counsel's application for the establishment of a Litigation Expense Fund.

Objections or oppositions must be in writing. You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before [TO BE INSERTED]. You must also serve the papers on Lead Counsel for the Settlement Class and counsel for the Settling Defendants at the addresses set forth below so that the papers are *received* on or before [TO BE INSERTED].

| Clerk's Office | Lead Counsel for the Settlement Class | Counsel For PwC Greece | Counsel For Deloitte Greece |
| --- | --- | --- | --- |
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK 500 Pearl Street New York, New York 10007 | BERMAN TABACCO Nicole Lavallee, Esq. 44 Montgomery Street, Suite 650 San Francisco, CA 94104 | WILMERHALE LLP Christopher Davies 1875 Pennsylvania Avenue NW Washington, DC 20006 | ORRICK, HERRINGTON & SUTCLIFFE LLP Thomas N. Kidera 51 West 52nd Street New York, NY 10019-6142 |

Any objection must include: (a) the full name, address, and phone number of the objecting Settlement Class Member; (b) a list and supporting documentation evidencing all of the Settlement Class Member's transactions involving Aegean Securities included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. Persons who intend to object to the Partial Settlements, PwC Greece Plan of Allocation, the Deloitte Greece Plan of Allocation, Lead Plaintiffs' application for attorneys' fees and reimbursement of Litigation Expenses and/or to Lead Counsel's application for the

24

establishment of a Litigation Expense Fund and who desire to present evidence at the Final Approval Hearing, must include in their written objections the exhibits they intend to introduce into evidence at the Final Approval Hearing.

You may not object to the Partial Settlements, or any aspect of them, if you excluded yourself from the Settlement Class.

You may file a written objection without having to appear at the Final Approval Hearing. You may not appear at the Final Approval Hearing to present your objection, however, unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing. If you decide to hire an attorney, which will be at your own expense, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before [TO BE INSERTED].

| 17. | What's the difference between objecting and being excluded from the Settlement Class? |
|---|---|

Objecting is simply telling the Court that you do not like something about either or both of the Partial Settlements. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Partial Settlements. You do not need to attend that hearing but are welcome to attend if you so desire.

| 18. | When and where will the Court decide whether to approve the Partial Settlements? |
|---|---|

The Final Approval Hearing on these Partial Settlements will be held on [DATE TO BE INSERTED], at [TIME TO BE INSERTED], before the Honorable Naomi Reice Buchwald, United States District Judge, at the United States District Court for the Southern District of New York, either telephonically, via video conference, or at 500 Pearl Street, Courtroom 21A, New York, New York 10007, to determine: (a) whether each of the proposed Partial Settlements on the terms and conditions provided for in the Settling Defendants' respective Stipulations is fair, reasonable and adequate, and should be approved by the Court; (b) whether the Orders and Final Judgments with Prejudice Regarding PwC Greece and Deloitte Greece should be entered dismissing the Action as to the Settling Defendants, on the merits and with prejudice, and entering final judgment as to the claims against the Settling Defendants and dismissed defendants PwCIL, PwC US, DTTL and Deloitte U.S.; (c) whether the release by the Settlement Class of the relevant Settling Defendant's Released Claims against the relevant Settling Defendant's Released Parties

(as defined in response to question number 11 above) and the release by the relevant Settling Defendant's Released Parties of the Released Parties' Claims should be ordered; (d) whether the proposed PwC Greece Plan of Allocation and/or the proposed Deloitte Greece Plan of Allocation to distribute the Settlement proceeds (described on pages XX to XX below) is fair and reasonable; (e) whether to approve the application by Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses; and (f) whether Lead Counsel's application for the establishment of a Litigation Expense Fund should be approved by the Court.

**THE FINAL APPROVAL HEARING DATE MAY CHANGE WITHOUT FURTHER NOTICE TO THE SETTLEMENT CLASS, SO PLEASE CHECK WITH LEAD COUNSEL, THE SETTLEMENT WEBSITE WWW.AEGEANSECURITIESLITIGATION.COM, OR THE COURT'S PACER SYSTEM TO CONFIRM THE HEARING DATE.**

**If you do not wish to object in person to the proposed Partial Settlements and/or the application for the establishment of a Litigation Expense Fund, you do not need to attend the Final Approval Hearing. You can object to or participate in the Partial Settlements without attending the Final Approval Hearing.**

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Partial Settlements, PwC Greece Plan of Allocation, the Deloitte Greece Plan of Allocation, Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses and/or Lead Counsel's application for the establishment of a Litigation Expense Fund. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

If there are objections, the Court will consider them. The Court has discretion to listen to people who have made a written request to speak at the hearing. After the hearing, the Court will decide whether to approve either or both of the Partial Settlements, PwC Greece Plan of Allocation, the Deloitte Greece Plan of Allocation, Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses and/or Lead Counsel's application for the establishment of a Litigation Expense Fund. We do not know how long these decisions will take. If you want to attend the hearing, you should check with Lead Counsel, the settlement website www.aegeansecuritieslitigation.com, or the Court's PACER system beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the Final Approval Hearing? |
|---|---|

No. Lead Counsel will answer questions the Judge may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 20. | May I speak at the Final Approval Hearing? |
|---|---|

Any Settlement Class Member who did not request to be excluded from the Settlement Class by [TO BE INSERTED] is entitled to appear at the Final Approval Hearing, in person or through a duly authorized attorney, and to show cause (a) why either or both of the Partial Settlements should not be approved as fair, reasonable and adequate (b) why the PwC Greece Plan of Allocation and/or the Deloitte Greece Plan of Allocation should or should not be approved; (c) why judgments should not be entered thereon; or (d) why Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses and any application for the establishment of a Litigation Expense Fund should not be granted. However, you may not be heard at the Final Approval Hearing unless, on or before [TO BE INSERTED], you file a Notice of Intention to Appear and a statement of the position that you will assert and the grounds for the position, together with copies of any supporting papers or briefs with the Clerk of the Court, United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, as described in response to question number 16 above entitled, "How do I tell the Court that I do not like the Partial Settlements?"

Only Settlement Class Members who have submitted written notices in this manner may be heard at the Final Approval Hearing, unless the Court orders otherwise.

**IF YOU DO NOTHING**

| 21. | What happens if I do nothing at all? |
|---|---|

If you are a Settlement Class Member but do nothing, then you will get no money from these Partial Settlements. You must file a Claim Form to be eligible to receive anything from the Partial Settlements. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Settling Defendants about the legal issues in this case, ever again.

**GETTING MORE INFORMATION**

| 22. | Are there more details about the Partial Settlements? |
|---|---|

Yes. This Notice summarizes the proposed Partial Settlements. More details (including definitions of various terms used in this Notice) are contained in the pleadings and other papers in this Action, including the Settling Defendants' respective Stipulations, which have been filed with the Court. Lead Plaintiff's submissions in support of the Partial Settlements will be filed with the Court prior to the Final Approval Hearing. In addition, information about the Partial Settlements will be posted on the settlement website set up for this case: www.aegeansecuritieslitigation.com. If you have any further questions, you may contact Lead Counsel identified in the response to question number 14 above entitled, "Do I have a lawyer in this case?" You may also call the Claims Administrator at 1-877-888-9760 (Toll Free) to find answers to common questions about the Partial Settlements and obtain information about the status of the settlement approval process.

| 23. | Can I See The Court File? Who Should I Contact If I Have Questions? |
|-----|--------------------------------------------------------------------|

This Notice contains only a summary of the terms of the proposed Partial Settlements. More detailed information about the matters involved in the Action is available at www.aegeansecuritieslitigation.com, including, among other documents, copies of the Settling Defendants' respective Stipulations, the Claim Form and the Complaint. Lead Plaintiff's submissions in support of the Partial Settlements and Lead Counsel's fee and expense application will be filed with the Court prior to the Final Approval Hearing.

All inquiries concerning this Notice or the Claim Form should be directed to:

*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217

**OR**

Nicole Lavallee
BERMAN TABACCO
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
law@bermantabacco.com
**Lead Counsel**

**SPECIAL NOTICE TO NOMINEES**

| 24. | Special Notice to Banks, Trustees, Brokerage Firms, or Other Nominees |
|-----|------------------------------------------------------------------------|

If you hold any Aegean Securities purchased during the Settlement Class Period as nominee for a beneficial owner, then, within seven (7) days after you receive this Notice, you must either: (a) send a copy of this Notice and the Claim Form by first-class mail to all such Persons; or (b) provide a list of the names and addresses of such Persons to the Claims Administrator:

*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217

If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or

elect to have the mailing performed for you, you may obtain reimbursement for reasonable costs actually incurred or expected to be incurred in connection with forwarding the Notice and Claim Form and which would not have been incurred but for the obligation to forward the Notice and Claim Form, upon submission of appropriate documentation to the Claims Administrator.

## UNDERSTANDING YOUR PAYMENT - THE PWC GREECE PLAN OF ALLOCATION

| 25. | How will my claim be calculated for the PwC Greece Settlement? |
|---|---|

1.      As discussed above, the PwC Greece Settlement provides $14.9 million in cash for the benefit of the members of the Settlement Class who allegedly have claims against Settling Defendant PwC Greece. The PwC Greece Settlement Amount and any interest it earns constitute the "PwC Greece Settlement Fund." The PwC Greece Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Costs, Taxes and any other fees or expenses approved by the Court, is the "PwC Greece Net Settlement Fund." If the PwC Greece Settlement is approved by the Court, the PwC Greece Net Settlement Fund will be distributed to eligible Authorized Claimants – members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment by the Court and who allegedly have a claim against PwC Greece – in accordance with this proposed Plan of Allocation ("PwC Greece Plan of Allocation") or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the PwC Greece Net Settlement Fund but will otherwise be bound by the PwC Greece Settlement. The Court may approve this proposed PwC Greece Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the PwC Greece Plan of Allocation will be posted on the settlement website: www.aegeansecuritieslitigation.com.

2.      The objective of the PwC Greece Plan of Allocation is to distribute the PwC Greece Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a proximate result of PwC Greece's alleged wrongdoing.  To be clear, since PwC Greece's audit opinion was issued after the close of trading on May 16, 2017, only those Settlement Class Members who purchased or acquired Aegean Securities (or sold Aegean put options) after that date but before November 6, 2018 and held through at least one partial disclosure, allegedly have claims against PwC Greece. The PwC Greece Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the PwC Greece Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover against PwC Greece after a trial. Nor are the calculations in accordance with the PwC Greece Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the PwC Greece Settlement. The computations under the PwC Greece Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the PwC Greece Net Settlement Fund.  The Recognized Loss amount formulas below are intended solely for purposes of this PwC Greece Plan of Allocation and cannot and should not be binding on Lead Plaintiff or any Settlement Class Member for any other purpose.

3.      In order to have recoverable damages against PwC Greece, Authorized Claimants must have either (a) purchased or otherwise acquired at least one of the following: (i) Aegean common

stock; (ii) Aegean 4.00% Convertible Unsecured Senior Notes (the "4.00% Notes")[14]; (iii) Aegean 4.25% Convertible Unsecured Senior Notes (the "4.25% Notes")[15]; and/or (iv) Aegean call options; or (b) sold Aegean put options, (collectively referred to as the "Aegean Securities") after PwC Greece issued its audit opinion on May 16, 2017, but within the Settlement Class Period, and have held through a partial disclosure.

4.      The PwC Greece Plan of Allocation was developed in consultation with Lead Plaintiff's damages consultant. In developing the PwC Greece Plan of Allocation, Lead Plaintiff's damages consultant calculated the estimated amount of alleged artificial inflation in each of the Aegean Securities purchased or acquired after May 16, 2017 but within the Settlement Class Period. In calculating the estimated artificial inflation allegedly caused by PwC Greece's misconduct, Lead Plaintiff's damages consultant considered price changes in Aegean Securities in reaction to public disclosures that allegedly corrected the respective alleged misconduct, adjusting the price change for factors that were attributable to market and industry forces.

5.      In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Lead Plaintiff alleges that corrective information (referred to as a "corrective disclosure") was released to the market on various dates including the following dates after the issuance of PwC's audit opinion: February 20, 2018; June 4, 2018; November 2, 2018; and November 6, 2018, thereby impacting the prices of Aegean Securities on February 21, 2018; February 22, 2018; June 5, 2018; November 5, 2018; November 6, 2018; and November 7, 2018.

6.      As discussed above, in order to have a "Recognized Loss Amount" under the PwC Greece Plan of Allocation for the Partial Settlement against PwC Greece, Aegean Securities must have been purchased or otherwise acquired during the period between May 17, 2017 and November 5, 2018, inclusive ("PwC Greece Relevant Period"), and held through the issuance of at least one corrective disclosure.[16]

### ALLOCATION OF THE PWC GREECE NET SETTLEMENT FUND

7.      As detailed below, the PwC Greece Net Settlement Fund will be allocated on a *pro rata* basis according to recognized claims for Settlement Class Member's damages. The PwC Greece Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) at least 95% of the PwC Greece Net Settlement Fund will be allocated collectively to Aegean common stock and the specified Aegean debt securities; and (b) no more than 5% of the PwC Greece Net Settlement Fund will be allocated to options on Aegean common stock.

---

[14] The CUSIP number for the 4.00% Notes is: EJ8900817.

[15] The CUSIP number for the 4.25% Notes is: 00773VAB2. Prior to February 12, 2018, the CUSIP number for the 4.25% Notes is: 00773VAA4.

[16] Any transactions in Aegean Securities executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS FOR THE PWC GREECE SETTLEMENT

8.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Aegean Securities (or sold put options) during the PwC Greece Relevant Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or $0.00 under the formula below, that Recognized Loss Amount will be $0.00.

### Transactions in Aegean Common Stock

9.     For each share of Aegean publicly traded common stock purchased or otherwise acquired during the PwC Greece Relevant Period, the claim per share shall be as follows:

(a)     Sold prior to February 21, 2018, the Recognized Loss Amount will be $0.00.

(b)     Sold from February 21, 2018 through November 6, 2018, the Recognized Loss Amount will be *the lesser of*: (i) the purchase price multiplied by the percent inflation at the time of purchase (as presented in Table 1) less the sale price multiplied by the percent inflation at the time of sale (as presented in Table 1); or (ii) the purchase price minus the sale price.

(c)     Sold from November 7, 2018 through and including the close of trading on February 4, 2019, the Recognized Loss Amount will be *the least of*: (i) the purchase price multiplied by the percent inflation at the time of purchase (as presented in Table 1); (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 7, 2018 and the date of sale as stated in Table 2 below.

(d)     Held as of the close of trading on February 4, 2019 or sold thereafter, the Recognized Loss Amount per share will be *the lesser of*: (i) the purchase price multiplied by the percent inflation at the time of purchase (as presented in Table 1); or (ii) the difference between the purchase price and $0.04 per share.[17]

### Transactions in Aegean 4.00% Notes

10.     For each $100 of par of Aegean 4.00% Notes purchased or otherwise acquired during the PwC Greece Relevant Period, and;

---

[17] Under Section 21(D)(e)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. § 78u-4(e)(1). Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Aegean common stock during the 90-day look-back period. The mean (average) closing price for Aegean common stock during this 90-day look-back period was $0.04.

(a)     Sold prior to February 21, 2018, the Recognized Loss Amount will be $0.00.

(b)     Sold from February 21, 2018 through November 6, 2018, the Recognized Loss Amount will be ***the lesser of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); or (ii) the purchase price minus the sale price.

(c)     Sold from November 7, 2018, through and including the close of trading on February 4, 2019, the Recognized Loss Amount will be ***the least of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 7, 2018 and the date of sale as stated in Table 4 below.

(d)     Held as of the close of trading on February 4, 2019, the Recognized Loss Amount will be ***the lesser of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); or (ii) the difference between the purchase price and $20.83 per $100 of par.[18]

## Transactions in Aegean 4.25% Notes

11.     For each $100 of par of Aegean 4.25% Notes purchased or otherwise acquired during the PwC Greece Relevant Period, and;

(a)     Sold prior to February 21, 2018, the Recognized Loss Amount will be $0.00.

(b)     Sold from February 21, 2018 through November 6, 2018, the Recognized Loss Amount will be ***the lesser of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); or (ii) the purchase price minus the sale price.

(c)     Sold from November 7, 2018, through and including the close of trading on February 4, 2019, the Recognized Loss Amount will be ***the least of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 7, 2018 and the date of sale as stated in Table 5 below.

(d)     Held as of the close of trading on February 4, 2019, the Recognized Loss Amount will be ***the lesser of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); or (ii) the difference between the purchase price and $19.92 per $100 of par.[19]

---

[18] The mean (average) closing price for the Aegean 4.00% Notes during this 90-day look-back period was $20.83 per $100 of par.

[19] The mean (average) closing price for the Aegean 4.25% Notes during this 90-day look-back period was $19.92 per $100 of par.

**Transactions in Aegean Option Contracts**

12.    In order to have a Recognized Loss Amount for options on Aegean common stock, the option contract must have been purchased or written (sold) and the position must have remained open through at least one of the following dates: February 21, 2018; February 22, 2018; June 5, 2018; November 5, 2018; November 6, 2018; and/or November 7, 2018.[20]

13.    For call options on Aegean common stock purchased or otherwise acquired during the PwC Greece Relevant Period, and:

(a)    Closed (through sale, exercise or expiration) before February 21, 2018, the Recognized Loss Amount is $0.00.

(b)    Closed (through sale, exercise or expiration) without being held through at least one of the above-mentioned disclosures, the Recognized Loss Amount is $0.00.

(c)    Held through at least one of the above-mentioned disclosures, the Recognized Loss Amount is the difference between the price paid for the call option less the proceeds received upon settlement (through sale, expiration, or exercise) of the call option contract.

14.    For call options on Aegean common stock written or otherwise sold, the Recognized Loss Amount is $0.00.

15.    For put options on Aegean common stock written or otherwise sold during the Settlement Class Period, and:

(a)    Closed (through purchase, exercise or expiration) before February 21, 2018, the Recognized Loss Amount is $0.00.

(b)    Closed (through purchase, exercise or expiration) without being held through at least one of the above-mentioned disclosures, the Recognized Loss Amount is $0.00.

(c)    Held through at least one of the above-mentioned disclosures, the Recognized Loss Amount is the difference between the amount(s) paid upon settlement (through sale, expiration, or exercise) of the put option contract less the initial proceeds received upon the sale of the put option contract.

---

[20] To participate in the Partial Settlements, claimants must provide adequate documentation to establish that each call option and put option purchased or sold remained open through at least one of the corrective disclosures identified above. The Claims Administrator will determine if the Claimant had a "Market Gain" or "Market Loss" with respect to his, her, or its overall transactions in Aegean options contracts during the PwC Greece Relevant Period. Only Claimants who suffered an overall "Market Loss" in connection with his, her, or its purchases or sales of Aegean options contracts shall be eligible to participate in the Partial Settlements. With respect to shares of Aegean common stock purchased or sold through the exercise of an option, the purchase/sale date of the Aegean common stock is the exercise date of the option, and the purchase/sale price of the Aegean common stock is the exercise price of the option.

16.     For put options on Aegean common stock <u>purchased or otherwise acquired</u>, the Recognized Loss Amount is $0.00.

### ADDITIONAL PROVISIONS REGARDING PWC GREECE SETTLEMENT

17.     If a claimant has more than one purchase or sale of Aegean Securities, purchases and sales will be matched on a First In, First Out ("FIFO") basis for each respective security. PwC Greece Relevant Period sales will be matched first against any holdings at the beginning of the PwC Greece Relevant Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the PwC Greece Relevant Period.

18.     A claimant's "Recognized Claim" under the PwC Greece Plan of Allocation will be the sum of his, her or its Recognized Loss Amounts.

19.     The PwC Greece Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" (referring to the amount that the Court authorizes and directs to be distributed, in whole or in part, to Authorized Claimants) will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the PwC Greece Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

20.     Purchases, acquisitions and sales of Aegean Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Aegean Securities during the PwC Greece Relevant Period will not be deemed a purchase, acquisition or sale of Aegean Securities for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Aegean Securities unless: (i) the donor or decedent purchased or otherwise acquired the securities during the PwC Greece Relevant Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

21.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Aegean Securities. The date of a "short sale" is deemed to be the date of sale of Aegean Securities.  However, under the PwC Greece Plan of Allocation, the Recognized Loss Amount on "short sales" is $0.00. In the event that a claimant has an opening short position in Aegean Securities, his, her or its earliest PwC Greece Relevant Period purchases or acquisitions of Aegean Securities will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

22.     With respect to shares of Aegean common stock purchased or sold through the exercise of an option, the purchase/sale date of the Aegean common stock is the exercise date of the option and the purchase/sale price of the Aegean common stock is the exercise price of the option.

23.     If a claimant had a market gain with respect to his, her or its overall transactions in Aegean Securities during the PwC Greece Relevant Period, the value of the claimant's Recognized Claim

34

will be $0.00. If a claimant suffered an overall market loss with respect to his, her or its overall transactions in Aegean Securities during the PwC Greece Relevant Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss.[21] For purposes of determining whether a claimant had a market gain with respect to his, her or its overall transactions in Aegean Securities during the PwC Greece Relevant Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[22] and (ii) the sum of the Total Sales Proceeds[23,24] and Holding Value (for Aegean common stock and Notes only).[25]  This difference will be deemed a claimant's market gain or loss with respect to his, her or its overall transactions in Aegean Securities during the PwC Greece Relevant Period.

24.    After the initial distribution of the PwC Greece Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the PwC Greece Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the PwC Greece Settlement, including for such re-distributions, would be cost-effective.  At such time

---

[21] For the Aegean 4.00% Notes and the Aegean 4.25% Notes, only transactions between May 17, 2017 and November 5, 2018, inclusive, shall be considered for the determination of market gains and/or losses under the PwC Greece Plan of Allocation.

[22] The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Aegean Securities purchased or acquired during the PwC Greece Relevant Period.

[23] The Claims Administrator will match any sales of Aegean common stock from the start of the PwC Greece Relevant Period through and including the close of trading on November 7, 2018 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Aegean common stock sold from the start of the PwC Greece Relevant Period through and including the close of trading on November 7, 2018 will be the "Total Sales Proceeds."

[24] The Claims Administrator will match any sales of Aegean Convertible Notes from the start of the PwC Greece Relevant Period through and including the close of trading on November 7, 2018 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Aegean Convertible Notes sold from the start of the PwC Greece Relevant Period through and including the close of trading on November 7, 2018 will be the "Total Sales Proceeds."

[25] The Claims Administrator will ascribe a value of $0.12 per share for Aegean common stock purchased or acquired during the PwC Greece Relevant Period and still held as of the close of trading on November 7, 2018 (the "Holding Value"). The Claims Administrator will ascribe a Holding Value of $17.20 per $100 of par for Aegean 4.00% Notes purchased or acquired during the PwC Greece Relevant Period and still held as of the close of trading on November 7, 2018. The Claims Administrator will ascribe a Holding Value of $15.54 per $100 of par for Aegean 4.25% Notes purchased or acquired during the PwC Greece Relevant Period and still held as of the close of trading on November 7, 2018.

as it is determined that the re-distribution of funds remaining in the PwC Greece Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

25.     Payment pursuant to the PwC Greece Plan of Allocation, or such other plan of allocation as may be approved by the Court for the PwC Greece Settlement, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages consultant, Defendants, Defendants' Counsel, any of the other Settlement Class Member, PwC Greece, PwC Greece's Counsel, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the PwC Greece Stipulation, the plan of allocation approved by the Court, or further orders of the Court. Settling Defendants and their respective counsel, and all other relevant Settling Defendant's Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the PwC Greece Settlement Fund or the PwC Greece Net Settlement Fund; the PwC Greece Plan of Allocation; the determination, administration, calculation or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.  Lead Plaintiff, the Escrow Agent or any Claims Administrator likewise will have no liability for their reasonable efforts to execute administer and distribute the PwC Greece Settlement.

26.     The Court has reserved jurisdiction to allow, disallow or adjust on equitable grounds the Claim of any Settlement Class Member or claimant.

27.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

## UNDERSTANDING YOUR PAYMENT - THE DELOITTE GREECE PLAN OF ALLOCATION

| **26.** | **How will my claim be calculated for the Deloitte Greece Settlement?** |
|---|---|

1.      As discussed above, the Deloitte Greece Settlement provides $14.9 million in cash for the benefit of the members of the full Settlement Class who allegedly have claims against the Settling Defendant Deloitte Greece. The Deloitte Greece Settlement Amount and any interest it earns constitute the "Deloitte Greece Settlement Fund." The Deloitte Greece Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Deloitte Greece Net Settlement Fund."  If the Deloitte Greece Settlement is approved by the Court, the Deloitte Greece Net Settlement Fund will be distributed to eligible Authorized Claimants – members of the entire Settlement Class who timely submit valid Claim Forms that are accepted for payment by the Court and who allegedly have a claim against Deloitte – in accordance with this proposed Plan of Allocation ("Deloitte Greece Plan of Allocation") or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Deloitte Greece Net Settlement Fund but will otherwise be bound by the Deloitte Greece Settlement. The Court may approve this proposed Deloitte Greece Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Deloitte Greece Plan of Allocation will be posted on the settlement website: www.aegeansecuritieslitigation.com.

2.      The objective of the Deloitte Greece Plan of Allocation is to distribute the Deloitte Greece Settlement Funds equitably among those Settlement Class Members who suffered economic losses as a proximate result of Deloitte Greece's alleged wrongdoing.  To be clear, Settlement Class Members who purchased or acquired Aegean Securities (or sold Aegean put options during the Settlement Class Period and held through at least one partial disclosure, allegedly have claims against Deloitte Greece.  The Deloitte Greece Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Deloitte Greece Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover against Deloitte Greece after a trial. Nor are the calculations in accordance with the Deloitte Greece Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Deloitte Greece Settlement. The computations under the Deloitte Greece Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Deloitte Greece Net Settlement Fund. The Recognized Loss Amount formulas below are intended solely for purposes of this Deloitte Greece Plan of Allocation and cannot and should not be binding on Lead Plaintiff or any Settlement Class Member for any other purpose.

3.      In order to have recoverable damages against Deloitte Greece, Authorized Claimants must have either (a) purchased or otherwise acquired at least one of the following: (i) Aegean common

stock; (ii) Aegean 4.00% Convertible Unsecured Senior Notes (the "4.00% Notes")[26]; (iii) Aegean 4.25% Convertible Unsecured Senior Notes (the "4.25% Notes")[27]; and/or (iv) Aegean call options; or (b) sold Aegean put options (collectively referred to as the "Aegean Securities") within the Settlement Class Period and have held through a partial disclosure.

4.     The Deloitte Greece Plan of Allocation was developed in consultation with Lead Plaintiff's damages consultant. In developing the Deloitte Greece Plan of Allocation, Lead Plaintiff's damages consultant calculated the estimated amount of alleged artificial inflation in each of the Aegean Securities purchased or acquired during the Settlement Class Period. In calculating the estimated artificial inflation allegedly caused by Deloitte Greece's misconduct, Lead Plaintiff's damages consultant considered price changes in Aegean Securities in reaction to public disclosures that allegedly corrected the respective alleged misconduct, adjusting the price change for factors that were attributable to market and industry forces.

5.     In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Lead Plaintiff alleges that corrective information (referred to as a "corrective disclosure") was released to the market on various dates: December 14, 2016; February 20, 2018; June 4, 2018; November 2, 2018; and November 6, 2018; thereby impacting the prices of Aegean Securities on December 14, 2016; February 21, 2018; February 22, 2018; June 5, 2018; November 5, 2018; November 6, 2018; and November 7, 2018.

6.     In order to have a "Recognized Loss Amount" under the Deloitte Greece Plan of Allocation for the Deloitte Greece Settlement against Deloitte Greece, Aegean Securities must have been purchased or otherwise acquired during the Settlement Class Period, and held through the issuance of at least one corrective disclosure.[28]

### ALLOCATION OF THE DELOITTE GREECE NET SETTLEMENT FUND

7.     As detailed below, the Deloitte Greece Net Settlement Fund will be allocated on a *pro rata* basis according to recognized claims for Settlement Class Member's damages. The Deloitte Greece Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) at least 95% of the Deloitte Greece Net Settlement Fund will be allocated collectively to Aegean common stock and the specified Aegean debt securities; and (b) no more than 5% of the Deloitte Greece Net Settlement Fund will be allocated to options on Aegean common stock.

---

[26] The CUSIP number for the 4.00% Notes is: EJ8900817.

[27] The CUSIP number for the 4.25% Notes is: 00773VAB2.  Prior to February 12, 2018, the CUSIP number for the 4.25% Notes is: 00773VAA4.

[28] Any transactions in Aegean Securities executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS FOR THE DELOITTE GREECE SETTLEMENT

8.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Aegean Securities (or sold put options) during the Settlement Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or $0.00 under the formula below, that Recognized Loss Amount will be $0.00.

### Transactions in Aegean Common Stock

9.     For each share of Aegean publicly traded common stock purchased or otherwise acquired during the Settlement Class Period, the claim per share shall be as follows:

(a)     Sold prior to December 14, 2016, the Recognized Loss Amount will be $0.00.

(b)     Sold from December 14, 2016 through November 6, 2018, the Recognized Loss Amount will be ***the lesser of***: (i) the purchase price multiplied by the percent inflation at the time of purchase (as presented in Table 1) less the sale price multiplied by the percent inflation at the time of sale (as presented in Table 1); or (ii) the purchase price minus the sale price.

(c)     Sold from November 7, 2018 through and including the close of trading on February 4, 2019, the Recognized Loss Amount will be ***the least of***: (i) the purchase price multiplied by the percent inflation at the time of purchase (as presented in Table 1); (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 7, 2018 and the date of sale as stated in Table 2 below.

(d)     Held as of the close of trading on February 4, 2019 or sold thereafter, the Recognized Loss Amount per share will be ***the lesser of***: (i) the purchase price multiplied by the percent inflation at the time of purchase (as presented in Table 1); or (ii) the difference between the purchase price and $0.04 per share.[29]

---

[29] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. § 78u-4(e)(1). Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Aegean common stock during the 90-day look-back period. The mean (average) closing price for Aegean common stock during this 90-day look-back period was $0.04.

## Transactions in Aegean 4.00% Notes

10.     For each $100 of par of Aegean 4.00% Notes purchased or otherwise acquired during the Settlement Class Period, and;

    (a)     Sold prior to February 21, 2018, the Recognized Loss Amount will be $0.00.

    (b)     Sold from February 21, 2018 through November 6, 2018, the Recognized Loss Amount will be ***the lesser of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); or (ii) the purchase price minus the sale price.

    (c)     Sold from November 7, 2018, through and including the close of trading on February 4, 2019, the Recognized Loss Amount will be ***the least of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 7, 2018 and the date of sale as stated in Table 4 below.

    (d)     Held as of the close of trading on February 4, 2019, the Recognized Loss Amount will be ***the lesser of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); or (ii) the difference between the purchase price and $20.83 per $100 of par.[30]

## Transactions in Aegean 4.25% Notes

11.     For each $100 of par of Aegean 4.25% Notes purchased or otherwise acquired during the Settlement Class Period, and;

    (a)     Sold prior to February 21, 2018, the Recognized Loss Amount will be $0.00.

    (b)     Sold from February 21, 2018 through November 6, 2018, the Recognized Loss Amount will be ***the lesser of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); or (ii) the purchase price minus the sale price.

    (c)     Sold from November 7, 2018, through and including the close of trading on February 4, 2019, the Recognized Loss Amount will be ***the least of***: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); (ii) the purchase price minus the sale price; or (iii) the purchase price

---

[30] The mean (average) closing price for the Aegean 4.00% Notes during this 90-day look-back period was $20.83 per $100 of par.

minus the average closing price between November 7, 2018 and the date of sale as stated in Table 5 below.

(d)    Held as of the close of trading on February 4, 2019, the Recognized Loss Amount will be *the lesser of*: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (as presented in Table 3); or (ii) the difference between the purchase price and $19.92 per $100 of par.[31]

## **Transactions in Aegean Option Contracts**

12.    In order to have a Recognized Loss Amount for options on Aegean common stock, the option contract must have been purchased or written (sold) and the position must have remained open through at least one of the following dates: December 14, 2016; February 21, 2018; February 22, 2018; June 5, 2018; November 5, 2018; November 6, 2018; and/or November 7, 2018.[32]

13.    For call options on Aegean common stock purchased or otherwise acquired during the Settlement Class Period, and:

(a)    Closed (through sale, exercise or expiration) before December 14, 2016, the Recognized Loss Amount is $0.00.

(b)    Closed (through sale, exercise or expiration) without being held through at least one of the above-mentioned disclosures, the Recognized Loss Amount is $0.00.

(c)    Held through at least one of the above-mentioned disclosures, the Recognized Loss Amount is the difference between the price paid for the call option less the proceeds received upon settlement (through sale, expiration, or exercise) of the call option contract.

14.    For call options on Aegean common stock written or otherwise sold, the Recognized Loss Amount is $0.00.

15.    For put options on Aegean common stock written or otherwise sold during the Settlement Class Period, and:

---

[31] The mean (average) closing price for the Aegean 4.25% Notes during this 90-day look-back period was $19.92 per $100 of par.

[32] To participate in the Partial Settlements, claimants must provide adequate documentation to establish that each call option and put option purchased or sold remained open through at least one of the corrective disclosures identified above. The Claims Administrator will determine if the Claimant had a "Market Gain" or "Market Loss" with respect to his, her, or its overall transactions in Aegean options contracts during the Settlement Class Period. Only Claimants who suffered an overall "Market Loss" in connection with his, her, or its purchases or sales of Aegean options contracts shall be eligible to participate in the Partial Settlements. With respect to shares of Aegean common stock purchased or sold through the exercise of an option, the purchase/sale date of the Aegean common stock is the exercise date of the option, and the purchase/sale price of the Aegean common stock is the exercise price of the option.

    (a)      Closed (through purchase, exercise or expiration) before December 14, 2016, the Recognized Loss Amount is $0.00.

    (b)      Closed (through purchase, exercise or expiration) without being held through at least one of the above-mentioned disclosures, the Recognized Loss Amount is $0.00.

    (c)      Held through at least one of the above-mentioned disclosures, the Recognized Loss Amount is the difference between the amount(s) paid upon settlement (through sale, expiration, or exercise) of the put option contract less the initial proceeds received upon the sale of the put option contract.

16.    For put options on Aegean common stock purchased or otherwise acquired, the Recognized Loss Amount is $0.00.

## ADDITIONAL PROVISIONS REGARDING THE DELOITTE GREECE SETTLEMENT

17.    If a claimant has more than one purchase or sale of Aegean Securities, purchases and sales will be matched on a First In, First Out ("FIFO") basis for each respective security. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

18.    A claimant's "Recognized Claim" under the Deloitte Greece Plan of Allocation will be the sum of his, her or its Recognized Loss Amounts.

19.    The Deloitte Greece Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" (referring to the amount that the Court authorizes and directs to be distributed, in whole or in part, to Authorized Claimants) will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Deloitte Greece Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

20.    Purchases, acquisitions and sales of Aegean Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Aegean Securities during the Settlement Class Period will not be deemed a purchase, acquisition or sale of Aegean Securities for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Aegean Securities unless: (i) the donor or decedent purchased or otherwise acquired the securities during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

21.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Aegean Securities. The date of a "short sale" is deemed to be the date of sale of Aegean Securities. However, under the Deloitte Greece Plan of Allocation, the Recognized Loss Amount on "short sales" is $0.00. In the event that a claimant has an opening short position in Aegean Securities, his, her or its earliest Settlement Class Period purchases or acquisitions of Aegean Securities will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

22.     With respect to shares of Aegean common stock purchased or sold through the exercise of an option, the purchase/sale date of the Aegean common stock is the exercise date of the option and the purchase/sale price of the Aegean common stock is the exercise price of the option.

23.     If a claimant had a market gain with respect to his, her or its overall transactions in Aegean Securities during the Settlement Class Period, the value of the claimant's Recognized Claim will be $0.00. If a claimant suffered an overall market loss with respect to his, her or its overall transactions in Aegean Securities during the Settlement Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain with respect to his, her or its overall transactions in Aegean Securities during the Settlement Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[33] and (ii) the sum of the Total Sales Proceeds[34,35] and Holding Value (for Aegean Common Stock and Notes only).[36] This difference will be deemed a claimant's market gain or loss with respect to his, her, or its overall transactions in Aegean Securities during the Settlement Class Period.

---

[33] The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Aegean Securities purchased or acquired during the Settlement Class Period.

[34] The Claims Administrator will match any sales of Aegean common stock from the start of the Settlement Class Period through and including the close of trading on November 7, 2018 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Aegean common stock sold from the start of the Settlement Class Period through and including the close of trading on November 7, 2018 will be the "Total Sales Proceeds."

[35] The Claims Administrator will match any sales of Aegean Convertible Notes from the start of the Settlement Class Period through and including the close of trading on November 7, 2018 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Aegean Convertible Notes sold from the start of the Settlement Class Period through and including the close of trading on November 7, 2018 will be the "Total Sales Proceeds."

[36] The Claims Administrator will ascribe a value of $0.12 per share for Aegean common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on November 7, 2018 (the "Holding Value"). The Claims Administrator will ascribe a Holding Value of $17.20 per $100 of par for Aegean 4.00% Notes purchased or acquired during the Settlement Class Period (as to Deloitte Greece) and still held as of the close of trading on November 7, 2018. The Claims Administrator will ascribe a Holding Value of $15.54 per $100 of par for Aegean 4.25% Notes purchased or acquired during the Settlement Class Period (as to Deloitte Greece) and still held as of the close of trading on November 7, 2018.

24.     After the initial distribution of the Deloitte Greece Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Deloitte Greece Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Deloitte Greece Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Deloitte Greece Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

28.     Payment pursuant to the Deloitte Greece Plan of Allocation, or such other plan of allocation as may be approved by the Court for the Deloitte Greece Settlement, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages consultant, Defendants, Defendants' Counsel, any of the other Settlement Class Members, Deloitte Greece, Deloitte Greece's Counsel, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Deloitte Greece Stipulation, the plan of allocation approved by the Court, or further orders of the Court. The Settling Defendants and their respective counsel, and all other relevant Settling Defendant's Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Deloitte Greece Settlement Fund or the Deloitte Greece Net Settlement Fund; the Deloitte Greece Plan of Allocation; the determination, administration, calculation or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.  Lead Plaintiff, the Escrow Agent or any Claims Administrator likewise will have no liability for their reasonable efforts to execute administer and distribute the PwC Greece Settlement.

25.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member or claimant.

26.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

**TABLE 1**

**Decline in Inflation Per Share of Aegean Common Stock**

| Date Range | | Common Stock |
|---|---|---|
| Start Date | End Date | |
| 2/27/2014 | 12/13/2016 | 98.37% |
| 12/14/2016 | 2/20/2018 | 98.13% |
| 2/21/2018 | 2/21/2018 | 97.04% |
| 2/22/2018 | 6/4/2018 | 96.79% |
| 6/5/2018 | 11/4/2018 | 86.95% |
| 11/5/2018 | 11/6/2018 | 81.81% |
| 11/7/2018 | Thereafter | 0.00% |

**TABLE 2**

**Aegean Common Stock Price and Average Closing Price**

| Date | Closing Price | Average Closing Price Between November 7, 2018 and Date Shown | Date | Closing Price | Average Closing Price Between November 7, 2018 and Date Shown |
|---|---|---|---|---|---|
| 11/7/2018 | $0.12 | $0.12 | 12/21/2018 | $0.03 | $0.05 |
| 11/8/2018 | $0.10 | $0.11 | 12/24/2018 | $0.03 | $0.05 |
| 11/9/2018 | $0.10 | $0.10 | 12/26/2018 | $0.03 | $0.05 |
| 11/12/2018 | $0.07 | $0.10 | 12/27/2018 | $0.03 | $0.05 |
| 11/13/2018 | $0.06 | $0.09 | 12/28/2018 | $0.03 | $0.05 |
| 11/14/2018 | $0.06 | $0.08 | 12/31/2018 | $0.03 | $0.05 |
| 11/15/2018 | $0.05 | $0.08 | 1/2/2019 | $0.03 | $0.05 |
| 11/16/2018 | $0.04 | $0.07 | 1/3/2019 | $0.03 | $0.04 |
| 11/19/2018 | $0.05 | $0.07 | 1/4/2019 | $0.03 | $0.04 |
| 11/20/2018 | $0.07 | $0.07 | 1/7/2019 | $0.03 | $0.04 |
| 11/21/2018 | $0.05 | $0.07 | 1/8/2019 | $0.03 | $0.04 |
| 11/23/2018 | $0.05 | $0.07 | 1/9/2019 | $0.03 | $0.04 |
| 11/26/2018 | $0.04 | $0.07 | 1/10/2019 | $0.03 | $0.04 |
| 11/27/2018 | $0.04 | $0.06 | 1/11/2019 | $0.03 | $0.04 |
| 11/28/2018 | $0.04 | $0.06 | 1/14/2019 | $0.03 | $0.04 |
| 11/29/2018 | $0.04 | $0.06 | 1/15/2019 | $0.03 | $0.04 |
| 11/30/2018 | $0.04 | $0.06 | 1/16/2019 | $0.03 | $0.04 |
| 12/3/2018 | $0.04 | $0.06 | 1/17/2019 | $0.03 | $0.04 |
| 12/4/2018 | $0.04 | $0.06 | 1/18/2019 | $0.03 | $0.04 |
| 12/6/2018 | $0.05 | $0.06 | 1/22/2019 | $0.03 | $0.04 |
| 12/7/2018 | $0.04 | $0.06 | 1/23/2019 | $0.03 | $0.04 |
| 12/10/2018 | $0.03 | $0.06 | 1/24/2019 | $0.03 | $0.04 |
| 12/11/2018 | $0.03 | $0.05 | 1/25/2019 | $0.03 | $0.04 |
| 12/12/2018 | $0.03 | $0.05 | 1/28/2019 | $0.03 | $0.04 |
| 12/13/2018 | $0.03 | $0.05 | 1/29/2019 | $0.03 | $0.04 |
| 12/14/2018 | $0.03 | $0.05 | 1/30/2019 | $0.03 | $0.04 |
| 12/17/2018 | $0.03 | $0.05 | 1/31/2019 | $0.03 | $0.04 |
| 12/18/2018 | $0.03 | $0.05 | 2/1/2019 | $0.03 | $0.04 |
| 12/19/2018 | $0.03 | $0.05 | 2/4/2019 | $0.03 | $0.04 |
| 12/20/2018 | $0.03 | $0.05 | | | |

**TABLE 3**

**Inflation of Aegean Notes Per $100 Par**

| Date Range | | 4.00% Note | 4.25% Note |
|---|---|---|---|
| Start Date | End Date | | |
| 2/27/2014 | 2/20/2018 | $88.12 | $91.85 |
| 2/21/2018 | 6/4/2018 | $87.82 | $90.72 |
| 6/5/2018 | 11/6/2018 | $77.79 | $74.15 |
| 11/7/2018 | Thereafter | $0.00 | $0.00 |

**TABLE 4**
**Aegean 4.00% Convertible Unsecured Senior Note Value/Price and**
**Average Closing Value/Price**

| Date | Closing Price/Value | Average Closing Price Between November 7, 2018 and Date Shown | Date | Closing Price/Value | Average Closing Price Between November 7, 2018 and Date Shown |
|---|---|---|---|---|---|
| 11/7/2018 | $17.20 | $17.20 | 12/21/2018 | $23.24 | $17.65 |
| 11/8/2018 | $26.59 | $21.89 | 12/24/2018 | $24.30 | $17.86 |
| 11/9/2018 | $18.50 | $20.76 | 12/26/2018 | $24.28 | $18.05 |
| 11/12/2018 | $20.43 | $20.68 | 12/27/2018 | $24.25 | $18.23 |
| 11/13/2018 | $19.52 | $20.45 | 12/28/2018 | $23.15 | $18.37 |
| 11/14/2018 | $19.52 | $20.29 | 12/31/2018 | $24.18 | $18.53 |
| 11/15/2018 | $17.29 | $19.86 | 1/2/2019 | $24.16 | $18.69 |
| 11/16/2018 | $17.05 | $19.51 | 1/3/2019 | $24.18 | $18.83 |
| 11/19/2018 | $18.25 | $19.37 | 1/4/2019 | $23.03 | $18.94 |
| 11/20/2018 | $16.24 | $19.06 | 1/7/2019 | $23.67 | $19.06 |
| 11/21/2018 | $14.66 | $18.66 | 1/8/2019 | $23.65 | $19.17 |
| 11/23/2018 | $14.13 | $18.28 | 1/9/2019 | $23.71 | $19.28 |
| 11/26/2018 | $13.90 | $17.94 | 1/10/2019 | $23.94 | $19.39 |
| 11/27/2018 | $14.06 | $17.67 | 1/11/2019 | $23.92 | $19.49 |
| 11/28/2018 | $12.70 | $17.34 | 1/14/2019 | $23.94 | $19.59 |
| 11/29/2018 | $14.28 | $17.14 | 1/15/2019 | $23.16 | $19.67 |
| 11/30/2018 | $14.35 | $16.98 | 1/16/2019 | $23.25 | $19.74 |
| 12/3/2018 | $14.34 | $16.83 | 1/17/2019 | $23.25 | $19.81 |
| 12/4/2018 | $14.30 | $16.70 | 1/18/2019 | $24.22 | $19.90 |
| 12/6/2018 | $14.16 | $16.57 | 1/22/2019 | $24.37 | $19.99 |
| 12/7/2018 | $14.17 | $16.46 | 1/23/2019 | $25.08 | $20.09 |
| 12/10/2018 | $14.11 | $16.35 | 1/24/2019 | $25.80 | $20.20 |
| 12/11/2018 | $14.41 | $16.27 | 1/25/2019 | $25.74 | $20.31 |
| 12/12/2018 | $14.71 | $16.20 | 1/28/2019 | $25.23 | $20.40 |
| 12/13/2018 | $21.00 | $16.39 | 1/29/2019 | $25.23 | $20.49 |
| 12/14/2018 | $21.04 | $16.57 | 1/30/2019 | $25.49 | $20.58 |
| 12/17/2018 | $22.68 | $16.80 | 1/31/2019 | $25.56 | $20.66 |
| 12/18/2018 | $22.95 | $17.02 | 2/1/2019 | $25.65 | $20.75 |
| 12/19/2018 | $24.09 | $17.26 | 2/4/2019 | $25.68 | $20.83 |
| 12/20/2018 | $23.25 | $17.46 | | | |

**TABLE 5**

**Aegean 4.25% Convertible Unsecured Senior Note Value/Price and
Average Closing Value/Price**

| Date | Closing Price/Value | Average Closing Price Between November 7, 2018 and Date Shown | Date | Closing Price/Value | Average Closing Price Between November 7, 2018 and Date Shown |
|---|---|---|---|---|---|
| 11/7/2018 | $15.54 | $15.54 | 12/21/2018 | $23.58 | $16.16 |
| 11/8/2018 | $18.30 | $16.92 | 12/24/2018 | $23.58 | $16.39 |
| 11/9/2018 | $18.23 | $17.36 | 12/26/2018 | $23.58 | $16.61 |
| 11/12/2018 | $18.22 | $17.57 | 12/27/2018 | $23.60 | $16.81 |
| 11/13/2018 | $17.72 | $17.60 | 12/28/2018 | $23.59 | $17.01 |
| 11/14/2018 | $17.09 | $17.52 | 12/31/2018 | $23.60 | $17.19 |
| 11/15/2018 | $15.07 | $17.17 | 1/2/2019 | $23.61 | $17.36 |
| 11/16/2018 | $12.48 | $16.58 | 1/3/2019 | $23.60 | $17.53 |
| 11/19/2018 | $12.45 | $16.12 | 1/4/2019 | $23.61 | $17.68 |
| 11/20/2018 | $12.41 | $15.75 | 1/7/2019 | $22.16 | $17.79 |
| 11/21/2018 | $12.28 | $15.44 | 1/8/2019 | $22.09 | $17.90 |
| 11/23/2018 | $12.17 | $15.16 | 1/9/2019 | $22.32 | $18.00 |
| 11/26/2018 | $12.17 | $14.93 | 1/10/2019 | $23.34 | $18.13 |
| 11/27/2018 | $12.13 | $14.73 | 1/11/2019 | $23.29 | $18.25 |
| 11/28/2018 | $12.28 | $14.57 | 1/14/2019 | $23.44 | $18.36 |
| 11/29/2018 | $12.25 | $14.42 | 1/15/2019 | $23.38 | $18.47 |
| 11/30/2018 | $12.52 | $14.31 | 1/16/2019 | $23.38 | $18.57 |
| 12/3/2018 | $13.11 | $14.24 | 1/17/2019 | $23.38 | $18.67 |
| 12/4/2018 | $13.21 | $14.19 | 1/18/2019 | $25.44 | $18.81 |
| 12/6/2018 | $13.54 | $14.16 | 1/22/2019 | $25.09 | $18.94 |
| 12/7/2018 | $13.79 | $14.14 | 1/23/2019 | $25.64 | $19.07 |
| 12/10/2018 | $13.71 | $14.12 | 1/24/2019 | $25.41 | $19.19 |
| 12/11/2018 | $17.51 | $14.27 | 1/25/2019 | $25.20 | $19.30 |
| 12/12/2018 | $17.51 | $14.40 | 1/28/2019 | $25.20 | $19.41 |
| 12/13/2018 | $19.67 | $14.61 | 1/29/2019 | $25.52 | $19.53 |
| 12/14/2018 | $19.73 | $14.81 | 1/30/2019 | $25.06 | $19.62 |
| 12/17/2018 | $21.98 | $15.08 | 1/31/2019 | $25.32 | $19.72 |
| 12/18/2018 | $23.16 | $15.37 | 2/1/2019 | $25.53 | $19.82 |
| 12/19/2018 | $23.52 | $15.65 | 2/4/2019 | $25.44 | $19.92 |
| 12/20/2018 | $23.54 | $15.91 | | | |

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF
COURT REGARDING THIS NOTICE.**

Dated: _____ ___, 2022          By Order of the Clerk of Court
                                           United States District Court
                                           for the Southern District of New York

Exhibit A-2

*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217
Toll-Free Number: 1-877-888-9760
Settlement Website: www.aegeansecuritieslitigation.com
Email:  info@aegeansecuritieslitigation.com

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the PwC Greece Net Settlement Fund and/or the Deloitte Greece Net Settlement Fund in connection with two Partial Settlements in the action captioned *In re Aegean Marine Petroleum Network, Inc. Securities Litigation*, No. 18-Civ-4993-NRB (S.D.N.Y.) (the "Action"), pending in the United States District Court for the Southern District of New York (the "Court"), you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form" or "Claim") and mail it by First-Class Mail to the above address, **postmarked no later than _____ , 2022**.

Failure to submit your Claim Form by the date specified will subject your Claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Settling Parties or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | 2 |
| PART II – GENERAL INSTRUCTIONS | 3 |
| PART III – SCHEDULE OF TRANSACTIONS IN AEGEAN SECURITIES | 5 |
| PART IV – RELEASE OF CLAIMS AND SIGNATURE | 6 |

**PART I – CLAIMANT INFORMATION**

(Please read Part II. General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                    State         Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (day)                  Telephone Number (evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this Claim.)

Account Number (account(s) through which the Securities were traded)[1]

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)     ☐ Pension Plan        ☐ Trust
- ☐ Corporation                                     ☐ Estate
- ☐ IRA/401K                                         ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity, you may write "multiple." Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (i) Pendency of Class Action and Proposed Partial Settlements; and (ii) Final Approval Hearing For The Partial Settlements, Plans of Allocation, Motion For Approval of Attorneys' Fees and Reimbursement of Litigation Expenses and Application For The Establishment of a Litigation Expense Fund (the "Notice") that accompanies this Claim Form, including the PwC Greece Plan of Allocation and Deloitte Greece Plan of Allocation set forth in the Notice.  The Notice describes the proposed Partial Settlements, how Settlement Class Members are affected by the Partial Settlements and the manner in which the PwC Greece Net Settlement Fund and the Deloitte Greece Net Settlement Fund will be distributed if the Partial Settlements and the PwC Greece Plan of Allocation and Deloitte Greece Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all Persons who purchased or otherwise acquired (a) Aegean Marine Petroleum, Inc. ("Aegean") common stock (Tickers: ANW, ANWWQ) (CINS: Y0017S102) ("Common Stock"); (b) Aegean Notes ("Notes"): Aegean 4.00% Convertible Unsecured Senior Notes due 11/1/2018 issued 10/23/2013 (CUSIP: EJ8900817, ISIN: USY0020QAA95) and/or Aegean 4.25% Convertible Unsecured Senior Notes due 12/15/2021 issued 12/19/2016 (CUSIP: 00773VAA4 (CUSIP changed to 00773VAB2 on 2/12/2018), ISIN: US00773VAB27); and/or (c) purchased call option contracts or sold put option contracts on Aegean Common Stock (collectively, "Aegean Securities") during the period between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby ("Settlement Class").  Any Person who falls within the definition of the Settlement Class is referred to as a "Settlement Class Member."

3.      Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of Defendants; (b) Persons who have been dismissed from this Action ("Dismissed Defendants"); (c) present or former officers, directors, partners or controlling persons as of April 30, 2018 of Aegean, its subsidiaries or its affiliates, any Defendant or any Dismissed Defendant, and their immediate family members; (d) the directors' and officers' liability carriers and any affiliates or subsidiaries thereof of any Defendant, Dismissed Defendant or Aegean; (e) any entity in which any Defendant, Dismissed Defendant or Aegean has or has had a controlling interest; and (f) the legal representatives, heirs, estates, agents, successors or assigns of any person or entity described in the preceding categories.  Also excluded from the Settlement Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in the Notice.

4.      If you are not a Settlement Class Member, do not submit a Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action related to the PwC Greece Released Parties and/or the Deloitte Greece Released Parties WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class.  Thus, if you are a Settlement Class Member and do not request exclusion from the Settlement Class, the Final Judgment with Prejudice Regarding PwC Greece will release, and enjoin the filing or continued prosecution of, the PwC Greece Released Claims against PwC Greece, the Dismissed Defendants PricewaterhouseCoopers International Limited and PricewaterhouseCoopers LLP and the other PwC Greece Released Parties.  And, if you are a Settlement Class Member and do not request exclusion from the Class, the Final Judgment with Prejudice Regarding Deloitte Greece will release, and enjoin the filing or continued prosecution of, the Deloitte Released Claims against Deloitte Greece, the Dismissed Defendants Deloitte Touche Tohmatsu Limited and, Deloitte & Touche LLP, and the other Deloitte Released Parties.

6.      You may be eligible to participate in the distribution of the PwC Greece Net Settlement Fund and/or the Deloitte Greece Net Settlement Fund as described herein only if you are a member of the Settlement Class and if you complete and return this Claim Form as specified herein.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your Claim may be rejected, and you may be precluded from receiving any distribution from the PwC Greece Net Settlement Fund and the Deloitte Greece Net Settlement Fund.

7.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Partial Settlements.  The distribution of the PwC Greece Net Settlement Fund and the Deloitte Greece Net Settlement Fund will be governed by the PwC Greece Plan of Allocation and the Deloitte Greece Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of Aegean Securities.  On the Schedule of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Aegean Securities, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.

9.      Please note:  To be eligible to receive a distribution under the Deloitte Greece Plan of Allocation, you must be a Settlement Class Member and have purchased or otherwise acquired Aegean Securities (or sold Aegean put options) during the Settlement Class Period.  To be eligible to receive a distribution under the PwC Greece Plan of Allocation, you must be a Settlement

Class Member and have purchased or otherwise acquired Aegean Securities (or sold Aegean put options) between May 17, 2017 and November 5, 2018.[2]

10.     You are required to submit genuine and sufficient documentation for all of your transactions and holdings of Aegean Securities set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Settling Parties and the Claims Administrator do not independently have information about your investments in Aegean Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.     **One Claim Form should be submitted for each separate legal entity or separately managed account**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA holdings and transactions with holdings and transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Aegean Securities made on behalf of a single beneficial owner.

12.     All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired Aegean Securities (or sold Aegean put options) and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired Aegean Securities (or sold Aegean put options) and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or Taxpayer Identification Number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Aegean Securities; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Aegean Securities you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

16.     If the Court approves either or both the Partial Settlements, all payments to eligible Authorized Claimants pursuant to the PwC Greece Plan of Allocation and/or the Deloitte Greece Plan of Allocation (or such other plan of allocation as the Court approves at a later time) will be made after the completion of all Claims processing.  This could take substantial time.  Please be patient.

17.     PLEASE NOTE:  As set forth in the PwC Greece Plan of Allocation and the Deloitte Greece Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the PwC Greece Net Settlement Fund and/or the Deloitte Greece Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., by email at info@aegeansecuritieslitigation.com, or by toll-free phone at 1-877-888-9760, or you may download the documents from the Settlement website, www.aegeansecuritieslitigation.com.

---

[2] Any transactions in the Aegean Securities executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

19.      NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.aegeansecuritieslitigation.com, or you may email the Claims Administrator's electronic filing department at info@aegeansecuritieslitigation.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your Claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@aegeansecuritieslitigation.com to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT 1-877-888-9760.**

## PART III – SCHEDULE OF TRANSACTIONS IN AEGEAN SECURITIES

Complete this Part III if, and only if, you purchased or otherwise acquired Aegean Securities (or sold Aegean put options) during the Settlement Class Period.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than the following Aegean Securities: (i) Aegean Common Stock; (ii) Aegean  4.00% Convertible Unsecured Senior Notes (the "4.00% Notes") (CUSIP: EJ8900817); (iii) Aegean 4.25% Convertible Unsecured Senior Notes (the "4.25% Notes") (CUSIPs: 00773VAB2, 00773VAA4 (prior to February 12, 2018)); and/or (iv) purchased call option contracts or sold put option contracts on Aegean Common Stock (collectively referred to as the "Aegean Securities") within the Settlement Class Period.

**SCHEDULE OF TRANSACTIONS IN AEGEAN COMMON STOCK**

**1.  HOLDINGS OF AEGEAN COMMON STOCK AS OF FEBRUARY 26, 2014 –** State the total number of shares of Aegean common stock (Tickers: ANW, ANWWQ) currently held as of the close of trading on February 26, 2014.  (Must be documented.)  If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS OF AEGEAN COMMON STOCK FROM FEBRUARY 27, 2014 THROUGH FEBRUARY 4, 2019** – Separately list each and every purchase/acquisition of Aegean common stock (Tickers: ANW, ANWWQ) made from after the opening of trading on February 27, 2014, through and including the close of trading on February 4, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |

**3.  SALES OF AEGEAN COMMON STOCK FROM FEBRUARY 27, 2014 THROUGH FEBRUARY 4, 2019** – Separately list each and every sale/disposition of Aegean common stock (Tickers: ANW, ANWWQ) that were purchased or otherwise acquired from after the opening of trading on February 27, 2014, through and including the close of trading on February 4, 2019.  (Must be documented.)

**IF NONE, CHECK HERE:** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |

**4.  HOLDINGS OF AEGAN COMMON STOCK AS OF FEBRUARY 4, 2019 –** State the total number of shares of Aegean common stock (Tickers: ANW, ANWWQ) currently held as of the close of trading on February 4, 2019.  (Must be documented.)  If none, write "zero" or "0."

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX.** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.**

**SCHEDULE OF TRANSACTIONS IN AEGEAN 4.00% NOTES**

**5. HOLDINGS OF AEGEAN 4.00% NOTES AS OF FEBRUARY 26, 2014 –** State the total number of $100 par Aegean 4.00% Notes (CUSIP: EJ8900817) currently held as of the close of trading on February 26, 2014.  (Must be documented.)  If none, write "zero" or "0."

**6. PURCHASES/ACQUISITIONS OF AEGEAN 4.00% NOTES FROM FEBRUARY 27, 2014 THROUGH FEBRUARY 4, 2019 –** Separately list each and every purchase/acquisition of Aegean $100 par 4.00% Notes (CUSIP: EJ8900817)) made from after the opening of trading on February 27, 2014, through and including the close of trading on February 4, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of 100 Par Notes Purchased/ Acquired | Purchase/Acquisition Price Per Note | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**7. SALES OF AEGEAN 4.00% NOTES FROM FEBRUARY 27, 2014 THROUGH FEBRUARY 4, 2019 –** Separately list each and every sale/disposition of $100 par Aegean 4.00% Notes (CUSIP: EJ8900817) that were purchased or otherwise acquired from after the opening of trading on February 27, 2014, through and including the close of trading on February 4, 2019.  (Must be documented.)

**IF NONE, CHECK HERE:** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**8. HOLDINGS OF AEGEAN 4.00% NOTES AS OF FEBRUARY 4, 2019 –** State the total number of $100 par Aegean 4.00% Notes (CUSIP: EJ8900817) currently held as of the close of trading on February 4, 2019.  (Must be documented.)  If none, write "zero" or "0."

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX. ☐
IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.**

**SCHEDULE OF TRANSACTIONS IN AEGEAN 4.25% NOTES**

**9. HOLDINGS OF AEGEAN 4.25% NOTES AS OF FEBRUARY 26, 2014** – State the total number of $100 par Aegean 4.25% Notes (CUSIPs: 00773VAB2, 00773VAA4 (prior to February 12, 2018)) currently held as of the close of trading on February 26, 2014. (Must be documented.)  If none, write "zero" or "0."

**10. PURCHASES/ACQUISITIONS OF AEGEAN 4.25% NOTES FROM FEBRUARY 27, 2014 THROUGH FEBRUARY 4, 2019** – Separately list each and every purchase/acquisition of Aegean $100 par 4.25% Notes (CUSIPs: 00773VAB2, 00773VAA4 (prior to February 12, 2018)) made from after the opening of trading on February 27, 2014, through and including the close of trading on February 4, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of 100 Par Notes Purchased/ Acquired | Purchase/Acquisition Price Per Note | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / |  | $ | $ |
| /    / |  | $ | $ |
| /    / |  | $ | $ |
| /    / |  | $ | $ |

**11.  SALES OF AEGEAN 4.25% NOTES FROM FEBRUARY 27, 2014 THROUGH FEBRUARY 4, 2019** – Separately list each and every sale/disposition of $100 par Aegean 4.25% Notes (CUSIPs: 00773VAB2, 00773VAA4 (prior to February 12, 2018)) that were purchased or otherwise acquired from after the opening of trading on February 27, 2014, through and including the close of trading on February 4, 2019.  (Must be documented.)

**IF NONE, CHECK HERE:** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Notes Sold | Sale Price Per Note | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / |  | $ | $ |
| /    / |  | $ | $ |
| /    / |  | $ | $ |
| /    / |  | $ | $ |

**12.  HOLDINGS OF AEGEAN 4.25% NOTES AS OF FEBRUARY 4, 2019** – State the total number of $100 par Aegean 4.25% Notes (CUSIPs: 00773VAB2, 00773VAA4 (prior to February 12, 2018)) currently held as of the close of trading on February 4, 2019.  (Must be documented.)  If none, write "zero" or "0."

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX.** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.**

**SCHEDULE OF TRANSACTIONS IN AEGEAN CALL OPTIONS**

| 13. **HOLDINGS OF CALL OPTION CONTRACTS ON AEGEAN COMMON STOCK** – Separately list each Aegean Call Option held as of the close of trading on February 26, 2014. (Must be documented.) If none, write "zero" or "0." | | **IF NONE, CHECK HERE** ☐ |
|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | /  / | |
| $ | /  / | |

14. **PURCHASES/ACQUISITIONS OF AEGEAN CALL OPTION CONTRACTS** – Separately list each and every purchase/acquisition (including free receipts) of Aegean Call Option contracts from after the opening of trading on February 27, 2014, through and including the expiration date of any Aegean Call Option contracts that you held long as of the close of trading on February 4, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/ Day/Year) | Number of Call Option Contracts Purchased/ Acquired | Purchase Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|
| /  / | $ | /  / | | $ | $ | | /  / |
| /  / | $ | /  / | | $ | $ | | /  / |

| 15. **SALES OF AEGEAN CALL OPTION CONTRACTS** – Separately list each and every sale/disposition (including free deliveries) of Aegean Call Option contracts from after the opening of trading on February 27, 2014, through and including the expiration date of any Aegean Call Option contracts that you held long as of the close of trading on February 4, 2019. (Must be documented.) | | | | | | **IF NONE, CHECK HERE** ☐ |
|---|---|---|---|---|---|---|
| Date of Sale (Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/ Day/Year) | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Insert an "E" if Exercised Insert an "X" if Expired | Total Sale Price (excluding taxes, commissions, and fees) |
| /  / | $ | /  / | | $ | | |
| /  / | $ | /  / | | $ | | |

| 16. **ENDING HOLDINGS OF AEGEAN CALL OPTION CONTRACTS** – Separately list each Aegean Call Option held as of the close of trading on February 4, 2019. (Must be documented.) If none, write "zero" or "0." | | **IF NONE, CHECK HERE** ☐ |
|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | /  / | |
| $ | /  / | |

**SCHEDULE OF TRANSACTIONS IN AEGEAN PUT OPTIONS**

| 17. HOLDINGS OF PUT OPTION CONTRACTS ON AEGEAN COMMON STOCK – Separately list each Aegean Put Option held as of the close of trading on February 26, 2014.  (Must be documented.)  If none, write "zero" or "0." | | IF NONE, CHECK HERE ☐ |
|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | /    / | |
| $ | /    / | |

**B.  SALES (WRITING) OF AEGEAN PUT OPTIONS** – Separately list each and every sale (writing) (including free deliveries) of Aegean Put Option contracts from after opening of trading on February 27, 2014, through and including the expiration date of Aegean Put Option contracts that you held a short position in as of the close of trading on February 4, 2019.  (Must be documented.)

| Date of Sale (Writing) (Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/ Day/Year) | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned  Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|
| /    / | $ | /    / | | $ | $ | | /    / |
| /    / | $ | /    / | | $ | $ | | /    / |

| C.  PURCHASES/ACQUISITIONS OF AEGEAN PUT OPTIONS – Separately list each and every purchase/acquisition (including free receipts) of Aegean Put Option contracts from after opening of trading on February 27, 2014, through and including the expiration date of any Aegean Put Option contracts that you held a short position in as of the close of trading on February 4, 2019.  (Must be documented.) | | IF NONE, CHECK HERE ☐ |
|---|---|---|

| Date of Purchase/ Acquisition (Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/ Day/Year) | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Insert an "A" if Assigned  Insert an "X" if Expired | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|---|
| /    / | $ | /    / | | $ | | |
| /    / | $ | /    / | | $ | | |

**D.  ENDING HOLDINGS** – Separately list all positions Aegean Put Option contracts that you had a short position in as of the close of trading on February 4, 2019, in which you had an open interest as of the expiration date. (Must be documented.)      **IF NONE, CHECK HERE** ☐

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts in Which You Had an Open Interest |
|---|---|---|
| $ | /    / | |
| $ | /    / | |

## PART VI – RELEASE OF CLAIMS AND SIGNATURE

***YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE <mark>XX</mark> OF THIS CLAIM FORM.***

I (we) hereby acknowledge that, as of the Effective Date of the PwC Greece Partial Settlement, pursuant to the terms set forth in the PwC Greece Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Order and Final Judgment with Prejudice Regarding PwC Greece shall have, fully, finally and forever released, relinquished and discharged all PwC Released Claims (as defined in the PwC Greece Stipulation and in the Notice) against PwC Greece, PricewaterhouseCoopers International Limited, PricewaterhouseCoopers LLP and the other PwC Released Parties (as defined in the PwC Greece Stipulation and in the Notice), whether served or unserved with any complaint in the Action, and shall have covenanted not to sue the PwC Released Parties with respect to any such PwC Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any PwC Released Claims, either directly, representatively, derivatively or in any other capacity, against any of the PwC Released Parties.

I (we) hereby acknowledge that, as of the Effective Date of the Deloitte Greece Partial Settlement, pursuant to the terms set forth in the Deloitte Greece Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Order and Final Judgment with Prejudice Regarding Deloitte Greece shall have, fully, finally and forever released, relinquished and discharged all Deloitte Released Claims (as defined in the Deloitte Greece Stipulation and in the Notice) against Deloitte Greece, Deloitte Touche Tohmatsu Limited, Deloitte & Touche LLP and the other Deloitte Released Parties (as defined in the Deloitte Greece Stipulation and in the Notice), whether served or unserved with any complaint in the Action, and shall have covenanted not to sue the Deloitte Released Parties with respect to any such Deloitte Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Deloitte Released Claims, either directly, representatively, derivatively or in any other capacity, against any of the Deloitte Released Parties.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

      1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the PwC Greece Plan of Allocation and the Deloitte Greece Plan of Allocation;

      2.     that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 3 of this Claim Form;

      3.     that I (we) own(ed) Aegean Securities and have not assigned the claim against either of the Settling Defendants, PricewaterhouseCoopers International Limited**,** PricewaterhouseCoopers LLP, Deloitte Touche Tohmatsu Limited, Deloitte & Touche LLP, or the other PwC Released Parties or the Deloitte Released Parties to another or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

      4.     that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of Aegean Securities and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

      5.     that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

      6.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

      7.     that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the Claim made by this Claim Form;

      8.     that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____          _____
Signature of Claimant                                                                                    Date

_____
Print your name here

_____          _____
Signature of joint Claimant, if any                                                                  Date

_____
Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____          _____
Signature of person signing on behalf of Claimant                                          Date

_____
Print your name here

**Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, *etc*.  (Must provide evidence of authority to act on behalf of Claimant – *see* paragraph 13 on page 4 of this Claim Form.)**

### REMINDER CHECKLIST:

1.      Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.
2.      Remember to attach only **copies** of acceptable supporting documentation, as these documents will not be returned to you.
3.      Please do not highlight any portion of the Claim Form or any supporting documents.
4.      Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.
5.      Keep copies of the completed Claim Form and documentation for your own records.
6.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your Claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-877-888-9760.**
7.      If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.
8.      If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@aegeansecuritieslitigation.com, toll-free at 1-877-888-9760, or visit www.aegeansecuritieslitigation.com.

Please DO NOT call the Settling Defendants or any of the other Defendants or their counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2022**, ADDRESSED AS FOLLOWS:

*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted if a postmark date on or before _____, 2022 is indicated on the envelope and it is mailed First-Class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217

**COURT-APPROVED NOTICE REGARDING**
*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*

# Exhibit A-3

EXHIBIT A-3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | )  Case No. 1:18-cv-04993 (NRB)<br>)<br>)  Hon. Naomi Reice Buchwald |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED PARTIAL SETTLEMENTS; AND (II) FINAL APPROVAL HEARING FOR THE PARTIAL SETTLEMENTS, PLANS OF ALLOCATION, MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES AND APPLICATION FOR THE <u>ESTABLISHMENT OF A LITIGATION EXPENSE FUND</u>**

**TO:**   **All Persons who purchased or otherwise acquired Aegean Marine Petroleum Network, Inc. ("Aegean") securities or sold Aegean put options between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.**

**The securities subject to these proposed Partial Settlements consist of: (a) the common stock of Aegean (Tickers: ANWWQ; CINS: Y0017S102) (pre-bankruptcy Aegean traded under the ticker "ANW"); (b) Aegean 4.00% Convertible Unsecured Senior Notes due 11/1/2018, issued 10/23/2013 (CUSIP: EJ8900817; ISIN: USY0020QAA95); (c) Aegean 4.25% Convertible Unsecured Senior Notes due 12/15/2021, issued 12/19/2016 (CUSIP: 00773VAA4 (CUSIP changed to 00773VAB2 on 2/12/2018); ISIN: US00773VAB27); (d) Aegean call options; and (e) Aegean put options (collectively, "Aegean Securities").**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY TWO PROPOSED PARTIAL SETTLEMENTS OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

PLEASE DO NOT CONTACT THE COURT, ANY DEFENDANT, OR THEIR COUNSEL, REGARDING THIS NOTICE.

ALL QUESTIONS ABOUT THIS NOTICE, THE PROPOSED PARTIAL SETTLEMENTS, OR YOUR ELIGIBILITY TO PARTICIPATE IN THE PROPOSED PARTIAL SETTLEMENTS SHOULD BE DIRECTED TO LEAD COUNSEL OR THE CLAIMS ADMINISTRATOR, WHOSE CONTACT INFORMATION IS PROVIDED BELOW. ADDITIONAL INFORMATION ABOUT THE PARTIAL SETTLEMENTS IS AVAILABLE ON THE SETTLEMENT WEBSITE: www.aegeansecuritieslitigation.com.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that a Settlement Class in the above-captioned litigation (the "Action") has been preliminarily certified for the purposes of these proposed Partial Settlements only.

**YOU ARE ALSO NOTIFIED** that Utah Retirement Systems ("Lead Plaintiff"), on behalf of itself and the proposed Settlement Class, has reached two proposed Partial Settlements (one with PricewaterhouseCoopers Auditing Company S.A. ("PwC Greece") for $14.9 million in cash and one with Deloitte Certified Public Accountants, S.A. ("Deloitte Greece") for $14.9 million in cash) that will, among other things, resolve all claims

- 1 -

EXHIBIT A-3

against PwC Greece and Deloitte Greece (the "Settling Defendants") in the Action (the "Partial Settlements") if approved.

A hearing (the "Final Approval Hearing") will be held before the Honorable Naomi Reice Buchwald, United States District Judge for the United States District Court for the Southern District of New York, either telephonically, via video conference, or at 500 Pearl Street, Courtroom 21-A, New York, New York, 10007 on [TO BE INSERTED], to, among other things, determine whether: (i) the proposed Partial Settlements should be approved by the Court as fair, reasonable and adequate; (ii) the Action should be dismissed with prejudice against PwC Greece, final judgment should be entered as to the claims against PwC Greece and the PwC Greece Released Claims should be released as against the PwC Greece Released Parties, as set forth in the PwC Greece Stipulation and Agreement of Partial Settlement; (iii) the proposed PwC Greece Plan of Allocation for distribution of the PwC Greece Settlement Fund and any interest earned thereon, less Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorneys' fees awarded by the Court, and any other costs, expenses, or amounts as may be approved by the Court (the "PwC Greece Net Settlement Fund") should be approved as fair and reasonable; (iv) the Action should be dismissed with prejudice against Deloitte Greece, final judgment should be entered as to the claims against Deloitte Greece and the Deloitte Greece Released Claims should be released as against the Deloitte Greece Released Parties, as set forth in the Stipulation and Agreement of Partial Settlement with Deloitte Certified Public Accountants, S.A.; (v) the proposed Deloitte Greece Plan of Allocation for distribution of the Deloitte Greece Settlement Fund and any interest earned thereon, less Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorneys' fees awarded by the Court, and any other costs, expenses, or amounts as may be approved by the Court (the "Deloitte Greece Net Settlement Fund") should be approved as fair and reasonable; (vi) whether Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court; and (vii) whether Lead Counsel's application for the establishment of a Litigation Expense Fund should be approved by the Court.  The Court may change the date of the Final Approval Hearing without providing another notice.  You do NOT need to attend the Final Approval Hearing in order to receive a distribution from the PwC Greece Net Settlement Fund and/or the Deloitte Greece Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED PARTIAL SETTLEMENTS AND YOU MAY BE ENTITLED TO SHARE IN THE PWC GREECE NET SETTLEMENT FUND IF YOU PURCHASED OR ACQUIRED AEGEAN SECURITIES BETWEEN MAY 17, 2017 AND NOVEMBER 5, 2018 AND/OR THE DELOITTE GREECE NET SETTLEMENT FUND IF YOU PURCHASED OR ACQUIRED AEGEAN SECURITIES BETWEEN FEBRUARY 27, 2014 AND NOVEMBER 5, 2018.** If you have not yet received the printed (a) Notice of (i) Pendency of Class Action and Proposed Partial Settlements; and (ii) Final Approval Hearing For The Partial Settlements, Plans of Allocation, Motion For Approval of Attorneys' Fees and Reimbursement of Litigation Expenses and Application For The Establishment of a Litigation Expense Fund ("Notice"), or (b) the Proof of Claim and Release form ("Claim Form"), you can obtain a copy of those documents on the settlement website www. aegeansecuritieslitigation.com, or by contacting the Claims Administrator:

*In re Aegean Marine Petroleum Network, Inc. Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217

Please refer to the settlement website for more detailed information and to review the documents pertaining to the Proposed Partial Settlements. Inquiries may also be made to Lead Counsel:

EXHIBIT A-3

Nicole Lavallee
BERMAN TABACCO
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
law@bermantabacco.com

The PwC Greece Net Settlement Fund and the Deloitte Greece Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any cost and expense reimbursement awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members in accordance with the PwC Greece Plan of Allocation and the Deloitte Greece Plan of Allocation.

If you are a potential Settlement Class Member, but wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice, which can also be found on the settlement website, ***postmarked no later than*** [TO BE INSERTED].  If you are a potential Settlement Class Member and do not timely exclude yourself from the Settlement Class, you will be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Partial Settlements, the PwC Greece Plan of Allocation, the Deloitte Greece Plan of Allocation, Lead Counsel's application for attorneys' fees and reimbursement of expenses and/or  Lead Counsel's application for the establishment of a Litigation Expense Fund must be submitted to the Court in accordance with the instructions set forth in the Notice, ***received no later than*** [TO BE INSERTED], and filed with the Court ***no later than*** [TO BE INSERTED].

DATED: _____         THE HONORABLE NAOMI REICE BUCHWALD
                                        District Judge, United States District Court for the Southern District
                                        of New York