

March 30, 2022

**VIA ECF**

Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Application granted.

SO ORDERED.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
       March 31, 2022

RE:   *In re Aegean Marine Petroleum Network Inc. ("Aegean Marine") Sec. Litig.*, No. 1:18-cv-04993-NRB;
      Letter Motion Seeking Permission to File Confidential Supplemental Agreement Under Seal

Dear Judge Buchwald:

In accordance with Section 6 of the Southern District of New York's Electronic Case Filing Rules & Instructions and Sections A and H of this Court's Individual Practices, Lead Plaintiff Utah Retirement Systems ("Lead Plaintiff") respectfully submits this letter motion seeking the Court's permission to file under seal the Confidential Supplemental Agreement entered into between Lead Plaintiff and Deloitte Certified Public Accountants, S.A. ("Deloitte Greece") in connection with paragraph 13.1 of the Stipulation and Agreement of Partial Settlement with Deloitte Greece dated March 24, 2022 (ECF No. 351-3). As set forth in Lead Plaintiff's Memorandum of Law in Support of Lead Plaintiff's Motion for an Order *inter alia*, Preliminarily Approving the Proposed Partial Class Action Settlements (ECF No. 350 at 14-15), the Confidential Supplemental Agreement provides that if Class Members opt out of the Partial Settlement such that the number of Aegean Securities represented by such opt outs equals or exceeds a certain percentage, Deloitte Greece shall have the option to terminate the Partial Settlement. Confidential agreements of this sort are typical in class action settlements[1] and Deloitte Greece does not oppose Lead Plaintiff's request that the Confidential Supplemental Agreement be filed under seal to be reviewed by the Court *in camera*.

We thank the Court for its consideration of this matter and will make ourselves available at its convenience to answer any questions or address any concerns it may have.

Respectfully submitted,

*/s/ Nicole Lavallee*

Nicole Lavallee

---

[1] *See N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co*., 315 F.R.D. 226, 240 (E.D. Mich. 2016) ("The opt-out threshold is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out"), *aff'd sub nom. Marro v. New York State Teachers' Ret. Sys.*, No. 16-1821, 2017 WL 6398014 (6th Cir. Nov. 27, 2017); *see also In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 253 (D. Del. 2002) ("The notice did not need to include details such as . . . the confidential 'opt-out' threshold beyond which defendant reserved the right to withdraw from the settlement (irrelevant to members' opt-out decision)[.]"), *aff'd*, 391 F.3d 516 (3d Cir. 2004); *Mikhlin v. Oasmia Pharm. AB*, No. 19-CV-4349 (NGG) (RER), 2021 WL 1259559, at *7 (E.D.N.Y. Jan. 6, 2021) (noting the appropriateness of the parties' confidential supplemental agreement regarding opt-outs).