UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | ) Case No. 1:18-cv-04993 (NRB) ) ) Hon. Naomi Reice Buchwald ) ) ) ) ) ) ) ) |

# [PROPOSED] ORDER PRELIMINARILY APPROVING THE SETTLEMENT WITH DELOITTE CERTIFIED PUBLIC ACCOUNTANTS, S.A. AND PROVIDING FOR NOTICE

**WHEREAS:**

A.      Lead Plaintiff Utah Retirement Systems ("Lead Plaintiff") and defendant Deloitte Certified Public Accountants, S.A. ("Deloitte Greece" or the "Settling Defendant") have entered into a settlement of the claims asserted in this Action against Deloitte Greece, the terms of which are set forth in the March 24, 2022 Stipulation and Agreement of Partial Settlement with Deloitte Certified Public Accountants, S.A (the "Deloitte Greece Stipulation" or the "Deloitte Greece Settlement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed Deloitte Greece Settlement of the claims asserted in the Action on the merits and with prejudice as against Deloitte Greece, and for the entry of final judgment releasing the Deloitte Greece Released Claims against Deloitte Greece and the Deloitte Greece Release Parties, including Dismissed Defendants Deloitte & Touche LLP ("Deloitte US") and Deloitte Touche Tohmatsu Limited ("DTTL"), along with certain other related and affiliated persons and entities; and

B.      The Court having read and considered the Deloitte Greece Stipulation and exhibits thereto, including the proposed (i) Notice; (ii) Summary Notice; and (iii) Order and Final Judgment with Prejudice Regarding Deloitte Greece, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

C.      The Court preliminarily finds that the proposed Deloitte Greece Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable and adequate to warrant providing notice of the Deloitte Greece Settlement to the Settlement Class based on the following:

        (1)     Lead Plaintiff and Lead Counsel have adequately represented the class;

(2) the proposed Deloitte Greece Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel;

(3) the relief provided by the Deloitte Greece Settlement is adequate considering: (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; (iii) the application for attorneys' fees and reimbursement of Litigation Expenses and the application for the establishment of a Litigation Expense Fund; and (iv) the Deloitte Greece Supplemental Agreement identified by the parties pursuant Rule 23(e)(3); and

(4) the Deloitte Greece Settlement treats Settlement Class Members equitably relative to each other and to the claims against Deloitte Greece.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court, for purposes of this Order, adopts all defined terms as set forth in the Deloitte Greece Stipulation.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Deloitte Greece Settlement only, the Action is hereby preliminarily certified as a class action on behalf of:

> all Persons who purchased or otherwise acquired Aegean Marine Petroleum Network, Inc. securities or sold Aegean put options between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of Defendants; (b) Persons who have been dismissed from this Action ("Dismissed Defendants"); (c) present or former officers, directors, partners or controlling persons as of April 30, 2018 of Aegean, its subsidiaries or its affiliates, any Defendant or any Dismissed Defendant, and their immediate family members; (d) the directors' and officers' liability carriers and any affiliates or subsidiaries thereof of any Defendant, Dismissed Defendant or Aegean; (e) any entity in which any Defendant, Dismissed Defendant or Aegean has or has had a controlling interest; and (f) the legal

representatives, heirs, estates, agents, successors or assigns of any person or entity described in the preceding categories. Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion as approved by the Court.

3. The Court finds, for the purposes of the proposed Deloitte Greece Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent;

(d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class;

(e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Deloitte Greece Settlement only, Lead Plaintiff Utah Retirement Systems is preliminarily certified as the Class Representative and Lead Counsel Berman Tabacco is preliminarily certified as Class Counsel.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Counsel is authorized to act on behalf of the Class Representative and other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Deloitte Greece

Stipulation, including all acts that are reasonably necessary to consummate the proposed Deloitte Greece Settlement.

6. The Court preliminarily finds that the Deloitte Greece Settlement should be approved as: (a) the result of serious, extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed Deloitte Greece Settlement to Settlement Class Members and further consideration of the Deloitte Greece Settlement at the final fairness hearing described below.

7. A final approval hearing shall be held on **September 13, 2022** at **2 p.m.** either via video or teleconference or in person at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21A, New York, New York 10007 (the "Final Approval Hearing") to determine:

(a) whether the proposed Deloitte Greece Settlement on the terms and conditions provided for in the Deloitte Greece Stipulation is fair, reasonable and adequate, and should be approved by the Court;

(b) whether the Order and Final Judgment with Prejudice Regarding Deloitte Greece as provided under in the Deloitte Greece Stipulation should be entered dismissing the Action as to Settling Defendant, on the merits and with prejudice, and entering final judgment as to the claims against the Settling Defendant and Dismissed Defendants Deloitte US and DTTL;

(c) whether the release by the Settlement Class of the Deloitte Greece Released Claims against the Deloitte Greece Released Parties, as set forth in the Deloitte Greece Stipulation, should be ordered;

(d) whether the proposed Deloitte Greece Plan of Allocation is fair, reasonable and adequate and should be approved;

(e) whether to approve the application by Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses;

(f) whether Lead Counsel's application for the establishment of a Litigation Expense Fund should be approved by the Court; and

(h) any other matters as the Settling Parties may request or the Court may deem appropriate.

8. The Court approves the form, substance and requirements of the Notice and the Summary Notice (together, the "Notices"), attached as Exhibits A-1 and A-3 to the Deloitte Greece Stipulation, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in this Order constitute the best notice practicable under the circumstances, are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and due process, and shall constitute due and sufficient notice to all Persons entitled thereto.

9. The Court approves the selection of A.B. Data, Ltd. by Lead Counsel as the Claims Administrator.

10. The Claims Administrator is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than 21 calendar days after entry of this order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release Form ("Claim Form"), substantially in the forms annexed as Exhibits A-1 and A-2

- 5 -

hereto, to be mailed by first-class mail to all Settlement Class Members who can be identified with reasonable effort and posted on its website at www.aegeansecuritieslitigation.com;

(b) No later than 7 calendar days after the Notice Date, the Summary Notice, substantially in the form annexed as Exhibit A-3 hereto, shall be published once in the *Investor's Business Daily* and once over a national newswire service; and

(c) At least ten (10) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on Deloitte Greece's Counsel (defined in ¶ 18 below) and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

11. Settling Defendant shall complete service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. §1715, no later than ten (10) calendar days following the filing of the Deloitte Greece Stipulation with the Court.

12. To effectuate the provision of notice provided for in paragraph 10 hereof, Lead Counsel or the Claims Administrator shall lease and maintain a post office box of adequate size for the return of relevant mailing. The Notice shall designate said post office box as the return address for the purposes designated in the Notice. The Claims Administrator shall be responsible for the receipt of all responses from the Settlement Class and, until further order of the Court, shall preserve all entries of appearance and all other written communications from Settlement Class Members, nominees or any other person or entity in response to the Notices.

13. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired the relevant securities as record owners but not as beneficial owners. Such nominees who hold or held such securities for beneficial owners who are Settlement Class Members are directed to send

a copy of the Notice to the beneficial owner of the securities postmarked no more than seven (7) calendar days from the date of receipt of the Notice, or to provide the names and addresses of such persons no later than seven (7) calendar days from the date of receipt of the Notice to the Claims Administrator at the address specified in the Notice, who shall promptly send a copy of the Notice to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Deloitte Greece Net Settlement Fund.

        14.     All fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the Deloitte Greece Settlement Fund as set forth in the Deloitte Greece Stipulation, and in no event shall Defendant Deloitte Greece bear any responsibility for such fees, costs or expenses.  Lead Counsel may pay up to $300,000 from the Escrow Account, without further approval from the Settling Defendant or further order of the Court, for reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Settlement Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  To the extent that Notice and Administration Costs exceed $300,000, they may be paid only pursuant to further Order of the Court.

15.     Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account, to cause any Taxes or Tax Expenses due and owing to be paid from the Escrow Account without further Order of the Court and to otherwise perform all obligations with respect to Taxes and any reports or filings in respect thereof as contemplated by the Deloitte Greece Stipulation without further order of the Court.

16.     Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable and whether or not such Settlement Class Members submit Claim Forms or otherwise seek or obtain by any means any distribution from the Deloitte Greece Net Settlement Fund, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to request exclusion must mail the request in written form to the address designated in the Notice, such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing ("Request for Exclusion"). A Request for Exclusion must state: (a) name; (b) address; (c) telephone number; (d) identity and original face value of any Aegean Securities purchased (or otherwise acquired) or sold; (e) prices or other consideration paid or received for such Aegean Securities during the Settlement Class Period; (f) the date of each purchase or sale transaction; and (g) a statement that the person or entity wishes to be excluded from the Settlement Class. Any Request for Exclusion must also be signed by the person or entity requesting exclusion. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Deloitte Greece Settlement, shall not share in the distribution of the Deloitte Greece Net Settlement Fund, and shall not be bound by the Deloitte Greece Settlement or any final judgment. The Request for Exclusion shall not be effective unless it provides the required information, is made within the time stated above or the exclusion

is otherwise accepted by the Court.  Unless otherwise ordered by the Court, any Person falling within the definition of the Settlement Class who fails to timely request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her or its right to be excluded from the Settlement Class and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

17.     Any person or entity that requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Deloitte Greece Net Settlement Fund, as described in the Deloitte Greece Stipulation and Notice.

18.     Any member of the Settlement Class who has not requested exclusion from the Settlement Class may appear at the Final Approval Hearing in person or through a duly authorized attorney, to show cause (a) why the proposed Deloitte Greece Settlement should not be approved as fair, reasonable and adequate; (b) why the Deloitte Greece Plan of Allocation should or should not be approved; (c) why a judgment should not be entered thereon; or (d) why Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses and any application for the establishment of a Litigation Expense Fund should not be granted, *provided, however*, that no member of the Settlement Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Deloitte Greece Settlement, the Deloitte Greece Plan of Allocation, or the Order and Final Judgment with Prejudice Regarding Deloitte Greece to be entered approving the same, unless no later than twenty-one (21) calendar days before the Final Approval Hearing, such Settlement Class Member has served by hand or by overnight delivery written objections setting forth the basis therefor, and copies of any supporting papers and briefs upon Lead Counsel, Nicole Lavallee, Esq., Berman Tabacco, 44 Montgomery Street, Suite 650, San Francisco, CA 94104, and Thomas N. Kidera, Orrick, Herrington & Sutcliffe LLP, 51 West 52nd Street, New

York, NY 10019 ("Deloitte Greece's Counsel"), and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel and Deloitte Greece's Counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007.  Any objection must include: (a) the full name, address, and phone number of the objecting Settlement Class Member; (b) a list and documentation of all of the Settlement Class Member's transactions involving Aegean Securities included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  Persons who intend to object to the Deloitte Greece Settlement, the Deloitte Greece Plan of Allocation and/or to Lead Counsel's application for attorneys' fees, reimbursement of Litigation Expenses and the establishment of a Litigation Expense Fund, and who desire to present evidence at the Final Approval Hearing must include in their written objections the exhibits they intend to introduce into evidence at the Final Approval Hearing. Should any objections be received, reply papers must be filed no later than 7 calendar days before the Final Approval Hearing.

    19.  Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any

objection to the fairness, adequacy or reasonableness of the Deloitte Greece Settlement, the Deloitte Greece Plan of Allocation, the Order and Final Judgment with Prejudice Regarding Deloitte Greece to be entered approving the Deloitte Greece Settlement or the application for attorneys' fees, reimbursement of Litigation Expenses or the establishment of a Litigation Expense Fund.

20. The administration of the proposed Deloitte Greece Settlement and the determination of all disputed questions of law and fact with respect to the validity of any Claim or right of any person or entity to participate in the distribution of the Deloitte Greece Net Settlement Fund shall remain under the authority of this Court.

21. The Court expressly reserves the right to adjourn the Final Approval Hearing without any further notice to Settlement Class Members other than an announcement at the Final Approval Hearing. The Court further reserves the right to enter its Order and Final Judgment with Prejudice Regarding Deloitte Greece approving the Deloitte Greece Settlement and dismissing the Action on the merits and with prejudice as to Settling Defendant, regardless of whether it has approved a Deloitte Greece Plan of Allocation or awarded attorneys' fees and reimbursement of litigation expenses.

22. The Settling Defendant shall not have any responsibility whatsoever for anything arising out of or related to the Deloitte Greece Plan of Allocation or the Litigation Expense Fund or for any applications for attorneys' fees or reimbursement of Litigation Expenses or establishment of a Litigation Expense Fund that may be submitted in connection with final approval of this proposed Deloitte Greece Settlement, and such matters will be considered separately from the fairness, reasonableness and adequacy of the proposed Deloitte Greece Settlement.

23. In the event the proposed Deloitte Greece Settlement does not become Final for any reason (including any party's exercise of a valid right to terminate under the Deloitte Greece Stipulation), the Deloitte Greece Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, including but not limited to the certification of the Settlement Class provided in ¶ 2 herein, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, the Settling Parties shall be restored to their respective positions in the Action immediately before December 22, 2021, and, except as otherwise expressly provided, the parties shall proceed in all respects as if the Deloitte Greece Stipulation and any related orders had not been entered, and the balance of the Deloitte Greece Settlement Fund, less any Notice and Administration Costs and Taxes or Tax Expenses paid, incurred or due and owing in connection with the Deloitte Greece Settlement provided for herein, shall be refunded to Deloitte Greece (or some other party or entity at its direction) pursuant to written instructions from Deloitte Greece's Counsel in accordance with ¶ 14.2 of the Deloitte Greece Stipulation.

24. Pending final determination of whether the proposed Deloitte Greece Settlement should be approved, neither Lead Plaintiff nor the Settlement Class Members, and/or anyone who acts or purports to act on their behalf, shall institute, commence or prosecute any action that asserts any Deloitte Greece Released Claims against any of the Deloitte Greece Released Parties.

25. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Deloitte Greece Settlement.

26. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time

as such funds shall be distributed pursuant to the Deloitte Greece Stipulation and/or further order(s) of the Court.

27. All opening briefs and supporting documents in support of the final approval of the Deloitte Greece Settlement and the Deloitte Greece Plan of Allocation and any applications by Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses and the establishment of a Litigation Expense Fund shall be filed and served by August 9, 2022 (a date that is thirty-five (35) calendar days prior to the Final Approval Hearing). Replies to any objections shall be filed and served by September 6, 2022 (a date that is seven (7) calendar days prior to the Final Approval Hearing).

28. Neither the Deloitte Greece Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant Deloitte Greece or any of the Deloitte Released Parties as to the validity of any claims or as to the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind.

29. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Deloitte Greece Settlement. The Court may approve the proposed Deloitte Greece Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

30. If the Deloitte Greece Stipulation and the Deloitte Greece Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Deloitte Greece Stipulation. This Order, the Deloitte Greece Stipulation, the proposed Deloitte Greece

Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

31. Unless otherwise ordered by the Court, all proceedings against Deloitte Greece are stayed, except as may be necessary to implement the proposed Deloitte Greece Settlement or comply with the terms of the Deloitte Greece Stipulation or other agreement of the Settling Parties.

IT IS SO ORDERED.

DATED: June 3, 2022

_____
THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

- 14 -