**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | ) Case No. 1:18-cv-04993 (NRB) <br> ) <br> ) Hon. Naomi Reice Buchwald <br> ) |

**[PROPOSED] ORDER AND FINAL JUDGMENT WITH PREJUDICE**
**REGARDING PRICEWATERHOUSECOOPERS AUDITING COMPANY S.A.**

This matter came before the Court pursuant to the Order Preliminarily Approving Partial Settlement and Providing for Notice ("Notice Order") dated June 3, 2022 (ECF No. 361), on the application of the Lead Plaintiff Utah Retirement Systems ("Lead Plaintiff") and Defendant PricewaterhouseCoopers Auditing Company S.A. ("PwC Greece") to determine (i) whether the terms and conditions of the November 9, 2021 PwC Greece Stipulation and Agreement of Partial Settlement (ECF No. 351-2) and the March 22, 2022 Amendment to the PricewaterhouseCoopers Auditing Company S.A. Stipulation and Agreement of Partial Settlement Dated November 9, 2021 (ECF No. 351-1) (the "PwC Greece Stipulation" or the "PwC Greece Settlement") are fair, reasonable and adequate for the settlement of all claims asserted by Lead Plaintiff on behalf of itself and the Settlement Class, against defendant PwC Greece (the "Settling Defendant") in the above-captioned Action, and should be approved; (ii) whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Settling Defendant and as against Lead Plaintiff and all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom; (iii) whether final judgment should be entered as to the claims against the Settling Defendant and Dismissed Defendants PricewaterhouseCoopers International Limited and PricewaterhouseCoopers LLP; and (iv) whether to order the release by

the Settlement Class of the PwC Greece Released Claims against the PwC Greece Released Parties, as set forth in the PwC Greece Stipulation.

Due and adequate Notice having been given to the Settlement Class as required in said Notice Order and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Order and Final Judgment With Prejudice Regarding PricewaterhouseCoopers Auditing Company S.A. ("Order and Final Judgment with Prejudice Regarding PwC Greece") hereby incorporates by reference the definitions in the PwC Greece Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the PwC Greece Stipulation.

2.      This Court has jurisdiction to enter this Order and Final Judgment with Prejudice Regarding PwC Greece.  The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      The Court hereby certifies, for settlement purposes only, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All Persons who purchased or otherwise acquired Aegean Marine Petroleum Network, Inc. ("Aegean") securities or sold Aegean put options between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of Defendants; (b) Persons who have been dismissed from this Action ("Dismissed Defendants"); (c) present or former officers, directors, partners or controlling persons as of April 30, 2018 of Aegean, its subsidiaries or its affiliates, any Defendant or any Dismissed Defendant, and their immediate family members; (d) the directors' and officers' liability carriers and any affiliates or subsidiaries thereof of any Defendant, Dismissed Defendant or Aegean; (e) any entity in which any Defendant, Dismissed Defendant or Aegean has or has had a controlling interest; and (f) the legal representatives, heirs, estates, agents, successors or assigns of any person or entity described in the preceding categories.

Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requested exclusion in accordance with the requirements set by the Court.  A copy of the valid exclusion is attached hereto as **Exhibit 1**.

4.      With respect to the Settlement Class, this Court finds, solely for the purposes of the PwC Greece Settlement (and without an adjudication of the merits), that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, in that:

(a)      the number of Settlement Class Members is so numerous that joinder of all members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class;

(c)      the claims of Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent;

(d)      Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class;

(e)      the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the PwC Greece Settlement only, the Court hereby affirms its determination in its Notice Order (at ¶ 4) that Utah Retirement Systems is appointed as Class Representative.

6.      Notice of the pendency of the Action as a class action and of the proposed PwC Greece Settlement was given to all Settlement Class Members who could be identified with

reasonable effort.  The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed PwC Greece Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 20 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7.     Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members, advising them of the PwC Greece Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the PwC Greece Settlement. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment with Prejudice Regarding PwC Greece.

8.     No Settlement Class Member has filed objections to the PwC Greece Settlement.

9.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the PwC Greece Settlement as set forth in the PwC Greece Stipulation, and finds that the PwC Greece Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class Members.  This Court further finds that the PwC Greece Settlement set forth in the PwC Greece Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.  Accordingly, the PwC Greece Settlement embodied in the PwC Greece Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the PwC Greece Stipulation.

10.     The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

11.     The Consolidated Class Action Complaint is hereby dismissed on the merits with prejudice as against the PwC Greece Released Parties only and without costs except for the payments expressly provided for in the PwC Greece Stipulation.

12.     Upon the Effective Date of the PwC Greece Settlement, and as provided in the PwC Greece Stipulation, Lead Plaintiff and all other Settlement Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them (regardless of whether Lead Plaintiff or any such Settlement Class Member ever seeks or obtains any disbursement from the PwC Greece Settlement Fund by any means or shares in the PwC Greece Net Settlement Fund in any way, including without limitation by submitting a Proof of Claim and Release Form), shall be deemed to have, and by operation of this Order and Final Judgment with Prejudice Regarding PwC Greece shall have, fully, finally and forever released, relinquished, dismissed and forever discharged all PwC Greece Released Claims (including Unknown Claims) against each and all of the PwC Greece Released Parties, with prejudice and on the merits, without costs to any party, and shall have covenanted not to sue the PwC Greece Released Parties with respect to all such PwC Greece Released Claims.  Claims to enforce the terms of the PwC Greece Stipulation are not released.

13.     Upon the Effective Date of the PwC Greece Settlement, Lead Plaintiff and all other Settlement Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them (regardless of whether Lead

Plaintiff or any such Settlement Class Members ever seeks or obtains any disbursement from the PwC Greece Settlement Fund by any means, including without limitation by submitting a Proof of Claim and Release Form), are forever barred and enjoined from commencing, instituting, assisting, instigating, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum or other forum of any kind, either directly, representatively, derivatively or in any other capacity, asserting against any of the Released Parties, and each of them, any of the Settlement Class Members' Released Claims.

14.     Upon the Effective Date of the PwC Greece Settlement, PwC Greece and each of the other PwC Greece Released Parties shall be deemed to have released, dismissed and forever discharged all PwC Greece Released Parties' Claims against Lead Plaintiff and their respective attorneys, and any other Settlement Class Member.

15.     The facts and terms of the PwC Greece Stipulation, including the exhibits thereto, this Order and Final Judgment with Prejudice Regarding PwC Greece, all negotiations, discussions, drafts and proceedings in connection with the PwC Greece Settlement, and any act performed or document signed in connection with the PwC Greece Settlement:

(a)     shall not be offered or received against the PwC Greece Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the PwC Greece Released Parties or by Lead Plaintiff or the other members of the Settlement Class with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the PwC Greece Released Parties;

(b)      shall not be offered or received against the PwC Greece Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any PwC Greece Released Party, or against Lead Plaintiff or any of the other members of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff and the other members of the Settlement Class;

(c)      shall not be offered or received against the PwC Greece Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the PwC Greece Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the PwC Greece Stipulation; provided, however, that the PwC Greece Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)      shall not be construed against the PwC Greece Released Parties, Lead Counsel or Lead Plaintiff or the other members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)      shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the PwC Greece Settlement Fund.

16.      The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment with Prejudice Regarding PwC Greece, over: (a) implementation and

enforcement of the PwC Greece Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the PwC Greece Settlement Fund; (c) disposition of the PwC Greece Settlement Fund; (d) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (e) enforcing and administering this Order and Final Judgment with Prejudice Regarding PwC Greece ; (f) enforcing and administering the PwC Greece Stipulation, including any releases and bar orders executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

17.     Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and reimbursement of costs and expenses application shall in no way disturb or affect this Judgment and shall be considered separate from this Order and Final Judgment with Prejudice Regarding PwC Greece.

18.     In the event that the PwC Greece Settlement does not become effective in accordance with the terms of the PwC Greece Stipulation or in the event that the PwC Greece Settlement Fund, or any portion thereof, is returned to PwC Greece or any insurer who might pay on their behalf, then this Order and Final Judgment with Prejudice Regarding PwC Greece shall be rendered null and void to the extent provided by and in accordance with the PwC Greece Stipulation, and shall be vacated to the extent provided by the PwC Greece Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the PwC Greece Stipulation; (b) the fact of the PwC Greece Settlement shall not be admissible in any trial of the Action and the parties to the PwC Greece Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately before August 26, 2021; (c) the certification of the Settlement Class,

including the findings in paragraph 4 herein, shall be null and void without further Court action; and (d) the balance of the PwC Greece Settlement Fund, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be returned in full as provided in the PwC Greece Stipulation.

19.     As a material condition of the PwC Greece Settlement, the Court hereby permanently bars, enjoins and restrains as follows:  Lead Plaintiff and all other Settlement Class Members, on behalf of themselves, their successors and assigns and any other Person claiming (now or in the future) through or on behalf of them (regardless of whether Lead Plaintiff or any such Settlement Class Members ever seeks or obtains any disbursement from the PwC Greece Settlement Fund by any means, including without limitation by submitting a Proof of Claim and Release Form), shall be deemed to have, and by operation of the Order and Final Judgment with Prejudice Regarding PwC Greece shall have, fully, finally and forever released, relinquished, dismissed and forever discharged all PwC Greece Released Claims (including Unknown Claims) against each and all of the PwC Greece Released Parties, with prejudice and on the merits, without costs to any party, and shall have covenanted not to sue the PwC Greece Released Parties with respect to all such PwC Greece Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating or in any way participating in the commencement or prosecution, either directly, representatively, derivatively or in any other capacity, of (a) any action or other proceeding, in any forum, asserting any PwC Greece Released Claim against any of the PwC Greece Released Parties, or (b) any appeal of the portion of the Court's March 29, 2021 order dismissing the claims asserted in the Action regarding PwCIL and PwC US.  ECF No. 293.

20.    PwC Greece and each of the other PwC Greece Released Parties shall be deemed to have released, dismissed and forever discharged all PwC Greece Released Parties' Claims against Lead Plaintiff, plaintiff's counsel in the Action and any other Settlement Class Member.

21.    As a material condition of the PwC Greece Settlement, the Court hereby permanently bars, enjoins and restrains as follows:

(a)    to the fullest extent permitted by law, all Persons, including without limitation Deloitte Certified Public Accountants, S.A., Dimitris Melissanidis and Spyros Gianniotis, shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions or causes of action for contribution, indemnity or otherwise against the PwC Greece Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member regarding the PwC Greece Released Claims (including Unknown Claims), whether arising under state, federal or foreign law as claims, crossclaims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal or any other proceeding or forum.

(b)    if any final verdict or judgment is obtained by Lead Plaintiff or one or more of the other Settlement Class Members, whether individually or on behalf of a class, against one or more of the Non-Settling Defendants or other Person barred from seeking contribution pursuant to the PwC Greece Stipulation (a "Non-Dismissed Defendant Judgment"), said Judgment shall be reduced, to the extent permitted by applicable law, by the greater of (i) the amount that corresponds to the percentage of responsibility attributed to the PwC Greece Released Parties; and (ii) the gross

monetary consideration provided to Lead Plaintiff or other Settlement Class Members pursuant to the PwC Greece Stipulation.

     22.    Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the PwC Greece Stipulation.

     23.    There is no just reason for delay in the entry of this Order and Final Judgment with Prejudice Regarding PwC Greece and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

DATED: New York, New York
September 14, 2022

THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

*In Re Aegean Marine Petroleum Network, Inc. Securities Litigation*, No. 1:18-cv-04993 -NRB

Opt-Outs/Exclusions

| **Name** |
| --- |
| James Edward Green |