

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/6/2023

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

January 30, 2023

The Letter Motion of Dimitris Melisanidis is GRANTED and the February 22, 2023 settlement conference is adjourned. As the parties are aware, the undersigned presently is engaging in discussions with counsel for Plaintiffs and counsel for Mr. Melisanidis to seek to broker a settlement. In the event those discussions do not bear fruit by March 21, the Court shall hold a settlement conference on March 21, 2023 at 2:00 p.m. EST. in Courtroom 11C, 500 Pearl Street, New York, NY 10007.
SO ORDERED. Dated: 2/6/2023

**BY ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1970
New York, New York 10007

Re:   *In re Aegean Petroleum Network, Inc. Securities Litigation*,
      **Case No. 18-cv-4993 (NRB)**

Dear Judge Aaron:

I represent Dimitris Melissanidis and write to respectfully request that the Court reschedule the settlement conference presently scheduled for February 22, 2023. [ECF No. 417.] This is Defendant's first such request. With apologies to the Court, I realized that I failed to properly consult my personal calendar before agreeing to the February 22 date, which falls on the week of my children's schools' break, when I will be taking them out of town by myself. It is therefore not realistic for me to participate on the 22nd, either in person or remotely. Plaintiff objects.

I respectfully submit that there is good cause to reschedule the conference to a date when I can be available. I have been representing Mr. Melissanidis since at least early 2018 and have been the primary lawyer responsible for his representation. My presence will, I believe, be important to the ability of the parties to make progress toward a resolution, if any such progress can be made. Rescheduling the settlement conference will not affect any other dates in this matter.

Plaintiff's counsel objects and asked us to relay their views, which we do in full below. Without responding point-by-point, it is important to respond to Plaintiff's argument that the settlement conference should go forward on the 22nd without me. Plaintiff writes: "Mr. Schwartz was not present during the January 4 status conference" where "Mr. Melisanidis was very ably represented . . . by Ms. Mariella and Ms. Lindsey Ruff," and "it would seem that any one of the very able partners who are available on February 22 could easily step in for Mr. Schwartz."

Ms. Mariella and Ms. Ruff are indeed very able lawyers, and I was quite comfortable with them appearing on January 4 (when I, coincidentally, had another child-related conflict.) But Ms. Mariella and Ms. Ruff are both associates. Ms. Mariella was admitted to the bar in 2017 and Ms. Ruff in 2020. Neither have met the client in person. I respectfully submit that my presence at the settlement conference is important to its potential productivity.[1]

---

[1] To be clear, I anticipate that Jonathan Schiller will participate in any settlement conference. Mr. Schiller is of course a partner and has also been involved in this representation since the beginning of this case. I have been the lawyer with primary responsibility for this matter, however.

BOIES SCHILLER FLEXNER LLP

55 Hudson Yards, New York, NY 10001 | (t) 212.446.2300 | (f) 212.446.2350 | www.bsfllp.com



Finally, because Mr. Melissanidis bears no responsibility for the reason for this request, it would be inequitable to force him to pay any expenses associated with rescheduling. Ultimately, the request to reschedule is for Plaintiff's benefit, as it maximizes the chances of any settlement discussions being productive. If Plaintiff and the Court wish to go forward on the 22nd nonetheless, Mr. Melissanidis will of course appear (telephonically) and be represented by able counsel.

As noted, Plaintiff objects.  They have asked us to convey their position as follows:

*While customarily willing to accommodate requests for scheduling changes, Berman Tabacco and its client, the Utah Retirement Systems ("URS"), is unwilling to agree to the move the February 22, 2023 settlement conference date that was agreed to by the parties on January 12, 2023 and scheduled by Your Honor on January 13, 2023.  A short history is appropriate to appreciate our position.*

*Mr. Melissanidis, represented by Boies Schiller, is the last defendant left in this now over 4-year-old securities class action.  We have made attempts to resolve the case with him and all of the defendants on commercially reasonable terms for well over a year.  We reached settlements of (i) $29 million with the two auditor defendants; and (ii) a settlement for a still confidential amount with the former CFO Spyros Gianniotis.*

*We have made numerous direct efforts to engage Boies Schiller in negotiations without success.  Nor did efforts by our privately retained mediator find traction with Mr. Melissanidis.  Accordingly, we wrote to the Honorable Naomi Rice Buchwald requesting a Court ordered, mandatory settlement conference.  This is an opportune time to resolve this case with all parties.  Indeed, URS and Lead Counsel are concerned about the escalating costs of litigating the case as several Court deadlines loom and we are preparing to issue notice to the Class regarding the Gianniotis settlement so it would be cost effective to issue one combined notice that addresses all remaining claims if a settlement with Mr. Melissanidis can be concluded soon.*

*At the January 4, 2023 status conference to address the question of a Court ordered settlement conference, Judge Buchwald expressly asked counsel for Mr. Melissanidis if they were prepared to mediate in good faith, to which the Court was assured that they were.  Accordingly, Judge Buchwald issued the Order directing the parties to attend a mandatory settlement conference with Your Honor.*

*Per Your Honor's instruction, Lead Counsel initially offered Boies Schiller several dates in January.  However, Boies Schiller explained that Mr. Melissanidis was not available until February, offered only dates during the week of February 20 and also requested that the settlement conference occur in the morning on Eastern Standard Time to allow him to participate by phone from Greece.  With this backdrop, although it was our preference that the settlement conference occur as soon as possible, we agreed to Boies Schiller's proposed February 22 date.  This was no small feat as the URS representative who will attend in person had to arrange his travel from Utah around other events scheduled on the east coast and lawyers at our firm were forced to adjust planned vacations and travel plans to accommodate Boies Schiller's availability.  Air and hotel reservations were secured in reliance on the February 22 date.*



*On Tuesday, January 24th, we learned for the first time that Boies Schiller wanted us to agree to move the settlement conference to a later date because of an unspecified "scheduling error" on their part. We explained that if the Court was available, we would agree to move the settlement conference to February 23 if their client would agree to reimburse URS and Lead Counsel for the additional costs associated with rebooking air and hotels, if any. Ms. Sabina Mariella of Boies Schiller, in a subsequent conversation, informed Berman Tabacco partner Nicole Lavallee that the reason for vacating the February 22 settlement conference was that Boies Schiller erred in overlooking a family vacation scheduled for one of the lawyers on the case, Mr. Matthew Schwartz, and that February 23 was also not acceptable.*

*We note a few facts militating against granting the requested adjournment. First, Mr. Schwartz was not present during the January 4 status conference before Judge Buchwald and Mr. Melissanidis was very ably represented at that hearing by Ms. Mariella and Ms. Lindsey Ruff. Given the resources of the Boies Schiller firm, it would seem that any one of the very able partners who are available on February 22 could easily step in for Mr. Schwartz. Further, to accommodate Mr. Schwartz, so long as another Boies Schiller partner is present in person at the settlement conference, we would not object to Mr. Schwartz participating by telephone or teleconference as an accommodation.*

*Finally, we wish to stress that it is not our Firm's style or practice to refuse to extend simple courtesies to accommodate opposing counsel and parties. However, the circumstances here are quite different and we believe we would not be representing the Class' or our client's interests by simply agreeing to a continuance under these circumstances. If Your Honor is inclined to grant Mr. Melissanidis' request, we request that he be obliged to pay for any increases in travel costs associated with the change as the Class should not be burdened with any additional expenses.*

\*\*\*

Its objection notwithstanding, Plaintiff has provided its next availability. All parties are available on March 21 or 23, 2023.[2]

I apologize again to the Court and the parties for my oversight and any inconvenience it has caused, but respectfully submit that my attendance will maximize the efficacy of any settlement conference. This is not to say that a settlement *will* be reached, with or without me. To be clear, it is Mr. Melissanidis's position that the sole remaining claim against him lacks merit, and that any resolution be reflective of that fact. Thank you for your consideration of this request.

Respectfully,

/s/ Matthew L. Schwartz
Matthew L. Schwartz

---

[2] We proposed four earlier dates, but Plaintiff was unavailable. We have no interest in delay and share Plaintiff's desire to find out, before incurring more expenses, if an agreement is possible.