

May 8, 2023

**VIA ECF**

Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:  *In re Aegean Marine Petroleum Network Inc. ("Aegean Marine") Sec. Litig.*, No. 1:18-cv-04993-NRB;
Letter Motion Seeking Permission to File Confidential Supplemental Agreements Under Seal

Dear Judge Buchwald:

In accordance with Section 6 of the Southern District of New York's Electronic Case Filing Rules & Instructions and Sections A and H of this Court's Individual Practices, Lead Plaintiff Utah Retirement Systems ("Lead Plaintiff") respectfully submits this letter motion seeking the Court's permission to file under seal the (i) Confidential Supplemental Agreement with Spyros Gianniotis in connection with paragraph 13.1 of the Stipulation and Agreement of Settlement with Spyros Gianniotis dated April 21, 2023 (ECF No. 438-1), and (ii) Confidential Supplemental Agreement with Dimitris Melissanidis in connection with paragraph 13.1 of the Stipulation and Agreement of Settlement with Dimitris Melissanidis dated April 21, 2023 (ECF No. 438-2) (defendants Gianniotis and Melissanidis are referred to herein as the "Individual Defendants"). As set forth in Lead Plaintiff's Memorandum of Law in Support of Lead Plaintiff's Unopposed Motion for an Order *inter alia*, Preliminarily Approving the Proposed Individual Defendants Settlements (ECF No. 437 at 17-18), both Confidential Supplemental Agreements provide that if Class Members opt out of the settlement such that the number of Aegean Securities represented by such opt outs equals or exceeds a certain percentage, the Individual Defendants shall have the option to terminate the settlement. Confidential agreements of this sort are typical in class action settlements[1] and the Individual Defendants do not oppose Lead Plaintiff's request that the Confidential Supplemental Agreement be filed under seal to be reviewed by the Court *in camera*.

*Application granted.*
[handwritten signature] Buchwald
USDJ
6/1/23

We thank the Court for its consideration of this matter and will make ourselves available at its convenience to answer any questions or address any concerns it may have.

Respectfully submitted,

*/s/ Nicole Lavallee*

Nicole Lavallee

---

[1] *See N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 240 (E.D. Mich. 2016) ("The opt-out threshold is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out"), *aff'd sub nom. Marro v. New York State Teachers' Ret. Sys.*, No. 16-1821, 2017 WL 6398014 (6th Cir. Nov. 27, 2017); *see also In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 253 (D. Del. 2002) ("The notice did not need to include details such as . . . the confidential 'opt-out' threshold beyond which defendant reserved the right to withdraw from the settlement (irrelevant to members' opt-out decision)[.]"), *aff'd*, 391 F.3d 516 (3d Cir. 2004); *Mikhlin v. Oasmia Pharm. AB*, No. 19-CV-4349 (NGG) (RER), 2021 WL 1259559, at *7 (E.D.N.Y. Jan. 6, 2021) (noting the appropriateness of the parties' confidential supplemental agreement regarding opt-outs).

425 California Street | Suite 2300 | San Francisco, CA 94104 | P 415 433 3200 | bermantabacco.com