UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | ) Case No. 1:18-cv-04993 (NRB) )<br>) Hon. Naomi Reice Buchwald ) |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

This matter came for hearing before the Court on October 19, 2023 (the "Final Approval Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses incurred in this action and an award pursuant to 15 U.S.C. § 78u-4(a)(4) (the "Fee and Expense Application"). The Court, having considered all papers filed and proceeding conducted herein, having found the Individual Defendants Settlements reached in this Action to be fair, reasonable and adequate, and otherwise being fully informed and good cause appearing thereof;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. All capitalized terms not otherwise defined herein have the same meaning as in the Notice of (I) Pendency of Class Action and Proposed Individual Defendants Settlements; and (II) Final Approval Hearing For The Individual Defendants Settlements, The Individual Defendants Plan of Allocation and Motion For Approval of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Detailed Notice"). ECF No. 438-6.

2. The Court has jurisdiction over the subject matter of this application and all matters related thereto, including all members of the Settlement Class[1] who have not timely and validly requested exclusion from the ligation and the Settlement Class.

---

[1] "Settlement Class" means the class defined: (1) in paragraph 1.46 of the April 21, 2023 Stipulation and Agreement of Settlement with Spyros Gianniotis ("Gianniotis Stipulation") (ECF No. 438-1); and (b) in paragraph 1.46 of the April 21, 2023 Stipulation and Agreement of Settlement with Dimitris Melissanidis (the "Melissanidis Stipulation") (ECF No. 438-2).

- 1 -

3. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds and concludes that due and adequate notice of these proceedings was directed to all Persons and entities who are Settlement Class Members advising them of the Fee and Expense Application and of their right to object to thereto, and a full and fair opportunity was accorded to Persons and entities who are Settlement Class Members to be heard with respect to the Fee and Expense Application.

4. The Court hereby finds that the Notice to the Settlement Class of the Fee and Expense Application met the requirements of Rule 23 of the Federal Rules of Civil Procedure; Section 27 of the Securities Act of 1933, 15 U.S.C. § 78u-4(a)(7); due process; and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons and entities entitled thereto.

5. No Settlement Class Member has filed objections to the Fee and Expense Application.

6. In connection with the Individual Defendants Settlements, the Court hereby awards Lead Plaintiff's Counsel fees in the amount of $2,987,499.75 plus interest earned thereon for the same time period and at the same rate as that earned on the Gross Settlement Funds[2] until the fee is paid, and reimbursement of Counsel's expenses in amount of $78,303.88. The Court finds that the amount of fees awarded is appropriate and is fair and reasonable under both the "percentage-of-recovery" method and using the lodestar cross-check, particularly given the substantial risks of non-recovery, the substantial time and effort involved, and the results obtained for the Settlement Class in connection with these Individual Defendants Settlements.

7. The award of attorneys' fees and expenses shall be paid to Lead Counsel from the Gross Settlement Funds upon entry of this Order, subject to the terms, conditions, and obligations

---

[2] The "Gross Settlement Funds" refers to $11,949,999 settlements, including the $11 million settlement with Spyros Gianniotis ("Gianniotis") (the "Gianniotis Settlement" or "Gianniotis Settlement Fund") and the $9,949,999 settlement with Dimitris Melissanidis ("Melissanidis") (the "Melissanidis Settlement" or "Melissanidis Settlement Fund") (Gianniotis and Melissanidis are referred to collectively as, the "Individual Defendants" and the Melissanidis Settlement and Gianniotis Settlement are referred to collectively as, the "Individual Defendants Settlements").

of the Stipulations entered into with Gianniotis and Melissanidis, which terms, conditions and obligations are incorporated herein.

8. In accordance with 15 U.S.C. § 78u-4(a)(4), Lead Plaintiff Utah Retirement System is hereby awarded $5,000 for reimbursement of their expenses in the representation of the Settlement Class.

9. In making the award of attorneys' fees and reimbursement of Litigation Expenses to be paid from the Gross Settlement Funds, the Court has considered and found that:

(a) The Individual Defendants Settlements have created one common fund totaling $11,949,999 in cash, that numerous members of the Settlement Class who submitted acceptable Claim Forms will benefit from;

(b) The Individual Defendants Settlements were created by the efforts of Lead Counsel and no members of the Settlement Class have objected to Lead Counsel's Fee and Expense Application;

(c) The requested attorneys' fees and reimbursement of Litigation Expenses have been reviewed and approved as fair and reasonable by Lead Plaintiff, a more than $50 billion public pension system that manages provides retirement and insurance benefits to over 240,000 current or retired Utah public employees, that has been directly involved in the prosecution and partial resolution of the Action and which has substantial interest in ensuring that any fees paid to Lead Counsel are duly earned and not excessive;

(d) Notice was disseminated to putative members of the Settlement Class stating that Lead Counsel would be moving for attorneys' fees in an amount not to exceed 25% of the Settlement Amount, or approximately $2,987,499.75, plus interest, and reimbursement of Lead Counsel's out-of-pocket expenses that were not reimbursed from the Auditor Settlements, which were estimated not to exceed $120,000, which might include an award to Lead Plaintiff for reimbursement of its expenses, and no member of the Settlement Class has objected to the fees and expenses request;

(e) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings against the Settling Defendants whose resolution would be uncertain;

(f) Plaintiffs' Counsel has devoted 9,607.45 hours, with a lodestar value of $5,741,241.50 in this Action from July 1, 2022 to August 31, 2023; and

(g) The amount of attorneys' fees and Litigation Expenses awarded and paid from the Gross Settlement Funds are fair and reasonable and consistent with and/or lower than awards in similar cases.

13. Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Gianniotis Net Settlement Fund and Melissandis Net Settlement Fund to Settlement Class Members.

**IT IS SO ORDERED.**

DATED: October 19, 2023

_____
THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE