UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | ) Case No. 1:18-cv-04993 (NRB) ) ) Hon. Naomi Reice Buchwald ) |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE REGARDING DIMITRIS MELISSANIDIS

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement with Dimitris Melissanidis ("Melissanidis") and Providing for Notice ("Notice Order") dated June 1, 2023, (ECF No. 446), on the application of the Lead Plaintiff Utah Retirement Systems ("Lead Plaintiff") and Melissanidis, to determine (i) whether the terms and conditions of the Stipulation and Agreement of Settlement with Melissanidis, dated April 21, 2023, (the "Melissanidis Stipulation" or the "Melissanidis Settlement") are fair, reasonable and adequate for the settlement of all claims asserted by Lead Plaintiff on behalf of itself and the Settlement Class, against Melissanidis in the above-captioned Action, and should be approved; (ii) whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of Melissanidis and as against all Persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom; and (iii) whether final judgment should be entered as to the claims against Melissanidis.

Due and adequate Notice having been given to the Settlement Class as required in said Notice Order and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

- 1 -

1. This Final Judgment and Order of Dismissal With Prejudice Regarding Dimitris ("Final Judgment with Prejudice Regarding Melissanidis") hereby incorporates by reference the definitions in the Melissanidis Stipulation, and all capitalized terms shall have the same meanings as set forth in the Melissanidis Stipulation, unless otherwise defined herein.

2. This Court has jurisdiction to enter this Final Judgment with Prejudice Regarding Melissanidis. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court hereby certifies, for settlement purposes only, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All Persons who purchased or otherwise acquired Aegean Marine Petroleum Network, Inc. ("Aegean") securities or sold Aegean put options between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (a) Defendants and any affiliates or subsidiaries of Defendants; (b) Persons who have been dismissed from this Action ("Dismissed Defendants") and their affiliates or subsidiaries; (c) present or former officers, directors, partners or controlling Persons as of April 30, 2018 of Aegean, its subsidiaries or its affiliates, any Defendant or any Dismissed Defendant, and their immediate family members; (d) the directors' and officers' liability carriers and any affiliates or subsidiaries thereof of any Defendant, Dismissed Defendant or Aegean; (e) any entity in which any Defendant, Dismissed Defendant or Aegean has or has had a controlling interest; and (f) the legal representatives, heirs, estates, agents, successors or assigns of any Person or entity described in the preceding categories.

Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requested exclusion in accordance with the requirements set by the Court. A copy of the valid exclusions is attached hereto as **Exhibit 1**.

4. With respect to the Settlement Class, this Court finds, solely for the purposes of the Melissanidis Settlement (and without an adjudication of the merits), that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, in that:

Case 1:18-cv-04993-NRB    Document 466    Filed 10/19/23    Page 3 of 13

(a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent;

(d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class;

(e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Melissanidis Settlement only, the Court hereby affirms its determination in its Notice Order (at ¶ 4) that Utah Retirement Systems is appointed as Class Representative.

6. Notice of the pendency of the Action as a class action and of the proposed Melissanidis Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Melissanidis Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 20 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons and entities entitled thereto.

7. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all Persons and entities who are Settlement Class Members, advising them of the Melissanidis Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Settlement Class Members to be heard with respect to the Melissanidis Settlement. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment with Prejudice Regarding Melissanidis.

8. No Settlement Class Member has filed objections to the Melissanidis Settlement.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Melissanidis Settlement as set forth in the Melissanidis Stipulation, and finds that the Melissanidis Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class Members. This Court further finds that the Melissanidis Settlement set forth in the Melissanidis Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Melissanidis Settling Parties. Accordingly, the Melissanidis Settlement embodied in the Melissanidis Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Melissanidis Stipulation.

10. The Court finds and concludes that the Melissanidis Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

11.     The Consolidated Class Action Complaint is hereby dismissed on the merits with prejudice as against the Melissanidis Released Parties only and without costs except for the payments expressly provided for in the Melissanidis Stipulation.

12.     Upon the Effective Date of the Melissanidis Settlement, and as provided in the Melissanidis Stipulation, Lead Plaintiff and all other Settlement Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them (regardless of whether Lead Plaintiff or any such Settlement Class Member ever seeks or obtains any disbursement from the Melissanidis Settlement Fund by any means, including without limitation by submitting a Proof of Claim and Release Form) shall be deemed to have, and by operation of this Final Judgment with Prejudice Regarding Melissanidis, shall have fully, finally and forever released, relinquished, dismissed and forever discharged all Melissanidis Released Claims (including Unknown Claims) against each and all of the Melissanidis Released Parties, with prejudice and on the merits, without costs to any party, and shall have covenanted not to sue the Melissanidis Released Parties with respect to all such Melissanidis Released Claims. Claims to enforce the terms of the Melissanidis Stipulation are not released.

13.     Upon the Effective Date of the Melissanidis Settlement, Lead Plaintiff and all other Settlement Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them (regardless of whether Lead Plaintiff or any such Settlement Class Members ever seeks or obtains any disbursement from the Melissanidis Settlement Fund by any means, including without limitation by submitting a Proof of Claim and Release Form), are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating or in any way participating in the commencement or

prosecution, either directly, representatively, derivatively or in any other capacity, of (a) any action or other proceeding, in any forum, asserting any Melissanidis Released Claim against any of the Melissanidis Released Parties, or (b) any appeal of the portion of the Court's March 29, 2021 order dismissing the claims asserted in the Action against Melissanidis with prejudice. ECF No. 293.

14. Upon the Effective Date of the Melissanidis Settlement, Melissanidis and each of the other Melissanidis Released Parties shall be deemed to have released, dismissed and forever discharged all Melissanidis Released Parties' Claims against Lead Plaintiff and their respective attorneys, and any other Settlement Class Member.

15. The facts and terms of the Melissanidis Stipulation, including the exhibits thereto, this Final Judgment with Prejudice Regarding Melissanidis, all negotiations, discussions, drafts and proceedings in connection with the Melissanidis Settlement, and any act performed or document signed in connection with the Melissanidis Settlement:

(a) shall not be offered or received against the Melissanidis Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Melissanidis Released Parties or by Lead Plaintiff or the other members of the Settlement Class with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Melissanidis Released Parties;

(b) shall not be offered or received against the Melissanidis Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Melissanidis Released

- 6 -

Party, or against Lead Plaintiff or any of the other members of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff and the other members of the Settlement Class;

(c) shall not be offered or received against the Melissanidis Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Melissanidis Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Melissanidis Stipulation; provided, however, that the Melissanidis Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d) shall not be construed against the Melissanidis Released Parties, Lead Counsel or Lead Plaintiff or the other members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Melissanidis Settlement Fund.

16. The Court reserves jurisdiction, without affecting in any way the finality of this Final Judgment with Prejudice Regarding Melissanidis, over: (a) implementation and enforcement of the Melissanidis Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Melissanidis Settlement Fund; (c) disposition of the Melissanidis Settlement Fund; (d) hearing and determining

Lead Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (e) enforcing and administering this Final Judgment with Prejudice Regarding Melissanidis; (f) enforcing and administering the Melissanidis Stipulation, including any releases and bar orders executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

18. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and reimbursement of costs and expenses application shall in no way disturb or affect this Judgment and shall be considered separate from this Final Judgment with Prejudice Regarding Melissanidis.

19. In the event that the Melissanidis Settlement does not become effective in accordance with the terms of the Melissanidis Stipulation or in the event that the Melissanidis Settlement Fund, or any portion thereof, is returned to Melissanidis or any insurer who might pay on their behalf, then this Final Judgment with Prejudice Regarding Melissanidis shall be rendered null and void to the extent provided by and in accordance with the Melissanidis Stipulation, and shall be vacated to the extent provided by the Melissanidis Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Melissanidis Stipulation; (b) the fact of the Melissanidis Settlement shall not be admissible in any trial of the Action and the parties to the Melissanidis Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately before March 22, 2023; (c) the certification of the Settlement Class, including the findings in paragraph 4 herein, shall be null and void without further Court action; and (d) the balance of the Melissanidis Settlement Fund, less any Notice and Administration Costs paid or

incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be returned in full as provided in the Melissanidis Stipulation.

20. As a material condition of the Melissanidis Settlement, the Court hereby permanently bars, enjoins and restrains as follows: Lead Plaintiff and all other Settlement Class Members, on behalf of themselves, their successors and assigns and any other Person claiming (now or in the future) through or on behalf of them (regardless of whether Lead Plaintiff or any such Settlement Class Members ever seeks or obtains any disbursement from the Melissanidis Settlement Fund by any means, including without limitation by submitting a Proof of Claim and Release Form), shall be deemed to have, and by operation of the Final Judgment with Prejudice Regarding Melissanidis, shall have, fully, finally and forever released, relinquished, dismissed and forever discharged all Melissanidis Released Claims (including Unknown Claims) against each and all of the Melissanidis Released Parties, with prejudice and on the merits, without costs to any party, and shall have covenanted not to sue the Melissanidis Released Parties with respect to all such Melissanidis Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating or in any way participating in the commencement or prosecution, either directly, representatively, derivatively or in any other capacity, of (a) any action or other proceeding, in any forum, asserting any Melissanidis Released Claim against any of the Melissanidis Released Parties, or (b) any appeal of the portion of the Court's March 29, 2021 order dismissing certain claims asserted in the Action against Melissanidis with prejudice. ECF No. 293.

21. Melissanidis and each of the other Melissanidis Released Parties shall be deemed to have released, dismissed and forever discharged all Melissanidis Released Parties' Claims against Lead Plaintiff, plaintiff's counsel in the Action and any other Settlement Class Member.

22. As a material condition of the Melissanidis Settlement, the Court hereby orders that:

(a) to the fullest extent permitted by law, all Persons, including without limitation Spyros Gianniotis, shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions or causes of action for contribution, indemnity or otherwise against the Melissanidis Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member regarding the Melissanidis Released Claims (including Unknown Claims), whether arising under state, federal or non-U.S. law, and whether asserted as claims, crossclaims, counterclaims, third-party claims or otherwise in any proceeding or forum of any kind.

(b) if any final verdict or judgment is obtained by Lead Plaintiff or one or more of the other Settlement Class Members, whether individually or on behalf of a class, against Spyros Gianniotis or other Person barred from seeking contribution pursuant to the Melissanidis Stipulation (a "Non-Dismissed Defendant Judgment"), said Judgment shall be reduced, to the extent permitted by applicable law, by the greater of (i) the amount that corresponds to the percentage of responsibility attributed to the Melissanidis Released Parties; and (ii) the gross monetary consideration provided to Lead Plaintiff or other Settlement Class Members pursuant to the Melissanidis Stipulation.

24. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Melissanidis Stipulation.

23. There is no just reason for delay in the entry of this Final Judgment with Prejudice Regarding Melissanidis and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: October 19, 2023

_____
THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

- 11 -

# Exhibit 1

## Exhibit 1

*In Re Aegean Marine Petroleum Network, Inc. Securities Litigation*, No. 1:18-cv-04993 -NRB

Opt-Outs/Exclusions

| Name |
| --- |
| James Edward Green |
| Joseph Lomonaco III |