UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION | Case No. 1:18-cv-04993 (NRB)<br><br>Hon. Naomi Reice Buchwald |

### [PROPOSED] ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS

This matter came for hearing before the Court on the motion of Lead Plaintiff and Settlement Class Representative Utah Retirement Systems ("URS") for approval of distribution of the Net Settlement Fund to Authorized Claimants. The Settlements,[1] consisting of the Auditor Settlements and the Individual Defendants Settlements, having reached their Effective Dates, and the Court, having considered all papers filed and the proceeding conducted herein and having found the Plans of Allocation for the Settlements to be fair, reasonable, and adequate and otherwise being fully informed, finds as follows:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. All capitalized terms not otherwise defined herein have the same meaning as set forth in the Stipulation and Agreement of Settlement with Deloitte Certified Public Accountants, S.A. (the "Deloitte Greece Stipulation") (ECF No. 351-3), the Stipulation and Agreement of Partial Settlement with PricewaterhouseCoopers Auditing Company S.A. (the "PwC Greece Stipulation")

---

[1] The "Auditor Settlements" consist of two separate settlements entered into between (i) Lead Plaintiff and Deloitte Certified Public Accountants, S.A. ("Deloitte Greece"), and (ii) Lead Plaintiff and PricewaterhouseCoopers Auditing Company S.A. ("PwC Greece"). The "Individual Defendants Settlements" consist of two separate settlements entered into between (i) Lead Plaintiff and Spyros Gianniotis, and (ii) Lead Plaintiff and Dimitris Melissanidis. Collectively, these are referred to herein as the "Settlements," and any reference to the "Net Settlement Fund," without further designation, refers to the total amount obtained through both the Auditor Settlements and the Individual Defendants Settlements less any Taxes, Notice and Administration Costs, attorneys' fees, expenses, and other Court-approved costs.

(ECF No. 330-1), the Stipulation and Agreement of Settlement with Spyros Gianniotis (the "Gianniotis Stipulation") (ECF No. 438-1) and the Stipulation and Agreement of Settlement with Dimitris Melissanidis (the "Melissanidis Stipulation") (ECF No. 438-2) (collectively, the "Stipulations"), and the Declaration of Jack Ewashko on Behalf of A.B. Data, Ltd. in Support of Lead Plaintiff's Motion for Distribution of Class Settlement Funds ("A.B. Data Declaration").

2. The Court has jurisdiction over the subject matter of this motion and all matters related thereto.

3. No claim received after November 20, 2024 will be eligible for a payment from the Net Settlement Fund.

4. The administrative determinations of A.B. Data, Ltd. ("A.B. Data") accepting the claims described in the A.B. Data Declaration (¶¶ 38-39) and listed on Exhibits D and E thereto, including the late but otherwise eligible claim forms, calculated pursuant to the Court-approved Plans of Allocation set forth in the Notices prepared in connection with the Auditor Settlements and the Individual Defendants Settlements, are hereby approved, and said claims are hereby APPROVED.

5. The administrative determinations of A.B. Data rejecting claims described in the A.B. Data Declaration (¶ 40) and listed on Exhibit F thereto, are hereby approved, and said claims are hereby REJECTED.

6. A.B. Data is authorized to conduct the Initial Distribution of the Net Settlement Fund as set forth in ¶ 43 of the A.B. Data Declaration. Specifically, the Net Settlement Fund shall be distributed to the Authorized Claimants listed on Exhibits D and E to the A.B. Data Declaration in proportion to each Authorized Claimant's Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants as shown on such Exhibits, as detailed in the A.B. Data Declaration (¶ 43(a)) and pursuant to the Court-approved Plans of Allocation). Pursuant to the Plans of Allocation for the Deloitte Greece Settlement, for the PwC Greece Settlement, and for the Individual Defendants Settlement, Authorized Claimants whose *pro rata* share is less than $10.00 for any of these Settlements will not receive a distribution for that Settlement, even if their total

recovery across all Settlements exceeds $10.00.  After eliminating claimants with less than $10.00 from each respective Settlement, A.B. Data will recalculate the *pro rata* shares for those entitled to a distribution under the Initial Distribution.

7. The checks for distribution to Authorized Claimants issued in the Initial Distribution shall bear the notation "DEPOSIT PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF ISSUE DATE." Lead Counsel and A.B. Data are authorized to take appropriate actions to locate and/or contact any Authorized Claimant who has not cashed their check within said time.

8. Authorized Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Net Settlement Fund.

9. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, and after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then, pursuant the A.B. Data Declaration ¶ 43(b), but no earlier than nine (9) months after the Initial Distribution and after deducting A.B. Data's unpaid fees and expenses further incurred or expected to be incurred in connection with administering the Settlements for which it has not yet been paid (including the estimated costs of such second distribution), and after the payment of any actual or expected taxes, costs of preparing appropriate tax returns, and escrow fees, any remaining balance in the Net Settlement Fund may be re-distributed pursuant to Settlement Class Members who have cashed their checks, except that, pursuant to the Plans of Allocation for the Deloitte Greece Settlement, for the PwC Greece Settlement, and for the Individual Defendants Settlement, Authorized Claimants whose *pro rata* share is less than $10.00 for any of these redistributions of the Settlements will not receive a redistribution for that Settlement, even if their total recovery across all Settlements exceeds $10.00.

10. A.B. Data may make additional redistributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 from such additional redistributions from a given Settlement if—after

3

deducting A.B. Data's unpaid fees and expenses further incurred or expected to be incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such distribution), and after the payment of any actual or expected taxes, costs of preparing appropriate tax returns, and escrow fees—Lead Counsel, in consultation with A.B. Data, determines that additional redistributions would be cost effective. Again, however, pursuant to the Plans of Allocation for the Deloitte Greece Settlement, for the PwC Greece Settlement, and for the Individual Defendants Settlement, Authorized Claimants whose *pro rata* share is less than $10.00 for any of these redistributions of the Settlements will not receive a redistribution for that Settlement, even if their total recovery across all Settlements exceeds $10.00.

11. If any balance remains in the Net Settlement Fund after either the first or additional distributions, which in the determination of Lead Counsel in consultation with A.B. Data is not cost-effective to reallocate, any remaining funds (after payment of any unpaid fees and expenses incurred in administering the Settlement and after the payment of any actual or expected taxes, costs of preparing appropriate tax returns, and escrow fees) will be paid to *cy pres* recipient Northwestern University Pritzker School of Law Bluhm Legal Clinic Investor Protection Center, pursuant to ¶ 7.4 of the Stipulations.

12. The Court finds that the administration of the Settlements and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulations and the Plans of Allocation and that all persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlements of this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement. The Court further finds that, pursuant to the release terms of the Stipulations, all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the parties released pursuant to the Settlements beyond the amount allocated to them pursuant to this Order.

13.    A.B. Data is hereby authorized to destroy the paper copies of the claim forms and all supporting documentation one year after the Initial distribution. A.B. Data is further authorized to destroy all electronic claim rms and supporting documentation one year after all funds have been distributed.

**IT IS SO ORDERED.**

Dated: January 7, 2025
       New York, New York

THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE